UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

VIP CARE, INC.,
ALL VIP CARE INC.,
JOHN CORRIGAN, AND
LEIGH-ANN FIGUEIRA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Cruz Valdivieso Figuera, sues Defendants, VIP Care, Inc., All VIP Care Inc., John Corrigan, and Leigh-Ann Figueira, as follows:

### Parties, Jurisdiction, and Venue

1.     **Plaintiff, Cruz Valdivieso Figuera,** is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

2.     **Defendant, VIP Care, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward and Palm Beach Counties, Florida, at all times material, where it maintains its principal place of business.

3.     **Defendant, All VIP Care Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward and Palm Beach Counties, Florida, at all times material, where it maintains its principal place of business

4.     **Defendant, John Corrigan,** was at all times material an

1

owner/officer/director/manager of the corporate Defendants, for the time period relevant to this lawsuit. He ran its day-to-day operations, directly/indirectly supervised Plaintiff, was responsible for all operational decisions, and/or was partially or totally responsible for paying Plaintiff's wages.

5. **Defendant, Leigh-Ann Figueira,** was at all times material an owner/officer/director/manager of the corporate Defendants, for the time period relevant to this lawsuit. She also ran their day-to-day operations, directly/indirectly supervised Plaintiff, was responsible for all operational decisions, and/or was partially or totally responsible for paying Plaintiff's wages.

6. Defendants cooperated/coordinated to manage Plaintiff and her work, to pay Plaintiff for her work, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for their workers, providing the clients, time sheets, and providing work assignments for their workers.

7. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

2

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Cruz Valdivieso Figuera, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

11.     Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, transacting of mortgage home health services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

14.     In particular, Defendants own and operate an home healthcare business that provides services to clients, which would be paid by out-of-state payors – such as insurers and/or governmental agencies – while using toner, printers, pens, paper, furniture, phone systems computers, computer networking equipment, computer software, telephones, telephone equipment, food, produce, ovens, etc., goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

15.     Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

16. Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors and suppliers.

17. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

18. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

19. Plaintiff was a non-exempt employee of Defendants.

20. Plaintiff consents to participate in this lawsuit.

21. Plaintiff worked for Defendants as a "Home Health Aide" from approximately March 2020 to July 27, 2022.

22. Plaintiff's job duties involved providing .

23. Defendants agreed to pay Plaintiff at a rate of $13.00 per hour.

24. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

25. Defendants controlled all job-related activities of Plaintiff.

26. Defendants coordinated all job-related activities of Plaintiff.

27. Defendants supervised Plaintiff's work.

28. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely providing services to elderly and/or informed persons who are and who were unable to care for themselves at their homes. *See* 29 U.S.C. §202.

4

29. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to timely pay her</u> for all the hours that she worked for Defendants from May 2022 to July 27, 2022.

30. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

31. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

32. Plaintiff is entitled to a backpay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, demands the entry of a judgment in Plaintiff's favor and against Defendants, VIP Care, Inc., All VIP Care, Inc., John Corrigan, and Leigh-Ann Figueira, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

5

  e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

<u>**COUNT II - FLSA OVERTIME WAGE VIOLATION(S)**</u>

Plaintiff, Cruz Valdivieso Figuera, reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

33. Defendants required that Plaintiff travel to different work locations (clients) during the day but did not pay Plaintiff for the time that she spent traveling.

34. Defendants explained to Plaintiff that they were not going to pay her for, and that she could not include in the time records that she submitted to them, the time that she spent traveling between clients because Defendants would not be paid for that time by the insurers and/or medical payors.

35. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

36. Plaintiff regularly and routinely submitted time records indicating that she worked 107 hours each week for Defendants, and then spent approximately another 120 minutes driving between the two clients' homes each week for which time she was not paid at all.

37. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all the hours she worked beyond 40 hours in a given workweek.

38. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

39. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

40. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, demands the entry of a judgment in Plaintiff's favor and against Defendants, VIP Care, Inc., All VIP Care, Inc., John Corrigan, and Leigh-Ann Figueira, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

  e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

**COUNT III – BREACH OF CONTRACT**
**(Against VIP Care, Inc. and All VIP Care Inc.)**

Plaintiff, Cruz Valdivieso Figuera, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

41. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

42. Plaintiff and Defendants, VIP Care, Inc., All VIP Care Inc., agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $13.00 for each hour that worked for them.

43. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884 FAX 305.230.4844
www.fairlawattorney.com

44. Defendants, VIP Care, Inc. and All VIP Care Inc., however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $13.00 for each of hour work performed for Defendant from May 2022 to July 27, 2022.

45. Plaintiff has been damaged as a result of this Defendants' failure to pay her for the work she performed from May 2022 to July 27, 2022, in a timely manner.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, demands the entry of a judgment in her favor and against Defendants, VIP Care, Inc. and All VIP Care Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT
(Against VIP Care, Inc., All VIP Care, Inc.)

Plaintiff, Cruz Valdivieso Figuera, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

46. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[2] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

47. Plaintiff provided labor and services for Defendants, VIP Care, Inc. and All VIP Care Inc., and it received and accepted the benefits of the labor and services supplied by Plaintiff.

48. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

49. Plaintiff provided services on behalf of Defendants, VIP Care, Inc. and All VIP Care, Inc., for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

50. Defendants, VIP Care, Inc. and All VIP Care Inc., was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from May 2022 to July 27, 2022.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, demands the entry of a judgment in her favor and against Defendants, VIP Care, Inc. and All VIP Care Inc., after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Cruz Valdivieso Figuera, demands a trial by jury of all issues so triable.

Respectfully submitted this 22nd day of August 2022,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
