UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:22-CV-61553-WPD

**CRUZ VALDIVIESO FIGUERA**,

                Plaintiff,

vs.

**ALL VIP CARE, INC.**, &
**LIZ VELAZQUEZ McKINNON**,

                Defendants.
_____/

**DEFENDANTS' REPLY TO THE PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION FOR LEAVE TO AMEND TO INCLUDE COUNTER-COMPLAINT AGAINST PLAINTIFF**

The Defendants in accordance with Rule 13, and 15 of Fed. R. Civ. P. et al., file this Reply to the Plaintiff's Response to the Defendants' Motion For Leave to Amend the Defendant's pleadings to include a Compulsory Counter-Complaint against the Plaintiff [DE-34] and in support thereof states:

A compulsory counterclaim, in general, is a claim that a defendant has against the plaintiff that arises out of the same series of transactions or occurrences that form the basis for the plaintiff's claim and does not require adding another party that the court cannot acquire jurisdiction over. See Fed. R. Civ. P 13(a). A permissive counterclaim is a claim against the plaintiff that arises out of a different transaction or event. See Fed. R. Civ. P 13(b). *VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co.*, "No. 15-11591 (11th Cir. 2016).

As cited in *Fernandez v. Xpress Painting Corp.*, 2012 WL 3562255 (S.D. Fla. 2012),[1] the case cited by the Plaintiff, it is clear that under 28 U.S.C. § 1367(a), when a federal district court

---

[1] This case was an appeal on the Plaintiffs' Motion to Dismiss Counterclaim filed by Defendants, which the Court granted and the striking of an affirmative defense of set-off of law, which is factually distinguishable from the case at bar.

1

has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  The Supreme Court has interpreted this "case or controversy" requirement to "confer jurisdiction over supplemental claims that arise from a 'common nucleus of operative fact' in connection with a federal claim." *Promex, LLC* v. *Perez Distrib. Fresno, Inc.,* No. 09-22285-CIV-MORENO, 2010 U.S. Dist. LEXIS 90677, at *34 (S.D. Fla. Sept. 1, 2010) (quoting *United Mine Workers of Am.* v. *Gibbs,* 383 U.S. 715,724-25 (1966)). In analyzing supplemental jurisdiction issues, the Eleventh Circuit in particular has looked to whether the state claims "'involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts' as the federal claims." *Id.* (quoting *Palmer* v. *Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1563-64(11th Cir. 1994).

   The fact that the Plaintiff specifically amended their Complaint to include a claim for retaliation against the Defendants for their filing of the state action, clearly brings to this Court that the Defendant's state case is of a common nucleus of the operative fact in connection with the Plaintiff's federal claim.  Further, the filing of the Plaintiff's second amended complaint took what may have been considered a permissive counterclaim and now unequivocally made it a compulsory counterclaim.  If the Plaintiff did not file their second amended complaint and include the retaliation claim under FLSA, the Plaintiff's opposition would be more viable; however the Plaintiff themselves have specifically brought the state case into the present action as they raised the claim of retaliation under FLSA.  As such, the Plaintiff themselves have specifically themselves conferred jurisdiction over supplemental claims that arise from a 'common nucleus of operative fact' in connection with a federal claim, as noted in *Promex, LLC*

v. *Perez Distrib. Fresno, Inc.,* No. 09-22285-CIV-MORENO, 2010 U.S. Dist. LEXIS 90677, at *34 (S.D. Fla. Sept. 1, 2010) (quoting *United Mine Workers of Am.* v. *Gibbs,* 383 U.S. 715,724-25 (1966)).

It is impossible for this Court to enter judgment as to the Plaintiff's claim for retaliation without having to adjudicate the underlying facts as the whether the Defendants' filing of the state action was retaliatory or not. Further, the Defendants pled that the filing of the FLSA claims against the Defendants was retaliatory as the Plaintiff was informed that the Defendants were going to be filing a lawsuit against the Plaintiff for the issues and claims raised in the state case. The facts at issue between both cases are extremely interwoven in both the federal and pending state action, which the Defendants are seeking to bring into the federal action, as they share a common nucleus of operative facts. Of significant importance is the obvious and undisputable fact that with the same operative facts being litigated in two (2) separate courts. It is then very possible that there could be two (2) opposing verdicts based on the same operative facts.

*Palmer* v. *Hosp. Auth. of Randolph Cnty.,* 22 F.3d 1559, 1563-64(11th Cir. 1994), clearly noted that in analyzing supplemental jurisdiction issues, the Eleventh Circuit in particular has looked to whether the state claims "'involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts' as the federal claims." *Id.* At bar the same parties, the same witness, and the underlying facts are similar. In accordance with *Palmer*, this Court should grant the Defendants' Motion for Leave to Amend.

The Defendants' proposed counterclaims [DE-31-1] are clearly compulsory as they involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts as the federal claims.

