UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND TO INCLUDE COUNTER-COMPLAINT AGAINST PLAINTIFF

**THIS CAUSE** is before the Court upon Defendants' Motion for Leave to Amend to Include Counter-Complaint Against Plaintiff [DE 31], filed on January 2, 2023. The Court has carefully considered the Motion, Plaintiff's Response [DE 34], Defendants' Reply [DE 35], and is otherwise fully advised in the premises.

On October 27, 2022, Plaintiff filed a Second Amended Complaint against Defendants All VIP Care Inc. and Liz Valazquez McKinnon for unpaid minimum wages, unpaid overtime pay, and retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*. *See* [DE 23]. The Second Amended Complaint also brings state law claims for breach of contract and unjust enrichment. *See id.*

On November 17, 2022, Defendants filed their Answer and Affirmative Defenses. *See* [DE 28]. On January 2, 2023, Defendants filed the instant Motion, requesting to amend their Answer and Affirmative Defenses to bring counterclaims for breach of contract, promissory estoppel, violation of Florida's Trade Secrets Act, and tortious interference against Plaintiff, and

1

to address several deficiencies in their original Answer and Affirmative Defenses.[1] *See* [DE 31]. The Motion was timely filed as the deadline to file a motion to amend pleadings was January 17, 2023. *See* [DE 20].

Plaintiff argues that Defendants' Motion should be denied for numerous reasons. First, Plaintiff contends that Defendants' counterclaims are permissive, not compulsory, and therefore the Court should decline jurisdiction over the counterclaims. Second, Plaintiff asserts that the counterclaims violate the *Brennan* rule. Finally, Plaintiff contends that Defendant All VIP Care, Inc. cannot pursue concurrent state and federal claims against Plaintiff as the counterclaims are the subject of a pending state court action.

In Reply, Defendants assert that, by raising an FLSA retaliation claim based on the state court action in the Second Amended Complaint, Plaintiff has transformed what may have been permissive counterclaims into compulsory counterclaims. As to the *Brennan* rule, Defendants argue that Plaintiff's argument fails because Defendants do not raise an affirmative defense seeking to offset any recovery Plaintiff may be entitled to. Finally, Defendants contend that granting leave to amend would prevent possible opposing verdicts based on the same operative facts.

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave

---

[1] Defendants assert that they terminated their relationship with their prior counsel, who filed an original Answer and Affirmative Defenses that Defendants claim is substantively deficient. The Court notes, however, that no Motion to Withdraw has been filed and Defendants' prior counsel is still listed as counsel of record in this case.

sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir.2004)). "The decision to grant or deny leave to amend lies within the sound discretion of the district court." *Pilkington v. United Airlines, Inc.*, 158 F.R.D. 508, 509 (M.D. Fla. 1994).

The Court will grant Defendants leave to amend without prejudice to Plaintiff raising all relevant arguments against Defendants' counterclaims.  Plaintiff has not demonstrated that it would be prejudiced by the Court granting Defendants leave to amend at this early stage in the litigation. Further, Plaintiff only argues that amendment to include Defendants' counterclaims would be futile; Plaintiff does not address why Defendants' proposed amendments to its original Answer and Affirmative Defenses would be futile. Rather than attempt to address Plaintiff's arguments regarding the counterclaims in the context of a motion to amend that will be granted in part regardless, the Court finds it best to address any arguments for dismissal of the counterclaims on a motion to dismiss.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Leave to Amend to Include Counter-Complaint Against Plaintiff  [DE 31] is **GRANTED**.

2. Defendants shall separately electronically file their amended answer, affirmative defenses, and counter-complaint on or before **January 30, 2023**. Plaintiff shall thereafter have fourteen (14) days to respond to the counter-complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of January, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record