UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**CASE NO: 0:22-CV-61553-WPD**

**CRUZ VALDIVIESO FIGUERA**,

        Plaintiff,

vs.

**ALL VIP CARE, INC.**, &
**LIZ VELAZQUEZ McKINNON**,

        Defendants.

_____/

## DEFENDANT ALL VIP CARE, INC. & LIZ VELAZQUEZ McKINNON INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Defendants, **ALL VIP CARE, INC.** & **LIZ VELAZQUEZ McKINNON**, ("**Defendants**"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(a)(1), serves its Initial Disclosures based on the information reasonably available at this time.

(i)      The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

    1.    **ALL VIP CARE, INC. ("VIP")**
        5601 Corporate Way, Ste 204
        West Palm Beach, FL 33407
        <u>Information</u>:  All matters on behalf of the Defendants

    2.    **Liz Velazquez McKinnon**
        c/o ALL VIP CARE, LLC
        5601 Corporate Way, Ste 204
        West Palm Beach, FL 33407
        <u>Information</u>:  President and CEO
        All matters on behalf of the Defendants

1

3.  **Diana Ramirez**
    c/o ALL VIP CARE, LLC
    5601 Corporate Way, Ste 204
    West Palm Beach, FL 33407
    <u>Information</u>:  Broward area supervisor.
    All matters on behalf of the Defendants

4.  The Plaintiff along with all witnesses identified by the Plaintiff

5.  At this juncture, the Defendants have not identified an expert witness to be used at trial but reserves the right to disclose such expert witness(es) in the future in accordance with deadlines set forth by the Court.

(ii)    a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

1.  The written agreements and documents that relate to this action and the above persons have been provided to the Plaintiff in accordance with the Defendants' Response to the Request for Production.

2.  Further investigation and/or discovery may reveal other documents that may be used to support Defendants' defenses and will be made available for the Parties copying and/or inspection.

(iii)   a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

1.  The Defendants claim for damages in their Counter-Complaint for Ms. Figuera's: (i) Breach of Contract; (ii) Promissory Estoppel; (iii) Violation of Florida's Trade Secrets Act; and (iv) Tortious Interference include but are not limited to: (i) loss of income; (ii) loss of client(s); (iii) loss of trade secrets; (iv) loss of future earnings; which is anticipated to be greater than $100,000.  As discovery continues this estimate amount is subject to increase.

2.     The Defendants also claim their right to recover their reasonable attorney's fees and costs in accordance with Independent Contractor Agreement executed by the Plaintiff, which is subject to this action and which the Plaintiff attached to the Counter-Complaint as Exhibit 1 and which was provided to the Plaintiff.

(iv)     for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

1.     None.

The Defendants reserves the right to supplement these Initial Disclosures when and if additional pertinent information comes to its attention.  In making these disclosures, the Defendants do not waive the attorney-client, work product, or any other applicable privilege, doctrine or immunity.  Moreover, the Defendants reserve the right to supplement these Initial Disclosures as additional discovery, investigation, and analysis may warrant.

## <u>CERTIFICATIONS</u>

1.     I certify that in accordance with Local Rule 7.1(3) prior to the filing of this motion the Defendants conferred with the Plaintiff about the relief requested in this motion.  The Plaintiff refused to consent to the entry of an agreed order regarding this motion.

2.     I hereby certify that a copy of this pleading which was filed with the Clerk of the Court and was provided to: **Brian Howard Pollock, Esquire,** Fairlaw Firm, 135 San Lorenzo, Avenue, Suiote 770, Coral Gables, FL 33146, Brian@fairlawattorney.com; **Toussaint Marcus Cummings, Esquire**, Quintairos, Prieto, Wood, and Boyer, 9300 South Dadeland Blvd, 4th Floor, Miami, FL 33156, toussaint@fairlawattorney.com; and all attorneys listed on and via the ECM System on **February 6, 2023**.

*/s/ RANDY M. GOLDBERG, ESQUIRE*
Florida Healthcare Law Firm

3

FBN: 045187
151 NW 1st Avenue
Delray Beach, FL 33444
754-224-0867
RMGEsquire@gmail.com
Randy@Randygoldberglaw.com