UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

      Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

      Defendants.

_____/

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTER-COMPLAINT**

Plaintiff, Cruz Valdivieso Figuera, by and through undersigned counsel, and pursuant to Federal Rule of Procedure 12(b)(6), moves to dismiss Defendants' ("VIP") Counter-Complaint at ECF No. 37, and states the following:

**I.  INTRODUCTION**

VIP's Counter-Complaint must be dismissed because it violates the *Brennan* Rule. *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974). The *Brennan* Rule stands for the simple proposition that successful FLSA plaintiffs are entitled to all the money ("cash in hand") they earned despite counterclaims interposed by their employers. *Id.* at 3-4. The only exception to the rule is if the employer-defendant claims the plaintiff was overpaid during the course of employment. *See Barrios v. S. & Caribbean Agencies, Inc.*, 2019 WL 341178, at *4 (S.D. Fla. Jan. 28, 2019). In this case, Ms. Figuera is suing VIP under the FLSA for failure to pay her overtime and minimum wages, and breach of contract and unjust enrichment for the same failure to pay her owed wages. [ECF No. 23]. Count V of her Second Amended Complaint also alleges retaliation for VIP's filing of a

1

separate lawsuit in state court, which induced Plaintiff to amend its pleading to add the count. VIP, in turn, counter-claimed against Ms. Figuera for violating restrictive covenants. [ECF No. 37]. However, the *Brennan* Rule completely precludes VIP from asserting their causes of action in this litigation because any success on the counterclaim would deprive Ms. Figuera of some or all of the money she earned while employed, which violates the FLSA's most basic tenet.

VIP's counterclaim should also be dismissed because it is not a compulsory counterclaim deriving from the same nucleus of operative facts as Ms. Figuera's FLSA claims.

## II.  ARGUMENT

### A.  The Counter-Complaint Violates The *Brennan* Rule.

Assuming that Ms. Figuera prevails on her claim for unpaid overtime wages under the FLSA and that VIP simultaneously prevails on its counterclaims, the net effect would reduce Ms. Figuera's judgment for unpaid minimum and overtime wages by the amount of VIP's recovery (and could possibly exceed her recovery for unpaid minimum wages and overtime). This is exactly the type of scenario that *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974) precludes:

> Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions, whether the suit is initiated by individual employees or by the Secretary of Labor.

*Brennan*, 491 F.2d at 4.

The *Brennan* Rule was recently invoked by this Court to deny an employer's counterclaim on facts similar to the instant case. In *Barrios*, *supra*, the plaintiff sued his employer for failure to pay overtime wages and retaliation for firing him when he complained about the overtime. *Barrios* at *1. In response, the employer moved to amend its answer to include a counterclaim alleging the plaintiff violated a federal computer privacy law by sabotaging electronic data. *Id*. This Court

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

denied the employer's motion for leave to amend the complaint because the counterclaim was improper under *Brennan*. *Id.* at *4. The Court explained the only limitation to the *Brennan* Rule applies when the counterclaim works as a set off to reduce a plaintiff's recovery without seeking affirmative relief, known as the *Singer* exception. *Id.* at 3. However, the employer's counterclaim did not fall within the *Singer* exception because it sought to recover non-FLSA damages from the plaintiff for his alleged violations of the computer privacy law. *Id.* at *4. Therefore, the counterclaim was an improper set-off defense to the FLSA action, and the employer was advised to pursue its claim in a separate action. *Id.*

This Court has invoked the *Brennan* rule and reached the same conclusion several times before when employers attempt to deprive FLSA plaintiffs of owed wages with unrelated counterclaims. *Bautista v. The Disc. Warehouse, Inc.*, 2016 WL 1028358 (S.D. Fla. Mar. 15, 2016) (motion to dismiss counterclaim granted where employer alleged FLSA plaintiff failed to repay promissory note); *Perez v. S. Fla. Landscape Maint., Inc.*, 2014 WL 293774, at *3 (S.D. Fla. Jan. 23, 2014) (motion for leave to amend answer and add counterclaim denied where employer alleged FLSA plaintiff failed to repay for a lawn mower, finding that "allowing such a set-off would invariably cause Plaintiff not to receive the overtime payments to which he was allegedly entitled under the FLSA."); *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397 (S.D. Fla. Dec. 4, 2009) (motion to dismiss counterclaim granted where employer alleged FLSA plaintiff failed to pay rent while living on employer's premises).[1]

VIP's Counter-Complaint must suffer the same fate as those of the employers in all the above cited cases. VIP is attempting to do what the FLSA expressly forbids by reducing Ms.

---

[1] A litany of other cases with the same result can be found within the cited cases.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Figuera's wages through the recovery of non-FLSA damages pursuant to the causes of action in its counterclaim. VIP has already tried to fend off dismissal by arguing that it did not raise set-off as an affirmative defense to Ms. Figuera's FLSA claims. [ECF No. 35 at 4]. But the Southern District of Florida has already precluded that argument by finding, under *Brennan*, "that both setoffs and counterclaims are inappropriate in cases brought to enforce the minimum wage and overtime provisions of the FLSA." *Barrios* at \*2. Therefore, it does not matter if VIP masks its subversion of the FLSA as a setoff or a counterclaim, because neither vehicle is proper in this action to limit Ms. Figuera's wage recovery on the basis that she infringed restrictive covenants. Therefore, this Court should dismiss VIP's counterclaim on the authority of the *Brennan* Rule alone.

