UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:22-CV-61553-WPD

**CRUZ VALDIVIESO FIGUERA**,

                Plaintiff,

vs.

**ALL VIP CARE, INC.**, &
**LIZ VELAZQUEZ McKINNON**,

                Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION OF THE PLAINTIFF'S MOTION TO DISMISS THE COUNTER-COMPLAINT FILED AGAINST PLAINTIFF

The Defendants ALL VIP CARE, INC. & LIZ VELAZQUEZ McKINNON (collectively "VIP") in accordance with the Rule 12(b)(6), Fed. R. Civ. P., et al., files their Response to the Plaintiff CRUZ VALDIVIESO FIGUERA's ("Figuera") Motion to Dismiss VIP's Counterclaim [DE-39] and in support thereof states:

1. This court granted VIP's Motion for Leave to file their Amended Answer, Affirmative Defenses and to add Counterclaims [DE-36] reserving the right for Figuera to file a Motion to Dismiss such Counterclaims.

2. Figuera sets forth two (2) arguments in her Motion to Dismiss VIP's Counterclaims. First, that the Counterclaims should be barred under the *Brennan* Rule. *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974). [P.2, DE-39]  Second, that VIP's counterclaims are not compulsory counterclaims and as such this Court does not have jurisdiction to hear the Counterclaims  [P.4, DE-39]

1

## I.  Standards for Motion to Dismiss

It is well established that in ruling on a Motion to Dismiss, the court must accept the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Glover v. Liggett Grp., Inc*., 459 F.3d 1304, 1308 (11th Cir. 2006); *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)*.  Generally, the scope of review on a motion to dismiss is limited to the four corners of the complaint. *St. George v. Pinellas Cnty*., 285 F.3d 1334, 1337 (11th Cir. 2002). *Allaben v. Howanitz*, No. 14-11227 (11th Cir. August 26, 2014)

It is very important to note that VIP clearly affirms in the Counterclaims and in the exhibit to the Counterclaims [DE-39; and Exhibit thereto] that Figuera could not be an employee of VIP, but was an independent contractor, as mandated by Florida Law.  If Figuera was anything other than an independent contractor, VIP would be acting in violation of state law and would be sanctioned by the State of Florida, which would include the revocation of VIP's state license to be a Nurse Registry.  Accordingly, Figuera cannot avail herself of the FLSA as she is a contracted independent contractor in compliance with Florida's governing Nurse Registry Laws.

## II.  Counterclaims should NOT be barred under the *Brennan* Rule

The *Brennan* Rule stands for the simple proposition that successful FLSA plaintiffs are entitled to all the money ("cash in hand") they earned despite counterclaims interposed by their employers. *Brennan v. Heard*, 491 F.2d 1, 3, (5th Cir. 1974).  The Brennan Court noted that any set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the FLSA and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions. *Brennan*, 491 F.2d at 4.

However, the 11th Circuit, ruled in *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264 (11th Cir. 2016), that, if an employee who sues under the FLSA is not covered by (or is exempt under)

the FLSA there is no bar to the employer asserting a state-law counterclaim against the employee. *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264 (11th Cir. 2016).

In *Singer v. City of Waco*, 324 F.3d 813, 828 n.9 (5th Cir. 2003), interpreted Brennan and clarified that an employer's set-off recovery cannot cause an employee's FLSA recovery to fall below the statutory minimum wage.  It does not seem to us, however, that those concerns carry over to a situation like the one here where an employee is exempt from the FLSA's coverage and therefore cannot recover anything under the Act. *Id.*   In the case at bar, Figuera cannot support her claim that she was anything other than an independent contractor in her relationship with VIP, in accordance with not only her written agreements with VIP, but more important Florida State Law, which requires that persons like Figuera must be independent contractors.

"Thus, Brennan does not prohibit the district court from applying an offset in this case. See *Mullins v. Howard County, Md.*, 730 F.Supp. 667, 673 (D.Md.1990) (recognizing that '[t]he [Brennan v.] Heard case stands for the principle that set-offs may not result in sub-minimum wage payments to an employee')." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n.9 (5th Cir. 2003)

VIP never sought in their affirmative defenses to Figuera's Complaint or in their Counterclaim that in the unlikely event that the Figuera was to prevail in her claims against VIP that any recovery that she would be entitled should be reduced below the minimum wage that the Court would find that she is entitled to or that any award in favor of Figuera be set-off by any award against Figuera.

In further of this position, VIP is willing to stipulate to the entry of two (2) separate judgments.  One for Figuera's claims against VIP and the second judgment as to VIP's claims

3

against Figuera. This will prevent any set-off of any damages that Figuera, is concerned about, in the unlikely event that Figuera was to prevail.

