UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTER-COMPLAINT

THIS CAUSE is before the Court upon Plaintiff's Motion to Dismiss Defendants' Counter-Complaint [DE 39] (the "Motion"). The Court has carefully considered the Motion, Defendants' Response in Opposition [DE 40], notes that no timely reply was filed, and is otherwise fully advised in the premises.

**I.    BACKGROUND**

On October 28, 2022, Plaintiff Cruz Valdivieso Figuera ("Plaintiff") filed her Second Amended Complaint against Defendants All VIP Care Inc. ("VIP") and Liz Velazquez McKinnon ("McKinnon") (collectively, "Defendants") for unpaid minimum wages, unpaid overtime pay, and retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq. See* [DE 23]. The five-count Second Amended Complaint also brings state law claims for breach of contract and unjust enrichment. *Id.* Plaintiff seeks minimum wage damages, time-and-half overtime pay, liquidated damages, compensatory damages, interest, costs, and attorneys' fees. *Id.*

1

On January 28, 2023, Defendants filed their Amended Answer, Affirmative Defenses, and Counter-Complaint against Plaintiff. *See* [DE 37]. The Counter-Complaint, brought on behalf of Defendant VIP, asserts the following claims against Plaintiff: Count I – Breach of Contract; Count II – Promissory Estoppel; Count III – Violation of Florida's Trade Secrets Act; and Count IV – Tortious Interference With Contractual Relationship. *Id.* VIP alleges that during Plaintiff's business relationship with VIP, Plaintiff entered into a direct relationship with at least one of VIP's clients to circumvent VIP's relations with the client(s). *Id.* VIP further claims that upon her termination, Plaintiff solicited a client of VIP to end their relationship with VIP and follow Plaintiff to her new employment relationship. *Id.*

In the Breach of Contract (Counterclaim Count I) and Promissory Estoppel (Counterclaim Count II) claims, VIP alleges that Plaintiff materially breached the restrictive covenants and/or promises contained in Plaintiff's agreement with VIP by engaging in a direct or indirect relationship with a client of VIP, failing to report Plaintiff's relationship with the client to VIP, soliciting VIP's patients, divulging VIP's confidential information, trade secrets, and other proprietary information to VIP's clients and/or other third parties, and/or using VIP's confidential information, trade secrets, and other proprietary information for Plaintiff's personal benefit. In the Florida Trade Secrets Act claim (Counterclaim Count III), VIP alleges that Plaintiff misappropriated trade secrets belonging to VIP. In the Tortious Interference claim (Counterclaim Count IV), VIP alleges that Plaintiff intentionally and unjustifiably interfered with the contractual relationship between VIP and its clients/patients.

In response, Plaintiff filed the instant Motion to Dismiss VIP's Counter-Complaint on grounds that: (1) VIP's Counter-Complaint violates the *Brennan* Rule; and (2) the Court lacks

subject matter jurisdiction over the counterclaims because they are not compulsory. *See* [DE 39]. For the reasons stated below, the Court will deny the Motion.

II. **DISCUSSION**

Here, Plaintiff has sued Defendants under the FLSA and Florida common law, claiming that she was not paid minimum wages and overtime wages during her employment with VIP. Plaintiff later amended her complaint to raise an FLSA retaliation claim based on a pending state court action filed by Defendant VIP against Plaintiff for breach of a non-compete provision, enforcement of restrictive covenants, and tortious interference with VIP's clients. The Court has federal question jurisdiction over Plaintiff's FLSA claims and supplemental jurisdiction over Plaintiff's related Florida state law claims. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367.

Defendant VIP has counterclaimed, alleging that, during her business relationship with VIP, Plaintiff entered into a direct relationship with at least one of VIP's clients to circumvent VIP's relations with the client(s). VIP further claims that upon her termination, Plaintiff solicited a client of VIP to end their relationship with VIP and follow Plaintiff to her new employment relationship. There is no independent jurisdictional basis over VIP's counterclaims (under state law for breach of contract, promissory estoppel, violation of Florida's Trade Secrets Act, and tortious interference), as there is no federal question jurisdiction or diversity jurisdiction over such counterclaims.

There are two kinds of counterclaims: compulsory counterclaims and permissive counterclaims. *See* Fed. R. Civ. P. 13. A compulsory counterclaim is one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require for its adjudication the presence of third parties of whom the court cannot acquire

jurisdiction." *Id.* at 13(a). A permissive counterclaim is one which does not arise out of the same transaction or occurrence. *Id.* at 13(b). It is generally accepted that a compulsory counterclaim falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration. *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979)[1] (citations omitted). To determine whether a counterclaim is compulsory or permissive, courts in the Eleventh Circuit apply the "logical relationship" test. *See Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activate additional legal rights, otherwise dormant, in the defendant." *Id.* (quotation omitted).

Additionally, the standard for asserting supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) is broader than the standard for determining a counterclaim to be compulsory. *Bakewell v. Federal Financial Group, Inc.*, 2006 WL 739807, *3 (N.D. Ga. March 21, 2006). "Thus, there will be some permissive counterclaims over which the court has supplemental jurisdiction and some it does not." *Id.* "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (indicating that the case or controversy standard provides supplemental jurisdiction over state claims that arise out of a common nucleus

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

of operative fact with a substantial federal claim). In determining if the claims derive from a common nucleus of facts, the Court should ask whether the claims arise from the same facts or involve similar occurrences, witnesses, or evidence so that the state law claim falls within the Court's supplemental jurisdiction. *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996); *see also Lucero v. Trosch,* 121 F.3d 591, 598 (11th Cir.1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants); *Palmer v. Hospital Auth. of Randolph County,* 22 F.3d 1559, 1563–64 (11th Cir. 1994) (finding standard met when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts).

