UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

## **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTER-COMPLAINT**

Plaintiff, Cruz Valdivieso Figuera, files her Answer and Affirmative Defenses to Defendant's Counter-Complaint at ECF No. 37 as follows:

## **ANSWER**

(Each numbered paragraph below corresponds to the paragraphs in Defendants' counter-claim).

1. Denied.

2. Denied, as to the nature of the relationship that Plaintiff entered into with Defendants.

3. Admitted that Plaintiff signed the contracts, but denied to the extent that Plaintiff therefore was an independent contractor.

4. Admitted that Plaintiff worked for Defendant as a home health aide; but denied that she was a home health aide as defined in Fla. Stat. §400.462(15).

5. Denied, as Plaintiff is without knowledge of the allegation.

6. Admitted.

7. Denied, as Plaintiff has no knowledge of what Defendants learned.

8. Denied.

9. Denied.

10.  Admitted that the contract speaks for itself.

11. Admitted that the contract speaks for itself.

12. Denied.

13. Admitted that the contract speaks for itself.

14. Denied.

15. Denied.

16. Denied.

17. Denied, as Plaintiff is without knowledge of this allegation.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff reincorporates her responses to paragraphs 1 through 17.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II – PROMISSORY ESTOPPEL

29. Plaintiff reincorporates her responses to paragraphs 1 through 17.

30. Admit that the contract speaks for itself, but denied that the contract's provisions are valid.

31. Without knowledge, and so Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT III – VIOLATION OF FLORIDA'S TRADE SECRET ACT

38. Plaintiff reincorporates her responses to paragraphs 1 through 17.

39. Denied, as Plaintiff is without sufficient knowledge to admit or deny the allegation.

40. Admitted that the statute speaks for itself.

41. Admitted that the statute speaks for itself.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

53. Plaintiff reincorporates her responses to paragraphs 1 through 17.

54. Admitted that the cited case stands for the proposition cited.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## AFFIRMATIVE DEFENSES TO COUNTER COUNTER-COMPLAINT
### (Defendants are referred to as "Counter-claimants")

### First Affirmative Defense

Counter-claimants failed to state claims for which relief can be granted.

### Second Affirmative Defense

Counter-claimants's claims are barred by the applicable statutes of limitations.

### Third Affirmative Defense

The restrictive covenants at issue are unreasonable as to area, duration, and scope in violation of Fla. Stat. §542.335.

### Fourth Affirmative Defense

The restrictive covenant amounts to an illegal restraint on trade as applied to Defendants.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

### *Fifth Affirmative Defense*

Counter-claimants claims are barred because they committed a prior breach of the agreement at issue by failing to comply with its obligation to pay all wages earned by the Plaintiff, thereby relieving the Plaintiff from compliance with any restrictive covenants (and precluding recovery for counter-claimaints). *See e.g.*, *Benemerito & Flores, M.D.s, P.A. v. Roche*, 751 So. 2d 91 (Fla. 4th DCA 1999) (refusing to enforce non-compete against employee when employer failed to pay all sums due to employee); and *Cordis Corp. v. Prooslin*, 482 So. 2d 486 (Fla. 3d DCA 1986) (affirming trial court's decision to deny enforcement of a restrictive covenant when employer breached underlying contract by failing to pay all sums due to employee).

### *Sixth Affirmative Defense*

The counter claims are barred, in whole or in part, by the doctrine of estoppel. Upon engaging in employment with Plaintiff, Counter-Claimants impliedly represented they would conduct their business affairs in accordance with the duty of care imposed upon employers of home health aides. However, Counter-Claimants engaged in one or more improprieties by, among other things, misclassifying Plaintiff as an independent contractor instead and failed to pay Plaintiff the money owed to her, thereby requiring Plaintiff to leave Counter-Claimants' employ to be paid for her work. Counter-claimants, having lured the Plaintiff into the restrictive covenants by impliedly representing they would adhere to the duties and responsibilities of employers of domestic servants under the Fair Labor Standards Act, is estopped from asserting any rights that may have otherwise inured to its benefit under the restrictive covenants at issue due to its conduct.

### *Seventh Affirmative Defense*

The counter claims are barred, in whole or in part, by the Counter-Claimants' failure to mitigate their alleged damages.

### *Eighth Affirmative Defense*

Counter-claimants's claims are barred, in whole or in part, by the doctrine of set off.

### *Ninth Affirmative Defense*

Counter-claimants's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### *Tenth Affirmative Defense*

Counter-claimants's claims are barred, in whole or in part, by the doctrine of set off.

### *Eleventh Affirmative Defense*

Counter-claimants's claims are barred, in whole or in part for failure of consideration.

## **DEMAND FOR ATTORNEYS' FEES**

Defendants seek recovery of their attorneys' fees and costs upon prevailing in this action on the claims against them.

Respectfully submitted on April 21, 2023.

> s/Toussaint Cummings, Esq.
> Toussaint Cummings, Esq.
> Fla. Bar No. 119877
> toussaint@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*