UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:22-CV-61553-WPD

CRUZ VALDIVIESO FIGUERA,

           Plaintiff,

vs.

ALL VIP CARE, INC., &
LIZ VELAZQUEZ McKINNON,

           Defendants.

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S INTERROGATORIES PROPOUNDED UPON DEFENDANT MCKINNON

The Defendants in accordance with Fed. R. Civ. P. 33 and Local Rule 26.1, et al., file this Answers to the Plaintiff's Request for Interrogatories propounded on November 11, 2022; and in support thereof states:

1) Please state your full name, all aliases and names which you have been known by, all addresses at which you lived during the past five years, your date of birth, and your social security number:

**Answer: Liz Velazquez Mckinnon, can be reached through her undersigned counsel. Her date of birth and social security number are personal, confidential, sensitive in nature and is not reasonably calculated to admissible in evidence in the case at bar as this information is unrelated to the subject action. The Plaintiff only agrees to provide her date of birth and social security number once the parties have entered into a confidentiality agreement governing this and other confidential, personal, and/or sensitive information produced during this discovery process that has been designated as such. See *Thomas v. Smith*, 882 So. 2d 1037, 1045 (Fla. 2d DCA 2004) (stating "[w]e think the proposition that citizens of the State of Florida possess a legitimate expectation of privacy in their social security numbers is so obvious as to be hardly open to debate"); *Stewart v. Moll*, 2008 WL 2278136 \*2 (E.D. Penn. May 30, 2008) (noting, in part, that social security numbers are considered "sensitive information").**

2) Please state whether you have ever been charged with a crime and, if so, please state the nature of each such charge, the County and State in which each was brought, the disposition of each such charge, and the case number(s) for each:

**Answer: No**

1

3) Please identify by name, address and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

**Answer: Liz Velazquez Mckinnon, owner and Chief Executive Officer and Diana Ramirez, the Broward area administrator. Both are available through Defendant counsel.**

4) Identify your position with All VIP and describe your daily activities for All VIP from March 1, 2020, to August 15, 2022:

**Answer: Owner and Chief Executive Office. Objection as to "daily activities" as this request is not reasonably calculated to admissible in evidence in the case at bar as this information is unrelated to the subject action. Further, the request is overly broad and unduly burdensome on its face if it uses an general and unspecific terms in the request. If the Plaintiff was to specifically request a specific activity, the Defendant will reconsider the response. To protect against the proverbial fishing expedition, "[t]he party seeking discovery has the threshold burden of demonstrating that the discovery is relevant," which the Defendant has failed to satisfy. *Siddiq*, 2011 WL 6936485 \*2 (M.D. Fla. Dec. 7, 2011).**

5) If you contend that you did not supervise, hire, or manage Plaintiff in her work at All VIP, then please identify each person who did by name, address, telephone number, and each such person's position with All VIP during this same timeframe, and then each such person's current employment/work status with All VIP.

**Answer: The HHA, like the Plaintiff are hired, fired, and supervised by the Client and AHCA, not the Defendants. The Defendants administer the payment of the HHA based on the timesheets submitted by the HHA and authorized and approved by the Client.**

6) Please identify each contract, lease, and agreement that you signed on behalf of All VIP during the past five (5) years and the current custodian of each such document.

**Answer: The Defendant objects to this Interrogatory as overbroad, unduly burdensome and not reasonably calculated to admissible evidence, as the request seeks information relating to five (5) years of contracts and agreements entered into by Defendant VIP: (i) this period of time is well beyond the period of time that the Plaintiff had a relationship with the Defendants; (ii) there is no nexus to the case at bar as such this request is not relevant to the subject matter of the pending action, as required by the applicable discovery standard. To protect against the proverbial fishing expedition, "[t]he party seeking discovery has the threshold burden of demonstrating that the discovery is relevant," which the Plaintiff has failed to satisfy. *Siddiq v. Saudi Arabia Airlines Corp.*, 2011 WL 6936485 \*2 (M.D. Fla. Dec. 7, 2011).**

**Further, these requests includes requests for information that is proprietary, confidential, and trade secrets of the Defendants. The Florida Evidence Code contains a privilege against the disclosure of trade secrets. See§ 90.506, Fla. Stat. (2012). When a party objects**

to the disclosure of a trade secret, first a court must determine whether the requested information is, in fact, a trade secret. *Summitbridge Nat'l Invs. LLC* v. *1221 Palm Harbor, L.L.C.*, 67 So.3d 448, 449 (Fla. 2d DCA 2011); Ameritrust, 899 So.2d at 1207. Usually this determination requires the trial court to perform an in-camera review of the information. *Summitbridge*, 67 So.3d at 449; *Ameritrust*, 899 So.2d at 1207. Second, if the trial court determines that the information is a trade secret, then the court must determine if the party requesting the information has shown a reasonable necessity for the information. *Ameritrust*, 899 So.2d at 1207. This court has explained that "[c]ompelled disclosure through discovery must be limited to items necessary for a court to determine contested issues." *McDonald's Rests. of Fla., Inc. v. Doe*, 87 So.3d 791, 793 (Fla. 2d DCA 2012). If the court orders disclosure, it must make findings to support its determination. *Ameritrust*, 899 So.2d at 1207. Furthermore, the trial court may need to order safeguards to prevent the unnecessary dissemination of the information. *Summitbridge*, 67 So.3d at 451. See Section 688.002(4) Florida Statutes (2012), defines a trade secret. *Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501 (Fla. App. 2014). If the trial court finds that the information is a trade secret, then the court must balance the necessity for the information in the litigation against protecting the confidential information. *Grooms*, 846 So.2d at 655. For the information to be necessary to the litigation, it of course must be relevant and either admissible at trial or "reasonably calculated to lead to the discovery of admissible evidence." Fla. R. Civ. P. 1.280(b)(1). *Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501 (Fla. App. 2014).

