UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

**ORDER STRIKING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon the Court's careful consideration of Plaintiff's Motion for Partial Summary Judgment [DE 61] (the "Motion") and Plaintiff's Statement of Material Facts in Support of Motion for Summary Judgment ("PSOF") [DE 62], both filed herein on July 18, 2023. The Court is otherwise fully advised in the premises.

Plaintiff's Statement of Material Facts does not comply with criteria set forth in the Local Rules. *See* L.R. 56.1, which states in relevant part as follows:

(b) Form Required for Statements of Material Facts.

    (1) All Statements of Material Facts. All Statements of Material Facts (whether filed by the movant or the opponent) shall be filed and served as separate documents and not as exhibits or attachments. In addition, the Statements of Material Facts shall:

        (A) Not exceed ten (10) pages;

        (B) **Consist of separately numbered paragraphs, *limited as far as practicable to a single material fact*,** with each fact supported by specific, pinpoint references to particular parts of record material, including depositions, documents, electronically stored

1

> information, affidavits, stipulations (including those made for purposes of the motion only), admissions, and interrogatory answers (e.g., Exhibit D, Smith Affidavit, ¶2; Exhibit 3, Jones deposition, p. 12/lines 4-9).
>
> The pinpoint citations shall reference pages (and line numbers, if appropriate, of exhibits, designate the number and title of each exhibit, and provide the ECF number of all previously filed materials used to support the Statement of Material Facts. When a material fact requires specific evidentiary support, a general citation to an exhibit without a page number or pincite (e.g., "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is non-compliant. If not already in the record on CM/ECF, the materials shall be attached to the statement as exhibits specifically titled within the CM/ECF system (e.g., Smith Affidavit dated April 12, 2017, Jones Deposition dated May 19, 2018). Reference to a previously filed exhibit shall use the "ECF No." format.

L.R. 56.1 (emphasis added).

As written, numerous of Plaintiff's asserted facts do not consist of "separately numbered paragraphs, limited as a far as practicable to a single material fact." *See, e.g.*, PSOF ¶¶ 2, 6-7, 10-12, 16, 23-27, 31-32, 36. One of Plaintiff's asserted facts contains no facts at all. *See* PSOF ¶ 13.

Plaintiff's Statement of Material Facts also demonstrates a fundamental misunderstanding as to what a "fact" is for purposes of a summary judgment motion. Statements of undisputed material facts should relate to elements of the cause of action, supported by citations to record evidence. For example, an undisputed fact could state "It was raining on Date" with an accompanying citation to deposition testimony. The asserted fact should not state that "Person X, in their deposition, testified that it was raining on Date." Nor should it state that "Person X claims that fact pattern X happened." Numerous of Plaintiff's asserted facts suffer from these flaws. *See, e.g.*, PSOF ¶ 2 ("All VIP administrator, Diana Ramirez, testified that Valdivieso worked as a home health aide for All VIP."); ¶ 4 ("McKinnon testified that ALL VIP

was established in 2016, and she has been the only owner since that time."); ¶ 6 ("McKinnon testified that All VIP provides medical and non-medical services to its clients."); ¶ 10 ("Valdivieso also testified that her duties were to clean, give food, bathe, and wash clothes."); ¶ 11 ("Ramirez testified that she coordinates patient care with insurance companies for clients on Medicare, which results in the creation of a 'patient calendar.'"); ¶ 12 ("Valdivieso testified that the hours she worked were the ones given to her by All VIP."); ¶ 16 ("McKinnon stated that caregivers were not allowed to work for the client without the agency being aware because it violates their contract with All VIP."); ¶ 37 ("In McKinnon's verified responses to Plaintiff's interrogatories she stated that she is the chief executive officer (CEO) of All VIP, and that she is responsible for oversight and administration of all payroll obligations.") These flaws create a situation where the opposing party and the Court are being sent down a rabbit hole as part of an impossible task to attempt to determine what is genuinely disputed.

The Local Rules specify that "[i]f a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement…." L.R. 56.1(b)(1). Accordingly, the Court will strike Plaintiff's Motion for Summary Judgment [DE 61] and Plaintiff's Statement of Material Facts [DE 62]. The Court notes that when a party waits until the deadline to file a motion, it takes the risk that if the motion is stricken or denied on procedural grounds the party will not be given an opportunity to remedy the defect after the filing deadline has passed.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment [DE 61] and Plaintiff's Statement of Material Facts [DE 62] are hereby **STRICKEN.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of July, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished:
Counsel of record