UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON,

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff, Cruz Valdivieso Figuera, by and through undersigned counsel, files this Statement of Material Facts in support of her Motion for Partial Summary Judgment. Plaintiff's Exhibits are labeled as follows: Ex. A, CR Depo. p.00:00; Ex. B, Ramirez Depo. p.00:00; Ex. C, Valdivieso Depo. p.00:00; Ex. D, Independent Contractor Agreement ("ICA"). ECF No. 37 from pages 22 to 46; Ex. E, Plaintiff's timesheet; Ex. F, Cesar Izique Patient Calendar, p.0; Ex. G, Screenshot of All VIP's webpage; Ex. H, Defendants' Answer to Plaintiff's Interrogatories Propounded upon Defendant McKinnon, p.0; Ex. I, Cesar Izique Google Review. The colon (:) in between deposition designations represents page and line numbers. For example, p.50:12-24 means page 50 lines 12 to 24.

### I. Introduction

1. All VIP is a nurse registry. Ex. A, CR Depo. p. 27:10-12.
2. Valdivieso worked as a home health aide for All VIP. Ex. B, Ramirez Depo. p.42:22-24.
3. Valdivieso signed a series of hiring documents - collectively referred to as the "Independent Contractor Agreement" - on May 3, 2021, showing she applied to work as a home health aide (HHA). Ex. D, ICA. ECF No. 37 at pp. 23,31, and 36.
4. During the hiring process, All VIP informs HHAs that they will work as independent contractors who are not entitled to overtime if they work more than 40 hours in a week. Ex. A, CR Depo. p. 34:1-13, pp.36:21-37:6; Ex. B, Ramirez Depo. pp.17:15-18:14.

5. ALL VIP was established in 2016, and she has been the only owner since that time. Ex. A, CR Depo. p. 12:15-22.

### III. Argument: Section B:
### Ms. Valdivieso Entitled to Individual FLSA Coverage.

6. The majority of All VIP's clients are elderly people from 80 to 90 years old. Ex. A, CR Depo. p. 54:18-21.
7. All VIP provides medical and non-medical services to its clients. Ex. A, CR Depo.p.13:1-3.
8. All VIP refers to its nurses, home health aides (HHAs), and certified nursing assistants (CNAs) as "caregivers." Ex. B, Ramirez Depo. p.21:3-25.
9. Non-medical services are provided by HHAs and CNAs. Ex. A, CR Depo. p.14:6-13.
10. Non-medical services are personal care services such as bathing, dressing, transportation, meal preparation, homemaking, household duties, and companionship. Ex. A, CR Depo. pp.13:24-14:5.
11. HHAs and CNAs also provide assistance with ambulation so the client can move within or outside the residence; assistance with shaving and with oral, hair, skin, and nail care; assistance with toileting; cleaning the bathroom, straightening the sleeping and living areas, and washing dishes or laundry. Ex. D, ICA. ECF No. 37 at pp. 42-43; Ex. C, Valdivieso Depo. pp.21:13-22:1.
12. Companionship services require HHAs to keep clients mentally engaged to alleviate loneliness and depression through various activities ranging from conversation to playing card games. Ex. A, CR Depo. p. 15:11-22.
13. All VIP provides timesheets to caregivers that have to be turned in to the office on a weekly basis. Ex. A, CR Depo. pp. 39:13-42:23; Ex. B, Ramirez Depo. pp.51:16-52:11.
14. The timesheets have a list of 39 activities the caregivers can check off to show which ones they performed with the clients. Ex. E, Plaintiff's timesheets.
15. Ramirez coordinates patient care with insurance companies for clients on Medicare, which results in the creation of a "patient calendar". Ex. B, Ramirez Depo. pp.74:1-78:15.
16. The patient calendar details the shifts that All VIP assigns to its caregivers and explains the services they will provide to the clients. Ex. F, Cesar Izique Patient Calendar, p.1.

17. The designations on the patient calendar are as follows: "PCA" stands for "personal care", "COMP" stands for "companionship", and "HMK" stands for "homemaking". Ex. B, Ramirez Depo. p.76:14-22; Ex. F, Cesar Izique Patient Calendar, p.1.

