UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

## ORDER DENYING MOTION WITHOUT PREJUDICE

THIS CAUSE is before the Court Plaintiff's *Nunc Pro Tunc* Motion for Extension of Time to File Motion for Partial Summary Judgment and Statement of Material Facts [DE 66] ("Motion"), filed July 20, 2023. The Court has considered the Motion and is otherwise fully advised in the premises.

Pursuant to the requirements of S.D. Fla. L.R. 7.1(a)(3), counsel for the movant was required to confer in good faith in attempt to resolve the dispute prior to filing this Motion. In pertinent part, this Rule requires that:

> At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

L.R. 7.1(a)(3).

The instant Motion states in its conferral pursuant to Local Rule 7.1(a)(3): ". . . I attempted to contact Defendant's counsel, Randy Goldberg, regarding the relief requested in this Motion. I emailed Mr. Goldberg at 9:54 am on July 20, 2023 to ask if he had any objection to this motion. I followed up the email with a phone call to Mr. Goldberg at 10:13am, and left a voicemail explaining that I wanted to file this motion and needed to confer with him, but would file the motion at 12:00pm if I heard no response. I called Mr. Goldberg again at 12:46pm, but received no answer, and left another voicemail that I was attempting to confer. I received no response to the email." *See* [DE 66] at p. 2. This statement falls woefully short of meeting the conferral requirements of the Local Rules.

Conferral requires "a give-and-take exchange with opposing counsel." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1299 (S.D. Fla. 2010). Simply put, "sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation." *Id*.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 66] is hereby **DENIED WITHOUT PREJUDICE** for failure to comply with the requirements of S.D. Fla. L.R. 7.1(a)(3).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of July, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record