UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon the Court's careful consideration of Defendants' Reply Statement of Material Facts in Support of its Reply to Plaintiff's Response to Defendants' Amended Motion for Summary Judgment [DE 77]. The Court is otherwise fully advised in the premises.

Defendants' filing [DE 77] does not comply with criteria set forth in the Local Rules. *See* L.R. 56.1, which states in relevant part as follows:

> (b) Form Required for Statements of Material Facts.
>
>> (1) All Statements of Material Facts. All Statements of Material Facts (whether filed by the movant or the opponent) shall be filed and served as separate documents and not as exhibits or attachments. In addition, the Statements of Material Facts shall:
>>
>>> (A) Not exceed ten (10) pages;
>>>
>>> (B) **Consist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only),**

>> admissions, and interrogatory answers (e.g., Exhibit D, Smith Affidavit, ¶2; Exhibit 3, Jones deposition, p. 12/lines 4-9). The pinpoint citations shall reference pages (and line numbers, if appropriate, of exhibits, designate the number and title of each exhibit, and provide the ECF number of all previously filed materials used to support the Statement of Material Facts. **When a material fact requires specific evidentiary support, a general citation to an exhibit without a page number or pincite (e.g., "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is non-compliant.** If not already in the record on CM/ECF, the materials shall be attached to the statement as exhibits specifically titled within the CM/ECF system (e.g., Smith Affidavit dated April 12, 2017, Jones Deposition dated May 19, 2018). Reference to a previously filed exhibit shall use the "ECF No." format.
>
> . . . .
>
> (3) Reply Statement of Material Facts.
>
>> (A) If an opponent's Statement of Material Facts includes additional facts, then the movant shall respond to each additional fact in a separately served Reply Statement of Material Facts.
>>
>> (B) **The Reply Statement of Material Facts shall correspond with the order and paragraph numbering format used in the opponent's additional facts, identifying with the very first word in each fact as "disputed" or "undisputed" at the beginning of each paragraph in the statement, and,** *if disputed*, **citing to particular parts of materials in the record in the same manner as required by subsections (b)(1) and (b)(2)**.
>
> . . . .
>
> (d) Consequences of Non-Compliance. If a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-compliant statement or response, or enter other sanctions that the Court deems appropriate.

S.D. Fla. L.R. 56.1 (emphasis added).

"When a party properly complies with Local Rule 56.1, it is relatively easy for a court to determine whether there is a genuine disputed issue of fact." *Katchmore Luhrs, LLC v. Allianz Glob. Corp. & Specialty*, No. 15-CIV-23420, 2017 WL 201840, at *2 (S.D. Fla. Jan. 18, 2017).

Failure to follow the letter and spirt of this imperative local rule imposes on the Court "an arduous process, and, in any event, generates unnecessary work for the court and its staff." *Id.*

Defendants' response to Plaintiff's Additional Facts is inordinately confusing and does not comply with criteria nor the spirit of the Local Rules. *See* L.R. 56.1. Rather, it attempts to send the Court down dozens of rabbit holes attempting to determine which of Plaintiff's asserted additional undisputed facts are truly undisputed. Defendants improperly cite to their own asserted undisputed facts to dispute numerous of Plaintiff's additional facts, not "evidentiary citations" as contemplated by the Rules. *See, e.g.*, [DE 77] at ¶¶ 70, 77, 80, 87, 100. Compounding the confusion, many of the responses of "undisputed" are then followed with commentary that calls into question the validity of the "undisputed" response.[1] *See, e.g.*, [DE 77] at ¶¶ 70, 74, 80, 87, 101. Accordingly, the Court will strike the filing without prejudice to refiling a corrected reply statement of material facts in opposition to Plaintiff's additional facts.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Reply Statement of Material Facts in Support of its Reply to Plaintiff's Response to Defendants' Amended Motion for Summary Judgment [DE 77] is hereby **STRICKEN**.

2. Defendants' counsel are instructed to carefully study and follow the requirements of Local Rule 56.1 and this Order.

3. On or before **August 15, 2023**, Defendants shall file an amended reply statement of material facts in opposition to Plaintiff's Additional Facts.[2] The amended reply

---

[1] The Court acknowledges that Plaintiff also improperly included commentary after several of her "undisputed" responses. *See, e.g.*, [DE 75] at ¶¶ 3, 18. To remedy these non-complaint responses, the Court will ignore any additional commentary and argument listed after an "undisputed" response in Plaintiff's Statement of Material Facts in Support of Response to Defendants' Amended Motion for Summary Judgment [DE 75].
[2] Defendants may also amend their Reply to Plaintiff's Response to Defendant's Amended Motion for Summary Judgment [DE 76], if necessary.

statement of facts shall be consistent with the Local Rules and this Order. No additional amendments will be provided. Failure to comply may result in the Court summarily denying Defendants' summary judgment motion.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 8th day of August, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record