UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRUZ VALDIVIESO FIGUERA,                    CASE NO: 0:22-CV-61553-WPD

        Plaintiff,

v.

ALL VIP CARE, INC., & LIZ
VELAZQUEZ McKINNON,

        Defendants.
_____/

**DEFENDANTS' AMENDED REPLY STATEMENT OF
MATERIAL FACTS IN SUPPORT OF ITS REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT**

The Defendants, ALL VIP CARE, INC. ("VIP") and LIZ VELAZQUEZ McKINNON, ("McKinnon") (collectively referred to as the "Defendants"), pursuant to and in accordance with Fed. R. Civ. P. 56, S.D. Fla. L.R. 56.1(a), and this Court's Order (ECF No. 78), hereby file and submit their Amended Reply Statement of Material Facts in support of their Reply to Plaintiff, CRUZ VALDIVIESO FIGUERA ("Cruz"), Response to Defendants' Amended Motion for Summary Judgment (ECF No. 75) and states as follows:

**Additional Facts**

70. Undisputed.

71. Disputed. The "patient calendar" does not explain the types of services that will be provided to the clients by HHAs or CNAs. [Pl. Ex. E, ECF No. 75-5].

72. Disputed. The client's health insurer, Medicare, or Medicaid plans authorizes the hours assigned by VIP to provide HHA services to the client. [Depo. of Ramirez, ECF 58-1 - Def. Ex. E, at p. 51 ln. 6-11; Depo. of McKinnon, ECF No. 58-1, Def. Ex. F, at p. 19 ln. 22-25, p. 20 ln. 19-21, p. 39 ln. 9-12].

1

73. Undisputed.

74. Undisputed.

75. Undisputed.

76. Undisputed.

77. Disputed. Cruz was explained her obligations as independent contractor because she did not understand English. [Def. SOMF at ¶50; Depo. of Ramirez, ECF No. 58-1, Def. Ex. E, at p. 26 ln. 21-25, p. 27 ln. 5-19].

78. Disputed. Caregivers, such as Cruz, are required to contact VIP if they could not work certain hours that were on their schedule "so that [VIP] can find **a substitute** for them to fill in those hours" that were previously agreed by Cruz to work. [Depo. of Ramirez, ECF No. 58-1, Def. Ex. E, at p. 116 ln. 18-25] (Emphasis Added). This does not have any bearing on whether Cruz was allowed to send anyone *with* her to provide her services to clients.

79. Disputed. This is duplicative of Plaintiff's Statement of Material Facts number 71. The "patient calendar" does not explain the types of services that will be provided to the clients by HHAs or CNAs. [Pl. Ex. E, ECF No. 75-5].

80. Undisputed.

81. Undisputed.

82. Disputed. HHAs obtain a license as opposed to a certification. [Depo. of Cruz, ECF No. 58-1, Def. Ex. D, at p. 12 ln. 24-25, p. 12 ln. 1-4].

83. Undisputed.

84. Disputed. Non-medical services include "assisting with prescribed range of motion exercises", "measuring intake and output fluids," "measuring temperature, pulse, respiration or

blood pressure," "keeping records of personal health care activities," and "provide[] assistance with a client's self-administration of medication." [ICA, ECF No. 58-1, Def. Ex. C, at 000022].

85. Undisputed.

86. Undisputed.

87. Disputed. HHAs require skills including maintaining "continuing education," a "current CPR certification," HIVA certificate, and medication management certificate to contract with VIP. [ICA, ECF No. 58-1, Def. Ex. C, at 000021; Depo. of McKinnon, ECF No. 58-1, Def. Ex. F, at p. 27 ln. 14-23].

88. Undisputed.

89. Disputed. Cruz worked with three clients simultaneously. [Depo. of Cruz, ECF No. 58-1, Def. Ex. C, at p. 34 ln. 11-13].

90. Disputed. The "Suspension and Termination" clause contemplates the "*contractor* relationship term of the contract "for successive one (1) year terms, unless sooner terminated. . .." [ICA, ECF No. 58-1, Def. Ex. C, at 000014] (Emphasis Added).

91. Disputed. VIP made the decision to end its contractual relationship with Cruz because Cruz was working unauthorized hours and expecting payment from the client's Medicaid plan for such unauthorized payments and was logging hours she did not work. [Depo. of Ramirez, ECF No. 58-1, Def. Ex. D, at p. 67 ln. 1-21, p. 134 ln. 1-5].

92. Disputed. VIP provides services as the middleman between the client and the insurance company as a nurse registry and connects the caregiver to the client as the client's employee. [Depo. of McKinnon, ECF No. 58-1, Def. Ex. F, at p. 27 ln. 12-13, p. 33 ln. 23-25].

93. Undisputed.

94. Disputed. Ramirez, not VIP nor VIP's corporate representative, referred to a caregiver as HHAs, CNAs, and nurses for purposes of the Depo. of Diana Ramirez. [Depo. of Ramirez, ECF No. 58-1, Def. Ex. E, at p. 21 ln. 3-5].

95. Undisputed.

96. Undisputed.

97. Disputed. Rowland had a problem with VIP because Cruz was not paid for unauthorized hours during Cruz' contracting relationship with VIP after Cruz complained about this alleged non-payment. [Depo. of Ramirez, ECF No. 58-1, Def. Ex. E, at p. 67 ln. 1-21, p. 43 ln. 9-15].

98. Undisputed.

99. Disputed. McKinnon also learned about Cruz telling the Izique's to leave VIP from the client's Humana plan's confirmation of Cruz taking VIP clients. [Depo. of McKinnon, ECF No. 58-1, Def. Ex. F, at p. 115 ln. 14-18, p. 116 ln. 19-25].

100. Disputed. McKinnon learned about Cruz telling the Izique's to leave VIP from Ramirez, and the client's Humana plan's confirmation of Cruz taking VIP clients. [Depo. of McKinnon, ECF No. 58-1, Def. Ex. F, at p. 115 ln. 14-18, p. 116 ln. 19-25].

101. Undisputed.

102. Undisputed.

103. Undisputed.

104. Disputed. When Cruz was no longer working at VIP, she called VIP client, A.G.M., and informed her that Cruz was "going to another agency," and attempted to convince A.G.M. to follow her to her new job. [Affidavit of A.G.M., ECF No. 58-1, Def. Ex. G, at 2].

105. Undisputed.

106. Undisputed.

107. Undisputed.

108. Undisputed.

109. Undisputed.

          Respectfully submitted:

          */s/ RANDY M. GOLDBERG, ESQUIRE*
          Florida Healthcare Law Firm
          151 NW 1st Avenue
          Delray Beach, FL 33444
          754-224-0867
          FBN: 045187
          randy@floridahealthcarelawfirm.com
          randymgoldberg@gmail.com

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of this pleading which was filed with the Clerk of the Court was provided to Toussaint Cummings, Esq., Counsel for Plaintiff, at 135 San Lorenzo Ave., Ste. 770, Coral Gables, FL 33146, toussaint@fairlawattorney.com via the Court's ECM/ECF Portal on August 11, 2023.

          */s/ RANDY M. GOLDBERG, ESQUIRE*
          FBN: 045187