UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

     Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

     Defendants.

_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, Cruz Valdivieso Figuera, and Defendants, All VIP Care Inc. and Liz Velazquez McKinnonn, through their respective counsel, pursuant to this Court's Order Setting Trial and Local Rule 16.1.E, file their Joint Pretrial Stipulation.

1.    STATEMENT OF THE CASE:

*Plaintiff's Statement of the Case*

Plaintiff, Cruz Valdivieso Figuera, worked as a home health aide for the Defendants. Defendants misclassified her as an independent contractor instead of as an employee. As a result, the Defendants failed to pay her at least a minimum wage for part of the time she worked and overtime wages for when she worked more than 40 hours a week, including the time she spent traveling between clients. Ms. Valdivieso Figuera also claims that Defendant, All VIP Care Inc. breached its agreement with her by not paying her for the time she worked from approximately May 2022 to July 22, 2022. Ms. Valdivieso further states that Defendant, All VIP Care Inc. breached its contractual agreement with her by not paying her all the wages she earned, thereby relieving her of any responsibility to comply with its terms, and denies that she solicited or induced

any clients to follow her after she resigned from her employment, that she did not cause All VIP

Care Inc. any damages, and that it cannot prove any claimed damages.

*Defendants' Statement of the Case*

Plaintiff, Cruz Valdivieso Figuera, was engaged as a home health aide ("HHA") under a

written Independent Contractor Agreement, in accordance with Fla. Stat. §400.506(6)(d); and

F.A.C. 59A-18.002(7) with the Defendant All VIP Care which is a Florida Licensed Nurse

Registry. If the Plaintiff was treated or classified as anything other than an independent contractor,

the Defendants would be violating Florida Law and the Defendants' licenses with the State of

Florida.

The Defendants also claim that notwithstanding the requirements that the Plaintiff be

classified and treated as an independent contractor, that the Plaintiff is an independent contractor

in accordance with the Economic Realities Test, set forth in *Scantland v. Jeffry Knight*, *Inc*., 721

F.3d 1308, 1311 (11th Cir. 2013).

Accordingly, the Plaintiff was properly paid for the services that she provided to the clients

of the Defendants at all times material to this action.

The Defendants claim that the Plaintiff breached her Independent Contractor Agreement

by absconding and attempting to abscond client(s) from Defendant VIP and engaged in an outside

business relationship with the client(s) which are in violation of the Plaintiff's contractual relationship

with the Defendant VIP.

2.    <u>BASIS FOR FEDERAL JURISDICTION:</u>

Federal jurisdiction in this matter is premised on 29 U.S.C. §216(b) and 28 U.S.C. §§1331

and 1367.

 3.    <u>PLEADINGS RAISING THE ISSUES:</u>

a.    Plaintiff's Second Amended Complaint [ECF No. 23];

    b.    Defendants' Answer, Affirmative Defenses, and Counter-Complaint [ECF No. 37]; and

    c.    Plaintiff's Answer & Affirmative Defenses to Countercomplaint [ECF No. 44].

4.    <u>UNDISPOSED OF MOTIONS AND OTHER MATTERS REQUIRING ACTION BY THE COURT:</u>

    a.    Plaintiff's Motion In Limine [ECF No. ___].

5.    <u>STATEMENT OF UNCONTESTED FACTS WHICH SHOULD REQUIRE NO PROOF AT TRIAL:</u>

    a.    Liz Velazquez McKinnon is the owner of Defendant, All VIP Care Inc.

    b.    All VIP Care Inc. has offices in Broward and Palm Beach Counties.

    c.    All VIP Care Inc. had over $500,000 in gross annual revenues in 2020.

    d.    All VIP Care Inc. had over $500,000 in gross annual revenues in 2021.

    e.    All VIP Care Inc. had over $500,000 in gross annual revenues in 2022.

    f.    All VIP Care Inc. engaged in interstate commerce in 2020.

    g.    All VIP Care Inc. engaged in interstate commerce in 2021.

    h.    All VIP Care Inc. engaged in interstate commerce in 2022.

    i.    Cruz Valdivieso Figuera worked as a Home Health Aide for All VIP Care Inc. under a written "Independent Contractor Agreement" from May 3, 2021 to July 27, 2022.

    j.    Home Health Aides who work for All VIP Care Inc. provide non-medical services to clients.

    k.    All VIP Care Inc. contracted to pay Plaintiff $13.00 for each hour worked on behalf of the Defendants.

l.      VIP required Plaintiff to submit a weekly timesheet reflecting the hours she worked and the tasks she performed each shift, which VIP used to process payments. [ECF No. 83 at 7: DSOF ¶ 18; PSOF ¶¶ 74–76.]

