UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

Plaintiff,

vs.

ALL VIP CARE INC. AND LIZ VELAZQUEZ MCKINNON,

Defendants.
_________________________________/

**PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE**

Plaintiff, Cruz Valdivieso Figuera, requests that the Court enter an Order *in limine* and/or excluding any evidence, argument, inference, or reference at trial on the following undisputed issues: (1) attorneys' fees; (2) liquidated damages; (3) documents not timely disclosed/produced in discovery.

Plaintiffs also request the Court to enter an Order *in limine* on the following disputed issues: (4) Plaintiff worked as an employee or independent contractor in her prior and subsequent employment; (5) The mental state of the Plaintiff as an "independent contractor"; (6) Whether a Home Health Aide or CNA is Taught in School the Definition of an Independent Contractor; (7) No Reference to Any Debts Defendants Believe Plaintiff Owes and (8) No Reference of Defendants Considering Themselves a "Nurse Registry;" and (9) No Evidence Regarding Defendants' Gross and/or Net Earnings.

## I. INTRODUCTION

The purpose of a motion *in limine* is to obtain pre-trial rulings to streamline the trial proceedings:

> "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 176 (S.D.N.Y.2008)

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). Consequently, Plaintiff is raising several pre-trial evidentiary issues with the Court to streamline the trial of this case.

## II. STIPULATED ISSUES

### (1) *No Reference To Attorneys' Fees*

1. The parties agreed not to attempt to introduce evidence or to make arguments, references, or inferences at trial regarding the award of attorneys' fees and costs to a prevailing FLSA plaintiff, whether under 29 U.S.C. §216(b), Fla. Stat. §448.08, or Fla. Stat. §688.005.

### (2) *No Reference to Liquidated Damages*

2. The parties agreed not to attempt to introduce evidence or make arguments, references, or inferences regarding the award of liquidated damages to a prevailing FLSA plaintiff under 29 U.S.C. §216(b).

### (3) *No Reference to Documents Not Timely Disclosed*

3. The parties agreed not to attempt to introduce evidence or make arguments, references, or inferences at trial regarding documents/materials that were not timely disclosed according to Rule 26 or produced before the June 23, 2023, discovery cut-off established by ECF No. 20.

## II. DISPUTED ISSUES

Plaintiff requests that the Court address the following issues before trial and determine that the Defendants be precluded from raising the issues – whether through the introduction of evidence, through inferences, or by argument – on several topics on which the parties disagree to avoid prejudice or disruption of the trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence without lengthy argument at, or interruption of, the trial." *Bancor Group, Inc. vs. Rodriguez*, 2023 WL 6310233, at *11 (S.D. Fla. June 13, 2023), *reconsideration denied sub nom.*, 2023 WL 6318012 (S.D. Fla. June 29, 2023) (*citing Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) and Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)).

### *(4) No Evidence, Argument, Or Inferences At Trial That Plaintiff Worked As An Employee Or Independent Contractor In Her Prior And/Or Subsequent Employment.*

4. For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

5. Whether Plaintiff worked as an independent contractor or as an employee before or after her employment with the Defendants would not tend to prove or disprove that Defendants employed Plaintiff, that she was an independent contractor of the Defendants based on the factors to be considered by the jury, the hours she worked, the value of her claims, any defenses thereto or any counterclaim brought by Defendant, All VIP Care Inc.

6. Likewise, how Plaintiff was classified (whether as an independent contractor or employee) before or after she worked for the Defendants would not tend to prove or disprove any issue raised by the counterclaims or defenses thereto, since none of the elements of any claim or defense involve how she was paid. Instead, the counterclaim issues focus on Plaintiff's alleged actions and the motivating factors in why certain clients followed her and left the Defendants.

7. In her deposition, the Defendants asked the Plaintiff whether she worked as an independent contractor in her subsequent employment. [ECF No. 62-3 at 8-10.] Plaintiff is concerned that Defendants will pose similar questions to try and argue to the jury that because she was paid as an independent contractor in subsequent employment, they must have properly classified as an independent contractor.

8. In an analogous situation, the Fourth Circuit found that private security guards were employees (and not independent contractors), by ignoring the employment classification by other employers: "[a]lthough control is an important part of the *Silk* test, the issue is not the degree of control that an alleged employer has over the manner in which the work is performed in comparison to that of *another employer*. Rather, it is the degree of control that the alleged employer has in comparison to the control exerted by the *worker*." *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006) (emphasis in original); *Buttita v. DIRECTV LLC*, 2017 WL 10456972, at *23 (N.D. Fla. Sept. 28, 2017) (citing *Schultz* for the same proposition).

9. *Schultz* goes on to explain that work performed for another employer is irrelevant to the analysis of whether the Plaintiff in this case operated as an employee or independent contractor for the Defendants.

10. In the Eleventh Circuit, courts focus on a number of factors, although there is no

consideration made about whether someone worked as an employee or independent contractor before or afterwards. *See Helm v. J.H. Gatewood Emergency Services, P.A.*, 2012 WL 2793134, at *3 (M.D. Fla. July 9, 2012) (setting forth twelve factors for distinguishing between employees and independent contractors, including, inter alia, "[t]he extent of the employer's right to control the 'means and manner" of the worker's performance") (*citing Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340 (11th Cir. 1982)); *see also Scantland v. Jeffry Knight, Inc*., 721 F.3d 1308 (11th Cir. 2013) (discussing the "economic realities" test and the significance of the economic dependence factor).

11. None of the factors to be considered in the "economic realities" test nor any of the considerations identified in Eleventh Circuit Pattern Jury Instruction 4.24 involves whether Plaintiff previously or subsequently was classified/paid as an independent contractor or as an employee. Thus, evidence of prior or subsequent employment classification is irrelevant, and is properly excluded on this basis.

12. Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

13. Defendants seek to introduce evidence of Plaintiff's prior and subsequent work history to improperly argue that she knew that she was an independent contractor while working with them, which would mislead the jury into thinking that Plaintiff performed work in the same manner at her prior and subsequent places of employment as she did for Defendants. This misleading evidence would then require an extensive analysis of the economic realities not just for her work with the Defendants but also for Plaintiff's prior and subsequent employment, which would inevitably lead to undue delay at trial (by requiring mini-trials to determine if the Plaintiff was an independent contractor or employee at her prior and subsequent places of employment). *See Mcwhorter*, *supra*.

14. Ultimately, if Defendants were permitted to introduce this evidence, Plaintiff would suffer considerable prejudice, as she would have to litigate the "economic realities" test not only for her work relationship with the Defendants but also for each of her work relationships with other (prior and subsequent) employers—only to prove that these work relationships involved distinct facts, separate considerations, did not play a role in the economic realities test, and lacked the

probative value that the Defendants improperly and incorrectly suggest they do. *See Cont'l Ins. Co. v. Roberts*, 2008 WL 11336252, at *3; *In Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 279–81 (S.D.N.Y. 2015) (where in the face of a strong argument as to the evidentiary value of these other contracts as to the question of whether the plaintiff dancers were, in fact, employees, the court prohibited the admission of the other employment contracts because they were not the actual agreements at issue in the lawsuit and involved other employment relationships decidedly outside its ambit).

15. Evidence of prior or subsequent work agreements will mislead the jury to place weight on these unrelated working arrangements should the jury be charged with evaluating Plaintiff's independent contractor status. *See Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11thCir. 1993) ("[w]hile the characterization of the hired party as an independent contractor or employee may be probative of the parties' intent, 'all of the incidents of the relationship must be assessed and weighed with no one factor being decisive'") (citation omitted).

16. Allowing Defendants to elicit testimony about or otherwise make specific references to Plaintiff's status as an independent contractor in positions that she held after her position with Defendants will unfairly deflect the jury's attention away from the fact-intensive questions it must resolve about Plaintiff's work relationship with Defendants, and it will also prejudice Plaintiff by forcing her to litigate not only to the character of her work relationship with the Defendants but also the character of the other work relationships that Plaintiff has had before and after. The Court should exclude this evidence and avoid forcing Plaintiff to conduct a trial within the trial about the nature of her pre- and post-termination jobs, and grant Plaintiff's motion in limine accordingly. *See Cont'l Ins. Co. v. Roberts*, 2008 WL 11336252, at *3 (granting a motion in limine because the court would otherwise have to admit "considerable and collateral evidence" and doing so would result "in a trial within a trial on matters wholly unrelated to the true issues before the jury").

17. In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial regarding the nature/classification of her work as an independent contractor or employee before or after she worked for the Defendants as irrelevant, unduly prejudicial, and confusing to the jury.

***(5) No Evidence, Argument, Or Inferences At Trial About Whether Plaintiff Thought She Was An Independent Contractor.***

18. For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

19. During deposition, the Defendants asked Plaintiff questions about what it meant to her to be an independent contractor, whether she was an independent contractor with VIP, whether she received 1099's issued by Defendants; whether as a result of receiving a 1099 she had to file her taxes as an independent contractor and other questions seeking to ascertain whether Plaintiff thought she was an independent contractor. [ECF No. 62-3 at 4 and 10.]

20. Ultimately, however, Plaintiff testified that she did not know the legal definition of an independent contractor, let alone the definition under the FLSA:

Q. You do you know what the legal definition of a "nurse registry" is?

A. No.

[ECF No. 62-3 at 13, p. 46.] With this testimony, Plaintiff confirmed that she lacked a sufficient foundation to understand or testify about whether she was or was not an independent contractor under the FLSA.

> We reject both the declaration in the lease agreement that the operators are 'independent contractors' and the uncontradicted testimony that the operators believed they were, in fact, in business for themselves as controlling FLSA employee status. **Neither contractual recitations** [*fn. omitted*] **nor subjective intent** [*fn. omitted*] **can mandate the outcome in these cases**. Broader economic realities are determinative. [*Emphasis added*.]

*Usery v. Pilgrim Equip. Co., Inc*., 527 F.2d 1308, 1315 (5th Cir. 1976).

21. Defendants should be precluded from asking these questions at trial or eliciting any testimony that ask Plaintiff her mental impressions about (whether she thought) she was an independent contractor. *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 6880921, at *5 (N.D. Ga. Dec. 31, 2013) ("the Plaintiffs' subjective belief is not a relevant consideration.")

> Whether the parties intended to create an employment relationship is irrelevant to whether Plaintiff was dependent on Wacko's. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470-71 (11th Cir. 1982). Likewise, "[w]here the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

*Santeiro v. Wacko's Too, Inc.*, 2019 WL 12524552, at *3 (M.D. Fla. Aug. 22, 2019).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

22. Plaintiff's testimony about her state of mind (as an independent contractor or employee) would be irrelevant because it does not tend to prove or disprove employment if the Plaintiff thought she was an independent contractor, whether she requested benefits typically afforded to employees, whether she filed taxes as an independent contractor based on the 1099s she received from Defendants, or whether she claimed deductions as a 1099 worker. *See Harrell v. Diamond A Ent., Inc.*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997) (court declined to consider the "intent of the parties," the "way in which the parties characterize themselves for tax purposes," or "the extent to which the putative employer provided employment benefits" when ruling on Defendant's motion for partial summary judgment to determine whether Plaintiff was an independent contractor or employee because the label attached to the employment relationship is not dispositive of the economic reality of the relationship); *Gordilis v. Ocean Drive Limousines, Inc.*, 2014 WL 2214289, at *3 (S.D. Fla. May 28, 2014) ("District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor."); *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga. 2011) (finding Plaintiffs to be employees even though they elected to be treated as independent contractors and held themselves out to the IRS as independent contractors); *Baker v. Barnard Const. Co. Inc.*, 860 F. Supp. 766, 772 (D.N.M. 1994), aff'd sub nom. *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436 (10th Cir. 1998) ("The Court also finds the fact that the Plaintiffs knew they were treated as independent contractors, and the fact they listed themselves as such on their tax forms, to be of little, if any, relevance.").

23. The cases cited in the preceding paragraph confirm that an employee's mental state or that she thought or considered herself as an independent contractor or even taking actions in furtherance of being an independent contractor would not tend to prove or disprove her status as an employee under the FLSA.

24. The only relevant analysis is "whether the individual is or is not, as a matter of economic fact, in business for himself." *Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981). In the Eleventh Circuit, courts are required to determine whether an individual is an employee or independent contractor by looking at the "economic reality" of the relationship to see if the alleged employee is dependent on the alleged employer. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). *Scantland* recognizes a six-factor "economic reality" test that is not exclusive and

no single factor of the test is dominant. *Id.* at 1312. While courts can consider factors outside of the six recognized in *Scantland*, many have already determined that factors relating to an individual's mental state of being an independent contractor are not relevant to the economic dependence analysis. *See Gordilis v. Ocean Drive Limousines, Inc*. at *4 ("The factors governing 'economically dependent' do not ponder personal tax returns. Moreover, it is entirely possible Plaintiffs were simply wrong in their preparation of their tax returns. Accordingly, Plaintiffs' tax returns do not create a genuine issue of material fact and Defendants did not meet their burden of showing a such a dispute. Thus, summary judgment must be entered to find that Defendants were Plaintiffs' FLSA employers.); *Harrell v. Diamond A Ent., Inc.* at 1353 ("Defendant cites no case which considers [characterization for tax purposes and the provisions of employee benefits] in the context of the broad 'suffer or permit to work' definition of employment contained in the FLSA.").

25. To this end, the Eleventh Circuit Court of Appeals reiterated several months ago that " '[t]he common law concepts of 'employee' and 'independent contractor' [are] specifically rejected as determinants of who is protected' by the FLSA." *Yoder v. Florida Farm Bureau*, 2023 WL 3151107, at *2 (11th Cir. Apr. 28, 2023) (*quoting Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976).

26. The Plaintiff comes before this Court, represented by counsel, because she (personally) lacks the legal foundation to provide an opinion on whether she was an "independent contractor" or an employee of the Defendants. There is no evidence in the record that the she has any legal training or that knew any of the factors that go into the Court's determination that she is was an employee of the Defendants. This is especially true when, as here, Plaintiff testified she did not know the legal definition of an independent contractor. [ECF No. 62-3 at 13.]

27. Furthermore, Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

28. If this Court finds evidence of whether the Plaintiff thought she was an independent contractor relevant, whether she asked questions of Defendants' owner or supervisory personnel to gauge her employment status, or whether she filed tax returns to be relevant in any way, then that evidence would still run afoul of Rule 403. Any evidence related to these issues would confuse

the issues in this case and mislead the jury about the factors relevant to the economic realities test, since the main considerations for the fact finder involve whether the Plaintiff was economically dependent on the Defendants, not her understanding of an independent contractor relationship.

29. In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial regarding her mental state (whether she thought she was) as an independent contractor as irrelevant, unduly prejudicial, confusing to the jury, and lacking the appropriate foundation.

***(6) Whether Home Health Aides or CNAs Are Taught The Definition Of Independent Contractor In School.***

30. For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

31. Whether a Home Health Aide or CNA is taught in school what an independent contractor is would not tend to prove or disprove that Defendants employed Plaintiff, the hours she worked, the value of her claims, any defenses thereto, or any issued related to the Counterclaims.

32. Defendants' witness, Ms. Ramirez testified in her deposition that Plaintiff and others purportedly confessed to have learned what an independent contractor was from schooling or training:

> Q Yes. Did Cruz Valdivieso say that she learned what an independent contractor is during schooling or during her training?
>
> A Yes, a lot of them they do know from school.
>
> Q Okay.
>
> A Yeah, they always come and tell me. Yes, I know, it was explained to us in school.
>
> Q Did Ms. Cruz Valdivieso say specifically, do you remember her saying that she knows what an independent contractor is?
>
> A Yes, because she had applied in all the agencies.She said, she had experience and that's why the work history is required. And also in the background check, it lets me know what other agencies she applied for.

[ECF No. 65-2 at 10, p. 34.]

33. The schooling and training at issue would have been as a Certified Nurse Assistant or Home Health Aide. For Plaintiff, she went to school to become a "nurse aide" or home health aide. [ECF No. 65-3 at p. 14.]

34. There is no testimony that any of the witnesses who will testify at trial have any legal training or are qualified to render an opinion on the ultimate issue of what is an independent contractor or employee under the FLSA. *Compare Jackson v. Papillion*, 2021 WL 1564428, at *9 (S.D. Fla. Apr. 21, 2021), *aff'd sub nom. Jackson v. Papillon*, 2021 WL 5918424 (11th Cir. Dec. 15, 2021) ("a lay witness with no medical training, is not qualified to offer an opinion on whether Defendants failed to meet appropriate professional standards"). Therefore, it would be improper for Plaintiff, Ms. Ramirez, or any witness to testify about what they were "taught" in school about independent contractor vs. employee, or what was relayed about having been taught in school on this issue, due to lack of an appropriate foundation or predicate.

35. In addition, what was taught - whether through a text or lecture – would constitute inadmissible hearsay under Fed. R. Evid. 802.

36. This topic is much like the topic listed in subsection ***(5)*** above. The only relevant analysis is "whether the individual is or is not, as a matter of economic fact, in business for himself." *Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981).

37. Whether or not Home Health Aides or CNAs are taught in school a definition of independent contractor has no bearing on the "economic reality" factors listed in *Scantland, supra.*, when determining the difference between an employee and an independent contractor, as this discussion necessarily involves inadmissible hearsay under Rule 803, inferential hearsay, and would require a mini-trial about what was said, who said it, whether the definition taught was under Florida common law or the FLSA, and whether the definition was the legally correct one under federal law (the FLSA) as it relates to classifying someone as an independent contractor or an employee.

38. Furthermore, Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

39. What Plaintiff heard or read in school, the methods by which she would have

learned about the concept of an independent contractor vs. employee, would also constitute hearsay.

40. In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial about any purported teachings Plaintiff may have received (or any other witness may have received) about the differences or definitions of independent contractor or employees as irrelevant, more prejudicial than probative, and lacking an appropriate foundation, while also constituting inadmissible hearsay.

***(7) No Reference to Any Debts Purportedly Owed By Plaintiff***

41. Any reference to any debts or indebtedness purportedly owed by Plaintiff should be excluded as it would only be used as bad character evidence against the Plaintiff.

42. Rule 404(b) provides that while evidence of a defendant's other crimes, wrongs, or acts is inadmissible to prove a defendant's actions conform with his character, such evidence may be admitted for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

43. Rule 404(b) "protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). *Chavez v. Arancedo*, 2018 WL 4599585, at *1 (S.D. Fla. Sept. 24, 2018.

44. Whether or not Plaintiff carries personal debt is of no probative value, unduly prejudicial under Rule 401, and has no bearing on the factors listed in *Scantland, supra.*, when determining the difference between an employee and an independent contractor for purposes of the FLSA.

45. As this Court determined years ago, "whether Plaintiffs may have been fired, **the nature of Plaintiffs' motivation in filing this action**, and whether Plaintiff Gochenouer used drugs during working and non-working hours **is irrelevant to whether Defendants violated the FLSA**." *Haught v. U.S. Eng'g Contractors Corp.*, 2009 WL 36591, at *3 (S.D. Fla. Jan. 6, 2009) [*emphasis added*]. The Eleventh Circuit Court of Appeals similarly determined that an employer's motivations are likewise irrelevant. *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 965 (11th Cir. 1997) ("we do not believe that an employer's subjective motivations are relevant."

46. The only reason why Defendants seek to introduce evidence of any debt(s) owed by Plaintiff would be to either argue to or have the jury infer that Plaintiff had an ulterior motive in bringing this lawsuit, other than the recovery of wages she earned, which is improper.

47. In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial about any debts that may be owed by Plaintiff as irrelevant and more prejudicial than probative.

***(8) No Reference To Defendants Considering Themselves a "Nurse Registry" Under Florida Law.***

48. Defendants raised the following Affirmative Defense to try and insulate themselves from liability as "employers" under the FLSA:

> As the Fifth Affirmative Defense, Defendants states Plaintiff's claims are barred by § 400.506(6)(d), Fla. Stat. Pursuant to 400.506(6)(d), Fla. Stat., Plaintiff has been classified as an independent contractor **because she worked for a Nurse Registry** as a home health aide. [*Emphasis added*.]

[ECF No. 28.]

49. The term "Nurse Registry" is a designation under Florida statutory law, which gives way to conflicting federal law.

50. Whether Defendants operated as a "Nurse Registry" under Florida law has no bearing on whether they employed Plaintiff, the hours she worked, or the issues involved in this case, since the issue of whether Defendants employed Plaintiff is decided under the economic realities of the FLSA. *See Scantland*, *supra*.

51. When state and federal laws conflict, "federal law trumps state law; that was always clear." *Florida State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). The FLSA is a federal law. 29 U.S.C. §201, *et. seq.* Therefore, "in determining who are 'employees' under the Act, common law employee categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947).

52. Thus, whether All VIP Care Inc. was a "Nurse Registry" licensed under Florida law has no bearing whatsoever on whether it was Plaintiff's employer under the FLSA, since none

of the *Scantland* factors nor any of the factors identified in the Eleventh Circuit Standard Jury Instruction 4.24 involve a state law classification.

53. The Court properly considers an analogous situation to determine that Defendant's designation of a "Nurse Registry" under Florida law is irrelevant. The defendant in *Solis v. A+ Nursetemps, Inc.*, 2013 WL 1395863, (M.D. Fla. Apr. 5, 2013), was a nurse registry licensed under Florida law, like the Defendants. *Id.* at *2. The Court considered the same Florida statutes relied on by Defendants (in particular Fla. Stat. §400.506) and found that "legal designations in other statutes do not affect the determination of a worker's status under the FLSA. Thus, a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." *Id.* at *4.

54. In another similar case, this Court refused to acknowledge that an employer could raise as a viable defense based on its operating as a "Nurse Registry" under Florida law:

> I reject Defendant's argument that this conclusion is warranted in light of the fact that Florida law requires nurse registries to classify their caregivers as "independent contractors" (*see id*. at 10–13) because "in determining who are 'employees' under the [FLSA], common law [employee] categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947) (citation omitted).

*Scalia v. Horizon Care Services, Inc*., 2021 WL 8919284, at *6 (S.D. Fla. Jan. 14, 2021).

55. Any reference to All VIP Care Inc.'s status as a "Nurse Registry" under Fla. Stat. §400.506 is preempted by the FLSA, irrelevant, and the jury should analyze Ms. Valdivieso's employment status under the "economic realities" standard discussed in *Scantland* without regard to any reference to a "Nurse Registry" designation under Florida law.

56. Referring to All VIP Care Inc.'s status as a "Nurse Registry" under Florida law would tend to confuse a jury about the factors to consider, be unfairly prejudice the Plaintiff, and would be irrelevant to the factors to be resolved by the jury as they relate to the Plaintiff's claims, defenses thereto, counterclaims, and defenses thereto.

57. This Court previously deterimned that the issue of All VIP Care Inc.'s status as a "Nurse Registry" under Florida law was irrelevant to the considerations involved in the issues at bar when it ruled as follows:

> Defendants also argue that they are statutorily barred by Florida law from hiring caregivers, including home health aides like Plaintiff, as employees. But "a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." Solis v. A+ Nursetemps, Inc., No. 5:07–CV–182–OC–10PRL, 2013 WL 1395863, at *4 (M.D. Fla. Apr. 5, 2013). It therefore follows that **any characterization of home health aides "as independent contractors under state law, by statute or otherwise, has no bearing upon whether an individual is an employee for purposes of the FLSA**." Id. at *5. Accordingly, the Court will not grant summary judgment in favor of Defendants on this basis. [*Emphasis added*.]

[ECF No. 83 at 9.]

58. In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial about All VIP Care Inc.'s status as a "Nurse Registry" under Florida law as irrelevant, more prejudicial than probative, and likely to confuse the jury.

***(9) No Evidence Regarding All VIP Care Inc.'s Gross Earnings, Lost Earnings/Profits, Or Net Profits At Trial.***

59. Plaintiff anticipates that notwithstanding the agreement not to introduce evidence that was not timely produced during discovery, the Defendants will seek to introduce evidence or make an argument about the damages they claim to have sustained and for which they asserted counterclaims.

60. The Court should properly exclude any such evidence, argument, or inference at trial because it was not timely disclosed, would constitute hearsay, and would lead to a speculative damage award by the jury.

61. Plaintiff propounded written discovery on the Defendants that requested the bank statements for All VIP Care Inc. at Requests Nos. 66 to 68, and in response, Defendants objected. (Exhibit "A".)

62. Plaintiff also requested at Request No. 70 that the Defendants produce for All VIP Care Inc. its "2020, 2021, and current federal and state tax returns, including all attachments, schedules, and supporting documents for all annual and quarterly reports / filings." *Id.*

63. Plaintiff requested the foregoing documents to address All VIP Care Inc.'s claims for damages it claims to have suffered and for which it seeks recovery in its Counterclaims.

64. Analyzing the bank statements and tax returns would have allowed the Plaintiff to analyze the All VIP Care Inc.'s gross earnings, net profits, and any change in its revenues during and after Plaintiff's employment.

65. Exhibit "A" reflects that Defendants objected and produced no documents or materials responsive to Requests Nos. 66, 67, 68, or 70. *Id.*

66. The refusal to produce these documents necessarily deprives Plaintiff of her due process right to cross-examine the Defendant about the basis for its claimed damages.

67. When faced with the choice of whether to have the Court address the propriety of the objections or to allow the objections to stand so that the Defendants would not be able to introduce any evidence at trial, Plaintiff opted for the latter due to Defendants carrying the burden to prove damages.

68. Given that the Defendants did not produce any documents, materials, or other evidence that identified their earnings before or after Plaintiff's employment or that would allow anyone to testify about the profits that All VIP Care Inc. earned before or after her employment, the damages allegedly suffered, or the profits supposedly lost, Plaintiff requests the Court to preclude the Defendants from offering evidence, argument, or inferences at trial about gross earnings, net profits, damages, or losses.

69. When a similar situation arose in the Northern District of Georgia, the Court ruled as follows:

> Obviously, in the event Falcone purports to rely upon documents to support its damage claims that have not been produced to Maurice Ward in response to previous discovery requests, Maurice Ward will be able to make an appropriate objection to exclude those documents from being offered into evidence or from being otherwise relied upon by Falcone. See Fed. R. Civ. P. 37(c)(1).

*Falcone Glob. Sols., LLC v. Maurice Ward Networks, Ltd.*, 2021 WL 9349176, at *1 (N.D. Ga. Mar. 25, 2021).

70. Under Florida law, lost profits must be proven "with a reasonable degree of certainty." *Crain Auto. Group, Inc. v. J & M Graphics, Inc.*, 427 So. 2d 300, 301 (Fla. 3d DCA 1983) (collecting cases).

71. Florida law requires that lost profits and economic damages be proven based on a track record, not simply estimated testimony:

> Under Florida law, the applicable substantive law in this diversity case, "the loss of profit from the interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof what the amount of his actual loss was. Proof of the income and of the expenses of the business for a reasonable time anterior to the interruption charged, or facts of equivalent import, is usually required." *New Amsterdam Cas. Co. v. Utility Battery Mfg. Co.,* 166 So. 856, 860 (Fla.1936). An "established business" is one that is "ongoing ... with an established sales record and a proven ability to realize profits at the established rate." *Liza Danielle, Inc. v. Jamko, Inc.,* 408 So.2d 735, 739 (Fla.App. 3d Dist.1982), *quoting Daytona MIGI v. Daytona Automotive Fiberglass, Inc.,* 388 So.2d 228, 232 (Fla.App. 5th Dist.1980). Damages for lost profits will not be allowed unless there is "some standard, such as regular market values, or other established data, by reference to which the amount may be satisfactorily ascertained." *Twyman v. Roell,* 166 So. 215, 217 (Fla.1936), *quoted in A & P Bakery Supply v. Hawatmeh,* 388 So.2d 1071, 1072 (Fla.App. 3d Dist.1980).

*Nat'l Indus., Inc. v. Sharon Steel Corp.*, 781 F.2d 1545, 1547 (11th Cir. 1986).

72. Without tax returns or bank statements, All VIP Care Inc. cannot provide the Court with any basis to claim its damages.

73. Defendants seek to use their objections to the production of the requested materials as sword and a shield, which is improper. *See Pena v. Handy Wash, Inc.*, 114 F. Supp. 3d 1239, 1245 (S.D. Fla. 2015). The Court in *Pena* concluded that allowing a party to testify about matters which were withheld based on privilege could not be discussed at trial as "irrelevant, misleading, and unfairly prejudicial to Plaintiff" and ultimately held that the withheld information "is inadmissible." *Id.*

74. In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial about the damages they claim to have sustained and for which they asserted counterclaims as not disclosed during discovery, violative of Plaintiff's due process rights, based on information not in evidence, speculative, and unduly prejudicial.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.

## RULE 7.1 CERTIFICATION

Counsel for the movants conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, by exchanging numerous emails. The parties ***agreed*** to the issues identified above and ***disagreed on the remaining issues*** identified in the foregoing Motion.

Dated this 6th day of October 2023.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*