101523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:22-CV-61553-WPD

**CRUZ VALDIVIESO FIGUERA**,

                Plaintiff,

vs.

**ALL VIP CARE, INC.**, &
**LIZ VELAZQUEZ McKINNON**,

                Defendants.
_____/

### DEFENDANT ALL VIP CARE, INC. & LIZ VELAZQUEZ McKINNON's RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

All VIP Care, Inc., and Liz McKinnon ("All VIP Care") file this, their Response To Cruz Valdivieso Figuera's ("Figuera") Motion in Limine [DE-91] and in support thereof states.

### STIPULATED ITEMS OF LIMINE

1.    The Parties have previously agreed that there will be no reference to attorney's fees and costs being available to the prevailing party.

2.    The Parties have previously agreed that there will be no reference to liquidated damages to a prevailing FLSA Plaintiff.

3.    The Parties have previously agreed that there will be no reference to documents not timely provided in accordance with Rule 26, Fed. R. Civ. P., or discovery, with the exception of documents for the purposes of impeachment.

### DISPUTED ITEMS OF LIMINE

All VIP Care opposes the following issues/items raised by Figuera. "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without

1

lengthy argument at, or interruption of, the trial." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). It is well established that for evidence to be admissible at trial, it must be relevant. *see* Fed/ R. of Evid. 401, 402. Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id*.

Here, Figuera is seeking to prevent the introduction of evidence which is clearly relevant to the case at bar, and where each of the issues and pieces of evidence seeking to be barred has significant probative value and is not unduly prejudice but is factually supportive evidence which for the most part is indisputable, and which provides the Court and the Jury with a complete and factually understanding of the events and issues before the court. Further, the evidence being sought to be barred by Figuera: (i) is not confusing to the issues, in fact, it clarifies the issues for the Court and the jury; (ii) is not misleading the jury, in fact it clarifies the issues and assists in putting them in the proper perspective; (iii) is not causing undue delay; (iv) is not wasting time; and/or is not needlessly presenting cumulative evidence.

If the Court was to grant Figuera's Motion in Limine, it will undoubtedly be unduly and extremely prejudicial to All VIP Care and prevent All VIP Care from having a full and fair trial.

## **OVERVIEW OF THE FACTS AT BAR**

Figuera entered an independent contractual relationship with All VIP Care, which is a Florida Licensed Nurse Registry as a Home Health Aide. The Plaintiff had previously worked as an independent contractor for other Florida Nurse Registries. After her independent contractor relationship with All VIP Care, Figuera continued having independent contractor relationships

with other Nurse Registries. All VIP Care treated Figuera as an independent contractor as All VIP Care is required and mandated in accordance with Fla. Stat. §400.506, et al. If All VIP Care treated Figuera as anything other than an independent contractor, All VIP Care would be in direct violation of their license with the State of Florida and would be subject to having their license as a Nurse Registry revoked.

Figuera claims, that despite executing an independent contractor agreement with the All VIP Care, that Figuera was an employee of All VIP Care and as such Figuera is entitled to minimum wage and overtime compensation in accordance with the FLSA.

If the Court was to find that the requirements set forth in Fla. Stat. Chapter 400, are not controlling to All VIP Care maintaining an independent contractor relationship with the Figuera, both parties agree that this Court must apply the Economic Realities Test, set forth in *Scantland vs. Jeffry Knight Inc*. 721 F. 3d 1308 (11th Cir. 2013) where in the Court applied six (6) factors in determining the independent contractor/employee status question – namely: (i) The nature and degree of the alleged employers control as to the manner in which the work is to be performed; (ii) the alleged employee's opportunity for profit or loss depending on his managerial skill; (iii) the alleged employee's investment in equipment or materials required for his task; (iv) whether the service rendered requires a special skill; (v) the degree of permanency and duration of the working relationship; and (vi) the extent to which the service rendered is an integral part of the alleged employer's business.

**4.     Plaintiff seeks to bar any Evidence, Argument, or Inferences at Trial That Plaintiff Worked as an Employee or Independent Contractor in Her Prior and/or Subsequent Employment**.

Figuera's experience in the way that Figuera conducted herself and her business in the highly regulated home health aide industry clearly goes to Figuera's state of mind and

understanding that Figuera had at the time that she knowingly, willingly, and voluntarily, entered into an independent contractor agreement with All VIP Care which is significant to the case at bar.

This is especially significant, important, relevant, and probative to All VIP Care's defense and position in this case, since Diana Ramirez, who is Figuera's immediate and direct supervisor and who is fluent in both English and Spanish, spent a significant amount of time going over the independent contractor agreement and other on-boarding documentation, page by page, explaining the terms, conditions and the independent contractor relationship that the Plaintiff was going to be entering into with All VIP Care.

Even though labelling the contract as an independent contractor agreement may not be controlling, it is clearly persuasive to the intent of Figuera and All VIP Care in entering an independent contractor relationship. *Scantland vs. Jeffry Knight Inc*. 721 F. 3d 1308 (11th Cir. 2013). The Economic Realities inquiry under *Scantland vs. Jeffry Knight Inc*. 721 F. 3d 1308 (11th Cir. 2013) is not governed by the "label" put on the relationship by the parties or the contract that controls their relationship. *Id*. Merely putting an "independent contractor" label on the alleged employee does not take him from the protections of the FLSA. *Id*. The written agreement between the parties is clearly probative of the parties' intent of their relationship and is a relevant factor for consideration by the court. *Id*. See *Daughtrey, v. Honeywell, Inc*., 3 F.3d 1488, 1492, (11th Cir.1993) (finding the parties' intent probative, but not decisive). *Ashkenazi v. S. Broward Hosp. Dist. No. 13-15061* (11th Cir. April 23, 2015)(D.C. Docket No. 0:11-cv-61403-JIC); *World-Class Talent Experience, Inc. v. Giordano*, 293 So.3d 547 (Fla. 4th DCA 2020) (A merger clause is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to

vary or contradict the written terms); *Environmental Services, Inc. v. Carter*, 9 So.3d 1258 (Fla. 5th DCA 2009) (the existence of a merger clause does not conclusively establish that the integration of the agreement is total, it is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms.). The label of the agreement in the case at bar is just a confirmation of the fact of Figuera's status as an independent contractor is a statutory mandate from the State of Florida that the relationship between Figuera and All VIP Care is that of an independent contractor and not an employee.

All Nurse Registries in the State of Florida must engage Home Health Aides, like Figuera as independent contractors. This is the law of the State of Florida. Fla. Stat. §400.506; 400.462 (29), not a trend or an option in this industry.

All VIP Care has the right to defend themselves as to: (i) the allegations that they violated the FLSA; (ii) the actions and conduct of All VIP Care in the way they conduct their business as required by Florida State Law; (iii) the fact that All VIP Care did not intentional violated the FLSA; and (iv) that All VIP Care was not acting in compliance with Florida State Law.

To bar All VIP Care from raising the fact that the past relationships between Figuera and other nurse registries like All VIP Care along with her subsequent relationships with other similar nurse registries where Figuera was an independent contractor is highly and unduly prejudicial to All VIP Care and prevents All VIP Care from having a full and fair trial.

**5.     Plaintiff seeks to bar any Evidence, Argument, or Inferences at Trial About Whether Plaintiff Thought She Was An Independent Contractor**

Figuera's experience in the way that Figuera conducted herself and her business in the highly regulated home health aide industry clearly goes to Figuera's state of mind and

understanding that she had at the time that Figuera knowingly, willingly, and voluntarily, entered into an independent contractor agreement with All VIP Care and is significant to the case at bar.

This is especially significant, important, relevant, and probative to All VIP Care's defense and position in this case, since Diana Ramirez, who is Figuera's immediate and direct supervisor and who is fluent in both English and Spanish, spent a significant amount of time going over the independent contractor agreement and other on-boarding documentation, page by page, explaining the terms, conditions and the independent contractor relationship that the Plaintiff was going to be entering into with All VIP Care.

Even though labeling the contract as an independent contractor agreement may not be controlling, it is clearly persuasive to the intent of Figuera and All VIP Care in entering an independent contractor relationship. *Scantland vs. Jeffry Knight Inc*. 721 F. 3d 1308 (11th Cir. 2013). The Economic Realities inquiry under *Scantland vs. Jeffry Knight Inc*. 721 F. 3d 1308 (11th Cir. 2013) is not governed by the "label" put on the relationship by the parties or the contract that controls their relationship. *Id*. Merely putting an "independent contractor" label on the alleged employee does not take him from the protections of the FLSA. *Id*. The written agreement between the parties is clearly probative of the parties' intent of their relationship and is a relevant factor for consideration by the court. *Id*. See *Daughtrey, v. Honeywell, Inc*., 3 F.3d 1488, 1492, (11th Cir.1993) (finding the parties' intent probative, but not decisive). *Ashkenazi v. S. Broward Hosp. Dist. No. 13-15061* (11th Cir. April 23, 2015)(D.C. Docket No. 0:11-cv-61403-JIC); *World-Class Talent Experience, Inc. v. Giordano*, 293 So.3d 547 (Fla. 4th DCA 2020) (A merger clause is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms); *Environmental Services, Inc. v. Carter*, 9 So.3d 1258 (Fla.

5th DCA 2009) (the existence of a merger clause does not conclusively establish that the integration of the agreement is total, it is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms.). The label of the agreement in the case at bar is just a confirmation of the fact of Figuera's status as an independent contractor is a statutory mandate from the State of Florida that the relationship between Figuera and All VIP Care is that of an independent contractor and not an employee.

All Nurse Registries in the State of Florida must engage Home Health Aides, like Figuera as independent contractors. This is the law of the State of Florida. Fla. Stat. §400.506; 400.462 (29), not a trend or an option in this industry, it's the law.

All VIP Care has the right to defend themselves as to: (i) the allegations that they violated the FLSA; (ii) the actions and conduct of All VIP Care in the way they conduct their business as required by Florida State Law; (iii) that All VIP Care did not intentional violated the FLSA; and (iv) that All VIP Care was not acting in compliance with Florida State Law.

To bar All VIP Care from raising the state of mind of Figuera in the establishment and maintaining of an independent contractor relationship is highly and unduly prejudicial to All VIP Care and prevents All VIP Care from having a full and fair trial.

6. **Plaintiff seeks to bar any Evidence, Argument, or Inferences at Trial About Whether Home Health Aides or CNAs Are Taught The Definition Of Independent Contractor In School**

Figuera's attempt to prevent All VIP Care from being able to introduce evidence, argue or make inferences as to the training that Figuera received in school, is repugnant to the mandates set forth under Fla. Stat. §400.497(1) where in, "Home Health Aide" means a person who is trained or qualified, as provided by rule, and who provides hands-on personal care,

7

performs simple procedures as an extension of therapy or nursing services, assists in ambulation or exercises, or assists in administering medications as permitted in rule and for which <u>the person has received training established by the agency under</u> Fla. Stat. §400.497(1). (Emphasis added.)

The training, whether "in school" or obtained otherwise, received by Figuera is mandated by Florida State law and it goes directly to her certification and licensure as a Home Health Aide

Additionally, Diana Ramirez, Figuera's immediate and direct supervisor will offer testimony at trial, as she did in her deposition, that the relationship being entered into by Figuera with All VIP Care is that of an Independent Contractor relationship and the dynamics of that relationship were explained to Figuera by Diana Ramirez, who is fluent in both English and Spanish.

To bar All VIP Care from raising the issue relating to Figuera's training which is required by Fla. Stat. §400.497(1) is highly and unduly prejudicial to the Defendants and prevents them from having a full and fair trial.

7. **Plaintiff seeks to bar any Evidence, Argument, or Inferences at Trial About Any Reference to Any Debts Purportedly Owed By Plaintiff**

All VIP Care does not oppose barring the reference to the personal debts owed by Figuera.

8. **Plaintiff seeks to bar any Evidence, Argument, or Inferences at Trial No Reference To Defendants Considering Themselves a "Nurse Registry" Under Florida Law**

The fact that Figuera is seeking to prevent All VIP Care from raising the undisputable fact that All VIP Care is a licensed Nurse Registry, as defined under Fla. Stat. §400.462(21) is ludicrous and extremely prejudicial to All VIP Care. But for the undisputable fact that All VIP Care is a licensed Nurse Registry, All VIP Care would be forbidden from entering into any

8

relationship with Figuera or any other licensed Home Health Aide, to provide the services that Figuera provided to All VIP Care's clients.

A "Nurse Registry" as defined Fla. Stat. §400.462(21), states that, "any person that procures, offers, promises, or attempts to secure health-care-related contracts for registered nurses, licensed practical nurses, certified nursing assistants, home health aides, companions, or homemakers, who are compensated by fees as Independent Contractors, including, but not limited to, contracts for the provision of services to patients and contracts to provide private duty or staffing services to health care facilities licensed under chapter 395, this chapter, or chapter 429 or other business entities." *Id.*, which All VIP Care raised as an Affirmative Defense in this action.

The fact that All VIP Care operated as a Florida Licensed Nurse Registry is paramount to the defense and position of All VIP Care. It is a question for the jury to decide if Figuera was an independent contractor of All VIP Care or not. The undisputable fact that All VIP Care was a Florida Licensed Nurse Registry is highly probative, goes to heart of this case and must be presented to the jury.

In fact, F.A.C. 59A-18.002(7) defines an "Independent Contractor" as "a person who contracts through a referral from a Nurse Registry. The independent contractor maintains control over the method and means of delivering the services provided and is responsible for the performance of such services. An Independent Contractor is not an employee of the nurse registry."

Fla. Stat. §400.506(1)(d) notes that "A registered nurse, licensed practical nurse, certified nursing assistant, companion or homemaker, or home health aide referred for contract under this chapter by a nurse registry is deemed an independent contractor and not an employee of the

9

nurse registry under any chapter regardless of the obligations imposed on a nurse registry under this chapter or chapter 408."

Fla. Stat. §400.506 (19)   A <u>nurse registry may not monitor, supervise, manage, or train</u> a registered nurse, licensed practical nurse, certified nursing assistant, companion or homemaker, or <u>home health aide</u> referred for contract under this chapter<u>. In the event of a violation of this chapter or a violation of any other law of this state by a</u> referred registered nurse, licensed practical nurse, certified nursing assistant, companion or homemaker, or <u>home health aide</u>, or a deficiency in credentials <u>which comes to the attention of the nurse registry, the nurse registry shall advise the patient to terminate the referred person's contract</u>, providing the reason for the suggested termination; cease referring the person to other patients or facilities; and, if practice violations are involved, notify the licensing board. This section does not affect or negate any other obligations imposed on a nurse registry under chapter 408. (emphasis added.)

These foregoing statutes and administrative code go directly to several of the factors set for in the Economic Realities inquiry under *Scantland vs. Jeffry Knight Inc*. 721 F. 3d 1308 (11th Cir. 2013), which Figuera references as being the determining test in whether Figuera was an independent contractor as claimed by All VIP Care or an employee as Figuera claims.

To bar All VIP Care from raising the issue relating to All VIP Care being a Florida Licensed Nurse Registry, would be highly and unduly prejudicial to All VIP Care in not only defending the allegations of Figuera but frustrates and prevents All VIP Care from being able to present evidence in furtherance of the Economic Realities inquiry under *Scantland vs. Jeffry Knight Inc*. 721 F. 3d 1308 (11th Cir. 2013).  Accordingly, to prevent All VIP Care from raising and arguing the very nature of their business model which is fully compliant with the required

Florida law, as a Florida License Nurse Registry prevents All VIP Care from having a full and fair trial.

9. **Plaintiff seeks to bar any Evidence, Argument, or Inferences at Trial With No Reference Regarding All VIP Care Inc.'s Gross Earnings, Lost Earnings/Profits, Or Net Profits At Trial.**

All VIP Care properly objected to certain discovery requests propounded by Figuera. These objections were properly filed and presented to Figuera. Figuera never sought to have the Court rule on such objections or even sought a conferral with All VIP Care on these objections. In other words, Figuera has the objections linger in purgatory with no resolution by the Court.

Figuera after the above discovery responses took the depositions of Liz McKinnon (co-defendant) and Diana Ramirez, where in Figuera had the opportunity and did question McKinnon and Ramirez about the damages claimed because of Figuera's breach of contract and tortious interference in the business relationships of All VIP Care.

For the Court to exclude any evidence, argument, or inference at trial about the damages claimed by All VIP Care is tantamount to barring All VIP Care from proceeding with their counterclaims against Figuera.

Figuera in her argument references a North District of Georgia case, *Falcone Glob. Sols., LLC v. Maurice Ward Networks, Ltd.*, 2021 WL 9349176, at *1 (N.D. Ga. Mar. 25, 2021), wherein the court would allow Maurice Ward to make an appropriate objection to exclude those documents from being offered into evidence or from being otherwise relied upon by Falcone. See Fed. R. Civ. P. 37(c)(1). *Id*.

If this Court was to rely on this North District of Georgia case, the only definitive holding would be that Figuera could raise an objection to exclude documents that All VIP Care was to offer into evidence. This case is limited to the introduction of documents, not the testimony of

witnesses or parties. Furthermore, this case differs from the case at bar in that the evidence was being objected to by Ward is not germane to the counterclaims filed by All VIP Care, which All VIP Care has a right to pursue against Figuera.

Accordingly, to prevent All VIP Care from raising and arguing the damages it suffered by Figuera's breach of contract and tortious interference would be highly prejudicial to All VIP Care from having a full and fair trial.

## **CERTIFICATIONS**

I hereby certify that a copy of this pleading which was filed with the Clerk of the Court and was provided to: **Brian Howard Pollock, Esquire,** Fairlaw Firm, 135 San Lorenzo, Avenue, Suite 770, Coral Gables, FL 33146, Brian@fairlawattorney.com; and all attorneys listed on and via the ECM System on **October 15, 2023.**

> */s/ RANDY M. GOLDBERG, ESQUIRE*
> Florida Healthcare Law Firm
> FBN: 045187
> 151 NW 1st Avenue
> Delray Beach, FL 33444
> 754-224-0867
> RMGEsquire@gmail.com
> Randy@FloridaHealthcareLawFirm.com