UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' DEFENDANTS' MOTION LEAVE FOR WITNESS ANGELA
MELENDEZ TO APPEAR TELEPHONICALLY OR BY ZOOM AT TRIAL**

Plaintiff, Cruz Valdivieso Figuera, requests that the Court deny the Defendants' request to permit their witness, Angela Mendendez, from testifying at a location other than the Broward County Federal Courthouse based on the following good cause:

**I. INTRODUCTION**

This case is scheduled for the trial period commencing on October 23, 2023, with calendar call scheduled for October 20, 2023. The issues in this case involve whether the Defendants misclassified Ms. Valdivieso Figuera as an independent contractor instead of as an employee and thereby deprived her of the minimum wages and overtime that she earned, as well as the "pure gap time" wages that she claims to have earned during a few pay period. Besides claiming they did not misclassify or underpay Ms. Valdivieso Figuera, All VIP Care Inc. brought counterclaims against Ms. Valdivieso Figuera for breach of contract and tortious interference. As related to the defense of Ms. Valdivieso's claims and in support of the counterclaims by All VIP Care Inc., the

Defendants now intend to offer the testimony of a witness – Angela Melendez – and request permission for her to testify telephonically or by Zoom. They did not identify her as a witness during the discovery period, only afterward. In light of the facts and circumstances presented, the Court properly denies this request.

## II. BACKGROUND FACTS

1. Defendants submit that Ms. Melendez suffered a recent fall, rendering her unable to travel to the Broward County Federal Courthouse. [ECF No. 100 at 1.]

2. Defendants did not disclose Ms. Melendez as a witness in their Rule 26 Disclosures. [ECF No. 38.]

3. Defendants also did not identify Ms. Melendez as a witness in their Answers to Interrogatory No. 3. (Exhibits "A" and "B".)

4. Defendants also failed to mention that Ms. Melendez was incapacitated to the point that she required significant home health care for several years before Ms. Valdivieso Figuera filed this lawsuit. [ECF No. 58-1 at 117.]

5. Ms. Melendez was a client of the Defendants, and Ms. Valdivieso Figuera was assigned as one of the aides to assist Ms. Melendez with her activities of daily living. [Depo. Ramirez; pp. 62-64; ECF No. 58-1 at 64.]

6. Ms. Melendez was a Medicaid patient for whom All VIP Care Inc. had a plan of care in place to provide home health services. [Depo. Ramirez; pp. 62-64; ECF No. 58-1 at 64.]

7. As a patient with a plan of care for home healthcare who required assistance with her activities of daily living, Ms. Melendez could not have traveled to the Broward Federal Courthouse to provide live testimony, even before her accident, considering the extent to which she needed in-home care. [ECF No. 58-1 at 117.]

8. Consequently, Defendants have known that Ms. Melendez could not testify in person at trial for months (if not years) and never took her deposition *de bene esse* or timely sought relief from this Court until the eve of trial.

9. In regard to her accident, the Defendants do not offer any medical documentation from a physician that indicates when Ms. Melendez suffered an "accident," or whether she was able to travel to and testify live at trial before her accident.

10. Instead, they merely claim as follows:

> 3. Angela Melendez informed the undersigned that due to a recent fall she has been ordered to bed rest by her physician.

[ECF No. 100.]

11. The argument is unsupported by any records from Ms. Melendez's treating physician that she could have testified in person at trial before but is now constrained to bedrest from an accident (or the date on which the restriction was imposed).

12. In light of the foregoing, it was known to the Defendants for years that Ms. Melendez, a previously undisclosed witness, would be unable to travel to the Broward County Federal Courthouse and testify live at trial.

### III. ARGUMENT

Defendants seek to sandbag Ms. Valdivieso Figuera by having Ms. Melendez, a witness who Defendants did identify as someone who would offer testimony for them, would testify at trial.[1]

---

[1] The first indication that Defendants gave of their intent to have Ms. Melendez testify was through a handwritten Affidavit dated June 24, 2023, and filed in support of their Motion for Summary Judgment. [ECF No. 58-1 at 117.] Therein, Ms. Melendez writes that she has been using All VIP Care Inc. "for the last two years" and had received anywhere from 38 to 42 hours of assistance. *Id.*

Defendants' failure to identify Ms. Melendez as a witness (and to provide the anticipated subject of her testimony) is sufficient cause to deny Defendants' Motion under Rule 37(c)(1)(" If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.") On this basis, the Defendants' Motion should be denied.

Equally problematic is that Defendants seek to deprive Ms. Valdivieso Figuera of her due process right to personally confront adverse witnesses in person before a jury by having this previously unidentified defense witness testify through videoconference or teleconference. Fed. R. Civ. P. 43(a). Of course, "There is no technology to date that can substitute for a juror looking a witness in the eyes." *Ballesteros v. Wal-Mart Stores E., LP*, 2021 WL 2917553, at *1 (M.D. Fla. July 12, 2021); *see also Davis v. Little Giant Ladder Sys., LLC*, 2022 WL 3924144, at *7 (M.D. Fla. Aug. 31, 2022) ("Federal courts place paramount emphasis on in-person testimony.")

Although Defendants cite to *Bluestaexpo, Inc. vs. Enis*, S.D. Fla. Case No.: 1:21-cv-20875-RNS at ECF No. 170, that reliance was misplaced because Judge Scola ruled that "The Court does not find the remote testimony of these two particular witnesses, in this case, warranted." In this case, no compelling circumstances exist.

The Advisory Committee Notes to the 1996 Amendment to Fed. R. Civ. P. 43(a) require the Court finding that the situation *sub judice* is not one in which good cause or compelling circumstances exist:

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition,

or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.

Ms. Melendez had been a client of the Defendants for years, and they knew she could not testify live at trial due to her condition. They had a Plan of Care that necessitated her receipt of 38 to 42 hours of care from the Defendants' personnel, including Ms. Valdivieso Figuera. [ECF No. 58-1 at 117.] Defendants have not mentioned – let alone shared with the Court – their Plan of Care for Ms. Melendez, even *in camera*, for obvious reasons.

Defendants did not timely request for the Court to permit Ms. Melendez to provide remote testimony (as a witness not disclosed before the discovery cut-off) despite knowing of her infirmities. Instead, they filed their motion as a last-ditch effort to sandbag Ms. Valdivieso Figuera with the testimony of a previously undisclosed defense witness, which is improper. They did this under the guise of an accident that purportedly requires Ms. Melendez to stay bedridden, despite her inability to travel to Court to testify live at trial for the years leading up to it.

The Defendants knew they needed to have Ms. Melendez provide remote testimony due to her infirmities for several years but neglected to request the Court's permission timely. [ECF No. 20.] Now, after all the deadlines have passed that would have enabled Ms. Valdivieso Figuera to have deposed Ms. Melendez (as she did with the other witnesses) and to prepare for cross-examining her in front of a jury at trial, the Defendants seek to have Ms. Melendez testify remotely, which is improper.

## IV. CONCLUSION

Ms. Valdivieso Figuera submits that the Defendants failed to demonstrate the showing necessary to permit them to have a previously undisclosed defense witness testify remotely at trial. Not only was Ms. Melendez incapacitated for the years leading up to trial, the recent attempt to

circumvent the requirement for timely-disclosed witnesses to testify live at trial is unsupported by anything other than a vague statement. Consequently, the Defendants' Motion is properly denied.

Dated this 17th day of October 2023.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
