UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:22-CV-61553-WPD

**CRUZ VALDIVIESO FIGUERA**,

                Plaintiff,

vs.

**ALL VIP CARE, INC.**, &
**LIZ VELAZQUEZ McKINNON**,

                Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION LEAVE FOR WITNESS ANGELA MELENDEZ TO APPEAR TELEPHONCALLY OR BY ZOOM AT TRIAL**

The Defendants in accordance with Rule 43 of Fed. R. Civ. P. et al., and Local Rule 7.1, file this Reply to the Plaintiff's Response [DE-101] to the Defendants' Motion to For Leave for Witness Angela Melendez to Appear Telephonically or by Zoom for Trial [DE-100] and in support thereof states:

1. Angela Melendez is a material witness in the present action which the Plaintiff knew about through-out the course of this litigation, in that:

    A. The Defendant is intending to introduce documents which include statements and affidavits from and about Witness Melendez. [DE-90-4, Item No. 4, 5, and 6]

    B. The Plaintiff is intending to introduce documents that speak to the relationship of the Witness Melendez to the parties. [DE-90-2, Item No. 8, 22, 25]

    C. As cited by Plaintiff in ¶4, 5, 6, and 7, of her Response to the subject motion [DE-101] Witness Melendez was referenced repeatedly during the deposition of the Witness Diana Ramirez taken by the Plaintiff well before this date.

1

        D.      Defendants disclosed the witness Melendez in their initial witness list [DE-90-3].

        E.      Upon information and belief it appears that the Plaintiff herself has been contacting the Witness Melendez in an attempt to curry favor in this upcoming trial.

2. Throughout the on-going communications between the parties' attorneys as they have been working collaborative in narrowing the issues and streamlining the pre-trial filings, at no time was Witness Melendez ever raised by the Plaintiff.

3. Angela Melendez's testimony will be directed at issues in both the Plaintiff's and Defendants' claims.

4. Plaintiff's claims in ¶7 of her Response [DE-101] is speculative and conjectural at best.

5. Plaintiff's claims in ¶8 of her Response [DE-101] is speculative and conjectural at best, as it was not until a phone call from Witness Melendez on October 16, 2023, that the Defendants knew of Witness Melendez's fall and bed-rest status.

6. The Defendant's decision on taking the deposition of Witness Melendez is decision made by the Defendants. The Defendant has a sworn affidavit of Witness Melendez, a handwritten statement from Witness Melendez, and a statement reduced to writing by Witness Diana Ramirez of her interview of Witness Melendez, [DE-90-4, Items Nos. 4, 5, and 6]

7. For the Plaintiff to now claim lack of knowledge of the existence of Witness Melendez is disingenuous, in part as the Plaintiff is claiming that in their case in chief that the relationship between Witness Melendez is paramount to their claims.

8. The law is clear as to the relief being requested by the Defendants.

        A.      Rule 43 of the Fed. R. Civ. P., states in pertinent part,

"(a) IN OPEN COURT. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. <u>For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location</u>." (emphasis added.)

B.  In a recent Southern District case *BluestarExpo Inc.v. Enis*, No.21-20875-Civ-Scola (S.D. Fla., Oct.17, 2022), the Court explained that a compelling circumstance is an unexpected circumstance — an accident or illness that prevents the witness from traveling to the courthouse.[1] *Id*.

WHEREFORE the Defendants requests that this Court grant this motion an allow Angela Melendez to appear by telephone or by way of zoom; together with whatever further relief that this Court deems to be fit and proper.

## CERTIFICATIONS

1.  I certify that in accordance with Local Rule 7.1(3) prior to the filing of this motion the Defendants conferred with the Plaintiff about the relief requested in this motion. The Plaintiff refused to consent to the entry of an agreed order regarding this motion.

2.  I hereby certify that a copy of this pleading which was filed with the Clerk of the Court and was provided to: **Brian Howard Pollock, Esquire,** Fairlaw Firm, 135 San Lorenzo, Avenue, Suite 770, Coral Gables, FL 33146, Brian@fairlawattorney.com; and all attorneys listed on and via the ECM System on **October 17, 2023**.

*/s/ RANDY M. GOLDBERG, ESQUIRE*
Florida Healthcare Law Firm
FBN: 045187

---

[1] In Bluestar Expo, the compelling circumstance proffered by the plaintiff was that two of its witnesses simply refused to travel from their homes (upstate New York, and Turkey) to the Southern District of Florida. Mere inconvenience doesn't satisfy Rule 43(a), the court held. "The difficulties in procuring in-person testimony here were all reasonably foreseeable."

3

                          151 NW 1st Avenue
                          Delray Beach, FL 33444
                          754-224-0867
                          RMGEsquire@gmail.com
                          Randy@Randygoldberglaw.com