UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

     Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

     Defendants.

_____/

## **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiff, Cruz Valdivieso, and Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, pursuant to the Court's Trial Order [ECF No. 20], Local Rule 16.1 of the Southern District of Florida and Fed. R. Civ. P. 51, hereby submit their Joint Proposed Jury Instructions and Verdict Form(s), as follows:

Instructions proposed only by Plaintiff are underlined.
*Instructions proposed only by Defendants are italicized.*

Respectfully submitted this <u>17th</u> day of October 2023,

| | |
|---|---|
| <u>s/Brian H. Pollock, Esq.</u> | <u>s/Randy M. Goldberg, Esq.</u> |
| Brian H. Pollock, Esq. (174742) | Randy M. Goldberg, Esq. (045187) |
| brian@fairlawattorney.com | randy@floridahealthcarelawfirm.com |
| FAIRLAW FIRM | FLORIDA   HEALTHCARE   LAW |
| 135 San Lorenzo Avenue | FIRM |
| Suite 770 | 151 N.W. 1ST Ave. |
| Coral Gables, FL 33156 | Delray Beach, FL 33444 |
| Tel:   305.230.4884 | Tel:   (754) 224-0867 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- · the witness's memory;
- · the witness's manner while testifying;
- · any interest the witness has in the outcome of the case;
- · any bias or prejudice the witness may have;
- · any other evidence that contradicts the witness's testimony;
- · the reasonableness of the witness's testimony in light of all the evidence; and
- · any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiff, Cruz Valdivieso, claims the Defendants, All VIP Care, Inc. and Liz Velazquez McKinnon, misclassified and paid her as independent contractors instead of properly classifying and paying her as an employee. As a result of this misclassification, the Plaintiff claims that she was not paid overtime wages when she worked more than 40 hours in a workweek in violation of United States law known as the Fair Labor Standards Act, or FLSA. The Plaintiff claims that the Defendants did not pay her at all for the time she worked from May 2022 to July 27, 2022, violating the requirement that she receive at least $7.25 per hour under the FLSA. Lastly, the Plaintiff claims that although the Defendant, All VIP Care, Inc., agreed to pay her $13.00 for each hour worked, it did not pay her at all for the hours she worked between May 2021 and July 27, 2022.

Defendants, All VIP Care, Inc. *which is a Licensed Nurse Registry in the State of Florida, as defined in Fla. Stat. §400.462(29), et al.,* and its principal, Liz Velazquez McKinnon, deny those claims and contend that the Defendants properly and correctly *in accordance with Fla. Stat. §400.506, et al.*, entered into an independent contractual relationship with the Plaintiff, who as a licensed Home Health Aide, would provide Home Health Aide services to the All VIP Care's client.

Accordingly, the Defendants properly paid the Plaintiff correctly and in accordance with the terms and conditions of the Independent Contractor Agreement entered into by the parties, wherein the Plaintiff was paid for each hour that she was authorized by the carriers to provide services to the clients of All VIP Care.

All VIP Care, Inc., claims that the Plaintiff materially breached her Independent Contractor Agreement with All VIP Care, Inc by (i) the Plaintiff soliciting clients of All VIP Care, Inc to end their relationship with All VIP Care, Inc and to follow the Plaintiff to the Plaintiff's new relationship with another nurse registry; (ii) the Plaintiff during the contractually detailed restrictive period directly or indirectly contacted clients of All VIP Care, Inc for purposes of being employed by, participate in, consult with, perform services for, or otherwise be connected with any business the same as or similar to the business conducted by the All VIP Care, Inc; (iii) further the Plaintiff accepted assignments from a client of All VIP Care, Inc during the one (1) year post termination date of the relationship between the Parties, all of which are material breaches of the independent contractor agreement.

Cruz Valdivieso Figuera denies that she materially breached any agreement with All VIP Care, Inc. She further states that if she breached the agreement, she was allowed to do so because All VIP Care Inc. had already committed a material breached of their agreement by not paying her all that she earned and so relieved her of any responsibility or requirement to comply with the restrictions its seeks to

enforce. Cruz Valdivieso Figeura would further state that she did not cause or request that anyone stop working with All VIP Care Inc., did not take any client information or confidences, did not receive or share any protected information, and that any client who did left on his or her on accord, and that All VIP Care Inc. did not suffer any damages.

Burden of proof:

Ms. Valdivieso Figuera has the burden of proving their case by what the law calls a "preponderance of the evidence." That means Ms. Valdivieso Figuera must prove that, in light of all the evidence, what they claims is more likely true than not. So, if you could put the evidence favoring Cruz Valdivieso Figuera and the evidence favoring All VIP Care, Inc. and Liz Velazquez McKinnon on opposite sides of balancing scales, Cruz Valdievieso Figuera needs to make the scales tip to her side. If Ms. Valdivieso Figuera fails to meet this burden, you must find in favor of All VIP Care, Inc. and Liz Velazquez McKinnon.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," All VIP Care, Inc. and Liz Velazquez McKinnon have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts All VIP Care, Inc. and Liz Velazquez McKinnon must prove for any affirmative defense. After considering all the evidence, if you decide that All VIP Care, Inc. and Liz Velazquez McKinnon have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone

calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Cruz Valdivieso Figeuera will present her witnesses and ask them questions. After she questions the witness, All VIP Care, Inc. and Liz Velazquez McKinnon may ask the witness questions – this is called "cross-examining" the witness. Then All VIP Care, Inc. and Liz Velazquez McKinnon will present their witnesses, and Cruz Valdivieso Figuera may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

### 1.3

### Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know *[Spanish]*, you must accept the English [interpretation/translation] provided and disregard any different meaning.

### 1.4

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**1.5**

**Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.6**

**Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath. You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

## 2.5

## Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.4

## Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

## 3.1

## Introduction

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.2

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### 3.3

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### 3.4

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe

what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or

remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1

### Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the party bringing a claim prove every essential part of her or its claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the parting making that claim.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the Defendants or the Counter-Defendant as to that claim.

### 3.7.2
### Responsibility for Proof – Affirmative Defense
### Preponderance of the Evidence

In this case, the Defendants assert the affirmative defense of: *(i) compliance with state law: (ii) Economic Realities Test; and (iii)* prior breach of contract by the Plaintiff Cruz Valdivieso Figuera, and the Counter-Defendant asserts the affirmative defenses of prior breach, estoppel, failure to mitigate damages, set-off, and accord and satisfaction. Even if the party bringing the claim prove her or its claims by a preponderance of the evidence, the Defendants or the Counter-Defendant can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants and Counter-Defendant do not have to disprove the Plaintiff's or Counterclaimant's claims, but if the Defendants or Counter-Defendant raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

### 4.14

### Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.

In this case, Cruz Valdivieso Figuera, claims that All VIP Care, Inc. and Liz Velazquez McKinnon did not pay Cruz Valdivieso Figuera the minimum wages and overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on her claim against All VIP Care, Inc. and Liz Velazquez McKinnon, Cruz Valdivieso Figuera must prove each of the following facts by a preponderance of the evidence:

First: Cruz Valdivieso Figuera were employees of All VIP Care, Inc. and Liz Velazquez McKinnon; and

Second: All VIP Care, Inc. and Liz Velazquez McKinnon failed to pay Cruz Valdivieso Figuera the overtime pay required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, Cruz Valdivieso Figuera must prove by a preponderance of the evidence that she was an employee.

Minimum wage claim: The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.

Overtime claim: The FLSA requires [an] employer(s) to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in

one workweek, the employer(s) must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. Plaintiff's regular rate of pay was $13.00 per hour, per the parties' agreement *Independent Contractor Agreement.* To calculate how much overtime pay was owed to Ms. Valdivieso Figuera for a certain week, subtract 40 from the total number of hours she worked and multiply the difference by the overtime rate. All VIP Care, Inc. and Liz Velazquez McKinnon failed to pay Cruz Valdivieso Figuera the required pay if they paid her less than that amount.

The amount of damages is the difference between the amount Cruz Valdivieso Figuera should have been paid and the amount she was actually paid. Cruz Valdivieso Figuera is entitled to recover lost wages from the date of your verdict back to no more than May 3, 2021.

If you find that All VIP Care, Inc. and Liz Velazquez McKinnon failed to keep adequate time and pay records for Cruz Valdivieso Figuera and that Cruz Valdivieso Figuera performed work for which she should have been paid, Cruz Valdivieso Figuera may recover a reasonable estimation of the amount of her damages. But to recover this amount, Cruz Valdivieso Figuera must prove by a preponderance of the

evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

Individual Liability: An individual can also be liable for a plaintiff's damages under the FLSA if the individual played a substantial role in causing the FLSA violation. To determine whether the individual is liable, you must consider all the relevant circumstances rather than any one technical factor. Cruz Valdivieso Figuera must prove that Liz Velazquez McKinnon had operational control over All VIP Care, Inc. In other words, Liz Velazquez McKinnon must have controlled significant aspects of All VIP Care, Inc.'s day-to-day functions, including employee compensation, or had direct responsibility for the supervision of Cruz Valdivieso Figuera.

**4.24**

**Miscellaneous Issues – Employee or Independent Contractor**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, you must decide: Was Cruz Valdivieso Figuera an employee of All VIP Care, Inc. and Liz Velazquez McKinnon, or was Cruz Valdivieso Figuera an independent contractor? You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider, based on all the evidence in the case:

(a) Who controls Cruz Valdivieso Figuera's work? In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

(b) How was Cruz Valdivieso Figuera paid? An employer usually pays an employee on a time worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

(c) How much risk or opportunity did Cruz Valdivieso Figuera have? An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

(d) Who provided Cruz Valdivieso Figuera's tools, equipment, and supplies? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job – but an employee usually does not.

(e) How did Cruz Valdivieso Figuera offer services? Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

(f) What is the parties' intent? The parties' intent is always important. But the description the parties themselves give to their relationship is not controlling – substance governs over form.

You should consider all the circumstances surrounding the work relationship – no single factor determines the outcome. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

The factors listed above are guides for your determination of employee status under the FLSA, but the most important question is whether Plaintiffs were economically dependent upon Defendants or were they independent contractors in business for themselves. The question of employee or independent contractor status is not governed by the "label" put on the relationship by the parties, nor is it relevant whether the parties intended to create an employment relationship. Whether an

individual is an independent contractor or employee requires the Court to look past "the 'label' put on the relationship by the parties" and "look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence."

_____

*Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311-12 (11th Cir. 2013).

## **4.25**

## **Miscellaneous Issues – Joint Employers**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors. Others are clearly employees. But it may not always be clear who is an employer of the employee. Sometimes an employee may have more than one employer at the same time.

So, in this case, you must decide: Was Cruz Valdivieso Figuera All VIP Care, Inc.'s employee as well as an employee of Liz Velazquez McKinnon? You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider all the following factors to the extent you decide that each applies to this case:

(a) the nature and degree of control over the employee and who exercises that control;

(b) the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;

(c) who exercises the power to determine the employee's pay rate or method of payment;

(d) who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;

(e) who is responsible for preparing the payroll and paying wages;

(f) who made the investment in the equipment and facilities the employee uses;

(g) who has the opportunity for profit and loss;

(h) the employment's permanence and exclusiveness;

(i) the degree of skill the job requires;

(j) the ownership of the property or facilities where the employee works; and

(k) the performance of a specialty job within the production line integral to the business.

Consideration of all the circumstances surrounding the work relationship is essential. No single factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

### 3.8.2

### Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that

you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9**

**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information

should remain in the jury room and not be shared with anyone, including me, in your

note or question.

## **WORK TIME**
### (Proposed by Plaintiff)

If the jury is to find that the Plaintiff was an employee and not an independent contractor, then "Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business. Permitting an employee to engage in an activity is considered "work" under the FLSA. Only time spent primarily benefiting the employer is compensable, that is, counts towards determining how many hours Plaintiff worked in a given week for determining whether Plaintiff is owed any wages. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case.

_____

29 U.S.C. §203(e)(1); *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944); *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1344 (11th Cir. 2007); *Avery v. City of Talladega, Ala.*, 24 F.2d 1337, 1345 (11th Cit. 1994); *Armour & Co. v. Wantock*, 323 U.S. 126 (1944); and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

## **EMPLOYEE PERMITTED TO WORK**
### (Proposed by Plaintiff)

If the jury is to find that the Plaintiff was <u>an employee and</u> not an independent contractor, then Permitting an employee to engage in an activity is considered "work" under the FLSA.

———————————

29 U.S.C. 203 (e)(1)

## SUFFERED OR PERMITTED TO WORK
### (PROPOSED BY PLAINTIFF)

Work not requested but suffered or permitted is work time. If Defendants knew or had reason to believe that Plaintiff was continuing to work, including work performed away from the premises or the job site, then the time is work time and it is compensable.

"For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time."

"[Defendants are] said to have constructive knowledge of [their] employee's overtime work when [they have] reason to believe that their employee[s] [are] working beyond his shift. 29 C.F.R. § 785.11. [Defendants'] knowledge "is measured in accordance with his 'duty ... to inquire into the conditions prevailing in his business.'" "If [Defendants] had an opportunity to acquire knowledge of an employee's work by using reasonable diligence, then [Defendants] can be charged with constructive knowledge."

"It is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against

such work is not enough. Management has the power to enforce the rule and must make every effort to do so."

"It is not relevant that the employer did not ask the employee to do the work. The reason that the employee performed the work is also not relevant. '[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted.' *Reich v. Dep't of Conservation and Nat. Res.,* 28 F.3d 1076, 1082 (11th Cir.1994) (citing 29 C.F.R. § 785.11).

In order to prevail on his claim in this case, Plaintiff must prove that he was suffered or permitted to work without compensation. 29 U.S.C. § 201 *et seq*. Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [Defendants] knew or should have known of the overtime work. *See Reich,* 28 F.3d at 1081–82; *see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time.")."

――――――――

29 C.F.R. §§785.11; 785.12, 785.13; *Allen v. Bd. of Pub. Educ. for Bibb County,* 495 F.3d 1306, 1314 (11th Cir. 2007); *Reich v. Dep't of Conservation and Nat. Res.,* 28 F.3d 1076, 1082 (11th Cir.1994)

## <u>RIGHT TO OVERTIME PAY NON-WAIVABLE</u>
## <u>(PROPOSED BY PLAINTIFF)</u>

If the jury is to find that the Plaintiff was <u>an employee and</u> not an independent contractor, then <u>the</u> rights and requirements of the FLSA are mandatory and cannot be waived, negotiated, or bargained away between employers and employees. The rights and requirements of the FLSA cannot be abridged or otherwise waived or modified by contract or otherwise and can only be compromised by an employee when supervised for fairness by either the United States Department of Labor or a Court. Put another way, an employee cannot contract away her rights to minimum wage or overtime under the FLSA.

_____

*Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Barrentine v. Arkansas-Best Freight Sys.,* Inc., 450 U.S. 728 (U.S. 1981); *Baker et.al. v. Barnard Construction Co. et.al.,* 146 F.3d 1214 (10th Cir. 1998)

## **<u>EMPLOYEE DEFINED</u>**
## **<u>(PROPOSED BY PLAINTIFF)</u>**

If the jury is to find that the Plaintiff was an employee and not an independent contractor, then An "employee" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee" and "any individual employed by an employer."

_____
29 U.S.C. §§203(d), 203(e)(1).

## <u>LABELS ARE MEANINGLESS</u>
### (PROPOSED BY PLAINTIFF)

Labeling someone an "independent contractor" does not control. The labels that parties use for their relationship do not govern, since the focus "is on whether the work done, in essence, follows the usual path of an employee."  *Yet such labels and inclusions in an agreement are clearly persuasive as to the intent of the parties entering into the agreement.  World-Class Talent Experience, Inc. v. Giordano*, 293 So.3d 547 (Fla. 4th DCA 2020)

_____

*Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013)

## <u>INDUSTRY CUSTOM MUST BE IGNORED</u>
### (PROPOSED BY PLAINTIFF)

"The Fair Labor Standards Act was not designed to codify or perpetuate [industry] customs and contracts.... Any custom or contract falling short of that basic policy, [that violates the FLSA] like an agreement to pay less than the minimum wage requirements [or to not pay overtime wages], cannot be utilized to deprive employees of their statutory rights."

*All Nurse Registries in the State of Florida must engage Home Health Aides, like the Plaintiff as independent contractors.   This is not a trend or industry standard, it is the law of the State of Florida.*   Fla. Stat. §400.506; 400.462 (29).

―――――――――

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 741 (1981); *see also Wajcman v. Inv. Corp. of Palm Beach*, 2009 WL 465071, at *3 (S.D. Fla. Feb. 23, 2009)

## **<u>REPORTING TIME</u>**
## **(PROPOSED BY PLAINTIFF)**

If the jury is to find that the Plaintiff was <u>an employee and</u> not an independent

contractor, then "If an employer knew or had reason to know that its employee

underreported [her] hours, it cannot escape FLSA liability [] based on that

underreporting."

_____

*Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015)

## <u>TRAVEL TIME IS COMPENSABLE</u>
### (PROPOSED BY PLAINTIFF)

If the jury is to find that the Plaintiff was <u>an employee and</u> not an independent

contractor, then <u>"Time spent by an employee in travel as part of [her] principal</u>

<u>activity, such as travel from job site to job site during the workday, must be counted</u>

<u>as hours worked."</u>

*Travel time between assignments of an independent contractor are not*

*compensable.*

_____

29 C.F.R. § 785.38

## **BREACH OF CONTRACT**
### **(Proposed by Plaintiff)**

Cruz Valdivieso Figuera claims that she and All VIP Care, Inc. entered into a contract in which she would receive $13 for each hour worked.

Cruz Valdivieso Figuera claims that All VIP Care, Inc. breached this contract by failing to pay her all the hours she worked between May 2022 and July 22, 2022, and that the breach resulted in damages to her.

———————

Florida Standard Jury Ins. 416-1.

## BREACH OF CONTRACT
### (Proposed by Defendant)

All VIP Care, Inc., claims that Ms. Valdivieso Figuera materially breached her Independent Contractor Agreement with All VIP Care, Inc by (i) Ms. Valdivieso Figuera soliciting clients of All VIP Care, Inc to end their relationship with All VIP Care, Inc and to follow Ms. Valdivieso Figuera to the her new relationship with another agency *nurse registry*; (ii) Ms. Valdivieso Figuera during the contractually detailed restrictive period directly or indirectly contacted clients of All VIP Care, Inc for purposes of being employed by, participate in, consult with, perform services for, or otherwise be connected with any business the same as or similar to the business conducted by All VIP Care, Inc; (iii) further the Plaintiff accepted assignments from a client of All VIP Care, Inc s during the one (1) year post termination date of the relationship between the Parties*, all of which are material breaches of the independent contractor agreement.*

## BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS
### (Proposed by Plaintiff)

To recover damages from (defendant) for breach of contract, (claimant) must prove all of the following:

1.      Cruz Valdivieso Figuera and All VIP Care, Inc. entered into a contract;

2.      Cruz Valdivieso Figuera did all, or substantially all, of the essential things which the contract required them to do or that they were excused from doing those things;

3.      All conditions required by the contract for All VIP Care, Inc.'s performance had occurred;

4.      All VIP Care, Inc. failed to do something essential which the contract required it] to do; and

*Note: If the allegation is that the defendant breached the contract by doing something that the contract prohibited, use the second option.*

5.      Cruz Valdivieso Figuera was damaged by that failure.

———————

Florida Standard Jury Instruction 416.4

## **ORAL OR WRITTEN CONTRACT TERMS**
### **(Proposed by Plaintiff)**

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

_____

Florida Standard Jury Instruction 416.5

## <u>INTERPRETATION — REASONABLE TIME</u>

### (Proposed by Plaintiff)

If a contract does not state a specific time within which a party is to perform a requirement of the contract, then the party must perform the requirement within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter and purpose of the contract and the expressed intent of the parties at the time they entered into the contract.

———————————

Florida Standard Jury Instruction 416.19

## PRIOR MATERIAL BREACH
### (Proposed by Plaintiff)

A party who breaches a contract cannot subsequently enforce that contract.

Therefore, "[w]hen a contract is breached by one of the parties, the other party is

released from any obligation [under] the contract."

———————

*Ryder Truck Rental, Inc. v. Logistics Res. Sols., Inc.*, 2022 WL 2348642, at *23 (S.D. Fla. May 26, 2022), *appeal dismissed,* 2022 WL 4372749 (11th Cir. July 26, 2022); *Managed Care Sols., Inc. v. Cmty. Health Sys., Inc.*, 2012 WL 12861133, at *1 (S.D. Fla. May 14, 2012), *report and recommendation adopted,* 2012 WL 12861134 (S.D. Fla. June 4, 2012); *Benemerito & Flores, M.D.s, P.A. v. Roche*, 751 So. 2d 91 (Fla. 4th DCA 1999); and *Cordis Corp. v. Prooslin*, 482 So. 2d 486 (Fla. 3d DCA 1986) .

## BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS
### (Proposed by All VIP Care)

To recover damages from Cruz Valdivieso Figuera for breach of contract, All VIP Care, Inc. must prove all of the following:

1.      Cruz Valdivieso Figuera and All VIP Care, Inc. entered into a contract;

2.      All VIP Care, Inc did all, or substantially all, of the essential things which the contract required them to do or that they were excused from doing those things;

3.      All conditions required by the contract for All VIP Care, Inc.'s performance had occurred;

4.      The Plaintiff breached the contract by doing something that the contract prohibited her from doing; and

5.      All VIP Care, Inc was damaged by the Plaintiff doing what she was prohibited from doing.

———————

Florida Standard Jury Instruction 416.4

## TORTIOUS INTERFERENCE
## (PROPOSED BY PLAINTIFF)

Interference with a business relationship is a cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the interference with a business relationship, the damage would not have occurred.

To be liable for interfering with the business relationship between ALL VIP Care Inc. and their client(s) Angela Melendez, Cesar Izique, and Yolanda Izique, Ms. Valdivieso Figuera must have acted intentionally to interfere with the business relationship. A person interferes with a business relationship between two other persons if she induces or otherwise causes one of them to terminate the relationship. Therefore, Ms. Valdivieso Figuera must have known of the existence of the business relationship, and she must have either intended to cause the breach of the relationship or acted knowing her actions were likely to cause that result.

Ms. Valdivieso Figuera must have also acted unjustifiably. All VIP Care Inc. must prove that Ms. Valdivieso Figuera acted unjustifiably because [committed other improper acts].

A person who interferes with another's business relations using ordinary business methods of competition does not interfere improperly. But one who uses [(identify other improper conduct)] has no privilege to use those methods, and interference using such methods is improper.

If the greater weight of the evidence does not support All VIP Care Inc.'s claim, then your verdict should be for Ms. Valdivieso Figuera.

If you find for Ms. Valdivieso Figuera, you will not consider the matter of damages. But, if you find for All VIP Care Inc., you should award All VIP Care Inc.an amount of money that the greater weight of the evidence shows will fairly and adequately compensate it for the damage that was caused by the intentional interference.

———————————

Florida Standard Jury Instruction  408.4.a, 408.6

**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP –
ESSENTIAL FACTUAL ELEMENTS
(Proposed by All VIP Care)**

*All VIP Care, claims that Cruz Valdivieso Figuera intentionally and unjustifiably interfered with All VIP Care's business relationship with their clients Angela Melendez, Cesar Izique, and Yolanda Izique which caused harm to them.  Florida Standard Jury Instruction 408.2*

*Interference with a business relationship is a cause of loss and/or damages if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that, but for the interference with a business relationship, the loss or damage would not have occurred. Florida Standard Jury Instruction 408.4(A)*

*The issues for you to decide on All VIP Care's claim against Cruz Valdivieso Figuera are whether Cruz Valdivieso Figuera intentionally and unjustifiably interfered with business relations between All VIP Care and their clients Angela Melendez, Cesar Izique, and Yolanda Izique; and if so, whether such interference was the legal cause of damages to All VIP Care.*

*To be liable for interfering with the business relationship between All VIP and their Clients Angela Melendez, Cesar Izique, and Yolanda Izique, Cruz Valdivieso Figuera must have acted intentionally to interfere with the business relationship between All VIP care and their clients.*

*A person interferes with a business relationship between two or more other persons if Cruz Valdivieso Figuera induces or otherwise causes one of them to terminate the relationship between All VIP Care and their Angela Melendez, Cesar Izique, and Yolanda Izique.  Therefore, Cruz Valdivieso Figuera must have known of the existence of the business relationship between All VIP Care and their clients Angela Melendez, Cesar Izique, and Yolanda Izique and she must have either intended to cause the breach of the relationship or acted knowing that her actions were likely to cause that result.*

*All VIP Care does not have to prove that they had an enforceable contract with their clients, if they can prove that the clients Angela Melendez, Cesar Izique, and Yolanda Izique would have not ended their relationship with All VIP Care if Cruz Valdivieso Figuera had not improperly interfered.*

*Cruz Valdivieso Figuera must have also acted unjustifiably. All VIP Care must prove that Cruz Valdivieso Figuera acted unjustifiably because Cruz Valdivieso Figuera breach her contractual obligations with the All VIP Care and/or committed other improper acts against All VIP Care.*

*If the greater weight of the evidence does not support All VIP Care's claim, then your verdict should be for Cruz Valdivieso Figuera.  However, if the greater weight of the evidence supports All VIP Care's claim, then your verdict should be for All VIP Care and against Cruz Valdivieso Figuera.  Florida Standard Jury Instruction 408.6*

*If you find for Cruz Valdivieso Figuera, you will not consider the matter of damages. But, if you find for All VIP Care, you should award All VIP Care an amount of money that the greater weight of the evidence shows will fairly and adequately compensate All VIP Care for such loss or damage as the greater weight of the evidence shows was caused by the Cruz Valdivieso Figuera interference with the business relationship.  Florida Standard Jury Instruction 408.4(A)*

---

Plaintiff objects to this proposed instruction as a misstatement of the law, confusing, and submits that the language of Fla. Std. Jury Inst. 408.4 and 408.6 control.

## ALL VIP CARE & LIZ VELAZQUEZ MCKINNON'S
## 1ST AFFIRMATIVE DEFENSE
## (Proposed by All VIP Care)

*All VIP Care, set forth their 1st Affirmative Defense as follows:*

*All VIP Care claims that Cruz Valdivieso Figuera does not have standing and fails to state a viable Fair Labor Standards Act ("FLSA") claim for minimum wage or overtime because Cruz Valdivieso Figuera was an independent contractor in accordance with Florida Law, specifically Fla. Stat. Chap. 400, et al.  Cruz Valdivieso Figuera acknowledged her independent contractor status in her written agreement and on-boarding documents with All VIP Care.  As such, Cruz Valdivieso Figuera cannot set forth claims under the FLSA.*

*The FLSA does not cover or is applied to Independent Contractors. Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013) (The protections of the FLSA extend only to "employees."). The Plaintiff is not and cannot be an employee of the Defendants, Fla. Stat. §400.506(6)(d). – as such Cruz Valdivieso Figuera is an Independent Contractor.  Supra fn. 3.*

*Florida Administrative Code (F.A.C.) 59A-18.002(7) defines an "Independent Contractor" as "a person who contracts through a referral from a Nurse Registry [i.e All VIP Care].  The independent contractor maintains control over the method and means of delivering the services provided, and is responsible for the*

*performance of such services. An Independent Contractor is not an employee of the nurse registry." Id.*

*Accordingly, Cruz Valdivieso Figuera is not entitled to minimum wage or overtime compensation under the FLSA. There are two (2) primary arguments that clearly support that Cruz Valdivieso Figuera is an Independent Contractor and not an employee of the Defendants.*

*First, Florida law clearly mandates that Cruz Valdivieso Figuera is an Independent Contractor based on who she is, the services that she provides, and her relationship with All VIP Care and All VIP Cares clients.  All VIP Care would clearly be violating Florida law if the Cruz Valdivieso Figuera was treated as anything other than an Independent Contractor.*

*Under Fla. Stat. §400.462(21) a "Nurse Registry" is defined as, "any person that procures, offers, promises, or attempts to secure health-care-related contracts for registered nurses, licensed practical nurses, certified nursing assistants, home health aides, companions, or homemakers, who are compensated by fees as Independent Contractors, including, but not limited to, contracts for the provision of services to patients and contracts to provide private duty or staffing services to health care facilities licensed under chapter 395, this chapter, or chapter 429 or other business entities." Id.*

*As a Nurse Registry, All VIP Care is clearly and expressly forbidden by Fla. Stat. §400.506(6)(d) from having their Caregivers, which includes Home Health Aides ("HHA") like Cruz Valdivieso Figuera as employees .As such, the FLSA Claims against the All VIP Care fail as Cruz Valdivieso Figuera is not an employee of the All VIP Care but is an independent contractor.*

—————————

Plaintiff objects to this instruction since it is a misstatement of the law, a denial, and not an affirmative defense. Furthermore, it ignores the supremacy clause of the United States by relying on Florida law on nurse registries to supplant federal law. When state and federal laws conflict, "federal law trumps state law; that was always clear." *Florida State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). The FLSA is a federal law. 29 U.S.C. §201, *et. seq.* Therefore, "in determining who are 'employees' under the Act, common law employee categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947). Consequently, "legal designations in other statutes do not affect the determination of a worker's status under the FLSA. Thus, a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." *Solis v. A+ Nursetemps, Inc.*, 2013 WL 1395863, (M.D. Fla. Apr. 5, 2013); *accord Scalia v. Horizon Care Services, Inc.*, 2021 WL 8919284, at *6 (S.D. Fla. Jan. 14, 2021). *By Defendants: This affirmative defenses presented is neither a denial nor is it a misstatement of law, it clearly explains that actions of the Defendants in the administration and operation of All VIP Care, which must be in conformity with controlling State law. If the defendant would operate their business and were to treat their Home Health Aides as anything other than independent contractors, they would be in violation of a state-wide industry, which would subject to the Defendants to sanctions and would bring this entire state-wide industry to an immediate halt, which prevents the elderly and infirmed from receiving the care they desperately need.*

## ALL VIP CARE & LIZ VELAZQUEZ MCKINNON'S
## 2ND AFFIRMATIVE DEFENSE
## (Proposed by All VIP Care)

*All VIP Care, set forth their 2d Affirmative Defense as follows:*

*When the "Economic Realities Test," which has been adopted by the 11th Circuit in Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013) for analysis of whether Cruz Valdivieso Figuera is an employee or Independent Contractor under the FLSA is applied to the facts of this case, this Court will find that Cruz Valdivieso Figuera is an Independent Contractor and not an employee.*

*The protections of the FLSA extend only to "employees." Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013). An "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" is "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203 (d) The FLSA does not cover "Independent Contractors." Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013). Cruz Valdivieso Figuera is not an employee of All VIP Care of Liz McKinnon.*

*To determine whether a person is an employee or independent contractor for purposes of the FLSA, courts in the 11th Circuit look to the "Economic Realities" of the relationship between the alleged employee and employer and whether that relationship demonstrates dependence. Id.*

*The Economic Realities inquiry is not governed by the "label" put on the relationship by the parties or the contract that controls their relationship. Id. Merely putting an "independent contractor" label on the alleged employee does not take him from the protections of the FLSA. Id. However, the written agreement between the parties is clearly probative of the parties' intent of their relationship and is a relevant factor for consideration by the court. See Daughtrey, v. Honeywell, Inc., 3 F.3d 1488, 1492, (11th Cir.1993) (finding the parties' intent probative, but not decisive). Ashkenazi v. S. Broward Hosp. Dist. No. 13-15061 (11th Cir. April 23, 2015)(D.C. Docket No. 0:11-cv-61403-JIC.)  Here, there is no label being attached to the Plaintiff, the Plaintiff's status as an independent contractor is a statutory mandate from the State of Florida that the relationship between the Plaintiff and the Defendants is that of an independent contractor and not an employee.*

*When the facts of this case are applied to the factors and that guide the Economic Realities Test, the fact that Cruz Valdivieso Figuera is an independent contractor are clearly and unequivocally reinforced.  The elements for the Economic Realities Test as set forth in Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013), are: "(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for*

his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; [and] (6) the extent to which the service rendered is an integral part of the alleged employer's business." Id. at 1311-12. While these factors are important, the overarching focus of the inquiry is economic dependence, or in other words, whether the individual is "in business for himself" or is "dependent upon finding employment in the business of others." Id. at 1312; Freund v. Hi-Tech Satellite, Inc., 185 Fed. Appx. 782, 782 (11th Cir. 2006). These factors are used because they are "indicators of economic dependence . . . . [T]he weight of each factor depends on the light it sheds on the [alleged employee's] dependence (or lack thereof) on the alleged employer, which in turn depends on the facts of the case." Antenor v. D&S Farms, 88 F.3d 925, 931-32 (citing Aimable, 20 F.3d at 439-40), as cited in Batten v. Barfield, Case No: 5:18-cv-483-OC-PRL, Middle District of Florida, (Nov. 26, 2019).

　　As such, the FLSA Claims against All VIP Care fail as Cruz Valdivieso Figuera is not an employee of the Defendants but is an independent contractor.

──────────

Plaintiff objects to this instruction as a misstatement of the law, confusing, and not an affirmative defense. Plus, it deviates from the 11th Circuit Pattern Jury Inst. 4.14 and from *Scantland v. Jeffry Knight, Inc*., 721 F.3d 1308, 1311 (11th Cir. 2013.). *By Defendants: This affirmative defenses presented is neither a denial nor is it a misstatement of law, it clearly explains the Economic Realities test as it relates the facts at issue in this case.*

**<u>ALL VIP CARE</u> & <u>LIZ VELAZQUEZ MCKINNON'S</u>**
**3<u><sup>RD</sup> AFFIRMATIVE DEFENSE</u>**
**<u>(Proposed by All VIP Care)</u>**

*All VIP Care, set forth their 3rd Affirmative Defense as follows:*

*All VIP Care claims that any alleged breach of contract by All VIP Care was subsequent to the material breach of contract by Cruz Valdivieso Figuera who materially breached her Independent Contractor Agreement with the All VIP Care by soliciting and absconding All VIP clients from Defendant VIP, engaging in an outside business and personal relationships with All VIP Care clients and other Nurse Registries which are in violation of the Plaintiff's contractual relationship with the All VIP Care.*

_____

Plaintiff objects to this instruction as a misstatement of the law and by misstating the contract requirements. *By Defendants: This affirmative defenses presented is not a misstatement of law, it clearly explains that actions of the Defendants and the Plaintiff in the which are in direct conflict with the terms of the independent contractor agreement entered into by the parties.*

### THE FLSA DOES NOT COVER OR IS APPLIED TO INDEPENDENT CONTRACTORS.
### (Proposed by All VIP Care)

*The protections of the FLSA extend only to "employees" and not independent contractors. Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013)*

──────────

Plaintiff objects to this instruction as a misstatement of the law, confusing, and not an affirmative defense. Plus, it deviates from the 11th Circuit Pattern Jury Inst. 4.14 and from *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013.) *By Defendants: This reference is a direct quote from the cited authority which both parties agree, may be a determining fact in this case.*

## *HOME HEALTH AIDE IS DEFINED AS.*
## *(Proposed by All VIP Care)*

*"Home Health Aide" means a person who is trained or qualified, as provided by rule, and who provides hands-on personal care, performs simple procedures as an extension of therapy or nursing services, assists in ambulation or exercises, or assists in administering medications as permitted in rule and for which the person has received training established by the agency under Fla. Stat. §400.497(1).*

_____

Plaintiff objects to this instruction since it is a misstatement of the law and ignores the supremacy clause of the United States by relying on Florida law on nurse registries to supplant federal law. When state and federal laws conflict, "federal law trumps state law; that was always clear." *Florida State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). The FLSA is a federal law. 29 U.S.C. §201, *et. seq.* Therefore, "in determining who are 'employees' under the Act, common law employee categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947). Consequently, "legal designations in other statutes do not affect the determination of a worker's status under the FLSA. Thus, a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." *Solis v. A+ Nursetemps, Inc*., 2013 WL 1395863, (M.D. Fla. Apr. 5, 2013); *accord Scalia v. Horizon Care Services, Inc*., 2021 WL 8919284, at *6 (S.D. Fla. Jan. 14, 2021). Home Health Aides are commonly misclassified. *See also Hughes v. Family Life Care, Inc.*, 117 F. Supp. 3d 1365, 1373 (N.D. Fla. 2015). Thus, the statutory definition under Florida law does not assist the analysis. *By Defendants: This reference is a direct quote from the cited authority which is at bar in this case as the Defendants relied on this statute, as they are required to in the operation of All VIP Care.*

### *NURSE REGISTRY IS DEFINED AS*.
### (Proposed by All VIP Care)

*Under Fla. Stat. §400.462(21) a "Nurse Registry" is defined as, "any person that procures, offers, promises, or attempts to secure health-care-related contracts for registered nurses, licensed practical nurses, certified nursing assistants, home health aides, companions, or homemakers, who are compensated by fees as Independent Contractors, including, but not limited to, contracts for the provision of services to patients and contracts to provide private duty or staffing services to health care facilities licensed under chapter 395, this chapter, or chapter 429 or other business entities." Id.*

———————

Plaintiff objects to this instruction since it is a misstatement of the law and ignores the supremacy clause of the United States by relying on Florida law on nurse registries to supplant federal law. When state and federal laws conflict, "federal law trumps state law; that was always clear." *Florida State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). The FLSA is a federal law. 29 U.S.C. §201, *et. seq.* Therefore, "in determining who are 'employees' under the Act, common law employee categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947). Consequently, "legal designations in other statutes do not affect the determination of a worker's status under the FLSA. Thus, a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." *Solis v. A+ Nursetemps, Inc*., 2013 WL 1395863, (M.D. Fla. Apr. 5, 2013); *accord Scalia v. Horizon Care Services, Inc*., 2021 WL 8919284, at \*6 (S.D. Fla. Jan. 14, 2021). Home Health Aides are commonly misclassified. *See also Hughes v. Family Life Care, Inc.*, 117 F. Supp. 3d 1365, 1373 (N.D. Fla. 2015). Thus, the statutory definition under Florida law does not assist the analysis. *By Defendants: This reference is a direct quote from the cited*

*authority which is at bar in this case as the Defendants relied on this statute, as they are required to in the operation of All VIP Care.*

## INDEPENDENT CONTRACTOR IS *DEFINED AS*.
## (Proposed by All VIP Care)

*F.A.C. 59A-18.002(7) defines an "Independent Contractor" as "a person who contracts through a referral from a Nurse Registry. The independent contractor maintains control over the method and means of delivering the services provided, and is responsible for the performance of such services.  An Independent Contractor is not an employee of the nurse registry."*

————————

Plaintiff objects to this instruction since it is a misstatement of the law and ignores the supremacy clause of the United States by relying on Florida law on nurse registries to supplant federal law. When state and federal laws conflict, "federal law trumps state law; that was always clear." *Florida State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). The FLSA is a federal law. 29 U.S.C. §201, *et. seq.* Therefore, "in determining who are 'employees' under the Act, common law employee categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947). Consequently, "legal designations in other statutes do not affect the determination of a worker's status under the FLSA. Thus, a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." *Solis v. A+ Nursetemps, Inc.*, 2013 WL 1395863, (M.D. Fla. Apr. 5, 2013); *accord Scalia v. Horizon Care Services, Inc.*, 2021 WL 8919284, at *6 (S.D. Fla. Jan. 14, 2021). Home Health Aides are commonly misclassified. *See also Hughes v. Family Life Care, Inc.*, 117 F. Supp. 3d 1365, 1373 (N.D. Fla. 2015). Thus, the statutory definition under the Florida Administrative Code does not assist the analysis. *By Defendants: This reference is a direct quote from the cited authority which is at bar in this case as the Defendants relied on this statute, as they are required to in the operation of All VIP Care.*

## NURSE REGISTRY RELATIONSHIP REQUIRES THAT HOME HEALTH AIDE BE AN INDEPENDENT CONTRACTOR
### (Proposed by All VIP Care)

*Fla. Stat. §400.506(1)(d) notes that, "A registered nurse, licensed practical nurse, certified nursing assistant, companion or homemaker, or home health aide referred for contract under this chapter by a nurse registry is deemed an independent contractor and not an employee of the nurse registry under any chapter regardless of the obligations imposed on a nurse registry under this chapter or chapter 408."*

———————

Plaintiff objects to this instruction since it is a misstatement of the law and ignores the supremacy clause of the United States by relying on Florida law on nurse registries to supplant federal law. When state and federal laws conflict, "federal law trumps state law; that was always clear." *Florida State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). The FLSA is a federal law. 29 U.S.C. §201, *et. seq.* Therefore, "in determining who are 'employees' under the Act, common law employee categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947). Consequently, "legal designations in other statutes do not affect the determination of a worker's status under the FLSA. Thus, a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." *Solis v. A+ Nursetemps, Inc*., 2013 WL 1395863, (M.D. Fla. Apr. 5, 2013); *accord Scalia v. Horizon Care Services, Inc*., 2021 WL 8919284, at *6 (S.D. Fla. Jan. 14, 2021). Home Health Aides are commonly misclassified. *See also Hughes v. Family Life Care, Inc.*, 117 F. Supp. 3d 1365, 1373 (N.D. Fla. 2015). Thus, the statutory definition under Florida law does not assist the analysis. *By Defendants: This reference is a direct quote from the cited authority which is at bar in this case as the Defendants relied on this statute, as they are required to in the operation of All VIP Care.*

## NURSE REGISTRY CANNOT SUPERVISE OR MANAGE A HOME HEALTH AIDE
### (Proposed by All VIP Care)

*Fla. Stat. §400.506 (19)   A nurse registry may not monitor, supervise, manage, or train a registered nurse, licensed practical nurse, certified nursing assistant, companion or homemaker, or home health aide referred for contract under this chapter. In the event of a violation of this chapter or a violation of any other law of this state by a referred registered nurse, licensed practical nurse, certified nursing assistant, companion or homemaker, or home health aide, or a deficiency in credentials which comes to the attention of the nurse registry, the nurse registry shall advise the patient to terminate the referred person's contract, providing the reason for the suggested termination; cease referring the person to other patients or facilities; and, if practice violations are involved, notify the licensing board. This section does not affect or negate any other obligations imposed on a nurse registry under chapter 408.*

———————

Plaintiff objects to this instruction since it is a misstatement of the law and ignores the supremacy clause of the United States by relying on Florida law on nurse registries to supplant federal law. When state and federal laws conflict, "federal law trumps state law; that was always clear." *Florida State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). The FLSA is a federal law. 29 U.S.C. §201, *et. seq.* Therefore, "in determining who are 'employees' under the Act, common law employee categories or employer-employee classifications under other statutes are not of controlling significance." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947). Consequently, "legal

designations in other statutes do not affect the determination of a worker's status under the FLSA. Thus, a worker may be an independent contractor under other laws or for purposes of contractual relationships, yet still meet the definition of an employee under the FLSA." *Solis v. A+ Nursetemps, Inc*., 2013 WL 1395863, (M.D. Fla. Apr. 5, 2013); *accord Scalia v. Horizon Care Services, Inc*., 2021 WL 8919284, at *6 (S.D. Fla. Jan. 14, 2021). Home Health Aides are commonly misclassified. *See also Hughes v. Family Life Care, Inc.*, 117 F. Supp. 3d 1365, 1373 (N.D. Fla. 2015). Thus, the statutory definition under Florida law does not assist the analysis. *By Defendants: This reference is a direct quote from the cited authority which is at bar in this case as the Defendants relied on this statute, as they are required to in the operation of All VIP Care.*