UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

# REPLY SUPPORTING PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE

As further support for the Plaintiff's Motion in Limine filed at ECF No. 91, Ms. Valdivieso Figuera would state as follows to the Court:

***(4) No Evidence, Argument, Or Inferences At Trial That Plaintiff Worked As An Employee Or Independent Contractor In Her Prior And/Or Subsequent Employment.***

None of the factors involved in deciding whether Plaintiff was an employee misclassified by the Defendants relate to her state of mind or how an unrelated employer classified her. The Eleventh Circuit Pattern Jury Instruction 4.14 identifies six (6) factors for the jury to consider in deciding whether Plaintiff was an employee. The Eleventh Circuit Court of Appeals in *Scantland v. Knight*, 721 F.3d 1308, 1312 (11th Cir. 2013) also mentions six (6) factors to consider in determining whether Plaintiff was an employee. None of these factors would be decided by looking to whether any other employer (mis)classified the Plaintiff in her work. Evidence of how others classified the Plaintiff before or after her employment with the Defendants is the type of "industry custom" evidence that the FLSA was designed to eliminate. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450

U.S. 728, 741 (1981) ("The Fair Labor Standards Act was not designed to codify or perpetuate [industry] customs and contracts.") (*quoting Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602–603, (1944).) Put another way, "Thus, the Supreme Court has held that if an industry's custom violates the FLSA, it is irrelevant that the practice is prevalent." *Wajcman v. Inv. Corp. of Palm Beach*, 2009 WL 465071, at *3 (S.D. Fla. Feb. 23, 2009) (*citing Berrentine*, 450 U.S. at 741.)

Whether Plaintiff was classified as an independent contractor or employee in her prior work would not tend to prove or disprove any of the factors the Eleventh Circuit Court of Appeal directs are to be considered in determining that she was an employee while working for the Defendants.

### *(5) No Evidence, Argument, Or Inferences At Trial About Whether Plaintiff Thought She Was An Independent Contractor.*

The law in this Circuit has long been that "Neither contractual recitations nor subjective intent can mandate the outcome in these cases. Broader economic realities are determinative." *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1315 (5th Cir. 1976) [*fn. omitted*.] The "economic realities" test now focuses on six factors. *Scantland*, 721 F.3d at 1312. What the parties intended, however, is not relevant. *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470–71 (11th Cir. 1982) ("That the appellants may not have had **the intention** to create an employment relationship **is irrelevant**; "it is sufficient that one person 'suffer or permit (another) to work.' ") (*quoting Brennan v. Partida*, 492 F.2d 707, 709 (5th Cir. 1974)) [*Emphasis added*]. Since the Court properly excludes irrelevant evidence that does not tend to prove or disprove a fact at issue, and since it properly excludes evidence that is more prejducial than probative, this evidence is properly excluded.

### *(6) Whether Home Health Aides or CNAs Are Taught The Definition Of Independent Contractor In School.*

Plaintiff will not add to her previously raised arguments.

---

***(7) No Reference to Any Debts Purportedly Owed By Plaintiff***

Defendants agreed to this; therefore, no additional arguments are necessary.

***(8) No Reference To Defendants Considering Themselves a "Nurse Registry" Under Florida Law.***

Defendants correctly acknowledge that Plaintiff seeks an Order in Limine that would effectively gut one of its main defenses in this case – their reliance on a license issued by the State of Florida as a Nurse Registry. Defendants misguided belief that they could avoid complying with the FLSA by relying on a certification provided by the State of Florida is misguided and contrary to controlling law. Under any circumstances, the FLSA supersedes state law. *Johnson v. 5147 Dogwood Charitable Group, Inc.*, 2021 WL 4144768, at *5 (N.D. Fla. Sept. 7, 2021) (discussing conflict between state gambling laws and finding that "the FLSA would supersede them.")

The State of Florida does not "require" all nurse registries to classify all of their CNAs or HHAs as independent contractors and instead advises nurse registries that they must nonetheless comply with the FLSA when it comes to properly classifying employees by including on its website a link to the FLSA's application to those who work in domestic service:

### Notices/Updates

For questions about the U.S. Department of Labor's Home Care Final Rule, contact the U.S. Department of Labor, Wage and Hour Division's toll-free help line at 1-866-4USWAGE (1-866-487-9243).

- Click here for information on the Final Rule: Application of the Fair Labor Standards Act to Domestic Service

(*See* https://ahca.myflorida.com/health-care-policy-and-oversight/bureau-of-health-facility-regulation/laboratory-and-in-home-services/nurse-registries.) By following the link and then

selecting the link "For Agencies and Other Employers," Defendants would then be directed to the Department of Labor's website advising of the January 1, 2015 rule change:

> **Effective January 1, 2015,** direct care workers employed by agencies and other third-party employers are entitled to receive at least the federal minimum wage and overtime pay.
>
> Direct care workers are workers who provide home care services, such as certified nursing assistants, home health aides, personal care aides, caregivers, and companions.
>
> Information in this section will help you determine how to comply with the federal minimum wage and overtime law.

(*See* https://www.dol.gov/agencies/whd/direct-care/agencies.) Plus, the Field Assistance Bulletin No. 2018-4 expressly distinguishes between nurse registries who are and are not employers. (*See* https://www.dol.gov/agencies/whd/field-assistance-bulletins/2018-4.) The exclusion of any reference to "Nurse Registry" or "Registry" would avoid misleading and confusing the jury about irrelevant issues that are unduly prejudicial to the Plaintiff and more prejudicial than probative.

### *(9) No Evidence Regarding All VIP Care Inc.'s Gross Earnings, Lost Earnings/Profits, Or Net Profits At Trial.*

Defendants offer bluster to avoid the Court from precluding them from offering any evidence of their supposed gross earnings, lost profits, or net profits at trial. They point to no testimony that Ms. Velazquez McKinnon or Ms. Ramirez offered in their depositions about the damages they claim in their Counterclaims. Defendants identified no documents in their Rule 26 Initial Disclosures they contended were supportive of their damages. [ECF No. 38.] Furthermore, by objecting and refusing to produce the financial documents that would have allowed Plaintiff to analyze and depose Ms. Velazquez McKinnon and/or Ms. Ramirez about the basis for damages claimed in the Rule 26 Initial Disclosures, Defendants have improperly used their objections as both sword and shield. "it is simply not fair to allow a party to wield a privilege as a sword to cut out the heart of an opposing party's case while simultaneously brandishing it as a shield from

disclosure of any Achilles heels." *F.T.C. v. Timeshare Mega Media & Mktg. Group, Inc.*, 2011 WL 6102676, at *7 (S.D. Fla. Dec. 7, 2011).

Defendants' decision to withhold their tax and banking records that were requested in discovery and that would have disclosed their revenues and expenses precludes Plaintiff from the ability to conduct an effective cross-examination of Defendant about the basis for its claimed damages. Without the tax returns or bank statements, which the Defendants consciously refused to disclose, they should now suffer the consequence of exclusion from trial for the evidence they contend to be off-limits.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, requests that the Court enter an Order *in limine* in accordance with her Motion previously filed at ECF No. 91.

Dated this 17th day of October 2023.

                                                     s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*