UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61553-CIV-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

 Plaintiff,
vs.

ALL VIP CARE, INC., &
LIZ VELAZQUEZ McKINNON,

 Defendants.
_____/

## ORDER

  This Cause is before this Court on Section Nine of Plaintiff's Motion in Limine. ECF No. 91. The Honorable William P. Dimitrouleas, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for an appropriate disposition. ECF No. 92. *See also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the referred section of the Motion, Defendants' response, the entire case file, the applicable law, the argument of Counsel at an October 18, 2023, hearing, and being otherwise fully advised in the premises, the undersigned GRANTS the Motion for the reasons outlined below.

  Plaintiff here seeks to exclude evidence regarding Defendant All VIP Care's gross earnings, lost earnings/profits, or net profits, which Plaintiff anticipates Defendant will seek to introduce as evidence regarding damages relating to its counterclaim. Plaintiff argues Defendant objected to discovery requests regarding this evidence, did not produce any responsive documents, and, therefore, should be precluded from introducing any of the requested documents at trial. Plaintiff strategically chose not to

challenge Defendant's objections on counsel's belief that failure to produce the documents would preclude use of the documents.

Plaintiff cites *Falcone Glob. Sols., LLC v. Maurice Ward Networks, Ltd.,* a case out of the Northern District of Georgia, for the notion that a party can move to exclude documents that were requested but never produced. Case No. 1:18-CV-3379-MHC, 2021 WL 9349176 (N.D. Ga. Mar. 25, 2021). *Falcone* states in relevant part:

> Obviously, in the event [Respondent] purports to rely upon documents to support its damage claims that have not been produced to [Movant] in response to previous discovery requests, [Movant] will be able to make an appropriate objection to exclude those documents from being offered into evidence or from being otherwise relied upon by [Respondent].

*Id.* at *1 (citing Fed. R. Civ. P. 37(c)(1)).

Defendant All VIP Care, Inc., responds that Plaintiff's strategic choice not to challenge Defendant's objections should not lead to exclusion of all evidence of damages, noting that doing so would essentially gut Defendant's counterclaims. Additionally, Defendant argues Plaintiff not only had the opportunity to ask questions about the claimed damages during the depositions of Diana Ramirez and codefendant Liz McKinnon but also did ask those questions. At the hearing, Defendant's attorney stated that Defendant has no intention of introducing any documents that were not turned over and indeed plans to only use already agreed-upon exhibits.

Given Defendant's concession, Plaintiff's request will be granted to the extent that Plaintiff seeks to exclude documents not already turned over. Our inquiry does not stop there, though, as Plaintiff also seeks a ruling disallowing any evidence that necessarily relies on these documents, including testimony. At the hearing, Plaintiff expressed particular concern that Defendant would elicit testimony from witnesses who

would rely on the excluded documents as their source of information.  Plaintiff fears their testimony, though likely inadmissible hearsay, may not initially appear to be so on direct examination.

It is true the *Falcone* court found a party may make appropriate objections to testimony relying on documents already excluded at trial.  *Id.*  But as this Court reads *Falcone*, it stands only for the proposition that Plaintiff could raise an objection to exclude documents if and when Defendant were to offer them into evidence.  At least one other court in this district appears to favor this approach.  In *Ramones v. Experian Info. Sols., LLC*, the court denied without prejudice a motion seeking the exclusion of evidence from undisclosed witnesses or documents pursuant to Rules 26(a) and 37(c).  No. 19-62949-CIV-SCOLA, 2021 WL 4050874, at *5 (S.D. Fla. Sept. 4, 2021).  There, the court noted that "[m]otions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial[.]"  *Id.* (quoting *Powers v. Target Corp*. Case No. 19-60922-CIV-BLOOM/VALLE, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020)).

The *Ramones* court determined it would be better to allow the Movant in that case to renew its motion if and when the Respondent attempted to introduce evidence from an undisclosed witness or documents.  Doing so ensured "the parties would have the benefit of a more specific objection in order to determine whether the undisclosed witnesses or documents fell within Rule 26(a)(1)(A) and whether the failure to disclose, if any, was substantially justified or harmless under Rule 37(c)."  *Ramones*, No. 19-62949-CIV-SCOLA, 2021 WL 4050874, at *5.

As this approach comports with the *Falcone* case that Plaintiff wishes this Court to follow, it would appear to be the appropriate path forward.  The undersigned agrees with Plaintiff's general proposition that documents withheld during discovery should be excluded from trial, as well as any evidence, including testimony, that necessarily relies upon said documents.  The undersigned will therefore grant Plaintiff's request insofar as Plaintiff seeks prohibition of testimony or evidence that necessarily relies on inadmissible documents.  However, this should not be interpreted as a blanket prohibition of any evidence regarding damages relating to Defendant's counterclaim.

It is simply impossible to say at this juncture that all such testimony and evidence will necessarily rely on the excluded documents.  The determination as to whether particular testimony necessarily relies on documents is likely one that can only be made in context.  Given the scant information currently available, this Court is not in a position to issue a ruling as to any specific evidence, and the trial court will undoubtedly be in a better position to determine whether particular evidence necessarily relies on withheld documents.  Plaintiff will bear the responsibility of bringing such evidence to the Court's attention at the appropriate time.

Accordingly, it is hereby ORDERED and ADJUDGED:

That Section Nine of Plaintiff's Motion in Limine. ECF No. 91, is GRANTED to the extent that Defendant shall not present any document that was withheld in response to Plaintiff's discovery requests nor any evidence that necessarily relies on said documents.

DONE AND ORDERED at Fort Lauderdale, Florida this 19th day of October 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record and/or pro se parties