UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.2
### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## 3.4
## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1
### Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the party bringing a claim prove every essential part of her or its claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the parting making that claim.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a party's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

## Court's Note-taking Instruction

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## 4.14
## Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.

In this case, Cruz Valdivieso Figuera, claims that All VIP Care, Inc. and Liz Velazquez McKinnon did not pay Cruz Valdivieso Figuera the minimum wages and overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on her claim against All VIP Care, Inc. and Liz Velazquez McKinnon, Cruz Valdivieso Figuera must prove each of the following facts by a preponderance of the evidence:

First: Cruz Valdivieso Figuera was an employee of All VIP Care, Inc. and Liz Velazquez McKinnon; and

Second: All VIP Care, Inc. and Liz Velazquez McKinnon failed to pay Cruz Valdivieso Figuera the minimum wages or overtime pay required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, Cruz Valdivieso Figuera must prove by a preponderance of the evidence that she was an employee of All VIP Care, Inc. and Liz Velazquez McKinnon.

The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.

The FLSA requires employer(s) to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer(s) must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. Plaintiff's regular rate of pay was $13.00 per hour, per the parties' agreement.

To calculate how much overtime pay was owed to Ms. Valdivieso Figuera for a certain week, subtract 40 from the total number of hours she worked and multiply the difference by the overtime rate. All VIP Care, Inc. and Liz Velazquez McKinnon failed to pay Cruz Valdivieso Figuera the required pay if they paid her less than that amount.

The amount of damages is the difference between the amount Cruz Valdivieso Figuera should have been paid and the amount she was actually paid. Cruz Valdivieso Figuera is entitled to recover lost wages from the date of your verdict back to no more than May 3, 2021.

If you find that All VIP Care, Inc. and Liz Velazquez McKinnon failed to keep adequate time and pay records for Cruz Valdivieso Figuera and that Cruz Valdivieso Figuera performed work for which she should have been paid, Cruz Valdivieso Figuera may recover a reasonable estimation of the amount of her damages. But to recover this amount, Cruz Valdivieso Figuera must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

## The FLSA Applies Only to Employees

The protections of the FLSA extend only to "employees" and not independent contractors.

**4.24**
**Miscellaneous Issues – Employee or Independent Contractor**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, you must decide: Was Cruz Valdivieso Figuera an employee of All VIP Care, Inc. and Liz Velazquez McKinnon, or was Cruz Valdivieso Figuera an independent contractor? You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider, based on all the evidence in the case:

(a) Who controls Cruz Valdivieso Figuera's work? In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

(b) How was Cruz Valdivieso Figuera paid? An employer usually pays an employee on a time worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

(c) How much risk or opportunity did Cruz Valdivieso Figuera have? An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

(d) Who provided Cruz Valdivieso Figuera's tools, equipment, and supplies? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job – but an employee usually does not.

(e) How did Cruz Valdivieso Figuera offer services? Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

(f) What is the parties' intent? The parties' intent is always important. But the description the parties themselves give to their relationship is not controlling – substance governs over form.

You should consider all the circumstances surrounding the work relationship – no single factor determines the outcome. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

The factors listed above are guides for your determination of employee status under the FLSA, but the most important question is whether Plaintiffs were economically dependent upon Defendants or were they independent contractors in business for themselves.

**Employee Defined**

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee" and an employee is defined as "any individual employed by an employer."

**FLSA Rights Cannot be Waived**

If you find that the Plaintiff was an employee and not an independent contractor, then the rights and requirements of the FLSA cannot be abridged or otherwise waived or modified by contract or otherwise. Put another way, an employee cannot contract away her rights to minimum wage or overtime under the FLSA.

## Individual Employer Status Under FLSA

An individual can also be liable for a plaintiff's damages under the FLSA if the individual played a substantial role in causing the FLSA violation. To determine whether the individual is liable, you must consider all the relevant circumstances rather than any one technical factor.

Plaintiff has sued Defendant Liz Velazquez McKinnon as an individual employer under the FLSA. The key consideration in determining individual liability under the FLSA is whether the individual had operational control over All VIP Care, Inc. In other words, Defendant Liz Velazquez McKinnon must have controlled significant aspects of Defendant All VIP Care, Inc.'s day-to-day functions, including employee compensation, or had direct responsibility for the supervision of Cruz Valdivieso Figuera.

## Good Faith Defense

If you find that one or both of the Defendants owe Ms. Valdivieso Figuera minimum wages or overtime pay, you should decide whether the Defendants' failure to pay these wages was in "good faith."

Defendants have the burden to provide good faith. Good faith requires some duty to investigate potential liability under FLSA.

Acting in good faith has two components: a subjective and an objective component.

The subjective component is satisfied only when an employer shows an honest intention to find out what the FLSA requires and to act in accordance with it.

An employer satisfies the objective component only by showing that it had reasonable grounds for believing its conduct complied with the requirements of the FLSA. To demonstrate objective good faith, Defendants must have reasonable grounds for believing that their acts or omissions were not a violation of the FLSA.

To have acted in "good faith," the Defendants must establish the subject and objective components.

## Oral or Written Contract Terms

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

### 3.8.2
### Duty to Deliberate When Both Plaintiff and Defendant Claim Damages or When Damages are not an Issue

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9**
**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

*Submitted*
*W.P.Dimitrouleas*
*11/1/23*