UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

     Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

     Defendants.

_____/

**PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

     Plaintiff, Cruz Valdivieso Figuera, through undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, Local Rule 7.3, Fla. Stat. §§57.105, 68.065, and 768.79, and other applicable Rules and laws, requests that the Court enter an Order determining that she is the prevailing party in this action and entitled to recover attorneys' fees, costs, and expenses of litigation from Defendant/Counterclaimant, All VIP Care, Inc. ("All VIP"), based on the following good cause:

## I. FACTUAL AND PROCEDURAL HISTORY

     1.     Plaintiff sued Defendants, All VIP Care, Inc. and Liz Velazquez McKinnon, for not paying her overtime or minimum wages and for retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and for failing to pay her the "pure gap time" wages she earned for two days in May 2022 and for one week in July 2022. [ECF No. 23.]

     2.     Ms. Valdivieso included state law claims for Breach of Contract and Unjust Enrichment against All VIP in her Second Amended Complaint, over which the Court exercised supplementary jurisdiction under 28 U.S.C. §1367. [ECF No. 23.]

     3.     All VIP brought Counterclaims against Ms. Valdivieso sounding in Breach of Contract at Count I, Tortious Interference at Count II, and Florida's Trade Secrets Act at Count III. [ECF No. 37.] All VIP sought recovery of its attorney's fees from Ms. Valdivieso pursuant to Fla. Stat. §§542.335 and 688.005. *Id.*, at ¶17.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

4.      Although Ms. Valdivieso opposed it, the Court decided to exercise supplementary jurisdiction over the Florida law Counterclaims by All VIP against Ms. Valdivieso. [ECF No. 43.]

5.      The Court permitted All VIP to pursue the following Counterclaims against Ms. Valdivieso:

On January 28, 2023, Defendants filed their Amended Answer, Affirmative Defenses, and Counter-Complaint against Plaintiff. See [DE 37]. The Counter-Complaint, brought on behalf of Defendant VIP, asserts the following claims against Plaintiff: Count I – Breach of Contract; Count II – Promissory Estoppel; Count III – Violation of Florida's Trade Secrets Act; and Count IV – Tortious Interference With Contractual Relationship. Id. VIP alleges that during Plaintiff's business relationship with VIP, Plaintiff entered into a direct relationship with at least one of VIP's clients to circumvent VIP's relations with the client(s). Id. VIP further claims that upon her termination, Plaintiff solicited a client of VIP to end their relationship with VIP and follow Plaintiff to her new employment relationship. *Id.*

In the Breach of Contract (Counterclaim Count I) and Promissory Estoppel (Counterclaim Count II) claims, VIP alleges that Plaintiff materially breached the restrictive covenants and/or promises contained in Plaintiff's agreement with VIP by engaging in a direct or indirect relationship with a client of VIP, failing to report Plaintiff's relationship with the client to VIP, soliciting VIP's patients, divulging VIP's confidential information, trade secrets, and other proprietary information to VIP's clients and/or other third parties, and/or using VIP's confidential information, trade secrets, and other proprietary information for Plaintiff's personal benefit. In the Florida Trade Secrets Act claim (Counterclaim Count III), VIP alleges that Plaintiff misappropriated trade secrets belonging to VIP. In the Tortious Interference claim (Counterclaim Count IV), VIP alleges that Plaintiff intentionally and unjustifiably interfered with the contractual relationship between VIP and its clients/patients.

[ECF No. 43 at 2.] The Court determined that, "the counterclaims share a "common nucleus of operative fact" with Plaintiff's FLSA retaliation claim, satisfying the standard for supplemental jurisdiction under § 1367(a)." *Id.*, at 5.

6.      The claims and counterclaims involved a common core of facts involving the circumstances under which All VIP hired Ms. Valdivieso, the terms and conditions of that relationship, how and why it ended, the permissible and impermissible actions by each party during

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

their relationship, and then how and why that relationship ended.[1] The parties disagreed on most of these core, operative facts during the case.

7.      All VIP sought to enforce the restrictive covenants in its Breach of Contract Counterclaim at Count I, and the operative contract contained the following language entitling the prevailing party to recover attorney's fees from the non-prevailing party:

> sole means of support; (iii) This section may be enforced by Company through the use of an injunction or any other equitable remedy given in the amount of the damages to Company for a breach of this section, in addition to any other remedies Company may have hereunder or under law; (iv) Company shall be entitled to reimbursement from Contractor's legal fees, costs and expenses incurred by Company through all appeals, if any, to enforce this section; (v) This section shall survive any termination of this Agreement; (vi) If any provisions of this section is deemed unenforceable by a court of competent jurisdiction for whatever reason, such term shall be substituted with such term of immediately lesser duration or effect which shall be deemed enforceable.

[ECF No. 131-2 at 4.]

8.      Ms. Valdivieso responded to the Counterclaims with her Answer and Affirmative Defenses and sought recovery of her attorney's fees and costs upon prevailing. [ECF No. 44.]

9.      In Defendants' Rule 26 Initial Disclosures filed on February 6, 2023, All VIP estimated the damages sought in its Counterclaims to be "greater than $100,000." [ECF No. 38 at (iii)1.]

10.     Then, when Ms. McKinnon testified in deposition individually and as the corporate representative of All VIP, she estimated that Ms. Valdivieso caused her company "more than 30 grand" in breach of contract damages. [ECF No. 75-1 at 30-31 (Depo. 117-118).]

11.     Through discovery, All VIP's Counterclaim(s) were more valuable than Ms. Valdivieso's claims, as the Counterclaims far exceeded any claim by Ms. Valdivieso.

12.     The Court denied the Defendants' Motion for Summary Judgment on the FLSA wage issues and All VIP's Breach of Contract Counterclaim but granted the Motion relating to Ms. Valdivieso's retaliation claim. [ECF No. 83.]

13.     The depositions, discovery, and pre-trial motions involved a common nucleus of operative facts relating to the claims that involved inexorably intertwined facts.

14.     On September 14, 2023, Ms. Valdivieso served a Proposal for Settlement on All

---

[1]      Defendants are estopped from claiming that the issues do not arise from the same core and operative facts, considering they successfully argued for permission to amend their Answer and Affirmative Defenses to be able to include their Counterclaims and abandon their separately-filed lawsuit. [ECF No. 31 at 5.]

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

VIP directed to Counts I, II, and IV of the Counterclaims in the total amount of $100.00 pursuant to Fla. Stat. §768.79. (Exhibit "A".)

15.     All VIP did not timely accept the Proposal for Settlement in writing.

16.     The parties stipulated that a contract existed between them – the Independent Contractor Agreement. [ECF No. 90 at ¶5.i.]

17.     All VIP later abandoned its claim at Counterclaim at Count III under the Florida Uniform Trade Secrets Act in the Joint Pretrial Stipulation, while Ms. Valdivieso abandoned her claim for unjust enrichment based on the parties' stipulation that the contract existed. [ECF No. 90.]

18.     The parties proceeded to trial.

19.     After Defendants concluded their case, and before submitting the case to the jury, the Court granted Ms. Valdivieso's *ore tenus* Rule 50 motion for a directed verdict against All VIP on its Breach of Contract and Tortious Interference Counterclaims on the third day of the trial. [ECF No. 124.]

20.     The Court also granted Ms. Valdivieso's *ore tenus* Rule 50 motion for a Directed Verdict against All VIP on her Breach of Contract claim, awarding her $1,768.00 in breach of contract damages. *Id.*

21.     The jury next deliberated and determined that Ms. Valdivieso was not an employee of the Defendants. [ECF No. 126.]

22.     Ms. Valdivivieso is the prevailing party in this case. She recovered a judgment in the principal amount of $1,768.00 from All VIP Care, Inc., and the Court entered a judgment against it on all claims asserted. [ECF No. 130.]

23.     The Court now properly determines that Ms. Valdivieso is entitled to her attorney's fees and costs from All VIP, as follows:

        a.     For all time expended in this case under the reciprocal provision of Fla. Stat. §57.105 and the prevailing party language in the contract at issue since Ms. Valdivieso Figuera prevailed on Count I (Breach of Contract) of All VIP Care, Inc.'s Coutnerclaim;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

b.    For all time expended in this case based on the futility of the Florida Uniform Trade Secret's Act Claim at Count IV of All VIP Care, Inc.'s Counterclaim and the reciprocal application of Fla. Stat. §688.005; and

c.    For all time expended in this case since September 14, 2023, for recovering a judgment that she owed All VIP zero dollars under Fla. Stat. §768.79 following her offer of $100.00 as related to the Counts I, II, and IV of All VIP Care, Inc.'s Counterclaim.

24.    Plaintiff's counsel's time and expense records in this case, which reflect the time and costs reasonably expended in the prosecution of this action, are attached as Exhibit "A" to this Motion.

25.    Plaintiff's counsel kept the records attached as Exhibit "A" contemporaneously, and the attached is a true and accurate copy of the records digitally made and kept in the ordinary course of business by Plaintiff's counsel.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, requests the Court to enter a Final Judgment for attorneys' fees and costs to be recovered from Defendant/Counterclaimant, All VIP Care, Inc., pursuant to Fed. R. Civ. P. 55, 69, Fla. Stat. §§57.105, 68.065, and 768.79,

## II. MEMORANDUM OF LAW

The Court is responsible for determining that Ms. Valdivieso is the prevailing party and entitled to recover her attorney's fees and costs from All VIP under Florida law. The Court now should determine that Ms. Valdivieso prevailed on the Counterclaims brought against her and that she is entitled to recover her attorney's fees and costs from All VIP. Ms. Valdivieso advances three scenarios under which she is entitled to attorney's fees. Upon finding that Ms. Valdivieso is entitled to recover her attorney's fees from All VIP, the Court then properly determines the amount she should be awarded against All VIP.

**A.**    <u>**Ms. Valdivieso Prevailed And Is Entitled To Her Attorney's Fees.**</u>

The threshold issue is for the Court to determine that Ms. Valdivieso was the "prevailing party" under Florida law. The standard for determining who is a prevailing party under Florida law is based on the "significant issues" test announced in *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1200 (Fla. 2009). All VIP initially claimed it was owed over $100,000 for its Counterclaims in its Rule 26 Initial Disclosures, claimed it was owed $30,000 for its remaining Counterclaim(s) during

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Ms. McKinnon's deposition, which amount further dwindled to approximately $10,000 at trial. [ECF Nos. 38, 75-1 at 30-31.] In contrast, Ms. Valdivieso claimed to be owed less than $2,000 for her claims that she was not paid for certain days/hours of work and approximately $10,200 in unpaid minimum and overtime wages. Each of the claims required inter-related depositions, discovery, legal research, and argument, as established by the summary judgment filings by the parties. Furthermore, the trial of this case required witnesses to testify about issues related to Ms. Valdivieso's claims, Defendants' defenses, All VIP's Counterclaims, and Ms. Valdivieso's defenses thereto.

The claims and defenses asserted by the parties were intertwined, considering that "All the claims are based on a core set of facts." *Kipu Sys. LLC v. Zencharts LLC*, 2021 WL 1891710, at *13 (S.D. Fla. Apr. 6, 2021), report and recommendation adopted, 2021 WL 4505527 (S.D. Fla. Sept. 30, 2021), appeal dismissed, 2022 WL 16579536 (11th Cir. Feb. 8, 2022). When the core facts involve related facts and legal theories, such as in the case at bar, the Court properly awards attorney's fees to the prevailing party for the entirety of the case due to the inability to delineate which work was attributable to which claim:

> In other words, where the claims involve a "common core" of facts and are based on "related legal theories," a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought. *Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So.2d 920, 922 (Fla. 3d DCA 1988)(reasoning that "time spent marshaling the facts of the sale, the condition of the car, repairs, damages, etc., likely would have been spent defending any one or all of the counts"); *Regency Homes of Dade, Inc. v. McMillen*, 689 So.2d 1204 (Fla. 3d DCA 1997)(plaintiffs who could not claim entitlement to fees arising on a contract claim were, nevertheless, entitled to the full award because they properly pled entitlement to another claim on which they prevailed).

*Anglia Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. 4th DCA 2002). The litigation in this case, through trial, established that the parties dealt with a common core set of facts for all claims, counterclaims, and defenses.

    1.   *Ms. Valdivieso prevailed on All VIP's Breach Of Contract Counterclaim.*

All VIP sued Ms. Valdivieso for allegedly breaching the Independent Contractor Agreement by violating the covenant not to compete relating to Mr. and Mrs. Izique and Ms. Melendez. The Independent Contractor Agreement upon which All VIP sued contains a provision

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

that entitles All VIP to recover its attorney's fees from Ms. Valdivieso if it prevails on a claim for enforcement on a claim to enforce the Covenant Not to Compete:

> sole means of support; (iii) This section may be enforced by Company through the use of an injunction or any other equitable remedy given in the amount of the damages to Company for a breach of this section, in addition to any other remedies Company may have hereunder or under law; (iv) Company shall be entitled to reimbursement from Contractor's legal fees, costs and expenses incurred by Company through all appeals, if any, to enforce this section; (v) This section shall survive any termination of this Agreement; (vi) If any provisions of this section is deemed unenforceable by a court of competent jurisdiction for whatever reason, such term shall be substituted with such term of immediately lesser duration or effect which shall be deemed enforceable.

[ECF No. 131-2 at 4.] Florida statutory law considers these types of one-sided fee provisions contained in contracts to be reciprocal as a matter of law:

> (7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fla. Stat. §57.105; *accord Ham v. Portfolio Recovery Associates, LLC*, 308 So. 3d 942, 948 (Fla. 2020). For Ms. Valdivieso to be entitled to recover her attorney's fees from All VIP, she must satisfy three elements:

> Simply stated, for recovery of section 57.105(7) attorney's fees, it is the moving party's burden to establish: (1) a contract providing for attorney's fees; (2) contractual privity between the plaintiff and defendant; and (3) a prevailing party. *See Ghent v. HSBC Mortg. Servs., Inc.*, 323 So. 3d 758, 759 (Fla. 4th DCA 2021); *Hopson v. Deutsche Bank Nat'l Tr. Co. as Tr. for New Century Home Equity Loan*, 278 So. 3d 306, 308 (Fla. 2d DCA 2019); *Harris v. Bank of N.Y. Mellon*, 311 So. 3d 66, 69 (Fla. 2d DCA 2018); *Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134, 1139 (Fla. 5th DCA 2017).

*Nationstar Mortgage LLC v. Faramarz*, 331 So. 3d 738, 742 (Fla. 4th DCA 2021).

The parties stipulated that a contract existed between the parties, that being the Independent Contractor Agreement. [ECF No. 90 at ¶5.i.]

"In a breach of contract action, one party must prevail." *Green Companies, Inc. v. Kendall Racquetball Inv., Ltd*, 658 So. 2d 1119, 1121 (Fla. 3d DCA 1995). The Court determined that Ms. Valdivieso did not breach the Contract and entered a Directed Verdict for her against All VIP on Count I of the Counterclaim (as well as on the remaining Counts of the Counterclaim). [ECF No. 124.] Thus, Ms. Valdivieso prevailed. The Final Judgment reflects that Ms. Valdivieso prevailed

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

on all the Counterclaims brought against her. [ECF No. 130.] Ms. Valdivieso necessarily prevailed on All VIP's breach of contract Counterclaim.

Ms. Valdivieso was not required to pay All VIP any money for breach of contract, and she obtained a final judgment in her favor on each of the Counterclaims All VIP brought against her. [ECF Nos. 124; 130]; *compare Newton v. Tenney*, 122 So. 3d 390 (Fla. 4th DCA 2013) (awarding fees to prevailing defendant). Ms. Valdivieso is, therefore, entitled to recover her attorney's fees from All VIP as the prevailing party on Count I of the Counterclaim for Breach of Contract.

In considering the relationship of the breach of contract counterclaim to the other claims in the lawsuit, All VIP cannot contest that the issues in the case were all intertwined with the Breach of Contract Counterclaim. Paragraphs 3, 8, and 10 of the Counter-Complaint were incorporated into each of the Counterclaims. [ECF No. 37 at 9-10.]

> When a party claims fees under a written agreement, the entitlement to the fees extends only to the counts based on that agreement. *Clipper v. Bay Oaks Condo. Ass'n*, 810 So.2d 541, 544 (Fla. 2d DCA 2002); *968 Allen v. Laabs*, 567 So.2d 53 (Fla. 2d DCA 1990). Further, the party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible. *Clipper*, 810 So.2d at 544; *Franzen v. Lacuna Golf Ltd. P'ship*, 717 So.2d 1090, 1093 (Fla. 4th DCA 1998).

*Lubkey v. Compuvac Sys., Inc.*, 857 So. 2d 966, 967–68 (Fla. 2d DCA 2003). Although the Court determined that the "retaliation claim and the state law counterclaims derive from a common nucleus of operative facts," the state law counterclaims predominated the litigation after the Court's summary judgment ruling. [ECF No. 83.] Indeed, the Independent Contractor Agreement that contained the restrictive covenant All VIP sought to enforce was a focal issue in the parties' summary judgment briefing. *Id.*, at 6-7. Even at trial, the parties argued over the impact of this document and the restrictive covenant and what conclusion the jury should draw from it in determining Ms. Valdivieso's status as an employee.

2.    *All VIP's Counterclaim for Violation of Florida's Trade Secrets Act was in bad faith.*

Florida law permits the Court to award attorney's fees to a defendant in a claim brought under Fla. Stat. §688.001, *et seq.*, if the claim was brought in "bad faith."

> Courts use a two-part test to determine bad faith under FUTSA: "(1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective misconduct." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, No. 6:07-CV-1323-ORL, 2012 WL 3932863, at *5 (M.D. Fla. Aug. 20, 2012). Similarly, when courts consider "bad faith"

under DTSA "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Temurian v. Piccolo*, No. 18-CV-62737, 2021 WL 1520588, at *5 (S.D. Fla. Mar. 3, 2021) (quoting *Mar. Mgmt., Inc. v. United States*, 242 F.3d 1326, 1333 (11th Cir. 2001)), report and recommendation adopted, No. 18-62737-CIV, 2021 WL 1121003 (S.D. Fla. Mar. 24, 2021).

*Surfaces, Inc. v. Point Blank Enterprises, Inc.*, 2022 WL 18956038, at *6 (S.D. Fla. Dec. 27, 2022).

The record in this case is devoid of any evidence in which All VIP had a basis to claim that Ms. Valdivieo stole any "trade secret" information as defined in the FUTSA. Indeed, the commentary during Ms. McKinnon's deposition was that Ms. Valdivieso "stole" a client, not that she took any protected information from All VIP. [ECF No. 75-1.] Defendant did not address its FUTSA claim in its motion for summary judgment and then abandoned the claim entirely before trial. This claim was not only baseless but filed in "bad faith" and not supported by any record evidence or argument. All VIP tacitly conceded in the Joint Pretrial Stipulation that its FUTSA claim was meritless by agreeing to not pursue the claim at trial. Nothing changed with regard to the frivolity of the FUTSA claim, which was baseless from the start. Neither Ms. McKinnnon, Ms. Ramirez, nor Ms. Valdivieso testified in deposition about the theft of any "information," and it became clear at trial that All VIP could not even prove that Ms. Valdivieso caused any client to leave nor any resultant damages.

3.   *Ms. Valdivieso is entitled to sanctions against All VIP under Fla. Stat. §768.79.*

Ms. Valdivieso offered to settle Counts I, II, and IV of All VIP's Counterclaims for $100 pursuant to Fla. Stat. §768.79 on September 14, 2023, but it did not accept the offer. (Exhibit "A".) The case proceeded to a jury trial, at which the Court entered a directed verdict for her on all remaining non-FLSA claims. [ECF Nos. 124, 130.] Ms. Valdivieso prevailed. As *Davis v. Clark*, directs, Ms. Valdivieso is entitled to recover her attorney's fees and costs from All VIP since September 14, 2023, as the prevailing party. 326 So. 3d 781, 785 (Fla. 2d DCA 2021).

[A]n award of attorney fees authorized by section 768.79 is a sanction against the rejecting party for the refusal to accept what is presumed to be a reasonable offer. This is a sanction levied against the rejecting party for unnecessarily continuing the litigation. The statute specifically limits the attorney fees to fees incurred after the date the offer was served upon the rejecting party.

*Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 222 (Fla. 2003). The Court has no discretion but to award Ms. Valdivieso her attorney's fees incurred since September 14, 2023.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**B.**   **Ms. Valdivieso Is Entitled To Recover Her Attorney's Fees From All VIP.**

After determining that Ms. Valdivieso is entitled to recover her attorney's fees from All VIP, the Court's next task is determining the amount to be awarded. As the Eleventh Circuit Court of Appeals discussed in *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994):

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* at 435-37; *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

These elements will be addressed in order.

1.   *Plaintiff's counsel expended a reasonable number of hours.*

Counsel for a prevailing plaintiff should be paid consistently with attorneys compensated by a fee-paying client for all time reasonably expended on a matter. *Blanchard v. Bergeron*, 489 U.S. 87, 91 (1989). The Eleventh Circuit Court of Appeals explained that "hours reasonably expended" meant "billable hours," such as "…work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Housing Auth.*, 847 F.2d 738 (11th Cir. 1988). Counsel's sworn testimony is evidence to be given "considerable weight" of the time required, and it must appear that the time is "obviously and convincingly excessive" to reduce the hours. *Id.* During this case, undersigned counsel exercised billing discretion by not billing for every call, email, or interaction with the Court, opposing counsel, or Ms. Valdivieso, even though these interactions involved time that could have been billed. Plaintiff's counsel was careful to not bill for two people sitting in a strategy meeting and did not unnecessarily duplicate efforts in achieving the results obtained.

2.   *Plaintiff's hourly rate(s) for this type of litigation is reasonable.*

The initial estimate of a reasonable hourly attorney's fee is properly calculated by multiplying the number of hours expended on the litigation times a reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Loranger*, 10 F.3d at 781(quoting *Norman*, 836 F.2d at 1299) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). Fee awards are to be calculated based on prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, reputation, and experience. *Blum*, 465 U.S. at

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

894. Evidence of prevailing rates for comparable services can be adduced through direct evidence of charges by lawyers under similar circumstances or opinion evidence. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *Norman*, 836 F.2d at 1299. Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments, and reputation. *Perkins*, 847 F.2d at 737, n.1. The Court should also analyze the organization's skills, efficiency, knowledge of the trial practice, knowledge of the substantive law, and persuasiveness in determining the skill level of the lawyer seeking an award of attorneys' fees. Adjustments to that hourly rate may then be made as necessary for a particular case. *Blum*, 465 U.S. at 888.

Plaintiff entered into a contingency arrangement with her counsel for this case. This contingent arrangement provided FairLaw Firm with <u>no guarantee</u> of payment for the services rendered by the firm. The contingent fee agreement provides that all time spent by Mr. Pollock and the other attorneys in his firm should be compensated at a rate of $550.00/hour. The justification for the hourly rates for each timekeeper is explained in more detail in the following paragraphs.

### *Plaintiff's Lead Counsel - Brian H. Pollock, Esquire*

Brian H. Pollock, Esq. has been a member in good standing of The Florida Bar and of the District Court for the Southern District of Florida since 1999. He was admitted to practice and has also practiced in the Northern and Middle Districts of Florida, the Eleventh Circuit Court of Appeals, and the United States Supreme Court. Mr. Pollock has continually practiced civil litigation in the Florida state and federal courts since 1999, and he has been admitted *pro hac vice* to serve as counsel in class actions pending in the District Court for the Northern District of Georgia and the State of Georgia.

Mr. Pollock has represented numerous people and businesses in the Florida state, federal, and appellate courts in individual cases and in class/collective actions, and he continues to do so. Mr. Pollock was appointed as lead counsel to represent collective actions in *Peña vs. Handy Wash, Inc.*, S.D. Fla. Case No.: 14-20352-ALTONAGA, in *Caamano v. 7 Call Center Inc.*, S.D. Fla. No.: 16-CV-20932-GAYLES, in *Benjamin v. VHU Express, Inc.*, S.D. Fla. Case No.: 15-CV-20642-KING, and in *Freese v. Treecycle Land Clearing Inc.*, S.D. Fla. Case No.: 17-CV-81169-REINHART, and *Collado vs. 450 North River Drive, LLC*, S.D. Fla. Case No.: 1:22-CV-20374. Mr. Pollock was also appointed as class counsel in several class actions, including a class of servers seeking unpaid

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

minimum wages under the Florida Minimum Wage Act in *Rojas Molina vs. Yankee Development Corp. d/b/a A Fished Called Avalon*, Eleventh Circuit Court for Miami-Dade Case No.: 16-010745 CA 01 (09) and for over 60 employees seeking underpaid wages in *Azor v. Direct Airlines Services, Inc.*, Eleventh Circuit Court for Miami-Dade Case No.: 17-007921 CA 01 (32). From October 2005 to October 31, 2011, Mr. Pollock served on The Florida Bar Unlicensed Practice of Law Committee 11A and was chairperson from May 2011 to October 31, 2011. From 2022 to 2023, Mr. Pollock was the President of the Employment Law Section of the Miami-Dade County Bar Association.

Besides representing claimants in the Southern District of Florida, Mr. Pollock regularly represents employers and other defendants in Florida state and federal courts. Mr. Pollock's customary rate ***actually paid*** by defense clients is $500.00 per hour and is drawn against a retainer. (During the pendency of this case, hourly clients have paid $500 per hour for Mr. Pollock, $400 per hour for Ms. Alvey, $375 per hour for Mr. Cummings, $165 per hour for Ms. Sanguino, and $150 per hour for Ms. Obando and for Ms. Brizuela.)

Mr. Pollock has tried numerous federal cases, with this case as his third federal jury trial this year. In each of the trials conducted this year, Mr. Pollock and his firm achieved a verdict for the Plaintiff. The trial of this case reflected that Mr. Pollock is a skilled federal trial attorney who effectively obtained a directed verdict and final judgment for his client on the significant claims advanced by the parties in this litigation. Based on the discovery leading up to the case, the value of the Counterclaims significantly exceeded the value of Ms. Valdivieso's claims.

Plaintiff seeks an hourly rate of $550 per hour for time Mr. Pollock spent litigating this case. Plaintiff also seeks a rate of $400 per hour for Ms. Alvey's time spent in furtherance of this case, $350 per hour for Mr. Cummings's time on this case, $165 per hour for Ms. Sanguino's time, $150 per hour for Ms. Obando's time, and $150 per hour for Ms. Brizuela's time.

Most, if not all of the rates awarded to Mr. Pollock and those working within his firm in this Court involved cases in which his clients prevailed in FLSA claims. Thus, the Court is not bound by the rates awarded for FLSA claims, as the issues involved in the Florida law claims were more intricate.

This Court approved Mr. Pollock's rate of $450/hour in *Phiffer vs. Greenstar Landscaping Co.*, S.D. Fla. Case No.: 1:21-CV-22391-COOKE, Report and Recommendation at ECF No. 33 at 5: "The Court finds that Mr. Pollack is a very skilled attorney, specifically in FLSA cases, and finds

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

that Mr. Pollack is entitled to an award of $450.00 per hour." (O'Sullivan, M.J.); *Velez v. D Nakama Faction Crop.*, 1:21-CV-21287-REID (S.D. Fla. Apr. 1, 2022); *Sabache Maldonado v. Green Explosion, Inc.*, 1:21-CV-21024-REID (S.D. Fla. Mar. 1, 2022); and in *Garay v. Firm Lending, LLC*, 1:21-CV-21449-GAYLES, 2021 WL 3560777 (S.D. Fla. Aug. 3, 2021). [2] Magistrate Judge Jonathan Goodman issued an Order Approving FLSA Settlement and Closing Case approving Mr. Pollock's rate of $450/hour in *Maceda Gonzalez v. Radiation Shield Technologies, Inc.*, 1:20-CV-23262-GOODMAN on March 25, 2021 at ECF No. 33. Court have approved Mr. Pollock's hourly rate at $450 in *Telleria v. Espinosa*, No. 22-CV-21130, 2023 WL 2768059, at *5 (S.D. Fla. Apr. 4, 2023) (Bloom, J.) (adopting magistrate judge's recommendation that Mr. Pollock be awarded fees at a reduced hourly rate of $450.00) and in *Sevares v. American Pipeline Construction, LLC*, No. 22-CV-21233. However, this Court previously approved Mr. Pollock's rate at $500/hour in *Palacio Cruz vs. Infante Security Protection, LLC*, 18-CV-21839-GAYLES on September 4, 2018, at ECF No. 17.

Further, this Court previously recognized that Mr. Pollock's rate could be anywhere from $400/hour to $450/hour in this Court back in August of 2017:

> [T]he requested $395 hourly rate for Mr. Pollock, who has over 17 years of experience, is not excessive, *see James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (finding $450 was a reasonable hourly rate for attorneys who had over 10 and 25 years of experience, respectively, in the practice of labor and employment law); *Eason v. Bridgewater & Associates, Inc.*, 108 F. Supp. 3d 1358, 1366 (N.D. Ga. 2015) (proposed hourly rate of $400 per hour for partner was reasonable for purposes of awarding attorney's fees to FLSA prevailing plaintiffs).

*Araujo v. C.R.C. Car Rental Inc.*, 2017 WL 3382315, at *1 (S.D. Fla. Aug. 4, 2017) (Altonaga, J.). The undersigned's knowledge, skills, and efficiency, have improved over the past six years, warranting a commensurate increase in the hourly rate.

September 2023 marked Mr. Pollock's 24th year of practicing law. Mr. Pollock's requested rate of $550/hour recognizes the efficiencies created by an attorney with his experience and the efficiency with which he can accomplish or designate tasks in cases involving restrictive covenants, breach of contract claims, and FLSA overtime issues.

*Plaintiff's Associate Counsel – Lunar Clair Alvey, Esquire*

Ms. Alvey am an accomplished 19-year attorney with a diverse background in litigation,

---

[2]     The Court also determined that $350/hour was appropriate for Mr. Cummings in *Garay*, *Telleria*, and *Sevares*.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

government, appeals, and insurance defense. She became a member of The Florida bar in 2004 after obtaining her law degree from the Nova Southeastern University, Shepard Broad College of Law in 2003. Besides her admission to The Florida Bar, Ms. Alvey is admitted to the District Court for the Southern District of Florida and the United States Court of Appeals for the Eleventh Circuit. Ms. Alvey obtained her Bachelor of Science degree from FIU in 1997. Throughout her ensuing career, Ms. Alvey gained extensive experience in various legal areas and have contributed to the field through over 125 published opinions. Ms. Alvey previously served as an Assistant Attorney General, where she represented government entities in legal matters, providing invaluable counsel and representation. She worked as a Special Assistant U.S. Attorney (SAUSA), working alongside federal prosecutors on complex cases. Ms. Alvey also served as a police legal advisor, working closely with law enforcement agencies to ensure compliance with legal requirements and procedures. Ms. Alvey has not yet had a federal court determine her hourly rate, but defense/hourly clients pay for her time as a 19-year attorney at $400 per hour.

*Plaintiff's (Former) Associate Counsel – Toussaint Cummings, Esquire*

Toussaint Cummings, Esq. has been a member in good standing of the Florida Bar since 2015, and of the Southern District of Florida since 2019. Mr. Cummings attended Benjamin N. Cardozo Law School in New York City where he interned for the Neighborhood Defender Service of Harlem and the Legal Aid Society. Before attending law school, Mr. Cummings earned a B.F.A in Fine Arts with honors from Pratt Institute in Brooklyn, NYC, and he also earned a Master's Degree in Education from Mercy College (NY) while teaching elementary school full-time. He started his legal career in the Miami-Dade Public Defender's office where he worked tirelessly for five years representing indigent clients. During that time, he first-chaired approximately 15 criminal trials (misdemeanor and felony), second-chaired approximately five criminal trials (felony), conducted over 300 depositions, and drafted and argued dozens of dispositive evidentiary motions. Needless to say, all of this hard work was compensated solely through a salary set by the state of Florida, not computed hourly.

Mr. Cummings began practicing civil litigation in 2019, primarily defending an internationally-known Fortune 500 company. Since then, Mr. Cummings went on to represent plaintiffs in first-party insurance claims, where he developed the skills necessary to transition into the employment law field. Mr. Cummings has concentrated his practice on employment law since

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

2020, mainly representing employees in employment disputes. Mr. Cummings second chaired two federal civil trials earlier this year. As such, the appropriate rate for Mr. Cummings's level of experience is $350.00 per hour, which Courts have awarded him. Mr. Cummings left the office of the undersigned in late August 2023, and he now works as a civil trial attorney with the EEOC.

In light of the foregoing, the requested rates for Mr. Pollock, Mr. Cummings, and Ms. Alvey are demonstrably reasonable.  The rates requested for the firm's paralegals ($150 and $165 per hour) are, likewise, reasonable.

<u>Paralegal Rates</u>

*Steffany Sanguino*

Ms. Sanguino holds a Paralegal Certificate from Ashworth College. She earned an Associate's Degree from Miami-Dade College in Business and a Bachelor of Applied Science, Supervision, and Management from Miami Dade College with a concentration in Human Resource Management. Ms. Sanguino is bilingual (English and Spanish) and has worked as a litigation paralegal in Florida since January 2016. Ms. Sanguino's rate *actually charged and paid* by hourly clients of the firm is $165 per hour.

*Bridget Obando*

Ms. Obando is a paralegal with a Certificate in Paralegal Studies from Florida International University since graduating from the program in 2021. She has an Associate of Arts degree from Miami-Dade College and a Bachelor's Degree from FIU. Ms. Obando is bilingual in (English and Spanish) and primarily worked on employment litigation matters while at the firm. Ms. Obando's rate *actually charged and paid* by hourly clients of the firm was $150 per hour. Ms. Obando ceased working for the firm in July 2023.

3.    *Lodestar Adjustment*

Plaintiff requests that the Court determine that after prevailing on the claims under Florida law, a multiplier is appropriate.

"In contingency fee cases that apply Florida law, once the lodestar is established, the [C]ourt must consider whether a multiplier is appropriate." *Defronzo v. Liberty Mut. Ins.* Co., No. 6:19-CV-244-ORL-78-LRH, 2020 WL 5881702, at *13 (M.D. Fla. July 28, 2020), report and recommendation adopted, 2020 WL 5881595 (M.D. Fla. Aug. 14, 2020) (citing *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 831 (Fla. 1990); *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985)).

*Rodriguez v. GeoVera Specialty Ins. Co.*, 2020 WL 6800451, at *12 (S.D. Fla. Nov. 19, 2020).

> Because the attorney working under a contingent fee contract receives no compensation when his client does not prevail, he must charge a client more than the attorney who is guaranteed remuneration for his services. When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee.

*Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985), *holding modified by Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990).

In claims involving breach of contract, courts consider the following factors in determining that a multiplier is appropriate:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. Evidence of these factors must be presented to justify the utilization of a multiplier. We find that the multiplier is still a useful tool which can assist trial courts in determining a reasonable fee in this category of cases when a risk of nonpayment is established.

*                    *                    *

> If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5. Accordingly, our *Rowe* decision is modified to allow a multiplier from 1 to 2.5.

*Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990). Plaintiff requests that the Court adjust the lodestar in this case by a multiplier of 2.0 based on the contingent fee agreement with Ms. Valdivieso, the relative positions of the parties, and the requirement that counsel take the breach of contract counterclaim to trial. The evidence is that Ms. Valdivieso consulted with other counsel, who declined representation, favoring a multiplier, and that the undersigned counsel took this case on a contingent basis. All VIP then asserted various counterclaims against Ms. Valdivieso in this case, all of which she prevailed on. (Exhibit "A".)

Plaintiff's counsel expended time on this case that necessarily precluded the performance of work on other cases – including defense cases on which FairLaw Firm would be paid at a rate of $500/hour, not contingent on the outcome, and drawn against a retainer to secure payment.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Since this case presented a realistic risk of little or no recovery and resulted in the preclusion of other work by Plaintiff's counsel, the requested hourly rate should be adjusted by a multiplier of 2.0. (Exhibit "A".)

4.    _Fees and Costs._

By this Motion, and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award for her counsel of $172,825.88, as follows, before any multiplier is applied:

| | | | |
|---|---|---|---|
| a. | Fees of FairLaw Firm: | | <u>$167,700.00</u> |
| | Attorneys | | |
| | (Brian H. Pollock, Esq. | $550/hour x 183.3 hours = | $100,815.00) |
| | (Lunar C. Alvey, Esq. | $400/hour x 26.7 hours = | $10,680.00) |
| | (Toussaint Cummings, Esq. | $375/hour x 127.4 hours = | $47,760.00) |
| | Paralegals | | $ <u>8,100.50</u> |
| | (Adrian Castillo | $175/hour x 0.3 hours = | $    35.00) |
| | (Bridget Obando | $150/hour x 18.9 hours = | $ 2,835.00) |
| | (Steffany Sanguino | $165/hour x 31.7 hours = | $ 5,230.50) |
| | Law Clerk | | $  <u>345.00</u> |
| | (Shakira Brizuela | $150/hour x 2.3 hours = | $   345.00) |
| b. | Costs of Litigation: | | $ <u>5,125.38</u> |

(Exhibit "B").[3]  Considering the foregoing, Plaintiff's counsel's fees are more than reasonable. Applying a multiplier of 2.0 to the attorney's fees in this case would bring the attorney's fee award to $335,400.00, plus $5125.38 in costs, for a total award of $340,525.38.

Plaintiff further requests that this Court consider the additional attorneys' fees that will continue to be incurred litigating the amount of attorneys' fees. *See, e.g., Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (discussing the* propriety of awarding "fees for

---

[3]      Exhibit "B" does not include any future time to be expended litigating this Motion, any Response filed by Defendants, or any Reply thereto.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

litigating fees"); *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC*, 237 Fed. Appx. 543, 550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); and *Brown Jordan Int'l, Inc. v. Carmicle*, 2017 WL 5633312, at *6 (S.D. Fla. Aug. 7, 2017) (awarding "fees on fees"), *report and recommendation adopted*, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

## CONCLUSION

For the foregoing reasons, Plaintiff Cruz Valdivieso Figuera respectfully requests the Court to award her counsel attorneys' fees and costs against Defendant All VIP Care, Inc., as requested above.

## LOCAL RULE 7.3 CONFERRAL STATEMENT

I hereby certify that, pursuant to Local Rule 7.3, a good faith effort to resolve issues by agreement occurred, but that the parties were unable to resolve the issues as they relate to entitlement to fees and/or amount. The undersigned provided a draft of the foregoing Motion to counsel for Defendants, Elizabeth Perez, Esq., by email on November 25, 2023, and then provided her the supporting time and expense records by email on November 29, 2023. Defendants did not respond or otherwise object to the draft Motion, hourly rates, the time expended, or the expenses incurred.

## VERIFICATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Dated this 22nd day of December 2023.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff/Counter-Defendant*