UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-20546-CIV-GOODMAN

**[CONSENT]**

WINSTON MARCALLO,

    Plaintiff,

v.

CUSANO AIR CONDITIONING &
HEATING, INC. *et al*,

    Defendants.

_____/

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

The Court held a Zoom videoconference fairness hearing on May 31, 2024, and heard from counsel regarding the fairness of the settlement of Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [ECF No. 34].

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). But there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29

U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores, Inc.* and also considered the strengths of the parties' cases; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendants, who have denied liability, have agreed to pay Plaintiff more than it believes Plaintiff is due under the law. All parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Undersigned also reviewed Plaintiff's counsel's billing and costs records. [ECF No. 35]. Plaintiff's counsel's billing records reflect $11,991.50 in attorney's fees and $499.00 in costs accumulated over the course of nine months. *Id*. at 14. Those records, in comparison with the settlement amount the parties agreed on, show that Plaintiff's counsel discounted his firm's total fees and costs by approximately 12.5%. The Undersigned finds that Plaintiff's lead counsel's

hourly rate of $500.00, for an attorney practicing law for approximately 25 years, to be reasonable.[1] Therefore, the settlement is reasonable not just when viewed in light of Plaintiff's claims against Defendants (and Defendants' defenses to those claims), but also in light of the amounts that Plaintiff and Plaintiff's counsel will receive.

In addition, the Court finds that the settlement here occurred in an adversarial context, and there are genuine legal and factual issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is **ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 31, 2024.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record

---

[1] Additionally, the Undersigned finds that the hourly rates for the remainder of Plainitff's legal team to be reasonable based on their individual experience. The legal team includes: (1) Attorney Luna Alvey, with an hourly rate of $400.00, practicing law for approximately 20 years; (2) Attorney P. Brooks LaRou, with an hourly rate of $325.00, practicing law for approximately two years; and (3) Paralegal Steffany Sanguino, with an hourly rate of $165.00, practicing as a paralegal for approximately ten years.