UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22657-MOORE

COURTNEY MCLEOD,

    Plaintiff,

v.

CHEF CREOLE INC. and
WILKINSON SEJOUR,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

**THIS MATTER** comes before the Court upon Courtney Mcleod's Motion for Attorney's Fees and Costs[1] (ECF No. 37). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, for a Report and Recommendation (ECF No. 39). Defendant Chef Creole Inc. did not file a response and the time do so has now passed. Upon consideration of the Motion, and being otherwise duly advised in the premises, the undersigned **RECOMMENDS** that Plaintiff's Motion be **GRANTED, in part.**

    **I.**    **BACKGROUND**

Plaintiff filed his Complaint asserting claims for: (1) violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"); (2) violations of the overtime provisions of the FLSA, 29 U.S.C. § 201, *et seq.*; (3) breach of contract; and (4) unjust enrichment. (ECF No.

---

[1] Taxable costs in the amount of $536.40 were previously awarded to Plaintiff. (ECF No. 41 at 7) (ECF No. 43).

1

1). Defendant Chef Creole Inc. was served but failed to file a responsive pleading to the Complaint or obtain counsel.  Plaintiff moved for default judgment against Defendant Chef Creole Inc., which the Court granted as to Counts One, Two, and Three.[2]  (ECF No. 35 at 8).  Plaintiff sought an award of attorney's fees but did not provide any information as to how much work was completed or counsel's hourly rates.  Plaintiff was instructed to submit an affidavit within fourteen days itemizing attorneys' fees and costs associated with the case.  (*Id.* at 7).  Plaintiff filed this Motion seven days later.  (ECF No. 37).

## II. LEGAL STANDARD

Pursuant to 29 U.S.C. § 216(b), the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  A prevailing plaintiff under the FLSA is automatically entitled to an award of attorneys' fees and costs.  *P&K Rest. Enter., LLC v. Jackson*, 758 F. Appx. 844, 847 (11th Cir. 2019); *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007).

Similarly, Fla. Stat. § 448.08 provides for an award "to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."  This provision is additional authority for an award of attorneys' fees to a successful FLSA plaintiff.  *See Wendel v. Int'l Real Est. News, LLC*, No. 19-CV-21658, 2019 WL 4253889, at *3 (S.D. Fla. July 30, 2019).

## III. DISCUSSION

In the American legal system, each party generally bears responsibility for its own attorney's fees.  *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 253 (2010).  But the FLSA provides a mechanism by which an employee may recover his or her attorney's fees from an

---

[2] Plaintiff's first motion for final default judgment was denied, (ECF No. 14), without prejudice to amend. After Plaintiff filed an amended motion, the Court ordered vacatur of the clerk's entry of default, upon *sua sponte* examination of the record and determination that the affidavit of service was deficient.  Thereafter, Plaintiff executed service properly upon Defendant Chef Creole Inc.

2

employer. *See* 29 U.S.C. § 216(b). Because Plaintiff had default judgment entered in his favor, the Court finds that Plaintiff is entitled to a fee award.

**A. Attorney's Fees**

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar is the product of multiplying the "number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

It is Plaintiff's burden to establish entitlement to the award and provide adequate documentation of the appropriate hours and hourly rates. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Plaintiff has provided counsel's time and expense records in this case which reflect the time and costs reasonably expended in pursuit of judgment. (ECF No. 37-1).

*i. Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *see also Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 737 n.1 (11th Cir. 1988). Evidence of the reasonable hourly rate is to be determined by more than just the affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299. "[S]atisfactory evidence necessarily must speak to the rates actually billed and paid in similar lawsuits." *Id.*

The Court relies on the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). They are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6)

3

whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–20.

Plaintiff here seeks an award of $10,014.50 in attorneys' fees for 31.1 hours of time expended by FairLaw Firm. Plaintiff seeks an hourly rate of $500.00 for attorney Brian Pollock, $400.00 for attorney Lunar Alvey, and $350.00 for attorney Toussaint Cummings. Plaintiff seeks an hourly rate of $175.00 for paralegal Adrian Castillo, $150.00 for paralegal Bridget Obando, $165.00 for paralegal Steffany Sanguino, and $150.00 for law clerk Shakira Brizuela. Defendant has not responded to contest the reasonableness of the hourly rates charged by Plaintiff's counsel.

Plaintiff represents that Brian Pollock has practiced law in Florida since 1999. Mr. Pollock regularly represents employers and other defendants in Florida state and federal courts. Brian Pollock asserts that his customary rate actually paid by defense clients is $500.00 per hour. The Court approved Mr. Pollock's rate of $450.00 per hour in *Phiffer v. Greenstar Landscaping Co.*, No. 21-22391-CIV-COOKE/O'SULLIVAN, 2021 WL 6424630, at *2 (S.D. Fla. Dec. 15, 2021) ("The Court finds that [Mr. Pollock] is a very skilled attorney, specifically in FLSA cases, and finds that [Mr. Pollock] is entitled to an award of $450.00 per hour."). Mr. Pollock represents that the time expended on this case necessarily precluded the performance of work on other cases, including defense cases on which FairLaw Firm would be paid at a higher hourly rate. (ECF No. 37 at 11). Plaintiff contends that Mr. Pollock's hourly rate recognizes the efficiencies created by an attorney with his experience and the efficiency with which he can accomplish, or designate tasks involved in cases involving breach of contract claims. However, movant has not demonstrated that particular expertise was required, as Defendant defaulted early in the litigation,

4

and movant has not explained the efficiency realized in this case. *See, e.g., DeMore v. Klone Enters.*, No. 16-61647-CIV-ZLOCH, 2018 WL 2208370, at *1 (S.D. Fla. Apr. 13, 2018) (reducing the hourly rate of an attorney with 32 years of practice in employment law given the action was a "straight-forward FLSA case that ended in a default being entered and which did not present any new or complex legal issues any different from the issues that are routinely presented in the numerous FLSA cases filed here in the Southern District of Florida."). Though Mr. Pollock might yet command a higher hourly rate on different a case, the Court finds that Mr. Pollock's previously awarded hourly rate of $450.00 is reasonable here.

Toussaint Cummings was admitted to The Florida Bar in 2015 and is admitted to practice in the Southern and Middle Districts of Florida. Mr. Cummings worked for the Miami-Dade Public Defender's office for five years, during which time he first-chaired approximately 15 criminal trials, conducted over 300 depositions, and drafted and argued dozens of dispositive evidentiary motions. Mr. Cummings transitioned to civil litigation in 2019 and specializes in employment law, mainly representing employees. This Court previously determined that $350.00 was an appropriate hourly rate for Mr. Cummings. *Garay v. Firm Lending, LLC*, No. 1:21-cv-21449-GAYLES, 2021 WL 3560777, at *1 (S.D. Fla. Aug. 3, 2021). The Court finds that Mr. Cummings' hourly rate of $350.00 is reasonable.

Lunar Alvey has nineteen years of experience in litigation, government, appeals, and insurance defense. She was admitted to The Florida Bar in 2004. Ms. Alvey is admitted to the District Court for the Southern and Middle Districts of Florida and the United States Court of Appeals for the Eleventh Circuit. Ms. Alvey previously served as Special Assistant United States Attorney and worked alongside federal prosecutors on complex matters. Though Ms. Alvey has yet to have a federal court determine her hourly rate, Plaintiff represents that hourly clients pay

her $400.00 per hour. Again, without finding that her demanded rate would not be reasonable for more complex matters, her billing entries (and the docket) reveal that this was a fairly straightforward case. *See DeMore*, 2018 WL 2208370, at *1. The Court finds that like Mr. Cummings, an hourly rate of $350.00 is reasonable for the work performed by Ms. Alvey in this matter.

Steffany Sanguino holds a paralegal certificate, is bilingual in English and Spanish, and has worked as a litigation paralegal since 2016. Ms. Sanguino's rate actually charged and paid by hourly clients of the firm is $165.00 per hour. Bridget Obando holds a paralegal certificate, is bilingual in English and Spanish, and has worked as a paralegal since 2021. Ms. Obando's rate actually charged and paid by hourly clients of the firm is $150.00 per hour. Shakira Brizuela is a law student at Florida International University and has worked in the legal field since 2016. Ms. Brizuela's rate actually charged and paid by hourly clients of the firm was $150.00 per hour. However, rates of no more than $125.00 per hour are typically found reasonable in the Southern District of Florida when assessing rates for time billed by paralegals. *See e.g.*, *Ferrer v. TK Promotions, Inc.*, No. 1:21-CV-20929-JB, 2023 WL 4295319, at *5, n.3 (S.D. Fla. June 29, 2023). The undersigned recommends that the rate of $125.00 per hour be approved for Ms. Sanguino, Ms. Obando, and Ms. Brizuela.

    ii.    *Number of Hours Reasonably Expended*

The Court must next determine whether the number of hours expended on Plaintiff's behalf were reasonable. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Hours reasonably expended are billable hours that "would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue."

6

*Perkins*, 847 F.2d at 738. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed by Plaintiff. *Norman*, 836 F.2d at 1301. Moreover, fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiff provided counsels' time and expense records in this case. (ECF No. 37-1). These records represent that the FairLaw Firm spent 31.1 hours on this case from August 2022 through December 2023. Plaintiff's counsel represents that they exercised billing discretion by not billing for every call, email, or interaction with the Court, or opposing counsel, even though those interactions involved time that Plaintiff's counsel could have billed for. Plaintiff's counsel represents that they were careful not to bill for two people sitting in strategy meetings and did not unnecessarily duplicate efforts to achieve the results obtained. No charge in the time and expense record appears excessive, redundant, or otherwise unnecessary. Therefore, the Court finds the 31.1 hours expended in pursuing this litigation to be reasonable.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees and Costs be **GRANTED, in part** and that Plaintiff be awarded **$9,530.00** in attorneys' fees.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 17th day of July, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE