UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-21233-KMM

BRYAN SEVARES,

    Plaintiff,

v.

AMERICAN PIPELINE CONSTRUCTION, LLC
and ANDRES LUNA,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Bryan Sevares's Motion for an Award of Attorneys' Fees and Costs (ECF No. 34). No response has been filed and the time to do so has passed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 35). Having considered the Motion, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion for Attorneys' Fees and Costs be **GRANTED, in part**, and **DENIED, in part**, as set forth below.[1]

### I.    BACKGROUND

This is an action brought, in part, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff Bryan Sevares commenced this action against Defendants American Pipeline Construction, LLC and Andres Luna in this Court on April 20, 2022 by filing the Complaint (ECF

---

[1] Plaintiff's Motion to Compel Fact Information Sheet has been taken up by separate Order. *See* (ECF No. 37).

1

No. 1). On August 15, 2022, Plaintiff filed the operative Amended Complaint (ECF No. 11), asserting claims for unpaid minimum wages under the FLSA, and for breach of contract and for unjust enrichment against Defendant American Pipeline Construction, LLC, arising under the common law.

Defendant American Pipeline Construction, LLC was served but failed to appear or answer the Amended Complaint. On November 11, 2022, Plaintiff filed a Motion for Entry of Final Judgment, which was referred to United States Magistrate Judge Melissa Damian. (ECF Nos. 27, 29). On February 28, 2023, Magistrate Judge Damian entered a Report and Recommendation (ECF No. 31) on Plaintiff's motion, recommending that the motion be granted, in part, and denied, in part. Magistrate Judge Damian further recommended that the District Court enter final judgment as to Counts I and II but not as to Count III of the Amended Complaint, and that final default judgment be entered in favor of Plaintiff and against Defendant American Pipeline Construction, LLC in the amount of $2,834.00. Last, Magistrate Judge Damian recommended that the District Court find that Plaintiff's counsel is entitled to recover a reasonable amount of attorney's fees and costs and reserve jurisdiction to determine such an award.

On May 2, 2023, the District Court adopted the Report and Recommendation. (ECF No. 33). The District Court adopted the findings in the Report and Recommendation that Plaintiff had properly served Defendant American Pipeline Construction, LLC with process, that Defendant is liable to Plaintiff for unpaid minimum wages under the FLSA and for breach of contract but not for unjust enrichment. The District Court further adopted the Report and Recommendation's findings as to the measure of damages. And, as relevant, here, the District Court adopted the finding that Plaintiff is a prevailing party entitled to reasonable attorney's fees under 29 U.S.C. § 216(b) and to an award of taxable costs under 28 U.S.C. § 1920.

Now, in his Motion for an Award of Attorneys' Fees and Costs, Plaintiff seeks an award of attorney's fees, costs, and reasonable expenses of litigation.

**II.    DISCUSSION**

In his Motion, Plaintiff seeks a total fee award of $7,951.64, consisting of $7,422.50 for time billed by attorneys Brian H. Pollock and Toussaint Cummings, and by paralegals employed by counsels' firm, and $529.14 in costs incurred in the litigation.

The FLSA provides for attorney's fees and costs to the prevailing party. 29 U.S.C. § 216(b). For purposes of the FLSA, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 603–04 (2001)).

Plaintiff's entitlement to an award of attorney's fees and costs is not in dispute. The District Court, in adopting Magistrate Judge Damian's Report and Recommendation (ECF No. 31), has already determined that Plaintiff is entitled to an award of fees under the FLSA. Accordingly, the Court assesses the appropriateness of the fees and costs sought, as set forth below.

    **1.    Award of Attorney's Fees**

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden

of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

        a.     *Reasonable Hourly Rate*

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Norman*, 836 F.2d at 1301).

Plaintiff seeks an award of fees for time incurred by attorney Brian H. Pollock at a rate of $450.00 per hour, for attorney Toussaint Cummings at a rate of $350.00 per hour, and for paralegals employed by counsels' firm at a rate of $150.00 per hour. The Motion represents that Mr. Pollock

4

has been a member of the Florida Bar and the Southern District of Florida Bar for approximately 24 years, with a focus on employment litigation. Plaintiff represents that this Court has previously approved an hourly rate of $450.00 for Mr. Pollock. (ECF No. at 6) (first citing *Gonzalez v. Radiation Shield Technologies, Inc.*, No. 20-cv-23262-JG (S.D. Fla. Mar. 25, 2021), ECF No. 33; and then citing *Comas v. Chris's Auto Sales Corp.*, No. 22-cv-20701-BB (S.D. Fla. Aug. 30, 2022), ECF No. 39).

The Court has reviewed Mr. Pollock's qualifications and experience and has also considered hourly rates in this District previously approved for Mr. Pollock. In that respect, the Court observes a $450.00 hourly rate was recently approved for Mr. Pollock in April 2023. *See Telleria v. Espinosa*, No. 22-CV-21130, 2023 WL 2768059, at *5 (S.D. Fla. Apr. 4, 2023) (Bloom, J.) (adopting magistrate judge's recommendation that Mr. Pollock be awarded fees at a reduced hourly rate of $450.00). Given this background and the Court's expertise, the Court finds that the requested $450.00 hourly rate for Mr. Pollock is reasonable.

The Court has likewise reviewed Mr. Cummings's qualifications and experience, as well as hourly rates for Mr. Cummings previously approved in this District. Viewing the foregoing in light of the Court's knowledge and experience, the Court finds that an hourly rate of $350.00 for Mr. Cummings is reasonable. A $350.00 hourly rate was recently approved for Mr. Cummings in April 2023. *See Telleria v. Espinosa*, No. 22-CV-21130, 2023 WL 2891005, at *3 (S.D. Fla. Feb. 22, 2023), *report and recommendation adopted in part, rejected in part*, No. 22-CV-21130, 2023 WL 2768059 (S.D. Fla. Apr. 4, 2023) (recommending that the district court award fees at an hourly rate of $350.00 for Mr. Cummings).

However, the undersigned finds the hourly rate of $150.00 requested for counsels' paralegals is excessive and should be reduced. The Motion advances no basis from which the Court may conclude that the qualifications and experience of counsels' paralegals warrant an award of fees at an

5

hourly rate of $150.00. Moreover, in April 2023, counsels' firm was awarded an hourly rate of $125.00 for paralegal work. *Telleria*, 2023 WL 2891005, at *3. Accordingly, without a basis to conclude otherwise, this Court finds that an hourly rate of $125.00 for work performed by counsels' paralegals is appropriate.

### b. Reasonable Hours Expended

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id.*

In this case, Plaintiff seeks to recover $675.00 for 1.5 hours of time expended by Mr. Pollock at an hourly rate of $450.00; $5,772.50 for 16.3 hours of time expended by Mr. Cummings at an hourly rate of $350.00; and $975.00 for 6.5 hours of time expended by counsels' paralegals at an hourly rate of $150.00, for a total of $7,422.50.

For time expended by Mr. Pollock, Plaintiff may recover for the 1.0 hour Mr. Pollock spent reviewing documents and drafting the complaint but may not recover for 0.3 hours Mr. Pollock spent drafting summonses. *See Peress v. Wand*, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008) ("[H]owever,

6

there is also work that the Court would consider non-legal, or work to be performed by a legal secretary. These instances include e-filing, on-line research regarding Defendants addresses and corporate structure, opening separate emails of documents that Plaintiff's counsel filed, preparing the civil cover sheet and summonses."). Nor may Plaintiff recover for 0.2 hours Mr. Pollock spent conducting a routine file audit "to determine what needs to be done next," as that request is too vague for the Court to determine whether it was reasonably incurred.

For time expended by Mr. Cummings, Plaintiff may not recover for the 1.9 hours Mr. Cummings expended emailing demand letters, exchanging emails with Plaintiff, emailing the process server, or on phone calls with Plaintiff, as the time entries provided are too vague to determine whether that time was reasonably incurred, or if the time incurred was clerical in nature and not recoverable. *See Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, No. 11-CV-80507, 2013 WL 12095538, at *2 (S.D. Fla. Jan. 22, 2013), *report and recommendation adopted*, No. 11-80507-CIV, 2013 WL 12095539 (S.D. Fla. Feb. 19, 2013) (declining to award fees for time *paralegal* spent emailing the process server because it is a clerical task that is "not the type of work normally performed by attorneys"); *see also Wendel v. Int'l Real Est. News, LLC*, No. 19-21658-CIV, 2019 WL 12278752, at *3 (S.D. Fla. Dec. 16, 2019), *report and recommendation adopted*, No. 19-21658-CIV, 2020 WL 9552161 (S.D. Fla. Jan. 2, 2020) ("Examples of this non-legal work for an attorney or paralegal include: input Judge assignment into ECF, email to process server with Complaint and Summons, receive email with Affidavit of Service, and standard docket review."). Nor may Plaintiff recover for 0.2 hours of time Mr. Cummings spent conducting online research for Defendants' contact information or for a picture of Defendant Luna. *See Peress*, 597 F. Supp. 2d at 1325. Accordingly, the Court determines that Plaintiff may recover for 14.2 hours reasonably expended by Mr. Cummings.

7

Plaintiff also requests fees for work incurred by paralegals who expended 6.5 hours on this matter. "A court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'" *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (alteration in original) (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)); *see also Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 3661940, at *4 (S.D. Fla. Mar. 15, 2016), *report and recommendation approved*, No. 12-80674-CIV, 2016 WL 3636867 (S.D. Fla. Apr. 6, 2016), *aff'd*, 676 F. App'x 846 (11th Cir. 2017). Clerical or administrative tasks that require no legal skill or training, such as scheduling, filing, and e-filing, should not be billed at an attorney or paralegal rate, as they are simple administrative tasks that can easily be completed by a full-time legal assistant. *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV, 2020 WL 6731041, at *5 (S.D. Fla. Oct. 27, 2020), *report and recommendation adopted*, No. 20-60185-CIV, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020)).

In this case, paralegals employed by counsels' firm expended 0.8 hours communicating with the process server, 0.1 hours preparing documents for filing, 0.1 hours preparing a civil cover sheet, and 0.1 hours requesting signatures for documents. These tasks are clerical and therefore not recoverable. *See Brito v. Sarrio Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 1110052, at *5 (S.D. Fla. Feb. 25, 2022), *report and recommendation adopted sub nom. Brito v. Sarria Holdings IV, Inc.*, No. 1:21-CV-22112-KMM, 2022 WL 782544 (S.D. Fla. Mar. 14, 2022) ("In this case, Plaintiff requests fees, on behalf of his paralegal, for e-filing, calendaring deadlines, and emailing the summons to the process server—all unrecoverable tasks."); *Branch Banking*, 2013 WL 12095538, at *2; *Peress*, 597 F. Supp. 2d at 1325. Accordingly, Plaintiff may recover for 5.4 hours of time reasonably expended by counsels' paralegals on this matter.

8

c. *Lodestar Calculation*

Taking the reasonable number of hours worked by each timekeeper and multiplying those numbers by the reasonable hourly rate for each timekeeper, the Court determines that the lodestar amount totals $6,095.00, consisting of $450.00 for 1.0 hour of time expended by Mr. Pollock at a rate of $450.00 per hour, $4,970.00 for 14.2 hours of time expended by Mr. Cummings at a rate of $350.00 per hour, and $675.00 for 5.4 hours of time expended by counsels' paralegals at $125.00 per hour. The Court finds that this amount is reasonable and will recommend that the District Court award attorney's fees in that amount.

**2. Award of Costs**

In his Motion, Plaintiff also seeks to recover $529.14 in costs incurred in the litigation.[2] The Court finds that Plaintiff's request for costs is appropriate, in part.

"The Supreme Court has held that in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in an applicable substantive statute. Courts in the Eleventh Circuit read this to require that cost awards under the FLSA be limited to the costs enumerated in § 1920." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)) (Dimitrouleas, J.). Accordingly, the Court assesses Plaintiff's request for costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

Rule 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the

---

[2] Plaintiff's Motion fails to comply with the Local Rules of the Southern District of Florida. Plaintiff seeks, within a single motion, attorney's fees and costs some of which appear to be taxable under 28 U.S.C. § 1920 (*i.e.*, filing fee and service of process). *See* S.D. Fla. L.R. 7.3(a) ("A party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing and serving a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below. The costs and expenses sought in a motion under this paragraph shall not include any cost sought in a bill of costs."). Plaintiff has not submitted his request for costs on AO Form 133. S.D. Fla. L.R. 7.3(c). Moreover, Plaintiff has not provided original documentation in support of his request for costs. *Cf.* S.D. Fla. L.R. 7.3(a)(6), 7.3(c).

9

challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted).  "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

First, I recommend that Plaintiff's request for $25.19 in postage costs be denied because postage costs are not recoverable under § 1920.  (ECF No. 34-1 at 5); *James*, 242 F.R.D. at 649 (denying request for postage costs as not permitted under § 1920).

Second, I recommend that Plaintiff's request for $101.95 in fees associated with service of process be denied for failure to provide documentation evidencing the amount of the cost sought apart from counsel's own invoice.

However, I recommend that Plaintiff be permitted to recover $402.00 for the filing fee paid upon commencing this action.  The receipt for the filing fee is evidenced on the docket.  *See* Docket

Text for ECF No. 1. Plaintiff is entitled to the full amount of the filing fee. *See* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020).

Accordingly, I recommend that Plaintiff be awarded $402.00 in taxable costs.

### III. RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff Bryan Sevares's Motion for an Award of Attorneys' Fees and Costs (ECF No. 34) be **GRANTED, in part**, and **DENIED, in part**, and that Plaintiff be awarded **$6,497.00**, such award consisting of **$6,095.00** in attorney's fees and **$402.00** in costs under 28 U.S.C. § 1920 as the prevailing party.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 13th day of July, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
Counsel of record

11