UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-21130-BLOOM/OTAZO-REYES

JOSE TELLERIA,

        Plaintiff,

v.

MARIO L ESPINOSA,
AZTLAN FOODS, CORP., and
OKAN EBI CITRUS & PRODUCE CORP.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Jose Telleria's ("Plaintiff") Motion for an Award of Attorney's Fees and Costs (hereafter, "Motion for Fees and Costs") [D.E. 52]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 54]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Fees and Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 13, 2022, Plaintiff filed suit against Aztlan Foods, Corp. ("Aztlan"), Okan Ebi Citrus & Produce Corp. ("Okan"), and Mario L. Espinosa ("Espinosa") asserting claims for unpaid wages and retaliatory discharge in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereafter, "FLSA"), and for violation of the Florida Whistleblower's Act, Fla, Stat. § 448.101. See Compl. [D.E. 1]. On May 3, 2022, Plaintiff filed his FLSA Statement of Claim against Aztlan, Okan, and Espinosa, seeking a total award of $47,760.00 in actual and liquidated damages. See Statement of Claim [D.E. 6 at 2–3].

On May 13, 2022, the Court entered an Order to Show Cause due to Plaintiff's failure to serve a copy of the Court's April 14, 2022 Scheduling Order, the Statement of Claim, and copies of all supporting documents upon counsel for Defendant. See Order to Show Cause [D.E. 10]. On May 26, 2202, Plaintiff filed two different Amended Complaints [D.E. 17, 20] in error, and without first seeking leaving of Court. hereafter, Plaintiff filed two Notices of Striking Amended Complaint [D.E. 18, 21], and voluntarily dismissed his claims against Okan and Espinosa. See Notice of Voluntary Dismissal [D.E. 19]. Plaintiff subsequently filed a "Corrected Amended Complaint" [D.E. 22] and an FLSA Amended Statement of Claim [D.E. 23] to add EVI, Inc. ("EVI") as a named defendant and to reflect the removal of Okan and Espinosa from the lawsuit. On May 27, 2022, the Court approved Plaintiff's voluntary dismissal against Okan and Espinosa [D.E. 26]. Thus, the remaining defendants in the lawsuit were Aztlan and EVI (collectively, "Defendants"). As in his original FLSA Statement of Claim, Plaintiff sought $47,760 in actual and liquidated damages against Defendants. See Amended Statement of Claim [D.E. 23 at 3].

On June 10, 2022, Defendants moved to dismiss Plaintiff's Corrected Amended Complaint for failure to statement a claim, or in the alternative, for a more definite statement requesting that Plaintiff plead sufficient facts to distinguish among its allegations against Aztlan and those against EVI. See generally Defs.' Motion to Dismiss or For More Definite Statement [D.E. 31]. On June 17, 2022, Plaintiff filed his Motion for Leave to File Second Amended Complaint [D.E. 33]. The Court granted Plaintiff's Motion, see Order [D.E. 34], and denied as moot Defendants' Motion to Dismiss in light of Plaintiff's Second Amended Complaint. [D.E. 35].

On June 17, 2022, Plaintiff filed his Second Amended Complaint asserting claims for overtime wage violations and retaliatory discharge pursuant to the FLSA; and claims for violation of the Florida Whistleblower's Act. See Sec. Am. Compl. [D.E. 36].

2

On September 16, 2022, the parties participated in a settlement conference that resulted in an impasse. See Notice of Outcome of Settlement Conf. [D.E. 46]. However, on October 19, 2022, the parties filed a Notice of Partial Settlement stating they resolved all but the amount of attorney's fees and costs to be awarded to Plaintiff. See Notice of Partial Settlement [D.E 51].

On November 4, 2022, Plaintiff filed his Motion for Fees and Costs seeking $20,547.50 in attorney's fees and $1,223.57 in costs, for a total award of $21,771.07. See Motion for Fees and Costs [D.E. 52 at 9]. Defendants oppose the Motion for Fees and Costs as excessive. See Response to Motion for Fees and Costs (hereafter, "Response") [D.E. 53]. On November 29, 2022, the parties filed their Settlement Agreement [D.E. 61] showing that the parties settled Plaintiff's FLSA claims, exclusive of fees and costs, for $22,500.00. See Settlement Agreement [D.E. 61-1 at 1].[1]

## DISCUSSION

### 1. Entitlement to Attorney's Fees and Costs

As the prevailing party in this matter, Plaintiff is entitled to recover attorney's fees and costs under Section 216(b) of the FLSA (hereafter, "Section 216(b)"). See James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341, 1346 (S.D. Fla. 2019) (quoting 29 U.S.C. §216(b)) ("The FLSA, however, explicitly provides that the Court 'shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.' Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases.").

### 2. Calculation of Attorney's Fees

Plaintiff's request for attorney's fees is comprised of the following items:

---

[1] As part of the settlement agreement, Plaintiff agreed to release Defendants as to all claims in the lawsuit. See Settlement Agreement [D.E. 61-1 at 2, ¶ 6].

3

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Brian H. Pollock ("Attorney Pollock") – before September 2022 | 9.2 | 450.00 | 4,140.00 |
| Attorney Pollock – after September 2022 | 1.1 | 475.00 | 522.50 |
| Toussaint Cummings ("Attorney Cummings") | 32.4 | 350.00 | 11,340.00 |
| Paralegals | 30.3 | 150.00 | 4,545.00 |
| **Requested Total** | | | **20,547.50** |

See Motion for Fees and Costs [D.E. 52 at 9].[2]

To determine an award of attorney's fees, "the Court must first determine the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate." See James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341, 1346 (S.D. Fla. 2007). "The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates." Parness v. Piazza Benvenuto Ristorante, Pizzeria & Mkt., Inc., No. 08-61604-CIV, 2009 WL 1117362, at *1 (S.D. Fla. Apr. 24, 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

A. *Reasonable Hourly Rate*

When determining a reasonable hourly rate, the rate should be "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). "A court . . . 'is itself an expert on the question and may

---

[2] Attorney Pollock's "hourly rate changed from $450.00 an hour to $475.00 an hour in late September 2022." See Motion for Fees and Costs [D.E. 52 at 6 n.2].

4

consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

The undersigned notes that of the three cases Plaintiff cites in support for his hourly rates of $450 and $475, only one—Palacio Cruz v. Infante Sec. Prot., LLC, 18-CV-21839-GAYLES/Otazo-Reyes—involved a rate higher than $450 for Attorney Pollock but that rate was unopposed. See Palacio Cruz, 18-CV-21839-GAYLES/Otazo-Reyes at DE 17. Given Defendants' opposition to Attorney Pollock's hourly rates and based on the undersigned's own experience and knowledge and review of Plaintiff's Motion for Fees and Costs, the undersigned finds the hourly rate of $450 for Attorney Pollock is reasonable and appropriate for the entire representation. The undersigned further finds the hourly rate of $350.00 for Attorney Cummings is reasonable. However, the hourly rate of $150.00 for Plaintiff's counsel's paralegals, is excessive and adopts Defendants' proposed reduced hourly rate of $125 for the paralegals.

B. *Number of Hours Expended*

"As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees." Capdevila v. S. Miami Rehab., Inc., No. 11-24005-CIV, 2012 WL 13134212, at *2 (S.D. Fla. Dec. 5, 2012) (citing Norman, 836 F.2d at 1303). "[A] district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity." Parness, 2009 WL 1117362, at *2. "A fee applicant must set out the general subject matter of the time expended by the attorney 'with sufficient particularity so that the court can assess the time claimed for each activity.'" Diaz v. Solmar Rest., Inc., No. 08-21379-CIV, 2009 WL 10667781, at *4

5

(S.D. Fla. Aug. 7, 2009) (quoting Norman, 836 F.2d at 1303). "Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Eckerhart, 461 U.S. 424, 434 (1983).

Upon a review of the billing summary, the undersigned finds that the hours detailed therein for Attorney Pollock are reasonable. However, as to Attorney Cummings, the undersigned finds that some of the work that he billed for was either clerical in nature or was generated due to his own errors and was therefore, unreasonable to bill. For instance, Attorney Cummings billed for 1.4 hours for drafting notices of cancellation, a task that is clerical in nature and is therefore, not compensable as attorney's fees. See Martin v. Italian Cabinetry, Inc., No. 18-CV-24958, 2019 WL 3429919, at *3–4 (S.D. Fla. June 6, 2019) (clerical tasks are not compensable as attorney's fees). Attorney Cummings also billed for 0.6 hours responding to the Court's May 15, 2022 Order to Show Cause [D.E. 10] and 4.4 hours: drafting the amended complaint and filing two of the same versions without leave of Court [D.E. 17 and 20], which then necessitated drafting and filing two notices to strike to correct the error [D.E. 18 and 21]; followed by drafting a notice of voluntary dismissal [D.E. 19] and a "Corrected" Amended Complaint [D.E. 22] and Amended Statement of Claim [D.E. 23] for simply naming the correct defendants; and for drafting a Second Amended Complaint [D.E. 36]. The undersigned finds that the 4.4 hours Attorney Cummings spent drafting four different iterations of what was, substantively, the same complaint and to correct minor, repeated errors is not sound billing judgment and therefore, not compensable. See Union v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (stating that "billing judgment" entails excluding unnecessary hours "that would be unreasonable to bill to a client and therefore to one's adversary."); see also Jackson v. Waste Pro of Florida, Inc., No. 22-CV-60330, 2022 WL 4631096, at *3 (S.D. Fla. Sept. 13, 2022) (excluding hours billed by attorney that were incurred as a result

6

of the attorney missing a court-ordered deadline). Therefore, the undersigned reduces Attorney Cummings' hours from 32.4 to 26.

The undersigned similarly finds that the four hours spent by paralegal Shakira Brizuela ("Ms. Brizuela") on June 28, 2022 for "[w]orking on the excel calculating damages" is not compensable because it is vague, redundant, and unnecessary. As reflected in the docket, by June 28, 2022, Plaintiff had already filed four different versions of the complaint and two statements of claims and did not file any other pleadings or motions prior to the case settling on October 19, 2022 [D.E. 51]. Moreover, the damages sought by Plaintiff remained unchanged throughout the case at $47,760.00. Compare Statement of Claim [D.E. 6] with Amended Statement of Claim [D.E. 23]. Thus, there was no apparent need for Ms. Brizuela to continue "calculating damages". Accordingly, the undersigned reduces the total expended hours for Plaintiff's paralegals from 30.3 to 26.3.

Applying the foregoing adjustments and reductions results in the following adjusted lodestar:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Attorney Pollock | 10.3 | 450.00 | 4,635.00 |
| Attorney Cummings | 26 | 350.00 | 9,100.00 |
| Paralegals | 26.3 | 125.00 | 3,287.50 |
| **Adjusted Lodestar Total** | | | **17,022.50** |

C. *Downward Adjustment*

"After the lodestar is determined the court must next consider the necessity of an adjustment for results obtained. If the result was partial or limited success, the lodestar must be reduced to an amount that is not excessive." Norman, 836 F.2d at 1302 (citing Hensley, 461 U.S. at 436–37) (alterations omitted). In doing so, "[t]he district court may attempt to identify specific

7

hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable adjustment." Id. at 436–37. "[T]he most critical factor is the degree of success obtained." Id. at 436.

As noted above, Plaintiff sought to recover a total of $47,760.00 for his FLSA claims but settled those claims for $22,500. Based on Plaintiff's limited success in this matter, a 40% reduction of the lodestar is appropriate. See, e.g., Brandt v. Magnificent Quality Florals Corp., No. 07-CV-20129, 2011 WL 4625379, at *12–14 (S.D. Fla. Sept. 30, 2011) (reducing the lodestar by 70% because plaintiff achieved limited success when he settled his FLSA claim for $2,000.00 after asserting that his claim was valued at $56,160.00 in his Statement of Claim).

Applying the 40% reduction to the lodestar, results in an adjusted attorney's fees award of **$10,213.50.**

### 3. Taxable Costs

"The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are *limited* to those costs enumerated in 28 U.S.C. § 1920." Ramos v. United Floor Crew, Inc., No. 15-22128-CIV, 2015 WL 6957423, at *2 (S.D. Fla. Oct. 15, 2015) (emphasis added) (quoting Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1314 (S.D. Fla. 2009)).

28 U.S.C. § 1920 allows for the following costs to be recovered:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

8

As the prevailing party in this case, Plaintiff requests $1,223.57 in costs for: a filing fee of $402; $92 for serving the summons on Aztlan and EVI; $47 and $90 for the non-service of the two dismissed defendants, Espinosa and Okan; an additional $47 for the second attempt at service on Okan; 57 cents for postage; $500 for a translator at the settlement conference; and $45 for service which is not clearly defined.  See Motion for Fees and Costs [D.E. 52-1 at 11].  Pursuant to 28 U.S.C § 1920, the costs for service on Aztlan and EVI, postage, and the translator used at the settlement conference are fully recoverable.  However, the $184 in total costs for service attempts on the dismissed defendants, Espinosa and Okan, are not recoverable.  See, e.g., Wales-Walden v. AK "N" Eli, LLC, 17-20658-CIV, 2018 WL 6807343, * 3 (S.D. Fla. Oct. 12, 2018) (service of process costs for dismissed defendants are not recoverable).  The $45 service entry in September 2022, which is not clearly defined, is also excluded from Plaintiff's costs award.

Applying these reductions, the undersigned finds that Plaintiff is entitled to recover **$994.57** in taxable costs.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs [D.E. 52] be GRANTED IN PART and that Plaintiff be awarded **$10,213.50** in attorney's fees plus $**994.57** in costs for a total award of **$11,208.07**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance

9

with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 22nd day of February, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
United States District Judge Beth Bloom
Counsel of Record