UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-20543-CV-WILLIAMS

JUAN MENDEZ,

    Plaintiff,

v.

ALPHA & OMEGA CALIBRATION
SERVICES LLC, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on the Plaintiff's Amended Motion to Approve Settlement and for Dismissal with Prejudice (DE 37) ("***Amended Motion***").

In this Fair Labor Standards Act (FLSA) action, the Parties request that the Court approve their Settlement Agreement. To approve the Settlement Agreement, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide FLSA dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Furthermore, where a plaintiff is represented by counsel, a review of the reasonableness of attorneys' fees serves to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. 2009).

The Settlement Agreement, provided to the Court by the Parties, states that Plaintiff Juan Mendez will receive $6,500.00 in unpaid wages and liquidated damages

and that Plaintiff's counsel will receive $21,455.60 in attorney's fees and $544.40 in costs. Considering all the relevant factors,[1] the Court finds that the settlement agreement is a "fair and reasonable" based on the probability of plaintiff's success on the merits. In light of additional facts discovered including that Plaintiff clocked in on his phone away from Defendants' premises and the Parties' dispute over his lunch, the Court finds that there was reasonable uncertainty over Plaintiff's success on the merits and the settlement represent a fair compromise of Plaintiff's claims.

With regard to attorney's fees, determining a reasonable fee under the FLSA is left to the sound discretion of the district judge, to and including the exclusion of excessive or unnecessary work. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985). Courts utilize the lodestar method in assessing the reasonableness of attorney's fees following an FLSA settlement. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Here, Plaintiff seeks an award of fees incurred by attorney Brian H. Pollock at a rate of $500.00 per hour, for attorney Patrick B. LaRou at a rate of $325.00 per hour, and for paralegal Steffany Sanguino at a rate of $165.00 per hour. Having reviewed Mr. Pollock's, Mr. LaRou's, and Ms. Sanguino's qualifications and experience,[2] the Court

---

[1] In making this fairness determination, courts may consider the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, 2012 WL 570060, at *1–2 (M.D. Fla. Feb. 17, 2022).

[2] In the Amended Motion, Plaintiff's counsel represents Mr. Pollock has approximately twenty-five (25) years of experience, Mr. LaRou has close to two (2) years of experience, and Ms. Sanguino has eight (8) years of experience. (DE 37 at 12–15.)

finds that a reasonable rate for each to be $450.00, $275.00, and $150.00 respectively. *See Sevares v. Am. Pipeline Constr., LLC*, 2023 WL 4933018, at *3 (S.D. Fla. July 14, 2023) (finding a reasonable fee for Mr. Pollock to be $450.00); *Tran v. Nomad Grp. LLC*, 2022 WL 20054158, at *5 (M.D. Fla. Nov. 18, 2022) (awarding $275 to a lawyer with less than two (2) years of experience); Grajeda v. Verified Moving Pros, LLC, 2024 WL 2262670, at *3 (S.D. Fla. May 2, 2024) (finding that paralegals in this District are typically granted an hourly rate of $150.00 in FLSA cases).

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. As such, a party may not recover for "excessive, redundant, or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Upon a review of counsel's billing records, the Court finds that certain reductions are warranted for vague entries and clerical or administrative tasks that require no legal skill or training, such as scheduling, filing, and e-filing, as they are simple administrative tasks that can be completed by a full-time legal assistant. *See Sevares*, 2023 WL 4933018, at *4. In sum, the lodestar calculation for Plaintiff's attorneys' fees amounts to $20,667.50, consisting of 17.5 hours of time for Mr. Pollock at a rate of $450.00 per hour, 33.4 hours of time for Mr. LaRou at a rate of $275.00 per hour and 24.05 hours for Ms. Sanguino at a rate of $150.00 per hour. Lastly, the Court finds Plaintiff adequately provided documentation evidencing the costs incurred by counsel that meets the proof of necessity of reasonableness under 28 U.S.C. § 1920.

Accordingly, upon review of the Amended Motion, the record, and applicable law, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Motion to Approve Settlement and for Dismissal with Prejudice (DE 37) is **GRANTED**.

2. The Parties' Settlement Agreement is **APPROVED**, with exception of its allotment of attorney's fees. Plaintiff's counsel shall be permitted to recover $20,667.50 in attorney's fees and $544.40 in costs.

3. Plaintiff's claims against Defendants Alpha & Omega Calibration Services LLC and Liz Y. Lago are **DISMISSED WITH PREJUDICE** with each side to bear its own fees and costs except as otherwise provided in this Order.

4. This case shall remain closed.

**DONE AND ORDERED** in chambers in Miami, Florida on this 13th day of August, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE