UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61553-CIV-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

                Plaintiff,

v.

ALL VIP CARE, INC., and
LIZ VELAZQUEZ MCKINNON,

                Defendants
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on three related motions: Defendants' Motion for Bill of Costs, ECF No. 149, and Plaintiff's Bill of Costs and Motion for an Award of Attorney's Fees and Costs, ECF Nos. 133, 159.  The Honorable William P. Dimitrouleas referred these Motions to the undersigned for a report and recommendation.  ECF Nos. 152, 160; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Plaintiff has not responded to or otherwise answered Defendants' motion for costs, and, likewise, Defendants have not responded to or otherwise answered Plaintiff's motion for fees or costs.  Having considered the Motions, and being otherwise advised in the premises, the Court hereby recommends for the reasons outlined below (1) Defendants' motion for costs, and (2) Plaintiff's motions for fees and costs be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

In her complaint, Plaintiff alleged two counts for relief under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §216(b), contending Defendants failed to

pay appropriate minimum wage and overtime wages.  ECF No. 1.  Plaintiff further alleged two state law claims, one count for breach of contract, and one count for unjust enrichment.  *Id.*  Defendants raised state law counterclaims and successfully moved to be allowed to pursue in federal court four counts of breach of contract, promissory estoppel, violation of Florida's Trade Secrets Act, and tortious interference with a contractual relationship.  ECF No. 37, 43.  Following cross-motions for summary judgment, the parties proceeded to trial on Plaintiff's counts I-III and on Defendants' counts I, II, and IV.  ECF No. 83.

During trial, Plaintiff moved for, and the Court granted, a directed verdict for Plaintiff's claim for breach of contract and against Defendants' two claims of breach of contract and tortious interference, which resulted in an award for Plaintiff of damages in the total amount of $1,768.00.  ECF Nos. 159, 165 p. 59, 69–72.  The jury deliberated on the remaining question of whether Plaintiff was Defendants' employee under the FLSA and determined in Defendants' favor that Plaintiff was not.  ECF No. 126, 165.  Defendants did not receive an award as a result of trial.  *Id.*  The Court entered a dual final judgment, including final judgment in favor of Plaintiff on the following claims:

(1) Breach of contract,

(2) Defendants' counterclaim of breach of contract,

(3) Defendants' counterclaim of promissory estoppel,

(4) Defendants' counterclaim of violation of Florida's Trade Secret Act, and

(5) Defendants' counterclaim of tortious interference.

ECF No. 130. The Court entered final judgment in favor of Defendants on the following claims:

(1) Plaintiff's claim for minimum wage,

(2)  Plaintiff's claim for overtime pay,

(3) Plaintiff's claim for FLSA retaliation, and

(4) Plaintiff's claim for unjust enrichment.

*Id.*

Defendants now seek costs in the amount of $4,319.61 as a prevailing party.  ECF No. 149.  And Plaintiff seeks attorney's fees in the amount of $167,700.00 pursuant to prevailing party statutes and a provision of the contract at issue that requires the non-prevailing party to pay attorney's fees.  ECF No. 159.  Plaintiff further seeks to recuperate her costs but entered two conflicting requests.  Plaintiff's Bill of Costs asks for $3,950.21 in costs whereas the Motion for Attorney's Fees requests $5,125.38 for the costs of litigation. ECF Nos. 133, 159.

## DISCUSSION

The undersigned first acknowledges the axiom that "[w]here a federal rule or statute awards fees or costs to 'the prevailing party,' there can be a prevailing party or no prevailing party, but there cannot be two prevailing parties." *Highland Consulting Group, Inc. v. Minjares*, 19-81636-CIV-ROSENBERG/REINHART, 2024 WL 776792, at *2 (S.D. Fla. Feb. 8, 2024), *report and recommendation adopted*, 2024 WL 776057 (S.D. Fla. Feb. 26, 2024) (quoting *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022)).  Although it is unclear from Defendants' bare-bones motion, the Bill of Costs appears to seek reimbursement as a prevailing party under Federal Rule of Civil Procedure 54(d), which provides that "[u]nless a federal statute, these rules, or a

court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

Granting Defendants' Motion, to which Plaintiff filed no objection, might appear to foreclose Plaintiff's own Motions for fees and costs.  However, Plaintiff does not rely on a federal statute, and instead bases her entitlement to attorney's fees on a provision in the contract at issue and on Florida prevailing party statutes.   Florida law recognizes situations with more than one prevailing party, particularly "where each of the claims that support an attorney's fees award is separate and distinct.  Multiple claims within a lawsuit are separate and distinct if they can support an independent action and are not simply alternative theories of liability for the same wrong."  *Martinair Holland, N.V. v. Benihana, Inc.*, 815 F. App'x 358, 361 (11th Cir. 2020) (citing *Leon F. Cohn, M.D., P.A. v. Visual Health and Surgical Ctr., Inc.*, 125 So. 3d 860, 863 (Fla. Dist. Ct. App. 2013) (internal citation omitted)).  When a federal court exercises supplemental jurisdiction over state law claims, "it must apply state substantive law."  *Minjares*, 2024 WL 776792, at *2 (quoting *Del Valle v. Sanchez*, 170 F. Supp. 2d 1254, 1273 n.22 (S.D. Fla. 2001)).

Recognizing the parallel sources for the parties' claimed awards and noting neither party filed responses in opposition to any of the Motions, the undersigned finds each party has established an adequate legal basis for their requests.  The operative question, then, is each party's entitlement to their request under the applicable framework.

I.      **Plaintiff's Fees and Costs**

In the instant case, Plaintiff primarily cites two Florida statutes as foundation for her entitlement to attorney's fees.  Florida Statute section 57.105(7) awards "reasonable attorney's fees to the other party when that party prevails in any action" when a contract

at issue "contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract."  It is uncontested that a contractual provision contained in the contract between Plaintiff and Defendants requires reimbursement for fees, costs, and expenses incurred during litigation.  Plaintiff succeeded on significant claims and received an award of damages, while also successfully defending against the multiple claims brought by Defendants.  Under the supplemental jurisdiction extended by this Court to cover both parties' state law claims, the undersigned is now bound to consider the parties' successes and claims to attorney's fees and costs under State of Florida statutes and guiding principles.  Reading section 57.105(7) and the applicable contract provision together, Plaintiff has proven her entitlement to attorney's fees and costs.

Additionally, Florida Statute section 768.79 provides attorney's fees to the prevailing party if that party has also made an offer of judgment that the opposing party rejected. It is likewise uncontested Plaintiff made such an offer, which Defendants rejected.

 Accordingly, Plaintiff has more than adequately demonstrated her entitlement to an award of fees and costs under state law.

### a.  Plaintiff's Attorney's Fees

Plaintiff bases her request for attorney's fees in relevant part on a contract provision entitling the prevailing party "to reimbursement [for] . . .  legal fees, costs, and expenses incurred" during litigation.  ECF No. 159 at *7.  Normally, this Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Norman v. Hous. Auth. of*

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).   When awarding fees under a contract provision that "does not . . . limit the recovery of fees to a reasonable amount," a court should see if "the language of the contract plainly allows for a full recovery of the fees expended in litigation related to the contract." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1165 (11th Cir. 2017).

The plain language of the contract contains no limiting language restricting Plaintiff's recovery to reasonable fees. Also, Defendants have not opposed any part of Plaintiff's fee request.  Still "the substantive reasonableness of the amount awarded is the touchstone" of the propriety of an award of fees and costs.  *Id.*  The absence of limiting language in a contract does not negate the necessity for a "presumptively reasonable lodestar amount."  *Id.*; *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-CV-755-T-26-EAJ, 2017 WL 3393569, at *1 (M.D. Fla. Aug. 8, 2017) (maintaining the lodestar framework on remand).

A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates, and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Norman*, 836 F.2d at 1299; *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983).  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.  *Id.*

      **i.**    **Reasonable Hourly Rates**

Plaintiff requests (1) for counsel an hourly rate ranging from $150 to $550 for 339.70 hours of work and (2) for paralegals an hourly rate ranging from $150 to $175 for 50.90 hours of work.  ECF No. 159.  When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors.  *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  The fee applicant bears the burden of establishing the claimed market rate.  The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).  When requesting high hourly rates billed by multiple attorneys, a "prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-MOORE/TORRES, 2011 WL 9364952, at *9 (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)).

This Court has considered the attorneys' affidavits and the twelve factors. Because of their practice, reputation, and legal experience, counsel request the following hourly rates:

- Brian H. Pollock, lead counsel in this case with twenty-five years of experience, asks for $550 per hour for 183.3 hours.

- Lunar C. Alvey, an attorney with nineteen years of experience, asks for $400 per hour for 26.7 hours.

- Toussaint Cummings, an attorney with nine years of experience, asks for $375 per hour for 127.4 hours.

- Shakira Brizuela, a law clerk, asks for $150 per hour for 2.3 hours.

ECF No. 159.

For paralegals, Plaintiff requests the following hourly rates:

- Adrian Castillo, a paralegal, asks for $175 per hour for 0.3 hours.

- Bridget Obando, a paralegal, asks for $150 per hour for 18.9 hours.

- Steffany Sanguino, a paralegal, asks for $165 per hour for 31.7 hours.

ECF No. 159.    Defendants did not respond to Plaintiff's motion for fees and costs.

"[P]aralegals in this District are typically granted an hourly rate of $150.00." *Venus Concept USA, Inc. v. Wilson*, No. 21-21656-CIV-MARTINEZ/BECERRA, 2024 WL

1077347, at *5 (S.D. Fla. Feb. 22, 2024), *report and recommendation adopted*, 2024 WL 1072396 (S.D. Fla. Mar. 12, 2024).  Accordingly, the requested hourly rate for paralegal Bridget Obando should be approved, and the requested hourly rates for paralegals Adrian Castillo and Steffany Sanguino should be reduced to $150 per hour.

In support of his requested hourly rate, Plaintiff's lead counsel provides multiple cases from this district in which he was awarded $450 per hour and one case in which the Court approved $500 per hour.  ECF No. 173.  Although the undersigned recognizes counsel's experience, his hourly rate should remain consistent with the majority of his approved rates at $450 per hour.  This figure is already higher than "$375 per hour, an hourly rate that is 'at the high end of the range of rates charged in the Southern District of Florida for . . . FLSA lawyers.'" *Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, No. 20-22694-CIV-TORRES, 2023 WL 2388272, at *6 (S.D. Fla. Mar. 7, 2023) (quoting *Echavarria v. Am. Valet Parking*, No. 14-80770-CIV-DIMITROULEAS/SNOW, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015)).

Plaintiff's motion assures this Court that the associate attorneys involved in this case, Lunar Alvey and Toussaint Cummings, have previously been awarded their respective requested rates of $400 and $375 per hour in other cases.  ECF No. 159.  Plaintiff's notice of previous awards shows these attorneys have received similar rates.  ECF No. 173.  Ms. Alvey has a significant number of years of experience but primarily in areas of law other than FLSA and has received rates at both $400 and $350 per hour.  *Id.*  Here, the undersigned suggests a rate in the middle: $375.

Mr. Cummings' experience is similarly new to FLSA cases, and the approved awards Plaintiff provides indicate Mr. Cummings has more than once received a rate of $350.  ECF No. 159, 173.  He should receive the same rate here.

### ii.    Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation.  *Hensley,* 461 U.S. at 433.  Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations.  *Hensley*, 461 U.S. at 434.

"If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001).  Courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id*.  Having examined the documentation of billed hours of work performed provided by Plaintiff's counsel, the undersigned finds no cut necessary.

### iii.    Appropriate Multiplier

Plaintiff also requests a 2.0 multiplier based on the contingent fee agreement, the relative positions of the parties, and the fact that counsel was required to take the breach

of contract counterclaim to trial. "Sometimes courts apply to the lodestar a multiplier, also known as an enhancement or an upward adjustment, to reward counsel on top of their hourly rates." *Davis v. Nationwide Ins. Co. of Am.*, No. 19-80606-CIV-SMITH/MATTHEWMAN, 2022 WL 2341238, at *5 (S.D. Fla. Jan. 28, 2022) (quoting *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019)).

"Before adjusting for risk assumption, there should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." *Sun Bank of Ocala v. Ford*, 564 So. 2d 1078, 1079 (Fla. 1990) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731 (1987)).

Courts should consider the following three factors to determine the necessity of a contingency risk multiplier, "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe*[1] are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Davis*, 2022 WL 2341238, at *5.

Under the first factor, a fee multiplier was not needed to obtain competent counsel for FLSA-originating cases or cases involving a breach of contract. Plaintiff was rejected from representation by at least one prospective attorney, but that, by itself, does not necessarily indicate Plaintiff had substantial difficulties in finding and securing counsel. ECF No. 159. The second factor—despite the risk Plaintiff's counsel took on in pursuing the case through trial—does not alone require the application of a multiplier. Most

---

[1] *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

significant here is the third factor, which reminds the court to consider the amount involved and the nature of the recovery.  While Plaintiff prevailed on many issues, she did not win on all of them, and her award was relatively low at $1,768.00.  It makes little sense to apply a multiplier which would provide counsel with fees of nearly $300,000.  Plaintiff's motion does not suggest Plaintiff's counsel would not have taken on this case without the multiplier, and a risk multiplier is often not appropriate if "the lodestar produces a material and sizable fee given that counsel prevailed in the action, which," in this case, "it will." *Davis*, 2022 WL 2341238, at *6.  Accordingly, the undersigned recommends that no multiplier be applied.

Therefore, Plaintiff should be awarded:

- $82,485.00 for Brian H. Pollock ($450 per hour for 183.3 hours)

- $10,012.50 for Lunar C. Alvey ($375 per hour for 26.7 hours)

- $44,590.00 for Toussaint Cummings ($350 per hour for 127.4 hours)

- $345.00 for Shakira Brizuela ($150 per hour for 2.3 hours)

- $45 for paralegal Adrian Castillo ($150 per hour for 0.3 hours)

- $2,835.00 for paralegal Bridget Obando ($150 per hour for 18.9 hours)

- $4,755.00 for paralegal Steffany Sanguino ($150 per hour for 31.7 hours)

The total amount of fees recommended is $145,067.50.

### b.  Plaintiff's Costs

Plaintiff also seeks a reimbursement for the costs of litigation.  ECF Nos. 133, 159. Defendant has filed no opposition to the request, and an award of costs is contemplated under Florida law and the contract as outlined above.  Although Plaintiff records more

expenses in her motion for attorney's fees, her bill of costs lists only the following amounts:

- $402.00 for the filing fee

- $197.80 for service of summons and subpoena

- $2,630.41 for transcript costs

- $720.00 for interpretation services

ECF Nos. 133, 159.  These amounts total $3,950.21.

However, in her motion for fees and costs, Plaintiff details the following expenses:

- $402.00 for the filing fee

- $255 for service of process

- $2,629.38 for deposition and transcript costs

- $975.00 for mediation fees

- $720.00 for interpretation services

- $144.00 for parking fees

These expenses total $5,125.38.  ECF No. 159.  Plaintiff's listed costs for transcripts is slightly inaccurate in both motions; based on the specific amounts found in the receipts attached to Plaintiff's Bill of Costs, the total reimbursement necessary for transcripts and depositions is $2,629.41.[2]

All of Plaintiff's expenses listed in her Bill of Costs are compensable under § 1920; however, the additional items included in the Motion for Fees and Costs—the $975 for mediation and the $144 in parking fees—are not contemplated under that statute.  While

---

[2] The receipts detail the following amounts: $939.85, $95.00, $788.25, $546.31, and $260.00.  This totals $2,629.41.  This figure is slightly lower than listed in the Bill of Costs but slightly higher than listed in the Motion for Fees and Costs.  ECF Nos. 133, 159.

"both the Supreme Court and this Circuit have long recognized that contractual provisions can circumvent these restrictions on taxable costs," Plaintiff did not provide detailed invoices or receipts for these expenses, instead only listing them in a billing breakdown without further documentation.  *Ziplocal*, 846 F.3d 1166.

Even when excluding those costs, the total number of expenses is slightly higher than Plaintiff initially asked for in the Bill of Costs—$4,006.38—due to the inclusion of an additional service of process.  The undersigned recommends Plaintiff be reimbursed for the expenses listed in the Motion for Fees and Costs minus the expenses requested for mediation and parking: a $402.00 filing fee, $255 for service of process, $2,629.41 for deposition and transcript costs, and $720.00 for interpretation services, for a total of $4,006.41.

## II.   Defendants' Costs

Defendants also moved for costs, entering a Bill of Costs totaling $4,319.61.  Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome."  *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  It is uncontested that Defendants prevailed on the federal claims at issue in this matter.  Generally, "[w]hen challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable."  *Ramirez v. Rosalia's Inc.*, No. 20-23270-CIV-DAMIAN, 2023 WL 3619292, at *3 (S.D. Fla. May 23, 2023) (quoting *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009)).  Given Plaintiff's failure to respond to the Motion, the undersigned finds Defendants are entitled to reasonable costs.

As to the reasonableness of those costs, Defendants seeks the following:

- $405.00 for clerk fees

- $1,464.61 for transcripts

- $925.00 for mediation costs

- $600 for investigator fees

ECF No. 149.

"Congress has delineated which costs are recoverable under Federal Rule of Civil Procedure 54(d), and the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920." *Pierre-Louis v. Baggage Airline Guest Servs., Inc.*, No. 19-61306-CIV-RUIZ/BECERRA, 2021 WL 633217, at *2–3 (S.D. Fla. Jan. 26, 2021), *report and recommendation adopted*, 2021 WL 617003 (S.D. Fla. Feb. 16, 2021) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–44 (1987)).  The specific costs which may be awarded, as outlined in 28 U.S.C. § 1920, are as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Court filing fees are compensable as part of a costs award.  28 U.S.C. § 1920(1) (permitting a court to tax the fees paid to the clerk of court).  "Service of process fees paid to a private process server are compensable as long as the amount does not exceed the cost of United States marshal service, which is $65 per hour for each item served." *Santiago v. Peacock's 17, LLC*, No. 22-62272-CIV-DIMITROULEAS/AUGUSTIN-BIRCH, 2024 WL 582880, at *2 (S.D. Fla. Jan. 29, 2024), *report and recommendation approved*, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024) (citing *Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-22998-CIV-TORRES, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019)).  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case are also compensable.  28 U.S.C. § 1920(2).  A court may also award costs for the "compensation of interpreters, and . . . costs of special interpretation services under section 1828 of this title."  *Davila v. Luxury Wood Floors Inc.*, No. 22-80760-CIV-MATTHEWMAN, 2023 WL 8310799, at *3 (S.D. Fla. Aug. 16, 2023) (citing 28 U.S.C. § 1920(6)).

Not all of Defendants' requested costs are contemplated under 28 U.S.C. § 1920, specifically the $925 cost for mediation and the $600 for investigator fees.  Therefore, the undersigned recommends Defendants be reimbursed for the $405 filing fee and $1,464.41 for transcript costs, for a total of $1,869.41.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS Plaintiff's Bill of Costs and Motion for an Award of Attorney's Fees and Costs, ECF Nos. 133, 159, be GRANTED to the extent that Plaintiff be awarded attorney's fees in the amount of $145,067.50 and costs in the amount of $4,006.41, for a total award of $149,073.91.  The Motion should

be otherwise DENIED.  Defendants' Bill of Costs, ECF No. 149, should also be GRANTED to the extent that Defendants be awarded costs in the amount of $1,869.41.  The Motion should be otherwise DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 15th day of August 2024.


_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record