UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC., et. al,

    Defendants.
_____/

**PLAINTIFF'S LIMITED OBJECTION TO AND APPEAL OF
REPORT AND RECOMMENDATION
REGARDING THE AWARD OF COSTS TO ALL VIP CARE, INC.**

Plaintiff, Cruz Valdivieso Figuera,, through her undersigned counsel, and pursuant to 28 U.S.C. §636(b)(1)(A), Fed. R. Civ. P. 54(d), and S.D. Fla. Local Magistrate Judge Rule 4, objects to and appeals that portion of the Report and Recommendation entered by United States Magistrate Judge Patrick Hunt at ECF No. 175 (the "R&R") and states as follows:

## I. INTRODUCTION

Ms. Valdivieso Figuera submits that the R&R's award of costs to Defendant, All VIP Care, Inc., is clearly erroneous and contrary to the law. She does not challenge the award of attorney's fees nor the costs awarded to her. The Court entered a Final Judgment on November 2, 2024, awarding $1,768.00 to Ms. Valdivieso Figuera and no money or other relief to Defendant, All VIP Care, Inc. [ECF Nos. 159, 165.] Defendant, All VIP Care, Inc., submitted an untimely Bill of Costs on December 4, 2023, after the deadline established by Local Rule 7.3(c) as the non-prevailing party to seek recovery of impermissible costs. [ECF No. 149.] Even though Ms.

1

Valdivieso Figuera was the only party to prevail, obtained affirmative relief through an award of $1,869.41, and defeated the Defendant's attempt to enforce restrictive covenants, the R&R nonetheless determined that both parties prevailed and awarded untimely and unrecoverable costs to Defendant, All VIP Care, Inc. [ECF No. 175.] Ms. Valdivieso Figuera requests the Court find that the portion of R&R awarding costs to Defendant, All VIP Care, Inc., was clearly erroneous and contrary to well-established law in denying Defendant's Bill of Costs.

## II. LEGAL STANDARD

Ms. Valdivieso Figuera seeks this Court's review of the R&R entered on August 15, 2024 [ECF No. 175] pursuant to 28 U.S.C. § 636(B)(1)(A) and S.D. Fla. L. Mag. R. 4(A). Under Local Rule 4(a)(1), any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) within fourteen (14) days after being served with the Magistrate Judge's order. To appeal and/or object, the party must file with the Clerk of the Court, and serve on all parties, written objections that specifically set forth the order, or part thereof, appealed from; a concise statement of the alleged error in the Magistrate Judge's ruling; and statutory, rule, or case authority, in support of the moving party's position. *Id.*

> Pursuant to this District's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). A finding is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). " 'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.' " *Wausau Underwriters Ins. Co.*, 310 F.R.D. at 690 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

*Gonzalez Ramos v. U.S. Dep't of Agric.*, 2022 WL 15640187, at *2 (S.D. Fla. Oct. 28, 2022).

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## III. RULING AT ISSUE

**A.     Defendant's Bill of Costs Was Untimely**

Local Rule 7(c) requires a party to submit its Bill of Costs within 30 days of the entry of a final judgment. During these thirty days, the Defendant found time to file a Notice of Appeal on December 1, 2023 [ECF No. 147] from the Final Judgment entered on November 2, 2023 [ECF No. 130]. It then filed its Bill of Costs on December 4, 2023 [ECF No. 149] after the 30-day deadline expired and without a request to consider it timely. Courts in the district enforce the mandatory nature of the 30-day deadline. Necessarily. *Bird Rd. Shoppes, LLC v. Scottsdale Ins. Co.*, 2020 WL 2857370, at *3 (S.D. Fla. May 12, 2020) (denying costs as untimely), *report and rec.*, 2020 WL 2850585 (S.D. Fla. June 1, 2020) *Staats v. Universal Marine Ctr., Inc.*, 2017 WL 6539512, at *2 (S.D. Fla. Dec. 20, 2017) (denying costs as untimely); *Allen-Johnson v. Miami-Dade County*, 2012 WL 160070, at *1 (S.D. Fla. Jan. 18, 2012) (same). The R&R was clearly erroneous and contrary to the law in awarding Defendant costs submitted outside the 30-day deadline. *Anderson v. Techtronic Indus. N. Am., Inc.*, 2015 WL 4459029, at *2 (M.D. Fla. July 20, 2015). The defendant's failure to file its bill of costs in a timely manner precludes an award of any costs to the Defendant, and the R&R's failure to address the timing issue was clearly erroneous.

**B.     Defendant Was Not A Prevailing Party.**

Ms. Valdivieso Figuera was the prevailing party when she prevailed on her breach of contract claim by recovering a judgment for $1,768.00 and when the Defendant obtained nothing. [ECF Nos. 159, 165.] While it is true that Ms. Valdivieso Figuera lost her other claims, Defendant lost <u>all</u> the claims it pursued. [ECF No. 165.] Even though Ms. Valdivieso had more "at bats" than the Defendant, with more pending claims, she still scored on one of those claims while the

4

Defendant did not, making her "the prevailing party" under Rule 54(d):

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*See Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001). "A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit." *Pickett v. Iowa Beef Processors*, 149 Fed. Appx. 831, 832 (11th Cir. 2005). Since Ms. Valdiviso Figuera obtained some of the relief she sought by recovering a Final Judgment for $1,768.00, which Defendant paid, Defendant recovered nothing. Therefore, Ms. Valdivieso Figuera is the prevailing party.

**C.     Certain Costs Are Unrecoverable.**

If the Court is to award any costs to the Defendant, then there was no basis under 28 U.S.C. §1920 to award the Defendant certain costs:

State Court Filing Fees. The R&R awarded Defendant $405 for "Fees of the Clerk." [ECF No. 149, 175.] While it is understandable that the R&R would award this cost based on the attestation contained in the Bill of Costs that it was one of the costs "necessarily incurred **in this action**," Defendant did not append a receipt for payment of the filing fee to this Court with its submission. [ECF No. 149.] Defendant filed a lawsuit against Ms. Valdivieso Figuera in state court (the Circuit Court for the Seventeenth Judicial Circuit Broward County:

> 6.     Instead of including the Defendants' Compulsory Claim against the

5

> Plaintiff as part of the Defendants' Answer and Affirmative Defenses, the Defendants' prior attorney filed a Complaint in the Broward County Circuit Court, on October 7, 2022, under Case Number CACE-22-14991(02) (hereinafter referred to as the "State Case").

[ECF No. 31 at ¶6.] The Court granted Defendant's request to amend its Answer and Affirmative Defenses to the Second Amended Complaint to pursue the state court claims as Counterclaims against Ms. Valdivieso Figuera. [ECF Nos. 31, 36.] The Defendant did not pay a filing fee to this court but likely paid a filing fee to the Broward County Clerk of Courts when it filed its lawsuit against Ms. Valdivieso Figuera. Thus, the R&R's award of a filing fee to Defendant is clearly erroneous. *See Venus Concept USA, Inc. v. Johnson*, 2023 WL 3778245, at *5 (S.D. Fla. Mar. 2, 2023) (denying costs for state court filing fee).

Ancillary Fees. The R&R's decision to award $294 in transcript expedite fees, $35 in litigation support, and $15 in electronic processing and archival for the deposition of Angela Melendez and its award of $91.80 in transcript expedite fees, $35 in litigation support, and $15 in electronic processing and archival for the deposition of Ms. McKinnon (totaling $492) to Defendant was clearly erroneous and contrary to the well-established law that 28 U.S.C. §1920 does not allow for recovery of these costs. *Watson v. Lake Cnty.*, 492 Fed. Appx. 991, 997 (11th Cir. 2012) ("Similarly, § 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor. 28 U.S.C. § 1920) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir.1996) (stating that postage is not recoverable under § 1920).)

> Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

6

*Regueiro v. Am. Airlines Inc.*, 2024 WL 945263, at *4 (S.D. Fla. Feb. 7, 2024), *report and rec. adopted,* 2024 WL 942105 (S.D. Fla. Mar. 5, 2024); *accord Gulf Bldg., LLC v. Philadelphia Indem. Ins. Co.,* 2023 WL 8438465, at *3 (S.D. Fla. Nov. 2, 2023), *report and rec. adopted,* 2023 WL 8433693 (S.D. Fla. Dec. 4, 2023).

### IV.  CONCLUSION

Ms. Valdivieso Figuera requests that the Court sustain her objections to the R&R, as set forth above, find that she is the prevailing party entitled to recover the attorney's fees and costs as included in the R&R, and that Defendant's Bill of Cost be denied.

Respectfully submitted this 29th day of August 2024,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*