UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. and
LIZ VANESSA MCKINNON

    Defendants
_____/

## DEFENDANTS' LIMITED OBJECTION TO
## REPORT AND RECOMMENDATION

Defendants, ALL VIP CARE INC. ("AVC") and LIZ VANESSA MCKINNON ("Ms. McKinnon") (collectively "Defendants"), by and through its undersigned counsel, through their undersigned counsel, and for purposes of clarification as well as to preserve its arguments, see *Roy v. Ivy*, 53 F.4th 1338, 1351-52 (11th Cir. 2022), Defendants respectfully file this their Objection to the Report and Recommendation entered by United States Magistrate Judge Patrick Hunt on August 15, 2024 [ECF No. 175] ("R&R") regarding Plaintiff's entitlement and amount of award of attorneys' fees in this matter and states:

### INTRODUCTION

Defendants ALL VIP Care, Inc. and Ms. McKinnon submit that the findings in the R&R are erroneous on two grounds; 1) its failure to consider several factors to account for a proper number of hours expended in the litigation to calculate the total award of attorney's fees to

Plaintiff, and 2) concluding that Plaintiff is entitled to attorney's fees under Section 768.79, Fla. Stat. As further described below, the findings and recommendations are erroneous and contrary to law.

## STANDARD OF REVIEW

Whenever a party files a timely and specific objection to a report and recommendation of a Magistrate Judge, a district judge shall make a de novo review of those portions of the Magistrate Judge's report and recommendation to which the objections are made pursuant to 28 U.S.C. § 636(b)(1); S.D. Fla. L. Mag. R. 4(A). Local Rule 4(a)(1). A de novo determination requires the district judge to consider factual issues on the record independent of the Magistrate Judge's report and recommendation. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). Pursuant to this District's Local Magistrate Judge Rules, a district judge may overrule a Magistrate Judge's ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); see Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC,* 310 F.R.D. 689, 690 (S.D. Fla. 2015). The district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." 28 U.S.C § 636(b)(1).

## FINDINGS AND RULING AT ISSUE

**A.    The R&R Erroneously Concluded That the Number of Claimed Billed Hours Was Not Excessive And Found That No Cut In Hours Was Necessary**

Under Section I(a)(ii) of the R&R titled Hours Reasonably Expended of the R&R, the findings fail to take into consideration several factors which would have led to a finding that Plaintiff's billed hours expended in the litigation are clearly excessive and should have been reduced. The R&R was clearly erroneous and contrary to the law in awarding Plaintiff the total

number of billed hours sought instead of excluding hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

   1.   **<u>Plaintiff Seeks An Award of Attorney's Fees Based on Prevailing on the Directed Verdicts Entered on the Counter-Claims.  The Hours Were Not Reasonably Expended on the Counter-Claims</u>**

At trial, the reality is that Defendants prevailed on the only issue that went to verdict before the jury, finding that Plaintiff was not an "employee" but rather an "independent contractor," and thus Defendants would not be liable for violations of the FLSA. [ECF No. 126 and 130].  The majority of the time spent at trial was based on the parties presenting evidence and arguing for or against the merits of Plaintiff's allegations on whether the Plaintiff was indeed an "employee" versus an "independent" contractor.  Very little time was spent on the issues related to the merits of Defendants' counterclaims, and the Court granted Plaintiff's Rule 50 Motions for Directed Verdict on each of Defendants' counterclaims for Breach of Contract and Trade Secret Act [ECF No. 124].

Moreover, and more importantly, it is important to note that the Defendants' Counterclaims <u>were not brought into the case until January 25, 2023</u>, wherein the Court granted Defendants' Motion For Leave To Amend To Include Counter-Complaint [ECF No. 36].  As such, the billable time that Plaintiff relies on prior to January 25, 2023 for an award of attorney's fees, should be reduced accordingly.  During the time between August 22, 2022 [ECF No. 1] and January 25, 2023 [ECF No. 36] Plaintiff <u>did not expend any time whatsoever</u> related to the issues of the Counterclaims, which is what Plaintiff bases entitlement to an award of attorney's fees under 57.105(7), as the prevailing party on the Counterclaims.  Furthermore, a review of Plaintiffs' billable time entries fails to substantiate much work performed on the Counterclaims at issue, even

after January 25, 2023. Plaintiff's billable time entries are excessive and should be reviewed to determine the time reasonably expended on the one claim that Plaintiff prevailed on, the Breach of Contract claim, which was also ruled on by the Court in a Rule 50 Motion before the case went to the Jury [ECF 124].

### 2. Plaintiff Should Not Recover Fees For Work On Matters In Which She Did Not Prevail

Plaintiff's Counsels' time records improperly include time expended on matters related to defending or prosecuting issues and motions upon which they did not prevail. For example, Plaintiff spent approximately 41.40 hours preparing for Plaintiff's Motion For Summary Judgment [ECF 159-2]. Plaintiff's MSJ ultimately was denied, despite time also spent preparing and filing several attempted motions for extension of time, which were also denied [ECF 62 through 71]. Plaintiff is not entitled to fees for this time. See *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996) (fees for defending Motion for Summary Judgment not allowed where petitioner ultimately lost on the issue).

### 3. Plaintiff's Billing Records Are Devoid Of Any Evidence That Counsel and Non-Attorney Staff Used "Billing Judgment."

Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dept. of Housing and Urban Dev.,* 99 F.3d 761, 769 (5th Cir. 1996). The time records do not show any time being written off. For example, there are multiple entries billing for "translation" of certain documents. That is not legal work nor should it be reimbursable. The fact that Plaintiff's team has billed for inadequately documented time and on issues on which Plaintiff did not prevail demonstrates that they exercised a dearth of billing judgment.

### 4. Certain Fees Sought By Plaintiff Are Not Recoverable

It is counsel's burden to show that they exercised billing judgment. *Walker,* 99 F.3d at 769. Because they failed in this regard, their requested fees must be reduced. *Id.*

### a. Duplicate time must be excluded from any fee award.

Plaintiffs billable time entries includes that of three (3) attorneys and four (4) paralegals. The R&R awards all of the time for all of these individuals. **See page 12 of the R&R**. Plaintiffs' attorneys have duplicated their efforts on several occasions. "Redundant hours must be excluded from the hours claimed by the fee applicant." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 432 (11th Cir. 1999). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717 (5th Cir. 1974). Compensation for the additional attorney should only be allowed where there is a legitimate need for the additional attorney. *Walker v. U.S. Dept. of Housing and Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996

For example, in the case at bar, Plaintiff has requested fees for Toussaint Cummings, Esq. to conduct legal research on the very same issue that Brian Pollock, Esq. also conducted research, specifically research on whether a nurse registry is protected from FLSA claims (i.e., Cummings billed 1.8 hours on 6/12/23 and Pollock billed 1.0 on 5/24) [ECF 152-2]. Plaintiff's billing entries fail to offer any evidence that the time spent by counsel on this tasks reflected "the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Barnes, 168 F.3d at 435*. At the very least, counsel should have exercised billing judgment and charged for only one attorney's time.

### b. Clerical Work Must Be Excluded From Any Fee Award.

"[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman, 836 F.2d at 1306*; accord *Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)*. While attorneys may do such work, "[s]uch non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it." *Johnson, 488*

*F.2d at 717*. Similarly, work by paralegals is recoverable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)*.

Plaintiff has requested fees on several entries for clerical activities completed by either a paralegal, or an attorney. This includes tasks such as translating for the client, scheduling depositions, sending correspondence, and filing documents.. See *Wendell v. USAA Cas. Ins. Co., 2009 U.S. Dist. LEXIS 129068, *12-13 n.6 (M.D. Fla. Jun. 17, 2009)* ("[T]he mere act of sending or receiving a facsimile or letter is clerical in nature."). As these fees are purely clerical in nature, they should not have been included in Plaintiff's fee request and are not recoverable.

### 5. **Plaintiff's Claimed Hours Should Be Reduced By Removing The Objectionable Entries.**

When a reduction in hours is required, the Court either should conduct a line-by-line analysis of the time entries in question, or apply an across-the-board reduction to arrive at a reasonable number of hours. *Wendell, 2009 U.S. Dist. LEXIS 129068*, at 13 (citing *Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351-52 (11th Cir. 2008)* (*per curiam*)). Only one method should be applied. *Id.* "An across-the-board reduction is appropriate where billing records are so voluminous that an hour-by-hour analysis would require the court to 'engag[e] in the pick and shovel work necessary to make a more precise determination.'" *Id.* (quoting *Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008))*.

Whatever method the Court selects, it will undoubtedly evidence that the ultimate findings and recommendations in the R&R are erroneous or contrary to law, and the Court should consider the record and information provided herein to modify the Magistrate Judge's recommendation to reduce the hours accordingly 28 U.S.C § 636(b)(1).

### B. **The R&R Erroneously Concluded That Plaintiff Was Entitled To Attorney's Fees Under Section 768.69, Fla. Stat.**

Section I of the R&R, titled Plaintiff's Fees and Costs, states that "[i]t is uncontested Plaintiff made such an offer, which Defendants rejected." However, Plaintiff's entitlement to

attorney's fees under Section 768.79, Fla. Stat. is dubious, at best, because it is impossible to determine whether Plaintiff satisfied the statutory and procedural requirements to be awarded attorney's fees under Section 768.79.

Plaintiff's Motion For Attorney's Fees [ECF No. 159] cites to an "Exhibit A" [sic] purportedly attached to the motion as evidence of a Proposal for Settlement ("PFS") served on All VIP. However, "Exhibit A" to ECF No. 159 is actually an affidavit of Ms. Valdivieso, not a copy of a Proposal for Settlement. As such, there is no way of knowing whether the PFS that was served on Defendants properly complies with the statutory and procedural requirements.

Section 768.79, Fla. Stat., automatically creates an entitlement or "mandatory right" to attorney's fees when a PFS satisfies the statutory and procedural requirements. Courts have generally held that Proposals for Settlement that fail to strictly comply with the requirements under Fla. R. Civ. P. 1.442 are not enforceable, and attorneys fees may not be awarded.

Based on Plaintiff's failure to attach a copy of the Proposal For Settlement to the Motion For Fees, the record does not support whether Plaintiff is entitled to attorney's fees under Section 768.79. Thus, the only viable basis for Plaintiff to be entitled to fees would be under 57.105(7), for prevailing on the Defendants' Counterclaims and Plaintiff's Breach of Contract claim. That said, Defendants' concede that this argument would not necessarily change or impact Plaintiff's entitlement to fees, rather it should be taken into account with respect to the amount of fees to award Plaintiff.

If, the Court is inclined to rule that Plaintiff is entitled to an award for fees under Section 768.79, the award for fees should then be <u>limited to "fees incurred from the date the offer was served" i.e., after September 14, 2023 the date the Notice of Service of Proposal For Settlement</u> was served on Defendant and filed [ECF No.88].

## **CONCLUSION**

Based on the foregoing, Defendants object to the Magistrate Judge's R&R and respectfully request that the Court modify the Report and Recommendation to reduce the hours in accordance with the information available on the record, including Plaintiff's billing records, and enter an order granting and adopting Defendants' objections to the Report and Recommendation.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and is being served on all counsel of record via transmission of a Notice of Electronic Filing generated by CM/ECF on September 3, 2024.

Respectfully Submitted,

*/s/Elizabeth P. Perez*
Elizabeth P. Perez, Esq.
15800 Pines Blvd., Ste 3210
Pembroke Pines, FL 33027
Tel.: 305.709.0888
Fax: 305.709.0888
E-Mail: elizabeth@plglawoffice.com
Florida Bar No.:182461
*Counsel for Defendants*