## VERIFIED AGREEMENT AND RELEASE

As set forth below, All VIP Care Inc. and Liz Velazquez McKinnon, who are collectively referred to as "the Defendants" covenant, agree, release, and state as follows:

Plaintiff, Cruz Valdivieso Figuera, filed a lawsuit against Defendants *Valdivieso Figuera vs. All VIP Care Inc.,* in the District Court for the Southern District of Florida, bearing Case No.: 0:22-CV-61553-DIMITROULEAS ("the Lawsuit"), wherein the Court awarded Plaintiff a total of $149,073.91 in attorney fees and taxable costs against Defendant, All VIP Care Inc., and the Defendants $1,869.41 in taxable costs against Plaintiff at DE 182.

Plaintiff served a Writ of Garnishment on Garnishee, P.N.C. Bank, N.A., on September 20, 2024, for the $149,073.91 in attorney fees and taxable costs awarded to her. Upon notification that a Writ of Garnishment had been served, the Defendants contacted Plaintiff's counsel to resolve the Writ of Garnishment.

**THEREFORE**, in consideration of the Defendants' promises and covenants contained in this Agreement, the Defendants covenant and agree as follows:

1. To the entry of an Order on an emergent basis directing that Garnishee, P.N.C. Bank, N.A., immediately disburse, issue a check, and/or transmit a wire in the amount of $100,000.00 (One Hundred Thousand Dollars) payable to "FairLaw Firm" and to be received at 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 331465 (and/or by wire transfer to its operating account with the wire instructions to be provided upon request) in partial satisfaction of the attorney's fees and costs awarded in the Lawsuit;

2. To the entry of an Order on an emergent basis directing that Garnishee, P.N.C. Bank, N.A., immediately disburse and/or issue a check in the amount of f $100.00 (One Hundred Dollars) payable to counsel for the Garnishee in satisfaction of the statutory fee attendant to the garnishment proceeding;

3. To the entry of an Order on an emergent basis directing that Garnishee, P.N.C. Bank, N.A., immediately disburse and/or release the funds remaining in the Defendants' account(s) after payment/disbursal of the $100,000.00 to FairLaw Firm and the $100.00 statutory fee to Garnishee's counsel;

4. To file a Satisfaction of Judgment for the $1,869.41 in taxable costs against Plaintiff within three (3) business days of the Court's issuance of an Order granting the relief requested in the Agreed Emergency Motion To Disburse Garnished Funds and to waive and release any claim to the $1,869.41 (and all interest accumulated thereon) awarded at DE 182;

5. To not close, otherwise change, divert funds from being deposited into, nor deplete for anything other than necessary business expenses, the account(s) and funds currently maintained therein at P.N.C. Bank, N.A. (and which are subject to the Writ of Garnishment), without having first provided written notice Brian H. Pollock, Esq., FairLaw Firm, by email at brian@fairlawattorney.com, of the account number,

# EXHIBIT B

      accountholder, and institution to which the funds have been deposited and/or transferred.

6. To deliver to FairLaw Firm no later than 4:00 p.m. on Friday, October 25, 2024, the amount of Fifty Thousand Dollars ($50,000.00) in satisfaction of any and all remaining obligations to Plaintiff and/or her counsel in connection with the attorney's fees and costs awarded in DE 182 and that could be requested and/or awarded for the time and costs expended in executing and collecting on the award, for which Defendants shall receive a Satisfaction of Judgment to be filed in the Lawsuit within five (5) business days thereafter;

      Defendants further agree that should they fail to timely deliver to FairLaw Firm at 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, the remaining $50,000.00 by 4:00 p.m. on October 25, 2024, FairLaw Firm shall be entitled to (a) immediate execution on the entirety of the attorney's fees and costs awarded by the Court ($149,073.91) against Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, jointly and severally, (b) all interest accrued thereon since September 4, 2024, and (c) receipt of completed Fact Information Sheets, with all required attachments, for each Defendant. In addition, Defendants waive all defenses to Plaintiff's and/or FairLaw Firm's request for the Court to award the attorney's fees and costs incurred since September 4, 2024 for its post-judgment collection efforts, other than timely payment/satisfaction.

      Defendants generally release, satisfy, and forever discharge Plaintiff, her agents, attorneys, heirs, and all who may claim through them ("Released Parties") from any and all claims, demands, or liabilities whatsoever, whether known or unknown, which Defendants ever had or may now have against the Released Parties from the beginning of time to the date of this Agreement is executed, except for the obligations the Defendants undertake in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Plaintiff's employment with Defendants and separation of employment with Defendants, litigation and/or post-litigation conduct.

      Defendants agree that the substantive law of the State of Florida governs this Agreement, and jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida, which is presiding over the Lawsuit. If the Court invalidates any provision of this Agreement, then all remaining provisions of the Agreement shall remain in full force and effect. The prevailing party in any claim arising out of or relating to this Agreement shall be entitled to recover his/her/its/their attorney's fees and costs.

      Defendants represent and warrant that the person signing this Agreement has the authority to act on behalf of Defendants and to bind Defendants and all who may claim through Defendants to the terms and conditions of this Agreement represents and warrants that she has the capacity to act on her own behalf and on behalf of all who might claim through her to bind her to the terms and conditions of this Agreement. Defendants further warrant that the payments to be made under this Agreement are being made in good faith in satisfaction of a debt, judgment, and/or award of attorney's fees and costs in the Lawsuit, not intended as a preference or fraudulent transfer under bankruptcy law, and not subject to recoupment in or through any bankruptcy proceeding by Defendants. Defendants further attest that they are currently solvent, that the payment(s) to be made through this Agreement will not render any or all of them insolvent, and waive any right to seek recovery of this payment as a preference in any future bankruptcy proceeding.

payments to be made under this Agreement are being made in good faith in satisfaction of a debt, judgment, and/or award of attorney's fees and costs in the Lawsuit, not intended as a preference or fraudulent transfer under bankruptcy law, and not subject to recoupment in or through any bankruptcy proceeding by Defendants. Defendants further attest that they are currently solvent, that the payment(s) to be made through this Agreement will not render any or all of them insolvent, and waive any right to seek recovery of this payment as a preference in any future bankruptcy proceeding.

This Agreement contains the parties' entire agreement, and it may not be changed except in writing and signed by all Defendants and either Plaintiff or her counsel, Brian H. Pollock, Esq., of FairLaw Firm. A copy or .pdf of any signature or this Agreement shall have the same force and effect as an original. This document may be wet signed or e-signed, each of which shall be enforced equally.

Defendants understand that although Plaintiff's counsel prepared this Agreement, Defendants were advised of and had the opportunity to review this Agreement with their counsel, they were not provided with any legal advice by Plaintiff's counsel prior to signing, that they understood this agreement before signing it.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement willingly and freely after consultation with my counsel in Palm Beach County, Florida, under penalty of perjury, and declare as of the dates set forth below, under 28 U.S.C. §1746, that the foregoing is true and correct.

LIZ VELAZQUEZ MCKINNON

By: _____
Liz Velazquez McKinnon, individually

Dated: 9/24/2024

ALL VIP CARE INC.

By: _____
Liz Velazquez McKinnon, Authorized Agent

Dated: 9/24/2024