UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

    Defendants,
_____/

## PLAINTIFF'S VERIFIED MOTION FOR *EX PARTE* FINAL JUDGMENT FOLLOWING DEFAULT IN VERIFIED AGREEMENT AND RELEASE

Plaintiff, Cruz Valdivieso Figuera, through her undersigned counsel, requests that the Court enter a final judgment against the Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, on an *ex parte* basis due to the material breach of the Verified Agreement and Release [ECF No. 191-2], the negotiated remedies therein, and the following good cause:

### I. INTRODUCTION

Plaintiff requests the Court to enforce the parties' agreement by entering a Default Final Judgment against Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, jointly and severally, on an *ex parte* basis. Defendants negotiated not to have the Garnishee Bank disburse the entirety of money representing the fees and costs awarded to Plaintiff's undersigned counsel. In exchange, Defendants agreed to file a satisfaction of Judgment for the costs awarded against the Plaintiff, to be subjected to joint and several liability for the entirety of the $149,073.91 judgment, plus all interest accrued since September 4, 2024, plus attorneys' fees and costs if they defaulted in

timely making the payment due by October 25, 2024, and to waive all defenses other than timely payment. Defendants did not file a Satisfaction of Judgment and did not timely make the payment due by October 25, 2024, entitling Plaintiff to a judgment of $149,073.91 against both Defendants, jointly and severally, all interest accrued since September 4, 2024, plus her attorneys' fees and costs on an *ex parte* basis.

## II. FACTS

1. Plaintiff sued Defendants, All VIP Care, Inc. and Liz Velazquez McKinnon, for not paying her overtime or minimum wages and for retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and for failing to pay her the "pure gap time" wages she earned for two days in May 2022 and for one week in July 2022. [ECF No. 23.]

2. Ms. Valdivieso included state law claims for Breach of Contract and Unjust Enrichment against All VIP in her Second Amended Complaint, over which the Court exercised supplementary jurisdiction under 28 U.S.C. §1367. [ECF No. 23.]

3. All VIP brought Counterclaims against Ms. Valdivieso for Breach of Contract at Count I, Tortious Interference at Count II, and Florida's Trade Secrets Act at Count III. [ECF No. 37.] All VIP sought recovery of its attorney's fees from Ms. Valdivieso pursuant to Fla. Stat. §§542.335 and 688.005. *Id.*, at ¶17.

4. Following the trial of this case, this Court entered a Final Judgment on November 1, 2023, awarding Plaintiff the amount of $1,768.00 against Defendant, All VIP Care Inc [ECF No. 130].

5. This Court then entered its Order Adopting the Report and Recommendation, awarding Plaintiff $149,073.91 in attorney fees and taxable costs against Defendant, All VIP Care

Inc., and awarding the Defendants $1,869.41 in taxable costs against Plaintiff on September 4, 2024 [ECF No. 182].

6. The undersigned counsel for Plaintiff commenced executing on the judgment for the $149,073.91 in attorney's fees and costs:

    a. She filed a Motion requesting the Court to issue a Writ of Garnishment, which resulted in the Court issuing the Writ of Execution [ECF Nos. 184, 185];

    b. She filed an Ex Parte Motion requesting the issuance of a Writ of Garnishment, which the Court issued [ECF Nos. 185, 187]; and

    c. She served the Writ of Garnishment on PNC Bank, N.A., on September 20, 2024, freezing All VIP Care, Inc.'s business bank account(s).

7. While represented by counsel, Defendants negotiated and then signed a Verified Agreement and Release on September 26, 2024.

8. As relevant to this Motion, the Defendants agreed to the following terms in the Verified Agreement and Release Agreement:

    4. To file a Satisfaction of Judgment for the $1,869.41 in taxable costs against Plaintiff within three (3) business days of the Court's issuance of an Order granting the relief requested in the Agreed Emergency Motion To Disburse Garnished Funds and to waive and release any claim to the $1,869.41 (and all interest accumulated thereon) awarded at DE 182;

    5. To not close, otherwise change, divert funds from being deposited into, nor deplete for anything other than necessary business expenses, the account(s) and funds currently maintained therein at P.N.C. Bank, N.A. (and which are subject to the Writ of Garnishment), without having first provided written notice Brian H. Pollock, Esq., FairLaw Firm, by email at brian@fairlawattorney.com, of the account number, accountholder, and institution to which the funds have been deposited and/or transferred.

    6. To deliver to FairLaw Firm no later than 4:00 p.m. on Friday, October 25, 2024, the amount of Fifty Thousand Dollars ($50,000.00) in satisfaction of

any and all remaining obligations to Plaintiff and/or her counsel in connection with the attorney's fees and costs awarded in DE 182 and that could be requested and/or awarded for the time and costs expended in executing and collecting on the award, for which Defendants shall receive a Satisfaction of Judgment to be filed in the Lawsuit within five (5) business days thereafter;

Defendants further agree that should they fail to timely deliver to FairLaw Firm at 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, the remaining $50,000.00 by 4:00 p.m. on October 25, 2024, FairLaw Firm shall be entitled to (a) immediate execution on the entirety of the attorney's fees and costs awarded by the Court ($149,073.91) against Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, jointly and severally, (b) all interest accrued thereon since September 4, 2024, and (c) receipt of completed Fact Information Sheets, with all required attachments, for each Defendant. In addition, Defendants waive all defenses to Plaintiff's and/or FairLaw Firm's request for the Court to award the attorney's fees and costs incurred since September 4, 2024 for its post-judgment collection efforts, other than timely payment/satisfaction.

[ECF No. 191-2 at 1-2.]

9. Defendants signed the Verified Agreement and Release Agreement as follows:

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement willingly and freely after consultation with my counsel in Palm Beach County, Florida, under penalty of perjury, and declare as of the dates set forth below, under 28 U.S.C. §1746, that the foregoing is true and correct.

LIZ VELAZQUEZ MCKINNON
By: [signature]
Liz Velazquez McKinnon, individually
Dated: 9/24/2024

ALL VIP CARE INC.
By: [signature]
Liz Velazquez McKinnon, Authorized Agent
Dated: 9/24/2024

[ECF No. 191-2 at 3.]

10. Through their counsel of record, Defendants filed an Agreed Motion to Disburse Garnished Funds [ECF No. 191], to which Defendants appended the fully executed Verified Agreement and Release as Exhibit B. [ECF No. 191-2.]

11. The Court entered the Order Granting Agreed Emergency Motion to Disburse Garnished Funds, wherein it accepted and approved the parties' agreement and directed PNC Bank, N.A., to disburse funds to the undersigned law firm and to Defendants. [ECF No. 192.]

12. PNC Bank, N.A., complied with the Court's Order [ECF No. 192] by disbursing the funds garnished account as directed by the Court in its Order on or about September 27, 2024.

### Defendants' Breaches

13. Defendants breached the Verified Agreement and Release [ECF No. 191-2] by not filing a Satisfaction of Judgment in favor of the Plaintiff.

14. Defendants breached the Verified Agreement and Release [ECF No. 191-2] by failing to timely deliver the $50,000 to the office of the undersigned.

### Entry of *Ex Parte* Default Final Judgment

15. Plaintiff is entitled to the entry of a Default Final Judgment against Defendants, jointly and severally, for $151,165.20 based on the Verified Agreement and Release, to include the following

　　a. $149,073.91 for the attorney's fees and costs previously awarded by the Court;

　　b. $2,091.29 in interest since September 4, 2024, calculated as follows:

| Effective Date | Interest Rate | Daily Interest | Days | Judgment | Total Interest |
|---|---|---|---|---|---|
| July 1, 2024 Rate | 9.46% | $38.64 | 24 | $149,073.91 | $927.28 |
| October 1, 2024 Rate | 9.50% | $38.80 | 30 | $149,073.91 | $1,164.00 |
| | | | | | $2,091.28 |

    c. Entitlement to recover her attorney's fees and costs from Defendants.

16. Having negotiated to waive any defense other than timely payment, Defendants' failure to timely deliver the payment due under the Verified Agreement and Release entitles Plaintiff to a default final judgment.

17. This matter is proceeding post-judgment; consequently, there is no conferral requirement under S.D. Fla. Local Rule 7.1.

### III. ARGUMENT

Florida law governs the enforcement of settlement agreements. *See Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir.1985).

> Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so. *See Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc.*, 704 So .2d 669, 673 (Fla. 1st DCA 1997). They are interpreted and governed by the law of contracts. *Williams v. Ingram*, 605 So. 2d 890 (Fla. 1st DCA 1992). The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement. Carroll v. Carroll, 532 So .2d 1109 (Fla. 4th DCA 1988), *rev. denied*, 542 So. 2d 1332 (Fla. 1989). To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. *Don L. Tullis and Assoc., Inc. v. Benge*, 473 So.2d 1384 (Fla. 1st DCA 1985). Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. A client's express authority given to his attorney to settle a cause of action must be clear and unequivocal. *See Jorgensen v. Grand Union Co.*, 490 So.2d 214 (Fla. 4th DCA 1986). However, "[t]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs-not on the parties having meant the same thing but on their having said the same thing." *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 407 (Fla. 1974) (quoting *Gendzier v. Bielecki*, 97 So. 2d 604, 608 (Fla. 1957)).

*Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). The Verified Agreement and Release was crystal clear about the $50,000 payment, the timing of it, when and where it had to be delivered, Plaintiff's entitlement to a judgment on an *ex parte* basis against Defendants, jointly

and severally, upon default in payment, or Plaintiff's entitlement to attorney's fees in connection with default or breach by Defendants. [ECF Nos. 191-2.]

There is no dispute as to the fact that Defendants failed to deliver the payment due under the Verified Agreement and Release. Therefore, Plaintiff is entitled to a Final Judgment on an *ex parte* basis in the amount of $151,165.20, entitlement to recover her attorney's fees and costs incurred since September 4, 2024, and to the immediate receipt of Fact Information Sheets, with all required attachments, from/for each Defendant.

## IV.  CONCLUSION

WHEREFORE Plaintiff, Cruz Valdivieso Figueroa, requests that the Court enter a final judgment in her favor and against Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, jointly and severally as set forth above. A proposed Final Judgment is being submitted herewith.

## VERIFICATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Dated this 31st day of October 2024.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*