UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC., et. al,

    Defendants.
_____/

## RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION FOR EXTENSION OF TIME

Plaintiff, Cruz Valdivieso Figuera, through her undersigned counsel, requests the Court to deny the Defendants' Motion for Extension of Time to File Response in Opposition to Plaintiff's Motoinf or Default Final [ECF No. 199] based on lack of good cause, judicial estoppel, and the following good cause:

1.    Defendants do not provide the Court with "good cause" to extend the deadline for their response to Plaintiff's Verified Motion For *Ex Parte* Final Judgment Following Default In Verified Agreement And Release, filed October 31, 2024 [ECF No. 195] ("Pending Motion") or the Court's entry of a final judgment against them, jointly and severally, for $149,073.91, plus accrued interest and attorney's fees, because they failed to pay the $50,000 due by 4:00 p.m. on October 24, 2024.

2.    While PNC Bank, N.A. was holding funds sufficient to satisfy the fee and costs judgment awarded by the Court, Defendants negotiated and signed the Verified Agreement and Release under oath. [ECF No. 191-2.]

1

3.      Defendants filed the Verified Agreement and Release with the Court in connection with a request for PNC Bank, N.A., to release funds on an emergent basis because they needed access to the funds to satisfy their payroll obligations in the Agreed Emergency Motion to Disburse Garnished Funds. [ECF No. 191 at 1.]

4.      Once the Defendants filed the Agreed Emergency Motion to Disburse Garnished Funds [ECF No. 191], with the Verified Agreement and Release [ECF No. 191-2], and convinced the Court to enter the Order Granting Agreed Emergency Motion to Disburse Garnished Funds [ECF No. 192], Defendants were (judicially) estopped from being able to legitimately argue that they need not comply with the terms of the Verified Agreement and Release. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001) (finding litigant estopped from taking inconsistent positions in same or subsequent judicial proceedings to avoid making a mockery of the judicial system); and *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1359 (11th Cir. 2018) (applying Florida's judicial estoppel principles in federal courts).

5.      The Verified Agreement and Release specifically stated that the Defendants covenanted and agreed to the following terms:

> 1. To file a Satisfaction of Judgment for the $1,869.41 in taxable costs against Plaintiff within three (3) business days of the Court's issuance of an Order granting the relief requested in the Agreed Emergency Motion To Disburse Garnished Funds and to waive and release any claim to the $1,869.41 (and all interest accumulated thereon) awarded at DE 182;
>
> 2. To not close, otherwise change, divert funds from being deposited into, nor deplete for anything other than necessary business expenses, the account(s) and funds currently maintained therein at P.N.C. Bank, N.A. (and which are subject to the Writ of Garnishment), without having first provided written notice Brian H. Pollock, Esq., FairLaw Firm, by email at brian@fairlawattorney.com, of the account number, accountholder, and institution to which the funds have been deposited and/or transferred.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

> 3. To deliver to FairLaw Firm no later than 4:00 p.m. on Friday, October 25, 2024, the amount of Fifty Thousand Dollars ($50,000.00) in satisfaction of any and all remaining obligations to Plaintiff and/or her counsel in connection with the attorney's fees and costs awarded in DE 182 and that could be requested and/or awarded for the time and costs expended in executing and collecting on the award, for which Defendants shall receive a Satisfaction of Judgment to be filed in the Lawsuit within five (5) business days thereafter;

[ECF No. 191-2.]

6. Defendants also agreed the consequences for their failure to timely pay the undersigned the $50,0000 due by October 25, 2024:

> Defendants further agree that should they fail to timely deliver to FairLaw Firm at 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, the remaining $50,000.00 by 4:00 p.m. on October 25, 2024, FairLaw Firm shall be entitled to **(a) immediate execution on the entirety of the attorney's fees and costs awarded by the Court ($149,073.91) against Defendants**, All VIP Care Inc. and Liz Velazquez McKinnon, jointly and severally, (b) **all interest accrued thereon since September 4, 2024**, and (c) **receipt of completed Fact Information Sheets, with all required attachments, for each Defendant**. In addition, **Defendants waive all defenses** to Plaintiff's and/or FairLaw Firm's request for the Court to award the attorney's fees and costs incurred since September 4, 2024 for its post-judgment collection efforts, **other than timely payment/satisfaction**.

*Id.*

7. Defendants agreed that after PNC Bank, N.A., released $100,000 to the undersigned, their failure to timely pay the remaining $50,000 would result in the undersigned's entitlement to execute on the entirety of the initial $149,073.91 judgment, plus all interest accrued thereon since September 4, 2024, plust all attorney's fees and costs incurred since September 4, 2024. *Id.*

8. The undersigned filed the pending Verified Motion for Ex Parte Default Final Judgment Following Default In Verified Agreement and Release on October 31, 2024 [ECF No. 195], a week after Defendants were to have delivered the remaining $50,000.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

9. At no time prior to October 31, 2024, did the Defendants contact the undersigned about the timing for their payment nor that it would be slightly delayed.

10. And while the Defendants may have only informed their counsel of the passing of a grandson on November 11, 2024, their counsel confessed in an email sent earlier today as follows:

> **Elizabeth Perez**
> Re: Valdivieso v. All VIP Care
> To: Brian Pollock, Cc: Sebastian Suarez
> Inbox - Work   6:05 PM
>
> First, I do not know exactly when her grandson passed away. We learned of it recently but do not know the details.

11. Defendants also do not explain why the passing of a grandson of Ms. Velazquez McKinnon has any bearing on defense counsel's ability to respond to the pending Motion.

12. The argument that the Order Adopting the Report and Recommendation is not a final judgment is spurious, at best. [ECF No. 175, 182.] That Order is a money judgment subject to being executed against the Defendant under Fed. R. Civ. P. 54(a) and 58(a)(3). *See Ricci v. Exch. Miami, LLC*, 2020 WL 13401241, at *2 (S.D. Fla. July 29, 2020)(Becerra, M.J.) (determining that "In the present case, the Court's Order on Motion for Attorneys' Fees and Costs, ECF No. [52], constitutes a money judgment that does not need to be entered in a separate document")(Citing *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980–81 (11th Cir. 1986), and *National Labor Relations Board v. Tropical Wellness Center, LLC*, 2019 WL 2254921, at *4 (S.D. Fla. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 2255566 (S.D. Fla. Mar. 29, 2019).) Accordingly, even if Defendants were not estopped from arguing, they'd be wrong.

13. The Defendants have no defense to the Court's entry of the proposed Order/Final Judgment; they seek more time to develop arguments they are (judicially) estopped from making and which they waived (since they do not proffer to have made timely payment).

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

14. Defendants did not give the Court any reason (nor "good cause") why the death of Ms. Velazquez McKinnon's grandson (at some time prior to November 11, 2024) precluded defense counsel from timely responding to the pending Motion, why the Court should delay the inevitable, nor offer any prospect of a viable defense being asserted given the impact of judicial estoppel on their proffered arguments.

15. Denial of the requested extension of time is appropriate. *See Valencia v. Affiliated Group, Inc.*, 2008 WL 4372895, at *5 (S.D. Fla. Sept. 24, 2008) (denying extension for lack of "good cause").

Respectfully submitted this 13th day of November 2024,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*