UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC., et. al,

    Defendants.
_____/

## **PLAINTIFF'S MOTION TO SHOW CAUSE**

Plaintiff, Cruz Valdivieso Figuera, through her undersigned counsel and pursuant to Fed. R. Civ. P. 37, 64, Local Rule 7.1, and other applicable Rules and laws, requests that the Court enter an Order requiring that a representative of Defendant, All VIP Care, Inc., appear before the Court to Show Cause as to why she should not be held in Contempt of Court based upon the following good cause:

### **MOTION**

1.    A Report and Recommendation was issued on August 15, 2024, awarding Plaintiff and her counsel $145,067.50 in attorney's fees and costs of $4,006.41, for a total award of $149,073.91. [ECF No.175.]

2.    This Court then entered its Order Adopting the Report and Recommendation, awarding Plaintiff $149,073.91 in attorney fees and taxable costs against Defendant, All VIP Care Inc., and awarding the Defendants $1,869.41 in taxable costs against Plaintiff on September 4, 2024 [ECF No. 182].

1

3. Plaintiff then requested the Court enter an Order compelling Defendant, All VIP Care, Inc., to complete and return a Florida Form 1.977 Fact Information Sheet, with all required attachments, within 15 days (and appended the Form 1.977 Fact Inforamtion Sheet as Exhibit A). [ECF No. 183.]

4. With no response filed, the Court then entered a Paperless Order granting Plaintiff's unopposed Motion to Compel Fact Information Sheets on October 17, 2024 [ECF No. 194.]

5. Defendant, All VIP Care, Inc. was required to complete and return the Form 1.977 Fact Information Sheet [ECF No. 183-1] to the undersigned by November 1, 2024.

6. Defendant, All VIP Care, Inc., did not comply with the Court's Order and did not request from the undersigned nor receive an extension of time to respond.

7. Defendant ignored the Court's Order entered on October 17, 2024.

8. Plaintiff needs the information from Defendant regarding its assets, liabilities, and bank accounts to execute on the fee and costs awarded at ECF No.175, and pursuant to the Verified Agreement and Release [ECF No.191-2] and is prejudiced by Defendant's stubborn refusal to recognize the Court's authority.

9. Plaintiff now requests that the Court require a representative of the corporate Defendant to appear before the Court and to Show Cause why she should not be held in contempt of court for failing to comply with the Paperless Order entered at ECF No. 194.

10. Plaintiff is not required to include a conferral statement because proceedings under Rule 64 are exempt from the conferral requirement imposed by Local Rule 7.1(a)(3).

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## MEMORANDUM OF LAW

The Court is authorized to utilize contempt proceedings to compel compliance with post-judgment discovery.

> A party does not have the right to merely disregard a court order based on a subjective opinion as to the correctness of the order. *See In re Novak*, 932 F.2d 1397, 1400 (11th Cir.1991). "It is beyond question that a court may use the remedy of a citation of contempt to enforce an earlier judgment." *Keegan v. Lawrence*, 778 F.Supp. 523, 525-526 (S.D.Fla.1991).
>
> Although sanctions may be imposed to coerce compliance with a court order, any sanctions imposed may neither be so excessive as to be punitive, nor more than is necessary to ensure compliance. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir.1991). Civil contempt sanctions include a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration. *See Citronelle-Mobile Gathering, Inc.*, 943 F.2d at 1304 (citations omitted ).

*Barash v. Kates*, 2010 WL 1417816, at *6 (S.D. Fla. 2010). Rule 37(b)(1) authorizes the Court to impose the following sanctions:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Once a prima facie showing of a violation of a court order is made, the burden shifts to the alleged contemnor "to produce evidence explaining his noncompliance" at a show cause hearing. *Citronelle—Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). At the contempt hearing, the alleged contemnor is "allowed to show either that he did not violate the court order or that he was excused from complying." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). "Parties subject to a court's order demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply." *Watkins*, 943 F.2d at 1301 (internal quotation marks omitted).

The Order at issue is clear and unambiguous but the judgment debtor made no effort to comply. The Court can and should require judgment debtor to show cause as to why it (and/or its corporate representative) should not be held in contempt of court and to coerce compliance with the post-judgment discovery by imposing an increasing daily fine, *see Harrington v. Mari*, 2024 WL 3649872 (S.D. Fla. Aug. 5, 2024), plus payment of attorneys' fees, or what is more effective would be **coercive *incarceration with* a purge amount**. *Barash*, *supra*.

> Where a party acts or refuses to act in accordance with a court order, the other party typically requests the court to order the offending party to show cause why it should not be held in contempt and sanctioned until compliance. *Mercer*, 908 F.2d at 768. If the court then determines that the conduct as alleged would violate the court's prior order, the court should enter an order requiring the offending party to show cause why it should not be held in contempt and hold a hearing on the matter. *Id.* A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order. *Roberts*, 858 F.2d at 700 (citation omitted); *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir.1998) (*citing Roberts*). Once the party seeking contempt makes this *prima facie* showing, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply, which requires more than a mere assertion of inability to comply. *Roberts*, 858 F.2d at 701. Instead, the alleged contemnor must show he has, in good faith, made all reasonable efforts to comply with the order. *Id.; Chairs*, 143 F.3d at 1436. If the alleged contemnor makes a sufficient showing, the burden then shifts back to the party seeking to show contempt to prove ability of the alleged contemnor to comply with the court's prior order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

4

*Provident Bank v. Hill*, 2013 WL 3270412, at *4 (M.D. Fla. 2013). In the case at bar, there is no question that **Defendant, All VIP Care, Inc., failed to comply with the Court's October 17, 2024 Paperless Order** [ECF No. 194] and, instead, ignored it.

Defendant has shown little to no regard for the Court's authority throughout these post-judgment proceedings, including by

    a.    failing to comply with the obligations assumed in the Verified Agreement and Release [ECF No. 191-1], even after the Court "accept[ed] and approve[d] the parties' Agreement [ECF No. 192];

    b.    failing to timely respond to Plaintiff's Verified Motion for *Ex Parte* Default Final Judgment Following Default In Verified Agreement and Release [ECF No. 195] after its unsuccessful attempt to obtain an Order granting its Motion for Extension of Time To File Response in Opposition [ECF No. 199] before the deadline to respond; and

    c.    failing to complete and return the Form 1.977 Fact Information Sheet [ECF No. 183-1] to the undersigned by November 1, 2024 as required by the Court's Paperless Order at ECF No. 194.

With this post-judgment track record of disregard for the Court's authority, Defendant has shown it does not intend to comply with the Court's post-judgment Orders.

The only means that Plaintiff knows to convince Defendant, All VIP Care, Inc., of the Court's authority and of the concomitant need to comply with the Court's Order(s) is to require the representative of All VIP Care, Inc. (Ms. Velazquez McKinnon) to appear before the Court to Show Cause why she should not be held in Contempt of Court and, if she does not satisfy his

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

burden, to impose the appropriate coercive mechanisms – including a daily fine payable to the undersigned, incarceration (similar to that employed in *Provident Bank*.)

## CONCLUSION

Plaintiff requests that the Court enter an Order requiring the representative of All VIP Care, Inc. (Ms. Velazquez McKinnon) to appear before the Court to Show Cause as to why she should not be held in contempt of court and, if she fails to satisfy this burden, to hold it/her in civil contempt and impose the appropriate coercive sanctions.

Respectfully submitted this 18th day of November 2024,

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue
>Suite 770
>Coral Gables, FL 33146
>Tel:    305.230.4884
>*Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*