UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

v.

ALL VIP CARE, INC. and
LIZ VELAZQUEZ MCKINNON,

    Defendants.
_____/

**DEFENDANTS' COMBINED RESPONSE IN OPPOSITION TO (1) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, (2) MOTION FOR ORDER TO SHOW CAUSE AND (3) MOTION FOR WRIT OF EXECUTION; AND DEFENDANTS' MOTION TO DISSOLVE AND CLAW-BACK WRIT OF GARNISHMENT, WRIT OF EXECUTION AND MOTION FOR SANCTIONS**

Defendants, ALL VIP CARE INC. ("ALL VIP CARE") and LIZ VELAZQUEZ MCKINNON ("Ms. McKinnon") (collectively "Defendants"), by and through undersigned counsel, hereby file this Combined Response in Opposition to Plaintiff's Motion For Default Judgment [DE 195], Plaintiff's Motion For Order To Show Cause [DE 201], Plaintiff's Motion for Writ Of Execution [DE 203] and DEFENDANTS hereby submit its Motion to Dissolve or Quash and claw-back Writ of Garnishment [DE 185]; Dissolve Writ of Execution [DE 203] and Motion For Sanctions, and incorporated Memorandum of Law, in support thereof states as follows:

**INTRODUCTION**

Plaintiff inappropriately moved to garnish Defendants' funds ("Garnished Funds") without the entry of a Final Judgment in this case, and the Garnished Funds should be clawed back and returned to Defendants because, as a matter of law, a final judgment must first be obtained to secure

the issuance of a writ, as set forth below.  The related pleadings and motions subsequently filed by Plaintiff, and the subject of this combined response, are all premised on the improper taking of Defendants' funds without a judgment entered by this Court before the issuance of a writ.

Despite Defendants' repeated attempts to amicably resolve the issues and confer with Plaintiff to avoid the need for Court intervention, Plaintiff proceeded to file baseless and frivolous motions.  As well, Defendant's counsel informed Plaintiff's counsel of Defendant's tragic death of her 15-year old grandson to explain Defendant's unavailability at the present time as she is grieving this painful loss of her grandchild.  Defendants are seeking attorney's fees and costs as sanctions against Plaintiff's counsel, for having to bring this Motion arising out of an abuse of the judicial process to attempt to inappropriately squeeze more money out of Defendants.

## **PROCEDURAL BACKGROUND**

This was an action arising out of allegations of violations of the Fair Labor Standards Act. 29 U.S.C. §201, et seq. (the "FLSA"), against Defendants for alleged unpaid minimum wage and overtime hours.  A trial was held and the jury found in Defendants' favor on the issue of whether Plaintiff was Defendants' employee under the FLSA.  During trial, the Court granted a directed verdict for Plaintiff's claim for breach of contract and against Defendants' two counterclaims of breach of contract and tortious interference.

The Court entered a dual final judgment, for Plaintiff awarding damages in the amount of $1,768.00 [DE 130] and in favor of Defendants [DE 149].  Thereafter, the parties each moved for attorney's fees and costs.  [DE 149, 159].  On August 14, 2024, the issue of attorney's fees and costs was determined in the Magistrates Report and Recommendation awarding Plaintiff attorney's fees in the amount of $145,067.50 and costs in the amount of $4,006.41, for a total award of

$149,073.91, and also awarding Defendants' costs in the amount of $1,869.41 [DE 175] Thereafter, the Court entered its order Adopting and Approving Report and Recommendation [DE 182].

1. On or about September 20, 2024, Plaintiff filed an *ex-parte* Writ of Garnishment ("Writ"), which was issued by the Clerk of Court. The documents are still sealed as DE 186, 187. Given the *ex-parte* nature of the Writ issued by the Clerk of Court, Defendants obviously were not aware that the funds in the company's operating account would be totally frozen.

2. Once the Writ was executed, Defendants' corporate accounts were completely frozen rendering Defendants unable to do its payroll that was due only two (2) days later for ALL VIP CARE, INC's employees. As well, company checks and other charges were bouncing as a result. Needless to say, it created a highly stressful and chaotic situation for Defendants.

3. Upon learning of the situation from Defendants, Defendants' counsel researched the docket and uncovered that the Writ was improperly issued, and notified Plaintiff's counsel of same. Defendant's counsel noted that there was never a <u>final judgment</u> properly entered to award the attorney's fees.

4. Given the desperation of Defendants to allow the bank to release the funds, Defendants agreed to Plaintiff's ruthless demands and entered <u>under duress</u> into an agreement for the bank to release $100,000.00 to Plaintiff's Counsel, and release the balance of the funds to allow ALL VIP CARE, INC. to use the remainder of the funds for the company to continue its operations and process its payroll ("Agreement"). Per the Agreement, the balance of the $50,000.00 was to be paid to Plaintiff's counsel by October 25, 2024.

5. In said Agreement, Plaintiff's counsel would not agree to reduce the amount owed to Defendants in the amount of $1,869.41 [DE 175], yet also demanded and included in the

Agreement that a Satisfaction of Judgment would be filed even though Defendant would never receive the benefit of the costs awarded by the Court.

6. The parties filed an Agreed Emergency Motion To Disburse Garnished Funds [DE 188]. Exhibit B of the Motion To Disburse contains a copy of the Plaintiff's Agreement and Release [DE 188-2].

7. The bank released to Plaintiff's counsel $100,000.00 of the $150,000.00 demanded by Plaintiff's Counsel in the Agreement, and finally released the remaining funds to allow ALL VIP CARE to continue operating its business, and make payroll.

8. On October 4, 2024, Defendants' counsel filed her Notice of Unavailability as she was traveling out of the country from October 29 – November 1, 2024 [DE 193].

9. Plaintiff strategically proceeded to file a Motion For Default Judgment against Defendants on October 31, 2024 [DE 195], coincidentally while Defendant's counsel was unavailable and out of the country. Upon undersigned counsel's return, she conferred with Plaintiff's counsel to find out what happened, and to attempt to resolve the issues amicably without the need for judicial intervention.

10. In an email to Plaintiff's counsel, Defendants counsel advised that "There is a glaring problem with your writ. It is not based on a final judgment. See *Pineiro v. Am. Express Card Servs. Co.*, 105 So. 3d 614, 2013 Fla. App. LEXIS 570 (Fla. 4th DCA 2013)." Attached as Exhibit A is a copy of the email submitted.

11. Defendant's counsel learned on November 9th that Ms. McKinnon's 15-year old grandson had passed away. Counsel notified Plaintiff's counsel. Instead of attempting to resolve the issues under the circumstances, Plaintiff filed even more motions and pleadings thereafter.

12. Plaintiff's Proposed Final Judgment submitted on or about October 31, 2024, requests a total award of $151,165.20. This amount exceeds the Court-awarded sum of

$149,073.91 as determined in the Magistrate Judge's Report and Recommendation (DE 175) and adopted by this Court on September 6, 2024 (DE 182). The Court's order, as specified in DE 182, clearly outlined a total award of $145,067.50 in attorney's fees and $4,006.41 in costs.

13.  As well, Plaintiff's Proposed Final Judgment improperly seeks to include additional interest of $2,091.29. However, neither the Magistrate Judge's Report and Recommendation nor this Court's Order adopting said Report authorized this additional interest. Therefore, any increase in the amount beyond the awarded $149,073.91 is unauthorized and contravenes the Court's explicit findings and order.

## **MEMORANDUM OF LAW**

In accordance with Fed. R. Civ. P. 69(a)(1). A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—*must accord with the procedure of the state* where the court is located, but a federal statute governs to the extent it applies. USCS Fed Rules Civ Proc R 69.

In Florida, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment[.]" Fla. Stat. § 77.01. Orso v. Roberts, No. 6:21-mc-96-WWB-DAB, 2022 U.S. Dist. LEXIS 115301, at 3 (M.D. Fla. June 29, 2022).

After judgment has been entered, but before the writ of garnishment is issued, the party seeking the writ of garnishment must file a motion stating the amount of the judgment. Id. § 77.03. *Id.*

> Section 77.01, Florida Statutes, states that "[e]very person or entity who . . . has *recovered [a] judgment* in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided[.]" (Emphasis added). To garnish "salary or wages," section 77.0305 provides that a continuing writ of garnishment is available "to satisfy a judgment." "After [the] judgment has been obtained," to secure the issuance of the writ, a plaintiff must file a motion "stating the amount of the judgment." § 77.03, Fla. Stat. (2010). Reading sections 77.01, 77.03, and 77.0305 together, it is apparent that, for a post-judgment garnishment, the total amount sought to be garnished must be contained in a judgment that exists prior to the issuance of the writ. Here, the amount awarded by the court as additional attorney's fees could not be included in the final judgment [**5] in continuing garnishment because that amount had not yet been reduced to a final judgment.
>
> We therefore *reverse the October 7, 2010, final judgment in continuing garnishment* and direct the circuit court (1) to enter an amended final judgment in continuing garnishment *that removes from the $15,231.36 figure that amount attributable to attorney's fees* and (2) to enter a separate final judgment for attorney's fees incurred by the appellee in "legal proceedings" seeking to enforce the original final judgment. (emphasis added).
>
> Pineiro v. Am. Express Card Servs. Co., 105 So. 3d 614, 616 (Fla. 4th DCA 2013).

Here, clearly Plaintiff proceeded to improperly obtain a Writ of Garnishment against Defendants without a proper final judgment entered as to the award for attorney's fees, as required by Florida law.  As well, he continues now to submit to the Clerk of Court another Writ of Execution seeking $151,165.20.  First, there is no judgment that awarded him that amount to permit Counsel to seek now another $151,165.20 in fees.  Secondly, Plaintiff's counsel already received $100,000.00 of the fees owed to him.  He is attempting to penalize Ms. McKinnon by seeking an award that is WELL BEYOND the amount that he is entitled to under the law and in accordance with the Court's Order adopting the Magistrates Report and Recommendation.

Plaintiff's counsel's recent garnishment of Defendants' accounts, in the absence of a final, enforceable judgment, severely prejudiced Defendants. This premature garnishment froze funds critical to All VIP Care Inc.'s payroll obligations, and Plaintiff's counsel leveraged this action to compel entering into an agreement under duress and a receipt of $100,00.00 in partial payment from funds released by the bank. Such conduct underscores the necessity for the Court to adhere strictly to the awarded amounts without further interest or adjustments, in line with the September 6, 2024 order, and to require that a final judgment be entered to allow for Plaintiff to proceed with a writ of garnishments, and the new writ of execution recently filed.

If the Court is inclined to rely on the terms of the Agreement, even if it was entered under duress, we respectfully request to order that Plaintiff's counsel would only be entitled to the balance of the $50,000.00 payment. As well, order Plaintiff to pay Defendants in order to file a Satisfaction of Judgment. Said amount should be reduced from the amount sought by Plaintiff.

Plaintiff's conduct in this should be sanctioned, and Defendants counsel should be awarded attorneys fees for having to file this response, and motion.

Defendants respectfully request that the Court enter an order:

a. Quashing / Vacating and clawing back the Writ of Garnishment;
b. Vacate Plaintiff's Writ of Execution;
c. Confirming that Plaintiff's counsel is entitled only to attorneys fees and costs in the amount of $149,073.91, consistent with the September 6, 2024 Order (DE 182).
d. Denying Plaintiff's request for any additional interest or costs not expressly awarded by the Court.

e.  Ordering Plaintiff to pay Defendants the amounts owed consistent with this Court's Order (DE 182);

f.  Awarding attorney's fees to Defendants; and

g.  Granting Defendants such further relief as the Court deems just and proper.

**WHEREFORE,** Defendants respectfully request that his Court grant the relief sought herein and grant any other relief the Court deems necessary and just.

Respectfully Submitted,

*/s/ Elizabeth P. Perez*
15800 Pines Blvd., Suite 3210
Pembroke Pines, FL 33027
Telephone: (305) 709-0888
Email: elizabeth@plglawoffice.com
Florida Bar No.:0182461

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 27th day of November 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*/s/ Elizabeth P. Perez*
Elizabeth P. Perez