UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

     Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

     Defendants,

_____/

## REPLY SUPPORTING PLAINTIFF'S MOTIONS FOR DEFAULT, ORDER TO SHOW CAUSE, AND WRIT OF EXECUTION AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISSOLVE AND FOR SANCTIONS

### I.  INTRODUCTION

Defendants offer the Court no factual or legal basis to avoid the agreement they signed or the consequences for their breaches, to ignore the Court's Orders, or to support the imposition of sanctions against the undersigned. Defendants make numerous arguments to the Court that they could have, but did not, previously make. Instead of preserving these arguments by making them timely, Defendants waived them and are (judicially) estopped from making them. Defendants' newfangled excuse, wherein counsel refers to the death of a grandchild occurring weeks *after* Defendants were to have fully performed their contractual obligations, is properly disregarded by the Court and cannot establish excusable neglect necessary to avoid the Court's authority.

### II. ADDITIONAL FACTUAL AND PROCEDURAL HISTORY

1.    This Court entered its Order Adopting the Report and Recommendation, awarding Plaintiff $149,073.91 in attorney fees and taxable costs against Defendant, All VIP Care Inc. ("All VIP") and awarding the Defendants $1,869.41 in taxable costs against Plaintiff on September 4, 2024 [ECF No. 182].

2.    Execution efforts included the issuance of a Writ of Execution for the $149,073.91 in attorney fees and taxable costs against VIP Care on September 19, 2024. [ECF No. 185]

3.      Defense counsel, Ms. Rodriguez, responded by conveying an inadequate and unaccepted settlement offer.

4.      Efforts to execute continued and the Court issued a Writ of Garnishment upon P.N.C. Bank, N.A. on September 20, 2024, for the attorney's fees and costs awarded against VIP Care. [ECF No. 187 (sealed)].

5.      The undersigned garnished **VIP Care**'s account to obtain the funds necessary to satisfy the fee and cost award.

6.      After the Writ of Garnishment was served on P.N.C. Bank, N.A., on September 20, 2024, defense counsel contacted the undersigned about her client's inability to access its funds at said bank, prompting some initial negotiations.

7.      Defense counsel contacted the undersigned, claiming that the funds in her client's business bank account were inaccessible due to the Writ of Garnishment. She then attempted to negotiate a resolution to release some of the funds to her client.

8.      The undersigned worked with Ms. Rodriguez to negotiate and finalize all essential terms of an agreement that would release part of the garnished funds to Defendants, part to the undersigned, and in which both Defendants gave additional consideration if **VIP Care** defaulted.

9.      Defense counsel reviewed the proposed Verified Agreement and Release, accepted its terms, worked to revise the Agreed Emergency Motion and Order thereon, and appreciated the undersigned's work on resolving the pending issues while traveling. (Emails exchanged with Ms. Perez are appended as Exhibit "A.")

10.     Defendants, through counsel, agreed to waive any challenge they had to the writ:

**Elizabeth Perez**
RE: Valdivieso Figuera vs. All VIP Care – Proposed Docs
To: Brian H. Pollock,  Cc: Juan Aragon

📁 Archive – Brian's Work      September 26, 2024 at 1:30 PM

Details

Brian,

Despite the fact that you have defective writ issued by the Clerk, not based on a Final Judgment, my client is desperate and is pressured to have to accept your proposal.

That said, I will review the documents that you sent to Mr. Kaufman, and I will provide you a response on any potential revision.  By the way, Mr. Kaufman is not her attorney on this case – so all documents and communications must include me.

Sincerely,

Elizabeth P. Perez, Esq.
Partner
**PEREZ LEGAL GROUP**
15800 Pines Blvd., Suite 3210 | Pembroke Pines, Florida 33027
Phone: 305.709.0888 | Fax: 305.709.0888
www.perezhealthlaw.com

(Exhibit "A" at 9.)

11.     Defense counsel then procured the Defendants' signatures on the Verified Agreement and Release ("Agreement"):



(Exhibit "B".)

12.     Defendants signed the Agreement on September 26, 2024, after acknowledging they did so "willingly and freely after consultation with my counsel in Palm Beach County, Florida, under penalty of perjury, and declare as of the dates set forth below, under 28 U.S.C. §1746, that the foregoing is true and correct." *Id.*

13.     Defense counsel filed the Agreed Emergency Motion to Disburse Garnished Funds [ECF No. 191] and the executed Agreement [ECF No. 191-2].

3

14.     Defense counsel initially submitted the proposed Order Granting Agreed Emergency Motion to Disburse Garnished Funds by email to the Court (Exhibit "C"), but after erroneously failing to include Magistrate Hunt's signature block, the undersigned re-submitted the proposed Order Granting Agreed Emergency Motion to Disburse Garnished Funds by email to the Court later that day.

15.     The Court entered the Order Granting Agreed Emergency Motion to Disburse Garnished Funds the following day, September 27, 2024, wherein the Court "accepts and approves the parties' Agreement" and directed the Garnishee to disburse funds as set forth in the Order. [ECF No. 192.]

16.     PNC Bank, N.A., complied with the Agreement (and the Order entered thereon); the Defendants did not.

17.     In their omnibus Response, Defendants did <u>not</u> identify any legitimate factual basis why they failed to (a) file the Satisfaction of Judgment or (b) pay the $50,000 to the undersigned by the deadlines contained in the Agreement.

### III. ARGUMENT

Defendants ask the Court to save them from the Agreement they signed and submitted to the Court for approval based on arguments they could have, but did not, previously made. Defendants negotiated the Agreement through counsel, negotiated what they were to do and when, and what would happen if they did not pay timely. Upon signing the Agreement and submitting it to the Court, Defendants surrendered any claim they otherwise could have made (regardless of the strength of any such argument) and became obligated to comply with its terms. Defendants do not contest their breaches of the Agreement, and their lame excuses for their breaches cannot avoid the Court's authority to enforce the Agreement based on the negotiated terms. The Court properly holds Defendants to their Agreement, requires them to comply with the Court's Orders, requires them to file a Satisfaction of Judgment, enter a Final Judgment against Defendants, jointly and severally, and to award the undersigned the additional attorneys' fees, costs, and interest contemplated by the Agreement and the law.

**A.      <u>Defendants Are Estopped From Avoiding The Agreement.</u>**

The doctrine of judicial estoppel prevents Defendants from avoiding complying with the Agreement (or the consequences for breaching it). While PNC Bank, N.A. was holding funds

sufficient to satisfy the fee and costs judgment awarded by the Court based on the Writ of Garnishment served on it, Defendants negotiated and signed the Agreement under oath. [ECF No. 191-2.] Defendants then filed the Agreement with the Court as the basis to get PNC Bank, N.A., to release funds on an emergent basis (as outlined in the Agreed Emergency Motion to Disburse Garnished Funds). [ECF No. 191 at 1.]

Based on the Court's Order [ECF No. 192] that Defendants requested be entered, Defendants concede that PNC Bank, N.A. released $100,000 to the undersigned and the remainder of the money held in the account maintained by All VIP to it. [ECF No. 206 at ¶7.] Defendants got what they wanted – the release of money from PNC Bank, N.A., based on the Agreed Emergency Motion *they filed*.

Defendants breached each contractual obligation assumed in the Agreement.

Defendants did not dispute their breaches but contend that the Court cannot enforce the Agreement for various (albeit frivolous) reasons. Defendants did not file anything to contest the Writ of Execution, the Writ of Garnishment, nor to allow the Court to adjudicate arguments relevant *before* the Verified Agreement and Release was signed, accepted, and approved by the Court. [ECF No. 192.]

Defendants' position that the Agreement cannot be enforced against them is incompatible with the position(s) they previously advanced. The Court can end the inquiry at this point and determine that Defendants are estopped from avoiding enforcement of the Agreement. *See U.S. v. Alonso-Fonseca*, 2024 WL 4589660, at *2 (11th Cir. Oct. 28, 2024) (collecting cases and discussing judicial estoppel). Defendants are (judicially) estopped from avoiding the Court's enforcing the Verified Agreement and Release. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001) (finding litigant estopped from taking inconsistent positions in same or subsequent judicial proceedings to avoid making a mockery of the judicial system); and *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1359 (11th Cir. 2018) (applying Florida's judicial estoppel principles in federal courts). Defendants cannot be allowed to make a mockery of this Court by flip-flopping their positions depending on which way the wind blows – or money flows.

**B.    <u>Defendants Waived All Substantive and Procedural Challenges To The Writs.</u>**

Defendants did not assert a timely challenge to the Writs of Execution or Garnishment through a timely filing with this Court. As such, Defendants waived the challenges they now raise

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
305.230.4884   *www.fairlawattorney.com*

to the Writs and the circumstances under which they signed the Agreement. The Court need not consider the substance of their arguments in this regard based on waiver.

Defendants were required to challenge the Writs timely but did not, forever waiving the ability to assert these challenges. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014). Defendants waived compliance with Chapter 77, Florida Statutes, through the Agreement. They further agreed that the Writs were a valid basis for distributing money to the undersigned, using the Agreement as the basis for the Court to enter its Order on September 27, 2024 [ECF No. 191-2 at ¶3, 192.] If the Court were to consider Defendants' arguments, notwithstanding the issues of waiver and estoppel, then the following still precludes them from being relieved of the Agreement.

1.   <u>The Court's Order was a final award subject to appeal and execution.</u>

A final judgment is not the only way a Court can make an award subject to execution and/or appeal. Defendants contend that the Order [ECF No. 182] is not a money judgment, relying on *Pineiro v. Am. Express Card Servs. Co.*, 105 So. 3d 614 (Fla. 4th DCA 2013). As *Pineiro* interpreted Florida procedural law, it is not even persuasive authority to this Court regarding interpreting the Federal Rules of Civil Procedure. If the Court were to consider *Pineiro*, then it remains inapposite, as the basis for invalidating the writ of garnishment was because "the total amount sought to be garnished must be contained in a judgment that exists prior to the issuance of the writ. Here, the amount awarded by the court as additional attorney's fees could not be included in the final judgment in continuing garnishment because that amount had not yet been reduced to a final judgment." *Id.*, 105 at 616. The Writs at issue mirrored the amount contained in the Order. [*Compare* ECF Nos. 192 with 191-1.] Thus, as the undersigned previously told Defendants, *Pineiro* is distinct and inapplicable.

Courts within this District and elsewhere routinely determine that an order awarding attorney's fees and costs is subject to appeal and, as such, is a money judgment subject to execution under Fed. R. Civ. P. 54(a) and 58(a)(3). *See Caplan v. 101 Vapor & Smoke, LLC*, 2020 WL 13645279, at *3 (S.D. Fla. Aug. 5, 2020) ("the District Court's September 16, 2019 Order awarding Plaintiff attorneys' fees and costs constituted a money judgment for which no separate document was required.")(Becerra, M.J.); *Ricci v. Exch. Miami, LLC*, 2020 WL 13401241, at *2 (S.D. Fla. July 29, 2020)(Becerra, M.J.) (determining that "In the present case, the Court's Order on Motion for

Attorneys' Fees and Costs, ECF No. [52], constitutes a money judgment that does not need to be entered in a separate document")(citing *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980–81 (11th Cir. 1986), and *National Labor Relations Board v. Tropical Wellness Center, LLC*, 2019 WL 2254921, at *4 (S.D. Fla. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 2255566 (S.D. Fla. Mar. 29, 2019).) Once the Court determined the amount of attorney's fees and costs in its Order, Plaintiff could execute thereon. *See Martinez v. Gebrueder Knauf Verwaltungsgesellschaft, KG*, 2024 WL 2873723, at *1 (11th Cir. June 7, 2024) (attorney's fee award became final once district court determined the amount of the award).

Represented by a seasoned attorney practicing for over 25 years, Defendants and their counsel have no excuse for contending that the order awarding attorney's fees and costs was not the equivalent of a final judgment.

2.      The Defendants were not under economic duress based on the writ(s).

Defendants claim to have signed the Agreement under "duress" without addressing the requisite elements because they can't establish them. Defense counsel stated that, "my client is desperate and is pressured to have to accept your proposal." (Exhibit "A" at 9.)

> To establish economic duress, an aggrieved party must show that: (1) the opposing party committed wrongful acts or made threats of wrongful acts; (2) those wrongful acts or threats caused "financial distress"; and (3) the aggrieved party was compelled to agree to the settlement because there was no "reasonable alternative course of action." *Leader Glob. Sols., LLC v. Tradeco Infraestructura, S.A. DE C.V.*, 155 F. Supp. 3d 1310, 1318 (S.D. Fla. 2016). "Establishing a [defense] of economic duress is extremely difficult." *Id.* at 1317–18. Mere "concern" about a person's "economic situation ... does not constitute the type of 'duress' which would allow someone to repudiate an otherwise valid agreement." *Gonzalez v. Fla. Dep't of Highway Safety & Motor Vehicles Div. of Fla. Highway Patrol*, 237 F. Supp. 2d 1338, 1361 (S.D. Fla.), *aff'd sub nom. Gonzalez v. Fla. Dep't of Hwy. Safety*, 45 F. App'x 886 (11th Cir. 2002).

*Walker v. Progressive Select Ins. Co.*, 2024 WL 2886171, at *7 (N.D. Fla. May 13, 2024), *report and recommendation adopted*, 2024 WL 2881011 (N.D. Fla. June 7, 2024). As this Court previously recognized with regard to claiming economic duress to avoid a settlement agreement:

> It is difficult for a party to make out a successful case for economic duress. *See Amoco Oil Co. v. Gomez*, 125 F. Supp. 2d 492, 503 (S.D. Fla. 2000). "A contract is [only] voidable where undue or unjust advantage has been taken of a person's economic necessity or distress to coerce him into making the agreement." *Chouinard v. Chouinard*, 568 F.2d 430, 434 (5th Cir. 1978). The doctrine "applies only to special, unusual, or extraordinary situations in which unjustified coercion is used to induce a contract, as where extortive measures are employed, or improper or unjustified demands are made, under such circumstances that the victim has little choice but to accede thereto." *Edwards v. Kia Motors of Am., Inc.*, 486 F.3d 1229,

1236 (11th Cir. 2007). "[T]he mere fact that a person enters into a contract as a result of the pressure of business circumstances, financial embarrassment, or economic necessity is not sufficient. Unless wrongful or unlawful pressure is applied, there is no business compulsion or economic duress" *Chouinard v. Chouinard*, 568 F.2d 430, 434 (5th Cir. 1978).

*Shores Glob., LLC v. Krenzen*, 2024 WL 3636620, at *3 (S.D. Fla. Aug. 2, 2024).

Defendants cannot establish the first element because there was no wrongful act - the Order was properly the subject of Writs of Execution and Garnishment (and the amounts matched). Defendants' reliance on a flawed legal theory and lack of foresight that their business bank account would be garnished to satisfy the award of fees and costs do not amount to the type of financial duress that would relieve them of the settlement terms to which they agreed. *See e.g.*, *Bluhm v. Wyndham Destinations, Inc.*, 2023 WL 6845193, at *9 (11th Cir. Oct. 17, 2023) ("duress requires 'improper external pressure or influence that practically destroys the free agency of a party and causes him to do an act or make a contract not of his own volition.' …But " 'the pressure of financial circumstances' standing alone is insufficient to establish duress..")(internal citations omitted.)

Defendants caused any financial distress they claim by not voluntarily satisfying the award of attorney's fees and costs. Their lack of foresight that the Order awarding fees and costs would result in execution proceedings does not amount to the type of "financial distress" that permits a finding of economic duress.

"[I]t is not improper and therefore not duress to threaten what one has a legal right to do." *G.E.E.N. Corp. v. Se. Toyota Distributors, Inc.*, No. 93-632-CIV-ORL-19, 1994 WL 695364, at *5 (M.D. Fla. Aug. 31, 1994) (unpublished), *aff'd*, 103 F.3d 147 (11th Cir. 1996) (citing *City of Miami v. Kory*, 394 So. 2d 494, 497 (Fla. 3d DCA 1981); *Spillers v. Five Points Guaranty Bank*, 335 So. 2d 851 (Fla. 1st DCA 1976)). Moreover, economic duress "is not established merely by proof that consent was secured by the pressure of financial circumstances...." *Spillers*, 335 So. 2d at 853 (quoting *Kohen v. H. S. Crocker Co.*, 260 F.2d 790, 792 (5th Cir. 1958)).

*Cableview Communications of Jacksonville, Inc. v. Time Warner Cable Se., LLC*, 2017 WL 5240208, at *16 (M.D. Fla. Jan. 4, 2017), *aff'd*, 901 F.3d 1294 (11th Cir. 2018).

Defendants did not have to sign the Agreement – they could have raised their challenges to the Writs to this Court, as permitted by Chapter 77, Florida Statutes, and allowed the Court to adjudicate the validity of their challenges. Instead, they consulted with their counsel, who procured Defendants' signature on the Agreement and submitted it to the Court.

**C.      Post-Judgment Interest On The Fees and Costs Is Recoverable.**

Defendants' ignorance of the law continues in their baseless argument that post-judgment interest on the award of attorney's fees and costs "is unauthorized and contravenes the Court's explicit findings and order." [ECF No. 206 at ¶13.] Defendants cite no authority for their position because the law provides otherwise. In particular, 28 U.S.C. §1961(a), states that "Interest shall be allowed on any money judgment in a civil case recovered in a district court." Post-judgment interest on the fee and costs award began to run on September 6, 2024, when the Court determined Plaintif prevailed and the fees and costs to be awarded to her counsel. *Gulf Bldg. LLC v. Philadelphia Indem. Ins. Co.*, 2024 WL 307623 (S.D. Fla. Jan. 26, 2024) (Citing *Butler v. Yusem*, 3 So. 3d 1185, 1186–87 (Fla. 2009).)

**D.      A Show Cause Hearing Should Occur.**

Plaintiff requested the Court to compel All VIP to complete and return the Form 1.977 Fact Information Sheet and return it to the undersigned with all required attachments within 30 days. [ECF No. 183 at 2.] All VIP did not comply and, in its Response, did not offer any valid (or cogent) legal or factual basis for ignoring the Paperless Order [ECF No. 194], wherein the Court granted Plaintiffs' Motion to Compel Fact Information Sheet from All VIP, and did not advance any basis to avoid the Show Cause Hearing. [ECF No. 206.] Defendants did not attest that they have not attended to other business needs since November 9, 2024 – rather, they disregard this Court's authority. Defendant's disregard for the Court's authority was and remains inexcusable.

**E.      Entitlement To Recover Additional Fees And Costs Is Required.**

Defendants offer no legal or factual basis upon which the Court could deny Plaintiff's counsel entitlement to recover the attorney's fees and costs incurred in executing on the Order. Florida law entitles a judgment creditor to recover its attorney's fees and costs. Fla. Stat. §57.115. Plus, Defendants agreed that Plaintiff's counsel would be entitled to post-judgment attorney's fees and costs in case of a breach. [ECF No. 191-2] and *de Ordonez v. Mint Ctr. LLC*, 2024 WL 2882640, at *2 (S.D. Fla. May 24, 2024) (enforcing agreement and entitlement to fees and costs upon breach). Furthermore, executing on a judgment for fees and costs entitles the undersigned to fees for collection/enforcement efforts:

> However, we have previously held that a contract providing for a prevailing-party's entitlement to "all reasonable attorney's fees and costs" was "broad enough to encompass fees for execution on the judgment." *Fed. Auto Ins., Inc. v. Bus. Acquisitions Brokerage, Inc.*, 839

So.2d 767, 767 (Fla. 4th DCA 2003) ("If the losing party persists in requiring the expenditure of attorney's time even after the court has entered judgment on the arbitration award, there is no apparent reason to us why the broad scope of this fee provision should not be invoked here as well.").

*Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 191 (Fla. 4th DCA 2018). Without any basis to deny entitlement, the Court must award entitlement to additional attorney's fees and costs.

**F.      There Is No Legal Or Factual Basis To Sanction Plaintiff's Counsel.**

The law is well-settled that "[p]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1243 (S.D. Fla. 2023) (collecting cases). Defendants' passing reference to sanctions, without factual or legal support, is a spurious attempt to distract the Court from Defendants' bad faith litigation tactics and underhanded tactics. The Court must deny the Defendants' request.

**G.      Defendants Are Not Entitled To Fees, But They Should Be Sanctioned.**

Defendants request an award of attorney's fees but cite no basis upon which the Court could enter such an award. They identify no authority, contractual or otherwise, and do not identify any statute or rule. Consequently, the Court must deny the Defendants' request for fees. *See Michaels*, *supra*. The Court, however, should consider whether to employ its inherent authority to sanction Defendants and their counsel for their bad faith litigation tactics. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); and *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. 2007). Defendants' reliance on waived arguments they are estopped from making amounts to a bad faith attempt to improperly prolong otherwise unnecessary litigation through frivolous arguments. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). ("[A]n assessment of attorney's fees is undoubtedly within a court's inherent power" to sanction.)

## IV. CONCLUSION

In accordance with the foregoing, the Court should grant the relief requested by Plaintiff, including by entering a final judgment in her favor and against both Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, requiring All VIP to file a Satisfaction of Judgment based on the Agreement, requiring a representative of All VIP Care, Inc., to appear and show cause why she should not be held in contempt of court, award post-judgment interest and attorney's fees and costs, and such other and further relief as the Court deems appropriate. The Court also should deny the relief requested by Defendants.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
305.230.4884   *www.fairlawattorney.com*

Respectfully submitted this 4th day of December 2024.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
Fax:     305.230.4844
*Counsel for Plaintiff*