(Rev. 10/2002) General Document

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: 22-61553-Dimitrouleas

Cruz Valdivieso Figuera
_____
Plaintiff(s)

v.

All VIP Care, Inc., et al.
_____
Defendant(s)

FILED BY _____ D.C.
JAN 31 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Correspondance
_____
(TITLE OF DOCUMENT)

I, Liz Velazquez McKinnon, plaintiff or defendant, in the above styled cause,
Following the Judge Dimitrouleas return instructions - Document 208.

(Rev. 10/2002) General Document

**Certificate of Service**

I _____ , certify that on this date _____ a true copy of the foregoing document was mailed to: _____
name(s) and address(es)

By: Liz Velazquez McKinnon
Printed or typed name of Filer

Signature of Filer

liz@allvipcare.com
E-mail address

Florida Bar Number
561-294-5374
Phone Number

Facsimile Number

2733 Seneca Circle
Street Address
WPB, FL 33409
City, State, Zip Code

 Outlook

## Cruz Valdivieso Figuera v. All VIP Care & Liz McKinnon

**From** Liz McKinnon <liz@allvipcare.com>
**Date** Mon 1/27/2025 1:42 PM
**To** dimitrouleas@flsd.uscourts.gov <dimitrouleas@flsd.uscourts.gov>

📎 1 attachment (3 MB)
judgedletter1.27.25.pdf;

Good Afternoon,

Please see the email below as stated in the letter.

Thank you.



**Liz Vanessa McKinnon, MBA**
Administrator, Community Liaison
All VIP Care & Staffing, Inc.
5601 Corporate Way, Ste 204
W. Palm Beach, FL 33407
561/294-5374 (Cell)
561/268-2531 (Office)
561/228-0729 (eFax)

**Pahokee/Belle Glade Satellite Office**
323 Bacom Point Road, Ste 200
Pahokee, Florida 33476
561/285-9673 (Office)
561/228-0729 (eFax)

**Port St. Lucie Satellite Office**
1664 SW Bayshore Blvd
Port St. Lucie, Florida 34984
772/ 236-7520 (Office)
561/228-0729 (eFax)

Broward Location
10 Fairway Drive, Ste 100 F
Deerfield Beach, FL 33441
954/884-5505 (Office)
954/206-0444 (eFax)

Miami Location
1380 NE Miami Gardens Dr., Ste 271
N Miami Gardens, FL 33179
786/765-1614 (Office)
305/675-2639 (Fax)

This e-mail, including attachments, may include confidential and/or proprietary information and may be used only by the person or entity to which it is addressed. If the reader of this e-mail is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please notify the sender by replying to this message and delete this e-mail immediately.

---

**From:** Elizabeth Perez <elizabeth@plglawoffice.com>
**Sent:** Saturday, January 25, 2025 2:12 PM
**To:** Liz McKinnon <liz@allvipcare.com>
**Cc:** Sebastian Suarez <paralegal@plglawoffice.com>
**Subject:** FW: Valdivieso v. All VIP Care

> **Caution:** This is an external email and has a suspicious subject or content. Please take care when clicking links or opening attachments. When in doubt, contact your IT Department

Good afternoon Liz,

Below is Brian Pollock's response to my request that he withdraw his pending motion.

My recommendation is that a supplemental response should be prepared and filed with the Court to notify them that you have fully paid him, and that his pending motion is moot.

**I will not do any work on this matter until and unless you authorize it, and submit a new retainer to replenish your account.** I will send you the request for the retainer payment separately and will await your response before taking any action.

Thank you,

---

Elizabeth P. Perez, Esq.
Partner
**PEREZ LEGAL GROUP**
15800 Pines Blvd., Suite 3210 | Pembroke Pines, Florida 33027
Phone: 305.709.0888 | Fax: 305.709.0888
www.perezhealthlaw.com



*Excellence. Experience. Effective.*

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

**From:** Brian Pollock <brian@fairlawattorney.com>
**Sent:** Tuesday, January 21, 2025 10:38 PM
**To:** Elizabeth Perez <elizabeth@plglawoffice.com>
**Cc:** Sebastian Suarez <paralegal@plglawoffice.com>
**Subject:** Re: Valdivieso v. All VIP Care

Hi Elizabeth,

Good to hear from you.

I won't be withdrawing anything for reasons previously expressed.

All the best,

Brian H. Pollock, Esq.
FairLaw Firm
Ofc: 305.230.4884
Dir: 305.230.4822
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brian@fairlawattorney.com
www.fairlawattorney.com

> On Jan 21, 2025, at 10:38 AM, Elizabeth Perez <elizabeth@plglawoffice.com> wrote:
>
> Good morning Brian,
>
> Happy New Year. It is my understanding that Liz McKinnon has sent you the complete amount owed. Please confirm receipt of the checks in the amount of $50,000.00 total.
>
> Given that she has complied with the amount owed to you, I would request that you please withdraw your pending motions.
>
> Thank you,
>
> <image001.png>
> **Elizabeth P. Perez, Esq.**
> Partner
> **PEREZ LEGAL GROUP**
> 15800 Pines Blvd., Suite 3210 I Pembroke Pines, Florida 33027

Phone: 305.709.0888 | Fax: 305.709.0888
www.perezhealthlaw.com

<image002.png>

*Excellence. Experience. Effective.*

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

**From:** Brian Pollock <brian@fairlawattorney.com>
**Sent:** Wednesday, November 13, 2024 6:44 PM
**To:** Elizabeth Perez <elizabeth@plglawoffice.com>
**Cc:** Sebastian Suarez <paralegal@plglawoffice.com>
**Subject:** Re: Valdivieso v. All VIP Care

External (brian@fairlawattorney.com)

Report This Email  FAQ  GoDaddy Advanced Email Security, Powered by INKY

Elizabeth,

I will construe your email as a counter-offer, which operates to reject my prior offer.

I was confident in my position when I garnished the account because I knew that the case you sent me was inapplicable and that the order was an enforceable judgment. The garnished account was to be used to satisfy payment of the judgment, but your client claimed to need the money to meet payroll, so I agreed to a payment plan. The Agreement I proposed is the same one we discussed, it's the same one your clients signed, and the same one your office filed with the Court.

I was being overly generous in agreeing to a payment plan, against my better judgment, as a courtesy. Your clients should have thanked me for being so kind as to not let the garnishment proceedings play out and agreeing to (1) a payment plan and (2) releasing the money on such an urgent basis. Instead, they breached. What she owes under the agreement is at the top of page two of DE 191-2:
<image003.png>
I don't know where you're getting $50,000 from - that ship sailed long ago....

I will continue to seek every penny I'm entitled to recover under the Verified Agreement and Release and any other relief available - including possibly contempt proceedings.

Brian H. Pollock, Esq.
FairLaw Firm
Dir: 305.230.4822
Ofc: 305.230.4884
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146

brian@fairlawattorney.com
www.fairlawattorney.com

> On Nov 13, 2024, at 6:05 PM, Elizabeth Perez <elizabeth@plglawoffice.com> wrote:
>
> First, I do not know exactly when her grandson passed away. We learned of it recently but do not know the details.
>
> Secondly, I reached out to you without my clients knowledge in order to update you on her situation. Asking for funds to be wired to you by tomorrow is not something I am in a position to agree to. And much less to discuss with her as they are dealing with this tragedy.
>
> Finally, I note that you repeatedly asked for 149,073.91, when the bank already released $100,000 you already. What she owes you under the terms of the agreement was $50,000. I was requesting if you would agree to withdraw the motion and I would counsel her to pay you the remaining balance of $50,000. And allow her time to send it to you. If asking for extension until January is too much for you, then let me know a reasonable amount of time you would accept.
>
> Anyone who has ever been through such a tragedy, would understand how it totally disrupts one's life. I am asking to give her the additional time and not waste judicial resources and run up atty fees over something that can be resolved.
>
> Please advise.
>
> Thank you.
> Elizabeth
>
> Get Outlook for iOS
> _____
> **From:** Brian Pollock <brian@fairlawattorney.com>
> **Sent:** Wednesday, November 13, 2024 5:50 PM
> **To:** Elizabeth Perez <elizabeth@plglawoffice.com>
> **Cc:** Sebastian Suarez <paralegal@plglawoffice.com>
> **Subject:** Re: Valdivieso v. All VIP Care
>
> Elizabeth,
>
> I'm sorry to hear about her grandson, who Sebastian said passed last weekend. His passing has nothing to do with obligations your client was to have fulfilled about six weeks ago. If your client had complied with the obligations assumed in the Verified Agreement and Release, your client would not still be dealing with the issues your client created for itself/herself now in this case.
>
> Your client agreed to file a Satisfaction of Judgment within 3 days of signing the Verified Agreement and Release.

Your client also agreed to deliver $50,000 to my office within 30 days of signing the Agreement.

Your client did neither.

To resolve the pending motion, I would be willing to accept (a) $149,073.91 in a wire or attorney trust account check and (b) a Satisfaction of Judgment signed by All VIP Care Inc (for the $1,869.41 in costs awarded to it) if I both are received by 5:00 p.m. tomorrow, November 14, 2024, at my office (if the payment is by wire to my firm's operating account). If both are received timely, I will agree to waive the interest that has accrued and attorney's fees I'm seeking from the Court (and entitled to under the Verified Agreement and Release). I further agree that within 3 business days after the funds clear my account, I'll file a Satisfaction of Judgment for the attorney's fees and costs awarded in the Report and Recommendation.

This is a "take it or leave it" offer.

Unless I receive (a) the $149,073.91 in a wire to my firm's operating account (or attorney trust account check payable to FairLaw Firm) and (b) a Satisfaction of Judgment signed by All VIP Care Inc (for the $1,869.41 in costs) by 5:00 p.m. tomorrow, November 14, 2024, I will not withdraw the motion and will continue to seek all available relief.

Presuming your client won't agree, I would offer a word of caution: if you intend to raise any of the arguments contained in the email you sent me on October 2, 2024, or any similarly frivolous arguments, I'll be serving a Motion for Sanctions, which under Rule 11 would be directed to you and your client, and under 18 USC §1927 would be directed to you. Here are a few thoughs on the issues you raised on October 2, 2024:

Duress - Your clients attested under penalty of perjury to signing freely, willingly, and while represented by counsel. Considering that your office filed the Emergency Motion, I don't see how you or your client could legitimately argue duress....

Math - Your clients agreed to pay a total of $150,000 in fees and costs and to file a Satisfaction of Judgment signed by All VIP Care Inc for the $1,869.41 in costs awarded to it. Neither you, Mr. Kaufman, nor your clients raised any issue with the terms prior to your clients signing the Agreement or submitting it to the Court to obtain the release of the garnished funds/account.

No Judgment - I already prepared this passage dealing with what constitutes a "money judgment" for the Motion for Sanctions I anticipate having to file:

> The Order Adopting the Report and Recommendation is a money judgment subject to being executed against the Defendant under Fed. R. Civ. P. 54(a) and 58(a)(3). *See Ricci v. Exch. Miami, LLC,* 2020 WL 13401241, at *2 (S.D. Fla. July 29, 2020)(Becerra, M.J.) (determining that "In the present case, the Court's Order on Motion for Attorneys' Fees and Costs, ECF No. [52], constitutes a money judgment that does not need to

be entered in a separate document")(Citing *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980–81 (11th Cir. 1986), and *National Labor Relations Board v. Tropical Wellness Center, LLC*, 2019 WL 2254921, at *4 (S.D. Fla. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 2255566 (S.D. Fla. Mar. 29, 2019).) Represented by a seasoned attorney practicing for over 25 years, Defendants and their counsel have no excuse for contending that the order awarding attorney's fees and costs was not the equivalent of a final judgment.

I'm sharing the above to avoid serving a Motion for Sanctions. It's not what I want to do, but what I will do if necessary.

Please also consider this email as an attempt to confer on these issues, particularly as they relate to a motion for sanctions, to the extent required under Rule 7.1.

I would further remind you that All VIP Care Inc's Fact Information Sheet must be completed and returned to my office, with all required attachments and materials, by Monday, November 18, 2024, under ECF No. 194.

Based on how this case has gone so far, I expect your clients will not accept my offer, will try to stall/delay, unnecessarily prolong this litigation, and trigger a cascade of events that most litigants and attorneys would otherwise try to avoid.

Best regards,

Brian H. Pollock, Esq.
FairLaw Firm
Dir: 305.230.4822
Ofc: 305.230.4884
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brian@fairlawattorney.com
www.fairlawattorney.com

> On Nov 13, 2024, at 4:17 PM, Elizabeth Perez <elizabeth@plglawoffice.com> wrote:
>
> Brian,
> I am writing to inform you that Ms. McKinnon and her family have suffered the tragic loss of her 15-year old grandson. We inform you of this to determine whether you will consider withdrawing your motion for default under the circumstances.
> If you withdraw your motion, and agree to allow Ms. McKinnon to pay you the balance in the signed agreement of $50,000., I will not file the opposition. As well, we would request that you give Ms. McKinnon at least until January to pay you the balance given the tragedy that she

and her family are facing, she is grieving and dealing with this insurmountable loss and pain.

Alternatively, we will proceed to file the response in opposition and inform the court of the irregularities with the manner you handled the garnishment, the fact that you're seeking interest which you are not entitled to under any judgment, and that the client's grandson passed away which would most judges would be sympathetic to and excuse a delay in submitting a payment to a creditor.

Please advise at your earliest convenience today, as the deadline to respond is today.

Thank you,


<image001.png>
**Elizabeth P. Perez, Esq.**
Partner
**PEREZ LEGAL GROUP**
15800 Pines Blvd., Suite 3210 I Pembroke Pines, Florida 33027
Phone: 305.709.0888 I Fax: 305.709.0888
www.perezhealthlaw.com

<image002.png>

*Excellence. Experience. Effective.*

---

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.