UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61553-CIV-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on three related motions: Plaintiff's Verified Motion for *Ex Parte* Default Final Judgment Following Default in Verified Agreement, Plaintiff's Motion to Show Cause, and Plaintiff's Renewed Motion for Writ of Execution, ECF Nos. 195, 201, 202. The Honorable William P. Dimitrouleas referred these Motions to the undersigned for a report and recommendation. ECF Nos. 196, 204; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. The Defendants filed a Combined Response in Opposition directed to these Motions, after which the Plaintiff filed her Reply. ECF Nos. 206, 207. This Court has considered Plaintiff's Motions, the Defendants' Combined Response, and the Plaintiff's Reply, and conducted a hearing on July 28, 2025. For the reasons outlined below, the undersigned now RECOMMENDS that Plaintiff's Verified Motion for *Ex Parte* Default Final Judgment be GRANTED IN PART, Plaintiff's Motion to Show Cause be DENIED without prejudice, and Plaintiff's Renewed Motion for Writ of Execution be GRANTED IN PART.

**BACKGROUND**

The Court on September 4, 2024, entered an Order Adopting the undersigned's Report and Recommendation and awarding the Plaintiff $149,073.91 in attorney fees and taxable costs against Defendants and awarding the Defendants $1,869.41 in taxable costs against the Plaintiff, ECF No. 182 (hereinafter "Judgment for Fees and Costs").

The Plaintiff began executing on the Judgment for Fees and Costs by filing a Motion to Compel Fact Information Sheets directed to Defendant, All VIP Care, Inc., along with a Motion for Writ of Execution and a Motion for Writ of Garnishment. ECF Nos. 183, 185, 186. The Clerk of this Court issued a Writ of Garnishment against P.N.C. Bank, N.A., ECF No. 187. The Defendants then asked the Plaintiff to grant relief from the garnishment, resulting in the parties entering into the Verified Agreement and Release, which the parties signed and submitted to the Court along with the Agreed Emergency Motion to Disburse Garnished Funds, ECF No. 188 ("Verified Agreement"). In the Verified Agreement, the parties agreed, among other things, on the following terms:

1. For P.N.C. Bank to immediately disburse $100,000 to Plaintiff's counsel.

2. For P.N.C. Bank, N.A., to immediately disburse the remainder of the garnished funds to Defendants' counsel.

3. That the Defendants would file a Satisfaction of Judgment for the $1,869.41 in taxable costs awarded against the Plaintiff within three business days.

4. That the Defendants would not close, change, divert funds from, nor deplete for anything other than necessary business expenses from the account(s) and funds maintained at P.N.C. Bank, N.A., without first notifying Plaintiff's counsel by email of the account number, account holder, and institution to which the funds were deposited or transferred.

5. That the Defendants would deliver $50,000 to Plaintiff's counsel by 4:00 p.m., on October 4, 2024, and that the Plaintiff would file a Satisfaction of Judgment within five business days thereafter.

6. The failure to timely deliver the $50,000 to Plaintiff's counsel would result in the following:

    a. The Plaintiff would be entitled to execute on the entirety of the attorney's fees and costs awarded to her by the Court ($149,073.91), against both Defendants, All VIP Care, Inc., and Liz Velazquez McKinnon, jointly and severally;

    b. The Plaintiff would be entitled to recover from the Defendants, jointly and severally, all interest accrued on the $149,073.91 since September 4, 2024;

    c. Each Defendant would provide completed Fact Information Sheets, with all required attachments, to the Plaintiff's counsel; and

    d. The waiver of all defenses available to the Defendants to the Plaintiff's request for the Court to award post-judgment fees to the Plaintiff (other than timely payment/satisfaction).

7. The Verified Agreement contained the parties' entire agreement and could not be changed without a writing signed by all parties.

8. Having executed the Verified Agreement "willingly and freely after consultation with my counsel," and "under penalty of perjury".

ECF No. 188-2. The Court issued its Order Granting the Agreed Emergency Motion to Disburse Garnished Funds on September 27, 2024 ("Order"), in which the Court "accept[ed] and approve[d] the parties' Agreement" and directed the Garnishee to disburse funds in accordance with it. ECF No. 192. The Garnishee, PNC Bank, N.A., disbursed funds to the parties as instructed by the Order. However, Defendants ultimately failed to file a Satisfaction of Judgment or to deliver the remaining $50,000 owed to the Plaintiff's counsel in a timely manner. ECF No. 195 at ¶¶12-14.

At issue are Plaintiff's Verified Motion for *Ex Parte* Default Final Judgment Following Default in Verified Agreement, Plaintiff's Motion to Show Cause, and Plaintiff's Renewed Motion for Writ of Execution, ECF Nos. 195, 201, 202, along with the Defendants' Combined Response in Opposition to (1) Plaintiff's Motion for Default

Judgment, (2) Motion for Order to Show Cause, (3) Motion for Writ of Execution; and the Defendants' Motion to Dissolve and Claw Back Writ of Garnishment, Writ of Execution, and Motion for Sanctions, ECF No. 26. The Plaintiff filed her Reply Supporting her Motions for Default, Order to Show Cause, and Writ of Execution and Response in Opposition to the Defendants' Motion to Dissolve and for Sanctions, ECF No. 207.

The Court conducted a hearing on July 28, 2025, at which the parties appeared through counsel. At the hearing, the Defendants did not dispute their breaches of the Verified Agreement by failing to file a Satisfaction of Judgment in favor of the Plaintiff and by failing to timely pay the $50,000 to Plaintiff's counsel. Plaintiff's counsel acknowledged having received and deposited a check from All VIP Care Inc. for $25,000 in December of 2024, and that this payment should be credited against the principal amount of $149,073.91 that Defendants owed due to their material breach(es) of the Verified Agreement. Although Plaintiff's counsel also acknowledged receiving a check issued by All VIP Care Inc. for $25,000 dated January 17, 2025, this check was not deposited because it was delivered with a note stating it represented final payment.

## DISCUSSION

As an initial matter, it is undisputed that Defendants have not turned over certain Fact Information Sheets as previously ordered by this Court.  However, at the hearing, the Parties agreed to once again attempt to obtain the sheets from Defendants without the need to enter a show cause order.  Accordingly, Plaintiff's Motion for an Order to Show Cause should be denied without prejudice, and Defendants should once again be ordered to produce the documents.

The undersigned now turns to the real meat of the issue before the Court, namely, the enforceability of the parties' verified agreement and their obligations thereunder.

A. The Defendants Cannot Avoid the Verified Agreement.

Defendants in response to Plaintiff's motions challenged the Plaintiff's ability to execute on the Judgment for Fees and Costs by contending that the Court had not issued a "final judgment" upon which the Plaintiff could execute, claiming to have signed the Verified Agreement under "duress," and challenging the Plaintiff's ability to obtain a writ of execution for $149,073.91, plus all interest accrued since September 4, 2024. ECF No. 206.

Plaintiff responds, correctly, that she was entitled to a Writ based on this Court's award. *See Ricci v. Exch. Miami, LLC*, No. 18-24146-CIV-BECERRA, 2020 WL 13401241, at *2 (S.D. Fla. July 29, 2020); *see also* Fed R. Civ. P. 69(a) (stating that "a money judgment is enforced by a writ of execution, unless the court directs otherwise"). There was therefore nothing untoward about the circumstances leading up to the parties signing the Verified Agreement.

The undersigned notes that Defendants did not raise any concerns at the time the agreement was entered into and approved. Indeed, the arguments appear to be an *ex post facto* attempt to justify their failure to live up to their end of the bargain having already gained the benefit, namely, the release of $50,000 to which Plaintiff was entitled. The parties signed the Verified Agreement, and the Court will not disturb their agreement based on the facts and arguments presented by the parties.

B. <u>The Relief Requested by The Plaintiff Should Be Granted in Part.</u>

Having found the Verified Agreement enforceable, the Court now addresses the relief Plaintiff claims afforded to her upon a breach by the Defendants. Defendants argue that awarding Plaintiff a significantly increased award—roughly an additional $100,000 over what was originally awarded—would be unjust, particularly given the partial payment of $100,000 and the subsequent attempts to pay the remaining amount owed.

Defendants entered into the agreement willingly and asked that this Court approve said agreement. This Court expressly adopted and approved the parties' agreement, while reserving jurisdiction to enforce it. By entering into the agreement, Defendants bound themselves to its terms.

The relevant terms of the agreement are as follows:

> Defendants further agree that should they fail to timely deliver to FairLaw Firm at 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, the remaining $50,000.00 by 4:00 p.m. on October 25, 2024, FairLaw Firm shall be entitled to (a) immediate execution on the entirety of the attorney's fees and costs awarded by the Court ($149,073.91) against Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, jointly and severally, (b) all interest accrued thereon since September 4, 2024, and (c) receipt of completed Fact Information Sheets, with all required attachments, for each Defendant. In addition, Defendants waive all defenses to Plaintiff's and/or FairLaw Firm's request for the Court to award the attorney's fees and costs incurred since September 4, 2024 for its postjudgment collection efforts, other than timely payment/satisfaction.

ECF No. 191 at *4.

Plaintiff contends that she is allowed to execute on the entire amount awarded, namely, $149,073.91. Plaintiff does acknowledge that the $25,000 check that was received and cashed should be deducted from this amount and has thus agreed to seek only $124,073.91.

6

However, as Defendants point out, this amount disregards the other $100,000 Plaintiff received prior to the Verified Agreement. The undersigned agrees that Plaintiff has already received $125,000 of "the entire amount awarded." Plaintiff seeks to execute on the full amount awarded, but as the undersigned reads the contract, having already received a significant portion of that amount, she is entitled to only that which has not yet been paid, or $24,073.91, plus post-judgment interest. To read the contract any other way would violate the notion that stipulated damages must not be "so grossly disproportionate to any damages that might [have] reasonably [been] expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co.*, 993 F.3d 1299, 1306 (11th Cir. 2021). Such windfall penalties are strongly disfavored. *See Meduty v. Transformation Factory, LLC*, No. 25-80047-CIV-ROSENBERG, 2025 WL 775537, at *3 (S.D. Fla. Mar. 11, 2025). The undersigned therefore declines to read the Agreement in such an impermissible light.

Nonetheless, Plaintiff is certainly within her rights to be made whole under the contract, and is also entitled to reasonable fees and costs expended in forcing Defendants to live up to their obligations under the Verified Agreement.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that the Court rule as follows:

1. **Satisfaction of Judgment Against the Plaintiff.** The Court should find that, by the terms of the Agreement, the $1,869.41 in taxable costs awarded against

7

the Plaintiff has been satisfied, and the Plaintiff shall be discharged of any obligation related thereto.

2. **Final Judgment.** The Court should issue a separate final judgment to the Plaintiff in the amount of $25,045.19 against the Defendants, All VIP Care Inc. and Liz Velazquez McKinnon, jointly and severally, which was calculated as follows:

   a. Principal amount of $149,073.91;

   b. Initial payment of $100,000;

   c. Partial Payment of $25,000 towards principal on December 9, 2024; and

   d. Post judgment interest of $971.28, calculated as follows:

| Basis | Interest Rate | Daily Interest | Days | Principal | Total Interest |
|---|---|---|---|---|---|
| July 1, 2024 Rate | 4.37% | $5.88 | 24 | $49,073.91 | $141.12 |
| Oct. 1, 2024 Rate | 4.37% | $5.88 | 30 | $49,073.91 | $176.40 |
| Dec. 9, 2024 (Adjust) | 4.37% | $2.88 | 23 | $24,073.91 | $66.24 |
| Jan. 1, 2025 Rate | 4.37% | $2.88 | 90 | $24,073.91 | $259.20 |
| Apr. 1, 2025 Rate | 4.37% | $2.88 | 91 | $24,073.91 | $262.08 |
| July 1, 2025 Rate | 4.37% | $2.88 | 23 | $24,073.91 | $66.24 |
| | | | | | **$971.28** |

3. **Issuance of Writ of Execution.** The Court should direct the Clerk of the Court to issue a Writ of Execution to the Plaintiff in the amount of $25,045.19, for which sum let execution issue.

4. **Fact Information Sheets**. Defendants should, separately, also be ordered to complete and deliver to the Plaintiff's counsel a 1.977(a) Fact Information Sheet, with all required attachments, within 14 days of the Court's Order. The failure to timely and fully complete and return the required Fact Information

Sheet(s) should result in consideration for the determination of contempt proceedings.

5. **Attorney's Fees and Costs**. The Court should find the Plaintiff is entitled to recover the attorney's fees and costs she incurred following the Defendants' breaches of the Verified Agreement and reserve jurisdiction to determine the amount to be awarded.

6. **Denial of Defendants' Motions.** The Court should deny the Defendants' requests to disturb the Writs of Execution and Garnishment and their request to award sanctions.

The Court should also reserve jurisdiction to take such other and further actions as are just and appropriate.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 1st day of August 2025.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record