UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON,

    Defendants.
_____/

## PLAINTIFF'S LIMITED OBJECTION TO AND APPEAL OF REPORT AND RECOMMENDATION

Plaintiff, Cruz Valdivieso Figuera, through her undersigned counsel, and pursuant to 28 U.S.C. §636(b)(1)(A), Fed. R. Civ. P. 54(d), and S.D. Fla. Local Magistrate Judge Rule 4, objects to and appeals that portion of the Report and Recommendation entered by United States Magistrate Judge Patrick Hunt at ECF No. entered on August 1, 2025 [ECF No. 226], and states as follows:

### I. INTRODUCTION

Plaintiff, Cruz Valdivieso Figuera, submits that the portion of the R&R finding he liquidated damages provision unenforceable and awarding $24,073.91 plus prejudgment interest ($25,045.19) is clearly erroneous and contrary to the law. When considered against the uncertainties at the time the parties signed the Verified Agreement and agreed to the liquidated damages therein, no one could quantify the damages that could flow from a breach by All VIP Care Inc. Therefore, the liquidated damages were correctly approximated at the judgment

amount. Without any analysis of the factors to be considered or the circumstances under which the Verified Agreement was entered into from the Plaintiff's perspective, the Plaintiff requests a finding that the R&R was clearly erroneous and contrary to well-established law in awarding 124,073.91 in liquidated damages plus the prejudgment interest thereon and instead awarding $124,073.91 in liquidated damages plus the prejudgment interest thereon.

## II. LEGAL STANDARD

Ms. Valdivieso Figuera seeks this Court's review of the R&R entered on August 1, 2025 [ECF No. 226] pursuant to 28 U.S.C. § 636(B)(1)(A) and S.D. Fla. L. Mag. R. 4(A). Under Local Rule 4(a)(1), any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) within fourteen (14) days after being served with the Magistrate Judge's order. To appeal and/or object, the party must file with the Clerk of the Court, and serve on all parties, written objections that specifically set forth the order, or part thereof, appealed from; a concise statement of the alleged error in the Magistrate Judge's ruling; and statutory, rule, or case authority, in support of the moving party's position. *Id.*

> Pursuant to this District's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). A finding is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). " 'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.' " *Wausau Underwriters Ins. Co.*, 310 F.R.D. at 690 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

*Gonzalez Ramos v. U.S. Dep't of Agric.*, 2022 WL 15640187, at *2 (S.D. Fla. Oct. 28, 2022).

### III. THE CHALLENGED PORTION OF THE R&R

The R&R acknowledged that the Plaintiff was entitled to execute on the Judgment for Fees and Costs [ECF No. 182] and determined that they should be bound by the Verified Agreement and Release [ECF No. 188], but found that Plaintiff's counsel should not receive $124,073.91 in breach of contract damages but $24,073.91, plus prejudgment interest of $971.28 (through August 1, 2025), for a total judgment of $25,045.19, plus entitlement to fees and costs incurred in enforcement.

The cases cited in the R&R do not support the finding that liquidated damages of $124,073.91 are "so grossly disproportionate to any damages that might [have] reasonably [been] expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *Circuitronix, LLC v. Kinwong Elec. (H.K.) Co.*, 993 F.3d 1299, 1306 (11th Cir. 2021) (quoting *Lefemine v. Baron*, 573 So. 2d 326, 328-29 (Fla. 1991)).

The R&R did not consider either of the factors necessary to analyze the propriety of the liquidated damages provision in the Verified Agreement. [ECF No. 226]. When considered against the factual backdrop against which the liquidated damages provision was agreed upon, it is clear that it was proper and enforceable.

The Plaintiff executed on the Judgment for Fees and Costs, which resulted in the service of a Writ of Garnishment on P.N.C. Bank, N.A., who froze the sufficient funds in the account it maintained for All VIP Care, Inc. to satisfy the Judgment for Fees and Costs. The funds held by P.N.C. Bank, N.A., could not be released absent an Order from this Court, thereby providing

either (a) sufficient funds to satisfy the judgment or (b) security to satisfy the judgment during any litigation over the collection of the funds.

The reason for including a liquidated damages provision equal to the Judgment for Fees and Costs was because of the uncertainties that could arise from a default by All VIP Care, Inc. Upon releasing the $49,073.91 of the garnished funds to All VIP Care, Inc., to be used towards its payroll obligation, the Plaintiff lost the security to satisfy the remaining judgment. Plus, Plaintiff would have no way of knowing the consequences that could result from All VIP Care, Inc.'s failure or refusal to file a Satisfaction of the Judgment entered against the Plaintiff (for instance, the inability to obtain a mortgage, loan, or secure credit for a residence, car, or other property due to an outstanding judgment).

> The fact that the liquidated damages may be excessive at the time of breach does not lead to the conclusion that the liquidated damages clause is a penalty and therefore not enforceable. *See Hutchison v. Tompkins, supra.* There is no evidence to suggest, and it is not contended, that NSI's actual damages in the event of Secrist's breach could be readily ascertained at the time the contract was signed.

*Secrist v. Nat'l Serv. Indus.*, 395 So. 2d 1280, 1283 (Fla. 2d DCA 1981).

The actual damages that could flow from a breach by All VIP Care, Inc., could well have exceeded the stipulated amount of $149,073.91 at the time the parties signed the Verified Agreement. The Plaintiff could have lost the ability to purchase property or a vehicle due to an outstanding and unpaid judgment owed to All VIP Care, Inc., and the security that existed through P.N.C. Bank, N.A., holding funds sufficient to satisfy the Judgment for Fees and Costs was lost once the funds in the garnished account were released. The damages that the Plaintiff (and her counsel) could have suffered at the time the Verified Agreement was signed was not "grossly disproportionate to damages that might reasonably be expected to follow" such that the liquidated

damages provision must be found "valid and enforceable." *United States ex rel. James B. Donaghey*, 2010 U.S. Dist. LEXIS 119144, at *22 (N.D. Fla. Nov. 9, 2010) (enforcing liquidated damages provision); *see also Reliabill Sols., LLC v. Milestone Detox, LLC*, 2021 U.S. Dist. LEXIS 11041, at *10 (S.D. Fla. Jan. 20, 2021) (enforcing liquidated damages provision).

The proposed award of $24,073.91, as the amount remaining under the Verified Agreement, is not supported by any analysis and so clearly erroneous and contrary to the law.

## IV. CONCLUSION

Plaintiff, Cruz Valdivieso Figuera, requests that the Court sustain her objections to the R&R, as set forth above, find the Verified Agreement's liquidated damages provision enforceable, and award her $124,073.91, plus prejudgment interest thereon, along with the other relief she requested and was awarded.

Respectfully submitted this 15th day of August 2025,

                    s/Brian H. Pollock, Esq.
                    Brian H. Pollock, Esq.
                    Fla. Bar No. 174742
                    brian@fairlawattorney.com
                    FAIRLAW FIRM
                    135 San Lorenzo Avenue
                    Suite 770
                    Coral Gables, FL 33146
                    Tel:   305.230.4884
                    *Counsel for Plaintiff*