UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-61553-WPD

CRUZ VALDIVIESO FIGUERA,

       Plaintiff,                                       Magistrate Judge Hunt

v.

ALL VIP CARE INC. AND LIZ VELAZQUEZ MCKINNON,

       Defendants.

## ORDER ADOPTING AND APPROVING REPORT AND RECOMMENDATIONS; OVERRULING OBJECTIONS

THIS CAUSE came before the Court on three related motions: Plaintiff's Verified Motion for Ex Parte Default Final Judgment Following Default in Verified Agreement, Plaintiff's Motion to Show Cause, and Plaintiff's Renewed Motion for Writ of Execution, [DEs 195, 201, 202], filed in November of 2024. The Court has carefully reviewed the motions, the August 1, 2025 Report and Recommendation of Magistrate Judge Hunt, Plaintiff's partial objection to the Report, and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The

district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objection to the Magistrate Judge's Report and Recommendation [DE 227]. The disputed portion of the recommendation is as follows.

Upon the entry of final judgment in favor of Plaintiff in the amount of $149,073.91, Plaintiff began executing on the Judgment for Fees and Costs. After Plaintiff sought and obtained a writ of garnishment and Defendants opposed the writ, Parties entered into a Verified Agreement and Release. Per its terms, Defendants agreed, *inter alia*, to deliver $50,000 in satisfaction of the entire judgment. And further, Parties agreed that failure to tender the $50,000 amount at a specified date and time would trigger a liquidated damages provision for the entire judgment amount—$149,073.91. Defendants undisputably failed to tender the $50,000. Now, Plaintiff seeks enforcement of the entire liquidated damages portion, equal to $149,073.91, the amount of the total judgment.

Judge Hunt found the Agreement enforceable but recommended only $24,073.91—the amount of the judgment not yet paid—plus post judgment interest. Judge Hunt found that $125,000 of the total judgment award has already been satisfied. Plaintiff objects and states that the entire liquidated damages amount is enforceable.

Having carefully considered Plaintiff's Objection, the Court agrees that Plaintiff's award of liquidated damages for breach of the agreement should be reduced by the amount already paid. Magistrate Judge Hunt held a hearing and carefully reviewed the voluminous record in this case. The Report was thoughtfully and correctly recommended. The Court therefore adopts and incorporates Judge Hunt's factual findings into this Order and overrules the Objection.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 226] is hereby **APPROVED**;

2. Plaintiff's Limited Objection to and Appeal of Report and Recommendation [DE 227] is **OVERRULED**;

3. Plaintiff's Motion for Order to Show Cause [DE 201] is **DENIED WITHOUT PREJUDICE**.

    a. Defendants are ordered to complete and deliver to the Plaintiff's counsel a 1.977(a) Fact Information Sheet, with all required attachments by **September 12, 2025.**

4. Plaintiff's Verified Motion for Ex Parte Default Final Judgment Following Default in Verified Agreement, [DE 195] **AND** Plaintiff's Renewed Motion for Writ of Execution, [DE 202] are **GRANTED IN PART** as follows:

    a. Plaintiff is awarded $25,045.19.

    b. The Court will enter a separate final judgment.

5. Defendants' requests to disturb the Writs of Execution and Garnishment and their request to award sanctions are **DENIED**. The Court reserves jurisdiction to take such other and further actions as are just and appropriate.

6. The Court finds that the $1,869.41 in taxable costs awarded against the Plaintiff has been satisfied, and Plaintiff is discharged of any obligation related thereto.

7. Plaintiff is entitled to recover the attorney's fees and costs she incurred following the Defendants' breaches of the Verified Agreement and reserve jurisdiction to determine the amount to be awarded.

8. This case shall remain **CLOSED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of September, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record