UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

      Plaintiff,

vs.

ALL VIP CARE INC. AND
LIZ VELAZQUEZ MCKINNON,

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR AN AWARD OF**
**ADDITIONAL/SUPPLEMENTAL ATTORNEY'S FEES AND COSTS**

Plaintiff, Cruz Valdivieso Figuera, through undersigned counsel and pursuant to Fed. R. Civ. P. 55, 69, Local Rule 7.3, Fla. Stat. §§57.105, 68.065, and 768.79, and other applicable Rules and laws, requests that the Court enter an Order awarding additional/supplemental attorneys' fees from Defendants, All VIP Care, Inc. ("All VIP") and Liz Velazquez McKinnon, jointly and severally, as follows:

**I. FACTUAL AND PROCEDURAL HISTORY**

1.      In the Report and Recommendation issued on August 15, 2024, the Plaintiff received an award of $149,073.91 in attorney fees and taxable costs against Defendant, All VIP Care Inc, and the Defendants received an award of $1,869.41 in taxable costs against Plaintiff. [ECF No. 175].

2.      This Court entered its Order Adopting the Report and Recommendation on September 4, 2024, awarding Plaintiff $149,073.91 in attorney fees and taxable costs against Defendant, All VIP Care Inc. ("All VIP"), and Defendants $1,869.41 in taxable costs against Plaintiff [ECF No. 182].

3.      Defendants negotiated and then signed a Verified Agreement and Release on September 26, 2024 [ECF No. 191-1].

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

4.      The Court accepted and approved the Settlement Agreement. [ECF No. 192].

5.      The Defendants breached the Settlement Agreement, attempted to avoid complying with it, concocted excuse after excuse for their failure/refusal to comply, and created a nearly year-long round of litigation because of their obstinacy, their round-robin of defense lawyers, delay tactics, and disregard for the Court's authority. [ECF Nos. 195 to 224].

6.      The Court conducted a hearing on July 28, 2025, at which it considered the pending motions related to the Defendants' post-Settlement Agreement conduct (and their fourth counsel of record's Motion to Withdraw), after which a Report and Recommendation was issued on August 1, 2025 [ECF No. 226].

7.      The Court entered its Order Adopting and Approving Report and Recommendation on September 2, 2025, entitling Plaintiff to recover attorney's fees and costs from both Defendants relating to their breaches of the Settlement Agreement. [ECF No. 230].

8.      Records identifying the additional time and costs reasonably expended in relation to her enforcement of and Defendants' breaches of the Settlement Agreement are attached as Exhibit "A" to this Motion.

9.      Plaintiff's counsel kept the records attached as Exhibit "A" contemporaneously, and the attached is a true and accurate copy of the records digitally made and kept in the ordinary course of business by Plaintiff's counsel.

WHEREFORE Plaintiff, Cruz Valdivieso Figuera, requests the Court to enter a final judgment for the additional/supplemental attorney's to be recovered from Defendant/Counterclaimant, All VIP Care, Inc., pursuant to Fed. R. Civ. P. 55, 69, Fla. Stat. §§57.105, 68.065, and 768.79, and the Court's Order [ECF No. 230].

## II. MEMORANDUM OF LAW

This memorandum addresses the limited issue of the amount of attorney's fees and costs to be awarded to Plaintiff's counsel against the Defendants, jointly and severally, for the time and effort expended in connection with their breaches of the Settlement Agreement. [ECF No. 230]. The Court previously determined that an award of $450.00 per hour was appropriate for the undersigned attorney, Brian H. Pollock. [ECF No. 175]. The bulk of the work he performed on this case occurred through November 1, 2023, when the case was tried to a jury verdict, based on the Motion for Fees filed on December 26, 2023. [ECF Nos. 125, 159.] Plaintiff's counsel was to

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

be paid the remainder of the fee awarded by this Court within the deadline established in the Settlement Agreement (October 25, 2024). [ECF No. 191-1]. The Defendants did not comply and have not paid the entirety of the fee to which they agreed or as awarded by the Court on September 4, 2024 (over a year ago). [ECF Nos. 175, 182, 226, 230].

Since 2023, South Florida has experienced significant inflation. The Consumer Price Index Inflation Calculator (http://data.bls.gov/cgi-bin/cpicalc.pl) indicates that $450 in September 2023 is worth $473.637 as of August 2025. Florida experienced a cost-of-living increase of 4.1% statewide in 2025 and then another 2.9% rise in 2025. (See https://floridarevenue.com/property/Documents/CostofLivingAdjust.pdf). When awarding the additional fees and costs, the Court appropriately considers the cost-of-living increase affecting all Floridians as justifying a commensurate increase in the hourly rate(s) to be awarded to Mr. Pollock for the time he spent on this case. *Wise v. O'Malley*, 2024 U.S. Dist. LEXIS 219989, at \*3 (M.D. Fla. Dec. 5, 2024) ("an increase in inflation does justify a proportionate increase in attorneys' fees").

The Court also should consider the nature of the work performed as warranting a significant increase, as the post-Settlement Agreement work was not for wage and hour work, but was in the nature of commercial litigation, in particular breach of contract litigation, which garners a higher rate in this District. In similar breach of contract cases, Courts within the Southern District of Florida tend to award attorneys rates well above $450 per hour, as the Court summarized in *Silberman v. Premier Beauty & Health LLC*, No. 2025 U.S. Dist. LEXIS 156577, at \*22-23 (S.D. Fla. Aug. 13, 2025) when determining that $450 per hour was well below market rates in South Florida:

> *Compare Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, No. 06-61231-CIV, 2010 U.S. Dist. LEXIS 16364, 2010 WL 680948, at \*8 (S.D. Fla. Feb. 24, 2010) ("For the year, 2007, an hourly rate of $440.00 for a partner with 19 years of experience . . . fall[s] well within rates charged by law firms in the local market.") (emphasis added), with *PDVSA US Litig. Tr. v. Lukoil Pan Americas LLC*, No. 18-CV-20818, 2020 U.S. Dist. LEXIS 21698, 2020 WL 3052403, at \*9 (S.D. Fla. Feb. 1, 2020), *report and recommendation*, 2020 U.S. Dist. LEXIS 35190, 2020 WL 996854 (S.D. Fla. Mar. 2, 2020) (finding rate of $625.00 to be reasonable for partners shareholders and counsel).

Rates beyond $656 per hour are "slightly excessive" for a commercial case, such that the rate south for Mr. Pollock herein is reasonable. *Trading, S.A. v. Delgado*, 2025 U.S. Dist. LEXIS 67860, at \*5 (S.D. Fla. Apr. 9, 2025) ("the Court finds that Plaintiff's request for hourly rates between $656 and

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

$830 are slightly excessive for a commercial case such as this" before awarding $656 per hour for counsel who performed most of the work.)

Plaintiff requests the Court to reconsider the appropriate hourly rate(s) by adjusting for inflation and the prevailing market rates for similar services by lawyers of reasonably comparable skill, reputation, and experience involved in commercial litigation. Plaintiff's lead counsel, Brian H. Pollock, has practiced in Florida since 1999. Hourly clients of the firm have consistently agreed to pay and actually paid Mr. Pollock $500 per hour for the work he performs and have done so for several years.

Plaintiff once again requests that the Court determine that a multiplier is appropriate. *Rodriguez v. GeoVera Specialty Ins. Co.*, 2020 WL 6800451, at \*12 (S.D. Fla. Nov. 19, 2020). The reason is because of the risks inherent in contingent litigation such as that at issue herein. *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985), holding modified by *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). A loadstar is especially appropriate herein, when the Plaintiff had difficulty finding an attorney willing to represent her against obstinate employers who refused to pay money owed to her because of the written threat to sue her to enforce restrictive covenants. [ECF No. 159-1]. In line with *Quanstrom*, Plaintiff requests that the Court adjust the lodestar in this case by a multiplier of 2.0 based on the contingent fee agreement with Ms. Valdivieso, the relative positions of the parties, and the requirement that counsel take the breach of contract counterclaim to trial. The evidence is that Ms. Valdivieso consulted with other counsel, who declined representation, favoring a multiplier, and that the undersigned counsel took this case on a contingent basis.

Plaintiff's counsel expended time on this case since the entry of the Final Judgment and since the parties entered into the Settlement Agreement that precluded the performance of work on other cases – including defense cases on which FairLaw Firm would be paid at a rate of $500/hour, not contingent on the outcome, and drawn against a retainer to secure payment, and matters in which Mr. Pollock's realized hourly rate exceeded $500.

4.      *Fees and Costs.*

By this Motion, and pursuant to 29 U.S.C. §216(b), Plaintiff seeks a total fee award for her counsel of $172,825.88, as follows, before any multiplier is applied:

a.      Fees of FairLaw Firm:                                    $167,700.00

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Attorneys

(Brian H. Pollock, Esq.          $650/hour x 48.42 hours =          $31,473.00)

(Exhibit "A").[1] Considering the foregoing, Plaintiff's counsel's fees are more than reasonable. Applying a multiplier of 2.0 to the attorney's fees in this case would bring the attorney's fee award to $62,946.00.

Plaintiff further requests that this Court consider the additional attorneys' fees that will continue to be incurred in litigating the amount of additional attorney's fees to be awarded. *See, e.g., Thompson v. Pharmacy Corp. of Am., Inc.,* 334 F.3d 1242, 1245 (11th Cir. 2003) *(discussing the propriety of awarding* "fees for litigating fees"); *Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC,* 237 Fed. Appx. 543, 550 (11th Cir. 2007) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); and *Brown Jordan Int'l, Inc. v. Carmicle,* 2017 WL 5633312, at *6 (S.D. Fla. Aug. 7, 2017) (awarding "fees on fees"), *report and recommendation adopted,* 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

## **CONCLUSION**

For the foregoing reasons, Plaintiff Cruz Valdivieso Figuera respectfully requests the Court to award her counsel additional attorney's fees and costs against Defendants, All VIP Care, Inc. and Liz Velazquez McKinnon, as requested above.

---

[1]      Exhibit "A" does not include any future time that will be required to litigate this Motion, any Response filed by Defendants, any Reply thereto, or further actions taken thereon.

5

## **VERIFICATION**

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of September 2024.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff/Counter-Defendant*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*