UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

     Plaintiff,

vs.

ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON,

     Defendants,

and

PNC BANK, N.A.,

     Garnishee.

_____/

**ANSWER OF GARNISHEE AND DEMAND FOR
<u>PAYMENT PURSUANT TO FLORIDA STATUTE 77.28</u>**

COMES NOW the Garnishee, PNC BANK, N.A., by and through its undersigned attorneys, and for its answer to the Writ of Garnishment served on Garnishee on September 17, 2025, says as follows:

1.      That between the time of this Answer and the time of service of said Writ, plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ, Garnishee, PNC BANK, N.A., was indebted to the Defendant, ALL VIP CARE INC., in the sum of $3,283.87 in a checking account and the sum of $335.62 in a checking account titled ALL VIP CARE INC. RESERVE ACCOUNT.

2.      Under Garnishee's Account Agreement with Garnishee's customer, Garnishee has a contractual right of setoff and a security interest in its customer's accounts for Legal Process, including garnishments, and it hereby claims this right.

CRUZ VALDIVIESO FIGUERA
vs.
ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON
CASE NO.   0:22-CV-61553-DIMITROULEAS/HUNT
ANSWER OF GARNISHEE AND DEMAND FOR
PAYMENT PURSUANT TO FLORIDA STATUTE 77.28
Page 2

Specifically, among its other rights, Garnishee is authorized to charge against its customer's account(s) a Legal Process Fee in the amount of $100.00.   See *Baxter Healthcare Corp.* v. *Universal Medical Labs, Inc.,* 760 So. 2d 1126 (Fla. App. 5 Dist 2000).   Said sum has been taken from an account(s) enumerated in paragraph 1 above and the amount shown in paragraph 1 reflects the sum held and available for garnishment after setoff.   Garnishee's Legal Process Fee is in addition to the statutory $100.00 garnishment fee payable to Garnishee's attorney for filing this Answer (Section 77.28 *Florida Statutes).*

3.      That between the time of this Answer and the time of service of said Writ, Garnishee did not have any other goods, money, chattels or effects of said Defendant in its hands, possession or control at any time between said period.

4.      That the last known address on record with Garnishee, PNC BANK, N.A., for the Defendant, ALL VIP CARE, INC., is 5601 Corporate Way, Suite 204, West Palm Beach, Florida 33407-2042.

5.      That between the time of this Answer and the time of service of said Writ, Garnishee, PNC BANK, N.A., was not indebted to the Defendant, LIZ VELAZQUEZ MCKINNON, and that it did not have any goods, money, chattels or effects of said Defendant in its hands, possession or control at any time between said period.

CRUZ VALDIVIESO FIGUERA
vs.
ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON
CASE NO.   0:22-CV-61553-DIMITROULEAS/HUNT
ANSWER OF GARNISHEE AND DEMAND FOR
PAYMENT PURSUANT TO FLORIDA STATUTE 77.28
Page 3

6.     That the Defendant, LIZ VELAZQUEZ MCKINNON, is on file with Garnishee, PNC BANK, N.A., as LIZ V. MCKINNON and the last known address on record is 14142 Lake Tahoe Circle, West Palm Beach, Florida 33409.

7.     That Garnishee does not know of any other persons indebted to said Defendants or who may have the effects of said Defendants in his hands, possession or control at any time between said period.

8.     That Garnishee is obligated to pay its attorney a reasonable fee and requests an award of costs and a reasonable attorney's fee for expenses incurred by Garnishee in obtaining representation in and about this suit, as provided by law.

## DEMAND FOR PAYMENT OF GARNISHEE ANSWER FEE

9.     Garnishee, PNC BANK, N.A., demands payment, as partial payment of its attorney's fees, of $100.00 forthwith, as provided pursuant to Florida Statute Section 77.28, payable to PRUITT & PRUITT, P.A. and mailed to PRUITT & PRUITT, P.A., Suite 101, 2475 Mercer Avenue, West Palm Beach, Florida 33401-7447.

10.     That in addition to the initial $100.00 partial payment to be paid by the party applying for the Writ of Garnishment, Garnishee asks the Court to determine Garnishee's costs and expenses, including a reasonable attorney's fee, and in the event of a Judgment in favor of the Plaintiff, that the amount be subject to offset by the Garnishee against the Defendant whose property or debt is being garnished.

CRUZ VALDIVIESO FIGUERA
vs.
ALL VIP CARE INC. AND LIZ
VELAZQUEZ MCKINNON
CASE NO.   0:22-CV-61553-DIMITROULEAS/HUNT
ANSWER OF GARNISHEE AND DEMAND FOR
PAYMENT PURSUANT TO FLORIDA STATUTE 77.28
Page 4

  WHEREFORE, Garnishee, PNC BANK, N.A., prays, having fully answered said Writ of Garnishment, that the initial partial payment of attorney's fees be issued to Garnishee's attorney forthwith and payable to PRUITT & PRUITT, P.A.

  I HEREBY CERTIFY that a true copy of the foregoing has been furnished to Brian H. Pollock, Esq., FAIRLAW FIRM, brian@fairlawattorney.com, by electronic mail through the CM/ECF system and to all those listed therein, this ___19th___ day of September, 2025.

      By _ /s/ William E. Pruitt _____
       William E. Pruitt, Esq.
       Florida Bar No. 273821
       William B. Pruitt, Esq.
       Florida Bar No. 127605
       PRUITT & PRUITT, P.A.
       Suite 101, 2475 Mercer Avenue
       West Palm Beach, FL 33401-7447
       Tel. No. (561) 655-8080 x108
       Fax No. (561) 655-4134
       Primary e-mail:  jknight@pruittpruittlaw.com
       Secondary e-mails:  wep@pruittpruittlaw.com
           wb@pruittpruittlaw.com