UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61553-CIV-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC., et al.,

    Defendants.

_____/

## ORDER TO SHOW CAUSE

This matter is before this Court on Plaintiff's Motion for Order to Show Cause. ECF No. 242. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate ruling or report and recommendation. ECF No. 244; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having considered the Motion, the entire record, and being otherwise fully advised in the premises, the undersigned GRANTS the Motion.

On September 2, 2025, the Court entered an Order requiring Defendants to provide Plaintiff with a Fla. R. Civ. P. Form 1.977 Fact Information Sheet by September 12, 2025, and awarding $25,045.19 to Plaintiff. ECF No. 230. Final judgment in favor of Plaintiff was entered that same day. ECF No. 231.

In her Motion, Plaintiff asserts that Defendants "have not satisfied the final judgment amount of $25,045.19, [or] attempted to satisfy it, nor does the bank account known to the Plaintiff and already garnished have sufficient funds to satisfy that judgment, which remains outstanding." ECF No. 242 at 2. Plaintiff also asserts that Defendants

have not complied with the Order to produce a Fact Information Sheet. Now, Plaintiff asks this Court to order Defendants to show cause as to why they should not be held in contempt of court for violation of this Court's September 2, 2025 Order. ECF No. 230.

To obtain an order holding a party in contempt, the party seeking such an order must "move the court for an order to show cause why the [opposing party] should not be adjudged in contempt for refusing to comply." *Reynolds v. Roberts*, 207 F.3d 1288, 1297 (11th Cir. 2000). Prior to the court granting a show-cause order, the moving party must demonstrate by clear and convincing evidence that the "alleged contemnor violated a court's earlier order." *Peery v. City of Miami*, 977 F.3d 1061, 1077 (11th Cir. 2020) (quotation omitted). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* at 1076–77 (quoting *Riccard v. Prudential Ins., Co.,* 307 F.3d 1277, 1296 (11th Cir. 2002)). Once the moving party makes its prima facie showing, the burden then shifts to the alleged contemnor to produce evidence explaining its noncompliance at a show-cause hearing. *Id.*; *see also FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010).

The evidence before the undersigned is that this Court issued a valid, lawful, clear and unambiguous Order, ECF No. 230, and that Defendants have thus far failed to comply with that Order. Defendants shall respond to this Order and appear at a show cause hearing explaining their noncompliance.[1]

---

[1] At the hearing, the Parties should also be prepared to discuss Plaintiff's pending Motion for Final Judgment Against Garnishee. ECF No. 243.

Accordingly, it is hereby ORDERED and ADJUDGED as follows:

(1) Defendants shall show cause as to why they should not be held in contempt.

(2) A hearing on this matter is set for **Thursday, November 13, 2025, at 2:00 p.m.** in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida. The hearing shall take place via Zoom, https://www.zoomgov.com. The Meeting ID is 160 0169 1761 and the Passcode is 334775. The Parties should contact Chambers immediately, at (954) 769-5470, if they experience any difficulties accessing the conference, or if either Party prefers an in-person hearing. Failure to attend the hearing may result in the undersigned recommending sanctions.

DONE and ORDERED in Chambers at Fort Lauderdale, Florida, this 5th day of November 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record