Rule 13(c), Fed. R. Civ. P., notes that a counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party.

The Defendants did not raise as an affirmative defense in their proposed Amended Answer, Affirmative Defenses, and Counter-Complaint [DE-31-1] that the Defendants are seeking any offset of any recovery that the Plaintiff may be entitled to or recover in the unlikely event that the Court was to find for the Plaintiff as to their claims. Accordingly, the concerns raised by the Plaintiff response as to such diminution of possible damages on their FLSA claims fail.

In *Fernandez* where the Court noted that where FLSA claim serves as the underlying basis for original jurisdiction, this Court has generally been reluctant to find that additional state law contract or tort claims form part of the same "case or controversy" as the federal claim. The Court by reference held that a counterclaim filed by employers to recover rent for housing provided to employees on the business premises did not arise out of a common nucleus of operative fact in connection with the employees' underlying FLSA claims. *See Vallesillo* v. *Remaca Truck Repairs, Inc.,* No. 09-80714-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 113015 (S.D. Fla. Dec. 3, 2009), as the Court noted that the witnesses and evidence would differ greatly between the claims and counterclaims. The plaintiff employees would offer evidence relating to hours worked and pay received while the defendant employers would submit evidence to establish the existence and breach of an oral agreement as to rent payments between the parties. *See id.* at *5. Moreover, the claims did not "rely on identical actions of the parties and [would] require separate proof to demonstrate the allegedly wrongful conduct." *Id.* Indeed, the Court found that the only factor that the claims shared in common was the existence of a general

employer-employee relationship, a nexus "too attenuated" for an exercise of supplemental jurisdiction. *See id.* (citing *Lyon v. Whisman,* 45 F.3d 758, 762 (3d Cir. 1995)).  Likewise, the Court declined to exercise supplemental jurisdiction in a FLSA case involving counterclaims that sought unpaid rent from an independent contractor who rented a residence from the defendant employers. *See Nelson v. CK Nelson, Inc., Ho.* 07-61416-CIV-MARRA, 2008 U.S. Dist. LEXIS 43544 (S.D. Fla. June 2, 2008). Again the Court stressed the evidentiary distinctions between the claims as the plaintiffs would seek to establish hours worked and pay received while the defendants would strive to prove a landlord/tenant relationship. *See id.* at 5-6.

In the case at bar, the factual basis between the cases referenced in *Fernandez* were clearly distinguishable from the present action.  First, the case at bar involves the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts as the federal claims and arises out of the same series of transactions or occurrences that form the basis for the plaintiff's claim and does not require adding another party that the court cannot acquire jurisdiction over.  Second, any argument that the Defendants' counterclaims were permissive as opposed to being compulsory, was resolved when the Plaintiff filed her second amended complaint wherein, she included an additional count under the FLSA against the Defendants for the filing of their state case.  The counterclaims sought by the Defendant are now without a doubt compulsory.

Accordingly, this Court should grant the Defendants' Motion for Leave to Amend.

## **CONCLUSION**

The Court in *Shavers v. Massey-Ferguson, Inc.*, 834 F.2d 970 (11th Cir. 1987), clearly set forth the 11th Circuit Court of Appeals position as to compulsory counterclaims, in stating that the compulsory counterclaim rule serves an important function in increasing the efficiency

of the judicial process, by preventing unnecessarily duplicative trials. We are cautious in making any decision that might weaken this important rule. *Shavers v. Massey-Ferguson, Inc.*, 834 F.2d 970 (11th Cir. 1987)

To deny the Defendants' Motion for Leave to Amend the filing of their Amended Answer, Affirmative Defenses and Counterclaim would be repugnant the 11th Circuit's standard for granting such relief along with the cited case law and rules of procedure herein.

WHEREFORE the Defendants requests that this Court enter an Order approving this Motion for Leave to Amend to allow their Answer and Affirmative Defenses and include the Defendants' Counter-Complaint to be filed and be adjudicated by this Court; together with whatever further relief that this Court deems to be fit and proper.

## CERTIFICATIONS

I hereby certify that a copy of this pleading which was filed with the Clerk of the Court and was provided to: **Brian Howard Pollock, Esquire,** Fairlaw Firm, 135 San Lorenzo, Avenue, Suite 770, Coral Gables, FL 33146, Brian@fairlawattorney.com; **Toussaint Marcus Cummings, Esquire**, Quintairos, Prieto, Wood, and Boyer, 9300 South Dadeland Blvd, 4th Floor, Miami, FL 33156, toussaint@fairlawattorney.com; and all attorneys listed on and via the ECM System on **January 25, 2023**.

*/s/ RANDY M. GOLDBERG, ESQUIRE*
Florida Healthcare Law Firm
FBN: 045187
151 NW 1st Avenue
Delray Beach, FL 33444
754-224-0867
RMGEsquire@gmail.com
Randy@Randygoldberglaw.com