**B.** **The Counter-Complaint must be dismissed because it is permissive and this Court is without subject matter jurisdiction to hear it.**

Federal courts have supplemental jurisdiction over compulsory counterclaims. *See Bautista* at \*1. Federal Rule of Civil Procedure 13 states, in relevant part, that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). On the other hand, federal courts do not automatically have jurisdiction over permissive claims, which require the independent jurisdictional basis of a federal question or diversity of the parties. *Bautista* at \*1; *Plant v. Blazer Fin. Servs., Inc. of Georgia*, 598 F.2d 1357, 1359–60 (5th Cir. 1979) ("In the instant case there is no independent basis since neither federal question nor diversity jurisdiction is available for the counterclaim. Consequently, if the counterclaim were to be treated as permissive, defendant's action on the underlying debt would have to be pursued in the state court."). Therefore, courts must dismiss permissive counterclaims. *Bautista* at \*1.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

"The Eleventh Circuit uses the 'logical relationship' test to determine whether a counterclaim meets Rule 13(a)'s requirement. *Id.* This test only finds a counterclaim compulsory when the plaintiff's complaint and the defendant's counterclaim arise out of the same operative facts. *See Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). In *Bautista*, the plaintiff sued an employer for failure to pay overtime, and the employer counter-sued for money due on a promissory note. *Bautista* at *2. This Court found the counterclaim did not arise from the same core of operative facts because it would not need to determine questions of fact similar to those of the FLSA case in deciding whether the employee failed to pay the note. *Id.* Importantly, the Court announced there is a "general reluctance" in the Eleventh Circuit to "exercise supplemental jurisdiction over counterclaims in FLSA cases which are premised on agreements that do not implicate the number of hours worked or payment received." *Id.*

Similarly, in the *Barrios* case, *supra*, this Court also found the counterclaim to be compulsory on facts more analogous to Ms. Figuera's claims. Remember, *Barrios* is the case where the employer counterclaimed because the FLSA plaintiff allegedly violated computer privacy laws. The *Barrios* Court stated the employee's evidence will involve time and pay records, while the employer's evidence will have to prove whether the employee interfered with computer data. *Id.* at *3. Therefore, the claim was not compulsory, even if the employer attempted to connect the plaintiff's retaliation claim with his alleged "bad behavior". *Id.*

In this case, VIP only alleges state law claims of breach of contract, promissory estoppel, violation of Florida's Trade Secrets Act, and tortious interference with contractual relationship. [ECF No. 37]. None of these claims are federal questions. Also, the Defendants admitted that they are Florida residents in answer to Ms. Figuera's Second Amended Complaint, so no diversity

5

jurisdiction exists between the parties. [ECF No. 37 at 2]. Therefore, the counterclaim is not permissive.

The counterclaim is also not compulsory because it fails the logical relationship test. The facts in *Barrios* are similar because the computer privacy law is in kind with the restrictive covenant claims asserted by VIP. In essence, the *Barrios* employer alleged the FLSA plaintiff misused its computer data, in the same way that VIP alleges Ms. Figuera misused its proprietary information to her advantage, and also interfered with its business relationships. Either way, the evidence in Ms. Figuera's case will relate to the hours she worked and the pay she received. The evidence in VIP's case will be dedicated to determining if she improperly solicited clients and stole trade secrets. The counterclaim clearly does not arise from the same operative facts as the Second Amended Complaint, and should be dismissed.

But VIP boldly argues that Ms. Figuera "took what may have been considered a permissive counterclaim and now unequivocally made it a compulsory counterclaim" by amending the Complaint to add a count of retaliation. [ECF No. 35 at 2]. Thus, their argument goes, the same core of facts are present because the retaliation claim cannot be adjudicated without hearing facts related to VIP's state law claims. However, VIP should be estopped from making this argument because it induced Plaintiff to file a retaliation charge when it originally filed its claims in state court, and then moved to amend its Answer to include the counterclaim. The chronology of this case demonstrates that Ms. Figuera initially filed a complaint with allegations solely related to her FLSA claims on August 22, 2022. [ECF No. 1]. Then, in retaliation, VIP filed its lawsuit against Ms. Figuera in Broward County under case number CACE-22-014991 a few hours after she filed her first amended complaint on October 7, 2022. [ECF No. 23 at ¶¶ 53-57]. Now VIP wrongfully bolsters its compulsory counterclaim argument by stating the core facts of its claims are intertwined

6

with Ms. Figuera's due to its own actions in forcing her to include a new count. This argument should be examined closely for what it is - an attempt to subvert the logical relationship test by retaliation against an FLSA plaintiff. Therefore, this Court should also find that it has no jurisdiction to hear the counterclaim as compulsory.

### III.  CONCLUSION

VIP's Counter-Complaint must be dismissed on any of the two grounds presented above, or both in combination. VIP's Counter-Complaint violates the *Brennan* Rule because any success on its counts would operate to deprive Ms. Figuera of the "cash in hand" she would be entitled to as an FLSA plaintiff. Alternatively, the Counter-Complaint should be dismissed because it does not give this Court subject matter jurisdiction to hear it as a compulsory or permissive counterclaim.

Respectfully submitted on February 10, 2023.

s/Toussaint Cummings, Esq.
Toussaint Cummings, Esq.
Fla. Bar No. 119877
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*