Such a stipulation will resolve any concerns about any possible judgment resulting in a set off that would bring the award to fall below FLSA minimum wage standards as required in *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F.Supp.3d 1278 (S.D. Fla. 2019), citing *Tapia v. Fla. Cleanex, Inc.*, 2013 WL 12198827, at *2 (S.D. Fla. Mar. 27, 2013) (a set-off is only permissible in an FLSA case when it will not cause a plaintiff's wages to fall below the statutory minimum.)

### III.  VIP's Counterclaims Are Compulsory Counterclaims

Figuera argues that the Counterclaims set forth by VIP are permissive as opposed to compulsory and because they are permissive, this Court lacks subject matter jurisdiction. Rule 13 of the Federal Rules of Civil Procedure addresses counterclaims. Under Rule 13(a), a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claims and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The Eleventh Circuit uses the "logical relationship" test to determine whether a counterclaim meets Rule 13(a)'s requirement. *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1453 (11th Cir. 1985) (citation omitted). Under this test, a counterclaim is compulsory when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id*.

VIP's Counterclaim meets and surpasses the requirements of the Logical Relationship Test, in that the facts in dispute are subject to and arise out of the actual relationship of the parties, which is memorialized in the independent contractor agreement entered into by Figuera

and VIP, which includes: (i) the compensation to be earned by Figuera, as an independent contractor for VIP; (ii) the terms and conditions of the relationship between the parties; (iii) the relationship between the parties and the clients, who Figuera actually worked for and provided services to; which allegedly gives rise to the FLSA claims levied by Figuera, even though Figuera was an independent contractor of VIP, in accordance with Florida State Law and VIP's claims against Figuera.

As such, both parties claims and counterclaims clearly arise out of the same operative facts. The Court cannot adjudicate the claims of Figuera without dissecting the independent contractor agreement in place between the parties. This is the same independent contractor agreement that is subject to the counterclaims of VIP.

Additionally, it must be recognized by the Court that immediately after VIP filed their state action in Broward County Circuit under case number CACE-22-01499, Figuera immediately amended her Complaint adding a frivolous claim of retaliation under the FLSA for the filing of the state action against Figuera.

On one hand Figuera claims that the Counterclaim should not be heard as part of the present FLSA case, relying on Figuera's belief that the Counterclaims are permissive as opposed to being compulsory, and should be a separate action, yet when VIP filed their state court action, Figuera amends her complaint to include new allegations that VIP's filing of the state court action, was retaliatory under the FLSA.

The amending of Figuera's complaint to include the FLSA retaliation claim unequivocally, affirmed, established and verified that Figuera's Complaint and VIP's Counterclaims arise out of the same operative facts. How can Figuera proceed with their FLSA

retaliation claim, without addressing head-on the facts and evidence in support of VIP's Counterclaims? They cannot.

Figuera argues that VIP should be estopped from making this argument, when Figuera's filing of the Amended Complaint was the very basis for VIP's filing of the motion for leave to include the Counterclaims into this present action. There is no attempt to subvert the logical relationship test as argued by Figuera, but for the inclusion of the FLSA retaliation claim promulgated by Figuera, VIP's Counterclaims would arguably be permissive, yet Figuera brought the Counterclaims to the forefront as a Compulsory Counterclaims.

It is without a doubt that VIP's Counterclaims clearly arise out of the same operative facts as Figuera's FLSA claims and as such meets the Logical Relationship Test. Accordingly, this Court should find that VIP's Counterclaims are compulsory counterclaims.

## Conclusion

Figuera's Motion to Dismiss should be denied for the reasons set forth herein which is supported by the referenced case law.

WHEREFORE VIP requests that this Court enter and Order: (i) denying Figuera's Motion to Dismiss; (ii) provide Figuera with fourteen (14) days in which to file her Answer; (iii) together with whatever further relief that this Court deems to be fit and proper.

## CERTIFICATIONS

I hereby certify that a copy of this pleading which was filed with the Clerk of the Court and was provided to: **Brian Howard Pollock, Esquire,** Fairlaw Firm, 135 San Lorenzo, Avenue, Suiote 770, Coral Gables, FL 33146, Brian@fairlawattorney.com; **Toussaint Marcus Cummings, Esquire**, Quintairos, Prieto, Wood, and Boyer, 9300 South Dadeland Blvd, 4th

Floor, Miami, FL 33156, toussaint@fairlawattorney.com; and all attorneys listed on and via the

ECM System on **February 19, 2023**.

                                             */s/ RANDY M. GOLDBERG, ESQUIRE*
                                             Florida Healthcare Law Firm
                                             FBN: 045187
                                             151 NW 1st Avenue
                                             Delray Beach, FL 33444
                                             754-224-0867
                                             RMGEsquire@gmail.com
                                             Randy@floridahealthcarelawfirm.com