Here, Plaintiff has sued Defendants under the FLSA, claiming that she was not paid minimum wages and overtime wages during her employment with VIP. Importantly, Plaintiff also alleges that Defendants retaliated against her by filing a complaint against Plaintiff in state court for breach of a non-compete provision, enforcement of restrictive covenants, and tortious interference with VIP's clients. VIP has counterclaimed, alleging that Plaintiff: (1) materially breached the restrictive covenants and/or promises contained in Plaintiff's agreement with VIP; (2) misappropriated trade secrets belonging to VIP; and (3) intentionally and unjustifiably interfered with the contractual relationship between VIP and its clients/patients. The parties dispute whether these counterclaims are compulsory. However, the Court need not decide whether the counterclaims are compulsory because the counterclaims share a "common nucleus of operative fact" with Plaintiff's FLSA retaliation claim, satisfying the standard for supplemental jurisdiction under § 1367(a).

The Court finds *Ayub v. Pico* persuasive. 293 F. Supp. 3d 215, 216 (D.D.C. 2018). In *Ayub*, the court held that it had supplemental jurisdiction over the defendant's state law counterclaims where the plaintiff asserted an FLSA retaliation claim "premised on the allegation that Defendants filed their counterclaims in retaliation for Plaintiff's filing suit." *Id.* As the court reasoned:

> Defendants surely will defend against the retaliation claims on the ground that they brought their counterclaims in good faith, and not to harass or intimidate Plaintiff for filing suit. Defendants' good faith, in turn, rests on the bona fides of their counterclaims. Viewed in this way, there can be little dispute that the FLSA retaliation claim and the counterclaims derive from a common nucleus of operative fact such that one would ordinarily be expected to try them all in one judicial proceeding.

*Id.* at 216-17 (quotation marks and citation omitted).

Here, the same principles apply. To prevail on her retaliation claim, Plaintiff must demonstrate that the claims filed by VIP in state court "(1) were filed for a retaliatory motive and (2) lack a reasonable basis in fact or law." *Munroe v. PartsBase, Inc.*, No. 08-80431-CIV, 2009 WL 413721 at *8 (S.D. Fla. Feb. 18, 2009) (citations omitted). And because VIP has effectively raised the state court claims as counterclaims in this action, Plaintiff's FLSA retaliation claim will necessarily require the Court to examine the validity of the facts upon which VIP's counterclaims rest. *See Ayub,* 293 F. Supp. at 216-17; *see also Backo v. Hist. Flight, Inc.*, No. 18-10205-CIV, 2019 WL 3412167, at *4 (S.D. Fla. June 12, 2019), *report and recommendation adopted,* No. 18-10205-CIV, 2019 WL 5209449 (S.D. Fla. July 9, 2019) (relying on *Ayub* and finding that defendant's counterclaims satisfied the standard for both a compulsory counterclaim and supplemental jurisdiction under § 1367(a)). Accordingly, the Court finds that the FLSA

6

retaliation claim and the state law counterclaims derive from a common nucleus of operative facts.[2]

The Court's line of inquiry does not end with a finding that it has supplemental jurisdiction over VIP's counterclaims. The Court must also consider Plaintiff's argument that VIP's counterclaims violate the *Brennan* rule. In *Brennan v. Heard* and its progeny, *Singer v. City of Waco, Tex.*, the Fifth Circuit held that set-offs are inappropriate in FLSA cases where such set-off will cause the plaintiff's wages to fall below the statutory minimum unless the employer alleges an overpayment or pre-payment of wages. *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988); *Singer v. City of Waco, Tex.,* 324 F.3d 813, 828 n.9 (5th Cir. 2003). The *Brennan* rule does not apply, however, "where an employee is exempt from the FLSA's coverage and therefore cannot recover anything under the Act." *See Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1274 (11th Cir. 2016). VIP argues that this is precisely the case here because Defendants claim Plaintiff is an independent contractor not covered under the FLSA. At least one other court in this circuit has allowed state law counterclaims to proceed in like circumstances. *See Billingsley v. Emmons*, No. 8:21-CV-351-KKM-CPT, 2021 WL 3493625, at *1 (M.D. Fla. Aug. 9, 2021) (denying motion to dismiss counterclaims under the *Brennan* rule where the defendant asserted that the plaintiff was in independent contractor under the FLSA, noting that "whether an individual is an employee under the FLSA is a legal question best answered at the summary-judgment stage"). Because the Court cannot determine at this stage in the litigation whether Plaintiff is an employee under the FLSA, the Court finds that it is premature to rule on the

---

[2] Though Plaintiff does not argue that the Court should deny supplemental jurisdiction for the reasons mentioned in 28 U.S.C. § 1367(c), the Court finds that none of those reasons to decline jurisdiction apply here.

7

application of *Brennan* to VIP's counterclaims. Accordingly, Plaintiff's motion to dismiss VIP's counterclaims under the *Brennan* rule is denied.

### III. CONCLUSION

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss Defendants' Counter-Complaint [DE 39] is hereby **DENIED.**

2. Plaintiff shall file her answer to the Counter-Complaint within fourteen (14) days.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of April, 2023.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record