7) Please identify your role in processing payroll/payments to Home Health Aides, signing checks, as well as hiring and firing decisions on behalf of All VIP during the three years prior to the filing of the Complaint in this case.

**Answer: As CEO I am responsible for oversight and administration of all payroll obligations of VIP.**

8) Please state if you have ever been named as a Plaintiff, Defendant, or witness in a lawsuit and, if so, then please state the nature of the claim, identify whether you were a Plaintiff, Defendant, or witness, whether you gave a deposition, the case number and jurisdiction of each such claim, and the outcome.

**Answer: None as it relates to the subject matter similar to this present action.**

9) Please identify all conversations you had with Plaintiff regarding her hiring and her pay during the past three years:

**Answer: None recalled at this time. The on boarding documents speak for themselves as the issues asked.**

10) Please identify each bank account for All VIP of which you are a signatory and identify each other signatory during the time period during which Plaintiff worked for Defendants:

Answer: The Defendant objects to this Interrogatory as overbroad, unduly burdensome and not reasonably calculated to admissible evidence, as the request seeks information relating to signatory authority on banks accounts. There is is no nexus to the case at bar as such this request is not relevant to the subject matter of the pending action, as required by the applicable discovery standard. To protect against the proverbial fishing expedition, "[t]he party seeking discovery has the threshold burden of demonstrating that the discovery is relevant," which the Plaintiff has failed to satisfy. *Siddiq v. Saudi Arabia Airlines Corp.*, 2011 WL 6936485 *2 (M.D. Fla. Dec. 7, 2011).

Further, these requests includes requests for information that is proprietary, confidential, and trade secrets of the Defendants. The Florida Evidence Code contains a privilege against the disclosure of trade secrets. See§ 90.506, Fla. Stat. (2012). When a party objects to the disclosure of a trade secret, first a court must determine whether the requested information is, in fact, a trade secret. *Summitbridge Nat'l Invs. LLC v. 1221 Palm Harbor, L.L.C.*, 67 So.3d 448, 449 (Fla. 2d DCA 2011); *Ameritrust*, 899 So.2d at 1207. Usually this determination requires the trial court to perform an in-camera review of the information. *Summitbridge*, 67 So.3d at 449; *Ameritrust*, 899 So.2d at 1207. Second, if the trial court determines that the information is a trade secret, then the court must determine if the party requesting the information has shown a reasonable necessity for the information. *Ameritrust*, 899 So.2d at 1207. This court has explained that "[c]ompelled disclosure through discovery must be limited to items necessary for a court to determine contested issues." *McDonald's Rests. of Fla., Inc. v. Doe*, 87 So.3d 791, 793 (Fla. 2d DCA 2012). If the court orders disclosure, it must make findings to support its determination. *Ameritrust*, 899 So.2d at 1207. Furthermore, the trial court may need to order safeguards to prevent the unnecessary dissemination of the information. *Summitbridge*, 67 So.3d at 451. See Section 688.002(4) Florida Statutes (2012), defines a trade secret. *Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501 (Fla. App. 2014). If the trial court finds that the information is a trade secret, then the court must balance the necessity for the information in the litigation against protecting the confidential information. *Grooms*, 846 So.2d at 655. For the information to be necessary to the litigation, it of course must be relevant and either admissible at trial or "reasonably calculated to lead to the discovery of admissible evidence." Fla. R. Civ. P. 1.280(b)(1). *Bright House Networks, LLC v. Cassidy*, 129 So. 3d 501 (Fla. App. 2014).

## CERTIFICATIONS

I hereby certify that a copy of this document was provided to: **Brian Howard Pollock, Esquire,** Fairlaw Firm, 135 San Lorenzo, Avenue, Suite 770, Coral Gables, FL 33146, Brian@fairlawattorney.com; **Toussaint Marcus Cummings, Esquire**, Quintairos, Prieto, Wood, and Boyer, 9300 South Dadeland Blvd, 4th Floor, Miami, FL 33156, toussaint@fairlawattorney.com, by email on **January 19, 2023**.

/s/ *RANDY M. GOLDBERG, ESQUIRE*
Florida Healthcare Law Firm
FBN: 045187
151 NW 1st Avenue
Delray Beach, FL 33444
754-224-0867
RMGEsquire@gmail.com
Randy@Randygoldberglaw.com

**Interrogatory Jurat**

By: /s/ _Liz Velazquez McKinnon_

Name: _Liz Velazquez McKinnon_

State of Florida
County of _Palm Beach_

Sworn to and subscribed before me by means of ____ physical presence or ✓ on-line notarization this _18_ day of _January_ 2023, by _Liz Velazquez McKinnon_ personally or ✗ as an authorized agent for _All VIP Care, Inc._

By: _Diana Ramirez_     1-18-2023
Notary Public, State of Florida

✓ Personally Known to Me or

___ Produced _____ as identification.



DIANA RAMIREZ
Notary Public - State of Florida
Commission # GG 333135
My Comm. Expires May 12, 2023
Bonded through National Notary Assn.