18. Valdivieso provided personal care, homemaking, and companionship services to Cesar Izique. Ex. B, Ramirez Depo. pp.76:23-77:3; Ex. F, Cesar Izique Patient Calendar, p.1.

### III. Argument: Section C:
### Ms. Valdivieso was an Employee of All VIP.

19. Ramirez ascertains the days and hours that All VIP clients need care, and then assigns work shifts to different caregivers on the client's schedule. Ex. B, Ramirez Depo. pp.77:17-78:15; Ex. C, Valdivieso Depo. p.24:14-20; p.27:2-11.

20. All VIP assigned Plaintiff Valdivieso and another caregiver named Jenny (Yenny) Landa Peña to provide care to client Cesar Izique in consecutive shifts on Friday, July 1, 2022. Ex. B, Ramirez Depo. pp.78:16-84:10; Ex. C, Valdivieso Depo. p.51:6-12; Ex. F, Cesar Izique Patient Calendar, p.1.

21. All VIP's contract contains a "Scheduled Visits" clause stating that caregivers must provide services exactly as they are assigned. Ex. D, ICA. ECF No. 37 at p.29.

22. All VIP used the timesheets submitted by the caregivers to process their payments. Ex. A, CR Depo. p. 42:10-23.

23. Medicaid case managers provide All VIP with a care plan that explains what the caregivers need to do in the clients' homes. Ex. B, Ramirez Depo. pp.45:20-46:15.

24. All VIP forbids caregivers from asking insurance companies to modify a client's care plan, and the caregivers are informed of this restriction when they apply for the job. Ex. A, CR Depo. pp. 20:22-21:20.

25. The Statement of Commitment is a bulleted list detailing All VIP's policies and the adverse employment actions that will be taken against caregivers for violating the policies. Ex. D, ICA. ECF No. 37 at pp.28-29.

26. All VIP explains its expectations of the caregivers at the time of hiring. Ex. B, Ramirez Depo. pp.17:15-19:10.

27. All VIP does not allow caregivers to send or take anyone with them to provide services in a client's home; not even another ALL VIP caregiver. Ex. D, ICA. ECF No. 37 at p.28; Ex. B, Ramirez Depo. pp.116:18-117:14.

28. A caregiver is free to accept or reject an assignment offered by All VIP after the agency determines what services a client needs. Ex. A, CR Depo. pp. 80:16-81:8; Ex. B, Ramirez Depo. p.45:1-10.

29. Ms. Valdivieso negotiated with All VIP to be paid $13 an hour. Ex. A, CR Depo. p.75:6-15; Ex. B, Ramirez Depo. pp.42:11-43:13.

30. Caregivers cannot arrange to work with All VIP's clients during the term of the contract and for at least one year thereafter. Ex. D, ICA. ECF No. 37 at p.29.

31. It is a violation of All VIP's contract for caregivers to work for the client without the agency being aware. Ex. A, CR Depo. pp. 58:6-59:5; Ex. B, Ramirez Depo. pp.89:23-93:15.

32. All VIP does not provide any equipment (such as phones, laptops, and scrubs) to its caregivers. Ex. A, CR Depo. pp.92:12-93:13.

33. Caregivers are required to buy their own scrubs. Ex. A, CR Depo. pp.76:21-77:10.

34. Valdivieso had to buy her own gloves and masks. Ex. C, Valdivieso Depo. p.26:2-12.

35. All VIP contracts with Medicaid through insurance companies to provide services to their clients. Ex. A, CR Depo. pp.78:23-80:9;

36. Alternatively, some All VIP clients contract and pay the agency directly for care services without insurance. Ex. B, Ramirez Depo. pp.134:17-135:21.

37. All VIP has offices in West Palm Beach, Port St. Lucie, Pahokee, Miami, and Broward Counties. Each office has an administrator. Ex. A, CR Depo. pp.11:23-12:5.

38. Valdivieso became a licensed HHA after receiving certification at a school certified by Florida. Ex. C, Valdivieso Depo. p.19:11-23.

39. Medical services are "skilled", in comparison to non-medical services that do not require a skilled person. Ex. A, CR Depo. p.13:1-5; p.15:3-6; pp.24:9-25:3.

40. Valdivieso began working for All VIP on May 3, 2021, and stopped working for them in July 2022. Ex. C, Valdivieso Depo. p.28:17-22.

41. Valdivieso worked as an HHA to at least four patients simultaneously and consecutively until her employment with All VIP ended. Ex. C, Valdivieso Depo. pp.33:18-34:20.

42. The "Suspension and Termination" clause of the independent contractor agreement contemplates employment with caregivers "for successive one (1) year terms, unless sooner terminated …". Ex. D, ICA. ECF No. 37 at p. 35.
43. Valdivieso stopped working when All VIP failed to pay her. Ex. C, Valdivieso Depo. pp.28:23-29:6.
44. All VIP's website homepage explains that it is an "Elderly Home Health Care Service in Florida" that is "focused on providing high-quality home nursing service…". Ex. G, Screenshot of All VIP's webpage. *See* https://allvipcare.com.

### III. Argument: Section D.
### Liz McKinnon is Individually Liable under the FLSA

45. McKinnon's is the chief executive officer (CEO) of All VIP. Ex. H, Defendants' Answer to Plaintiff's Interrogatories Propounded upon Defendant McKinnon, p.2.
46. McKinnon is responsible for oversight and administration of all payroll obligations. Ex. H, Defendants' Answer to Plaintiff's Interrogatories Propounded upon Defendant McKinnon, p.3.
47. McKinnon is responsible for filing taxes on behalf of All VIP, and her signature appears on tax documents. Ex. A, CR Depo. p.102:4-17.
48. Each of All VIP's offices is located in a different Florida county. Ex. A, CR Depo. p.12:2-11.
49. Each ALL VIP office is required to have a licensed administrator assigned it. Ex. A, CR Depo. p.12:6-11.
50. McKinnon runs the office as an employee of All VIP. Ex. A, CR Depo. p.11:16-19.
51. McKinnon has been the licensed administrator of All VIP's Palm Beach County office since 2016. Ex. A, CR Depo. p.12:12-14.
52. McKinnon is responsible for making sure All VIP meets state and federal regulations. Ex. A, CR Depo. p.24:9-14.
53. Ramirez is the administrator of the Broward County office. Ex. A, CR Depo. pp.11:5-8.
54. As administrator, Ramirez is responsible for visiting clients, monitoring services provided by caregivers, and handling problems that occur out of the office. Ex. B, Ramirez Depo. pp.16:25-17:7.

55. McKinnon is a care coordinator at the Palm Beach County office. Ex. A, CR Depo. pp.22:2-14
56. Care coordinators assign caregivers to patients. Ex. A, CR Depo. pp.21:24-22:1.
57. The Palm Beach office employs staff in the following five (5) positions: receptionist, office manager, alternate administrator, care coordinator, and nurse. Ex. A, CR Depo. p.23:5-17.
58. McKinnon writes down the rate of pay a caregiver will receive on their employment contract during the hiring process. Ex. A, CR Depo. pp.70:15-71:3.
59. McKinnon is Ramirez's direct supervisor. Ex. A, CR Depo. p.26:10-11.
60. McKinnon does not micromanage every person that Ramirez hires, but she does conduct audits to determine if any caregivers were improperly hired. Ex. A, CR Depo. p.26:12-24.
61. McKinnon responded to a Google review written by an All VIP client (or the client's family member). Ex. I, Cesar Izique Google Review. Ex. A, CR Depo. pp.61:7-63:11.
62. Ramirez learned about Mr. Izique's Google review from McKinnon. Ex. B, Ramirez Depo. p.118:9-15.
63. McKinnon periodically monitors the Google reviews to make sure that her staff is doing their jobs. Ex. A, CR Depo. pp.61:7-62:1.
64. Valdivieso visited the Palm Beach office to get a check for overdue payment. Ex. C, Valdivieso Depo. pp.38:18-39:17.
65. McKinnon wrote Valdivieso a manual check at the Palm Beach Office. Ex. A, CR Depo. pp.44:24-46:11; p.63:15-24.
66. Ramirez and Cruz made the decision to terminate Valdivieso's employment. Ex. B, Ramirez Depo. p.134:1-5.

*[Certificate of Service on following page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on July 20, 2023 with the Clerk of Court using the CM/ECF filing system.

*s/*Toussaint Cummings, Esq.
Toussaint Cummings, Esq. (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