m.      VIP forbids caregivers like Plaintiff from asking insurance companies to modify a client's care plan. [ECF No. 83 at 7:

n.      Plaintiff made minimal investment in equipment or materials to complete work for Defendants, investing only in gloves, masks, and travel expenses. [ECF No. 83 at 7: DSOF ¶ 36; PSOF ¶¶ 108–09.]

o.      Defendants contracted with Medicaid or directly with their clients to provide services, and operated several local offices with personnel staff throughout Florida. [ECF No. 83 at 7: DSOF ¶ 36; PSOF ¶¶ 108–09.]

p.      VIP's primary business is to provide medical and non-medical care to elderly clients through services like those offered by Plaintiff. [ECF No. 83 at 7: DSOF ¶ 5; PSOF ¶¶ 26, 93.]

q.      Plaintiff claims that she provided All VIP Care Inc. with records of the alleged hours that the Plaintiff worked.

6.   <u>STATEMENT OF THE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL:</u>

a.      Whether, Defendant, All VIP Care Inc., was Plaintiff's "employer" under the FLSA and/or Florida law or if the Plaintiff was an Independent Contractor

b.      Whether Defendant, Liz Velazquez McKinnon, was Plaintiff's "employer" under the FLSA and/or Florida law or if the Plaintiff was an Independent Contractor.

c.      Whether Plaintiff was an employee or independent contractor of one or both of the Defendants.

d.      If the Court finds that the Plaintiff was an employee of the Defendants, whether Plaintiff worked over 40 hours in one or more workweeks for Defendants.

e.      If the Court finds that the Plaintiff was an employee of the Defendants, whether Defendant, Liz Velazquez McKinnon is jointly and severally liable for any overtime owed under the FLSA as an "employer."

f.      If the Court finds that the Plaintiff was an employee of the Defendants, the amount of wages owed to Plaintiff, if any.

g.      If the Court finds that the Plaintiff was employed by one or both Defendants, whether she is owed any minimum wages required under the FLSA.

h.      If the Court finds that the Plaintiff was employed by one or both Defendants, whether she is owed any overtime wages required under the FLSA

i.      If the Court finds that the Plaintiff was an employee of the Defendants, whether Defendants knew or reasonably should have known of the hours that Plaintiff claims to have worked.

j.      If the Court finds that the Plaintiff was an employee of the Defendants, whether All VIP Care Inc. agreed to pay Plaintiff for all hours worked.

k.      If the Court finds that the Plaintiff was an employee of All VIP Care, Inc., whether it failed to pay her for any hours she worked.

l.      If the Court finds that the Plaintiff was an employee of All VIP Care, Inc., the total amount of hourly wages it failed to pay to her, if any.

m.      If the Court finds that the Plaintiff was an employee of one or both Defendants, the total amount of minimum hourly wages owed to Plaintiff, if any,

5

n.     If the Court finds that the Plaintiff was an employee of one or both Defendants, the total amount of overtime wages owed to Plaintiff, if any.

o.     Whether All VIP Care Inc. breached its agreement with Plaintiff before she stopped working for it.

p.     Whether the Plaintiff breached her agreement with All VIP Care Inc. before it failed to pay her her any wages.

q.     Whether Plaintiff solicited, induced, or attempted to induce any client of All VIP Care Inc. to work with her after she stopped working for the Defendants.

r.     Whether the names, addresses, and contact information for any client of All VIP Care Inc. were "trade secrets" as defined by Fla. Stat. §688.002.

s.     Whether Plaintiff learned any confidential or trade secret information while working for All VIP Care Inc.

t.     Whether Plaintiff improperly utilized any confidential or trade secret information she learned while working for All VIP Care Inc. for her personal benefit after she stopped working for it.

u.     Whether Plaintiff improperly divulged any confidential or trade secret information she learned while working for All VIP Care Inc. for her personal benefit after she stopped working for it.

v.     Whether All VIP Care Inc. suffered any damages and, if so, the amount.

7.     <u>STATEMENT OF THE ISSUES OF LAW ON WHICH THERE IS AGREEMENT:</u>

a.     That there will be no evidence, argument, or inferences trial to attorneys' fees

b.     That there will be no evidence, argument, or inferences at trial to liquidated damages.

    c.      That there will be no evidence, argument, or inferences at trial about documents not timely disclosed/produced in discovery.

    d.      Plaintiff engaged in interstate commerce by working as a "Home Health Aide" at all times material (however, the Defendants are not stipulating that they employed Plaintiff) pursuant to 29 U.S.C. §202 and 29 C.F.R. §552.3.

    e.      Enterprise coverage exists under the FLSA for the years 2021 and 2022.

8.      <u>ISSUES OF LAW REMAINING FOR DETERMINATION BY THE COURT:</u>

    a.      The disputed issues identified in Plaintiffs' Motion in Limine.

    b.      If any hourly pay is awarded to Plaintiff by the jury, whether that pay is to be considered "wages" under Fla. Stat. §448.08 for purposes of an award of attorneys' fees after trial.

    c.      If Plaintiff prevails at trial on her FLSA minimum wage and/or overtime claim(s), should the Court award her liquidated damages and the amount?

    d.      Whether Defendant, All VIP Care, Inc. committed a first breach of the "Independent Contractor Agreement" that relieved Plaintiff of any restrictions contained therein.

    e.      Whether Plaintiff committed a first breach of the "Independent Contractor Agreement" that relieved Defendant of any subsequent obligations contained therein.

    f.      Whether the "Independent Contractor Agreement" contained any language indicating that the covenants were independent or whether the covenants contained therein were dependent.

g.      Whether the provisions of the federal FLSA supersede Florida state law involving a company operating as a Nurse Registry under Florida law.

h.      Whether a company can raise as a legal defense to a claim of misclassification under the FLSA that it operates as a Nurse Registry under Florida law.

i.      Whether All VIP Care Inc. must elect its remedy as between its Breach of Contract and Equitable Estoppel claims.

j.      Whether the restrictive covenants contained in the parties' written agreement are enforceable as against the Plaintiff.

k.      Whether All VIP Care Inc. has an adequate remedy at law that would prevent an award of injunctive relief.

l.      If Ms. Valdivieso was the proximate cause of any damages to All VIP Care Inc.

m.      If Plaintiff recovers a judgment for 25% more than the amount offered in her Proposal for Settlement to Defendant, All VIP Care Inc., on Count III and/or IV, whether she is entitled to recover attorneys' fees and costs from the Defendant on Counts III and/or IV.

n.      If Defendant, All VIP Care Inc., recovers a judgment for 25% less than the amount offered by Plaintiff in her Proposal for Settlement to Defendant, All VIP Care Inc., on Counts I, II, and IV of the Counter-Complaint, whether she is entitled to recover attorneys' fees and costs from the Defendant on Counts I, II, and IV of the Counter-Complaint.

o.      If Plaintiff is determined to be an employee of All VIP Care Inc., can All VIP Care Inc. recover damages in an amount that would cause her wages to drop below the amount required by the FLSA under the *Brennan* rule.

8

p.      Whether and when All VIP Care Inc. must elect its remedy.

q.      Whether All VIP Care Inc. is entitled to injunctive relief if it is awarded any damages.

9.      <u>TRIAL EXHIBITS AND WITNESSES</u>:

a.      <u>For Plaintiffs</u>.

Plaintiff's Witness List is appended hereto as Exhibit "A"

Plaintiff's Exhibit List is appended hereto as Exhibit "B"

b.      <u>For Defendants</u>.

Defendants' Witness List is appended hereto as Exhibits "C."

Defendants' Exhibit List is appended hereto as "D."

10.     <u>PRETRIAL STIPULATION</u>:

The parties stipulate that during the trial of the case, including during voir dire, there will be no evidence or argument regarding:

A.      Attorneys' fees;

B.      Liquidated damages;

C.      Any claimed inability by Defendants to pay or that Defendants are a small business and small business owners.

11.     <u>ESTIMATED TRIAL TIME</u>:

Plaintiff estimates that trial will take 2-3 days while the Defendants estimate 4-5 days.

12.     <u>EXPERT WITNESSES</u>:

Neither the Plaintiffs nor the Defendants disclosed any expert witnesses.

13.     <u>ATTORNEYS' FEES</u>:

A.      *Plaintiffs*.

Plaintiffs anticipate they will have incurred over $100,000 in attorneys' fees and costs through trial and pre-trial motions.

B.       *Defendants.*

Defendants anticipate they will have incurred over $100,000 in attorneys' fees and costs through trial and pre-trial motions.

Dated this 6th day of October 2023.

| | |
|---|---|
| s/Brian H. Pollock, Esq. | /s/ Randy M. Goldberg, Esquire |
| Brian H. Pollock, Esq. (174742) | Florida Healthcare Law Firm |
| brian@fairlawattorney.com | FBN: 045187 |
| FAIRLAW FIRM | 151 NW 1st Avenue |
| 135 San Lorenzo Avenue | Delray Beach, FL 33444 |
| Suite 770 | 754-224-0867 |
| Coral Gables, FL 33156 | Randy@FloridaHealthcareLawFirm.com |
| Tel:    305.230.4884 | RMGEsquire@gmail.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |