# Supreme Court of Florida

MONDAY, OCTOBER 6, 2025

The Florida Bar,

      Petitioner(s)

v.

Michael Alexander Hurckes,

      Respondent(s)

**SC2025-1375**

Lower Tribunal No(s).:
2025-70,550(13D)(HES);
2024-10,552(13D);
2025-10,027(13D);
2025-00,110(13D);
2024-10,579(13D);
2024-10,720(13D);
2024-10,760(13D);
2024-10,599(13D);
2025-10,058(13D);
2025-10,033(13D);
2024-10,661(13D);
2024-10,744(13D);
2024-10,715(13D);
2025-00,096(13D);
2025-00,352(13D);
2024-10,694(13D);
2025-00,087(13D);
2024-10,735(13D);
2024-10,614(13D);
2024-10,701(13D)

---

The Petition for Emergency Suspension filed pursuant to Rule 3-5.2 of the Rules Regulating The Florida Bar is approved and it is hereby ordered that Respondent, Michael Alexander Hurckes, is suspended from the practice of law until further order of this Court. Respondent is hereby ordered to:

**CASE NO.:   SC2025-1375**
Page Two

A.   Immediately:

1.   Accept no new clients from the date of this Court's order of emergency suspension;

2.   Initiate no litigation on behalf of clients from the date of this Court's order of emergency suspension;

3.   Provide a copy of this Court's order of emergency suspension to all courts, tribunals, or adjudicative agencies before which Respondent is counsel of record; all state, federal, or administrative bars of which Respondent is a member; all clients; all co-counsel; and all opposing counsel, as required by Rule Regulating The Florida Bar 3-5.1(h). Respondent shall also fully comply with Rule Regulating The Florida Bar 3-6.1, if applicable;

4.   Cease withdrawing or disbursing any money from any trust account or other financial institution account holding funds of clients or third parties in Respondent's possession in connection with legal representation or funds of third parties in connection with Respondent's service as a fiduciary including, but not limited to, personal representative, guardian, or trustee, until further order of this Court, a judicial referee appointed by this Court, or by order of the circuit court in an inventory attorney proceeding instituted under Rule 1-3.8;

5.   Not transfer any ownership of any real or personal property purchased in whole or in part with funds of clients or third parties in connection with legal representation or with funds of third parties in connection with Respondent's service as a fiduciary

**CASE NO.: SC2025-1375**
Page Three

including, but not limited to, personal representative, guardian, or trustee, without approval of this Court, a judicial referee appointed by this Court, or by order of the circuit court in an inventory attorney proceeding instituted under rule 1-3.8;

6.  Deposit any fees or other sums received in connection with the practice of law or employment as a personal representative, guardian, or trustee, by the Respondent on or after the date of this Court's order of emergency suspension into a specified trust account from which withdrawal may only be made by order of this Court, a judicial referee appointed by this Court, or by order of the circuit court in an inventory attorney proceeding instituted under rule 1-3.8;

7.  Provide a copy of this Court's order of emergency suspension to all banks and financial institutions where the Respondent maintains any account holding funds of clients or third parties in Respondent's possession in connection with representation or funds of third parties in connection with Respondent's service as a fiduciary including, but not limited to, personal representative, guardian, or trustee;

8.  Comply with, and provide all documents and testimony responsive to, a subpoena from the Bar for trust account records and any related documents necessary for the Bar to conduct a trust account audit;

9.  The referee appointed in these proceedings is hereby authorized to determine entitlement to funds in any

trust accounts frozen as a result of an order entered in this matter;

10.  Turn over to any successor the complete financial records of any estate, guardianship, or trust in which Respondent served as a fiduciary on the successor's appointment;

B.  Within thirty days from the date of this Court's order of emergency suspension:

1.  Cease all practice of law in Florida;

2.  Withdraw from representation of all clients;

3.  Wind down all pending matters;

4.  Cease holding yourself out as a Florida Bar member or lawyer and eliminate all indicia of Respondent's status as a Florida Bar member or lawyer on websites, email, social media, telephone listings, stationery, checks, business cards, office signs, email address, and any other indicia of Respondent's status as a Florida Bar member or lawyer; and

5.  Cease acting as a fiduciary, including, but not limited to, personal representative for any estate, guardian for any ward, and trustee for any trust;

6.  Provide Bar Counsel with an affidavit listing all of the following that Respondent notified of this Court's order of emergency suspension: all courts, tribunals, or adjudicative agencies of which Respondent is a member; all state, federal, or administrative bars of which Respondent is a

CASE NO.:  SC2025-1375
Page Five

           member; all clients; all co-counsel; and all opposing counsel;

7.    Provide Bar counsel in this case with an affidavit listing each bank or financial institution Respondent provided with a copy of this Court's order of emergency suspension; and

8.    Notify Bar counsel in this case of the receipt and location of any fees or other sums received in connection with the practice of law or in connection with Respondent's service as a fiduciary, including, but not limited to, personal representative, guardian, or trustee, received by Respondent after issuance of this Court's order of emergency suspension.

Respondent's motion for dissolution is referred to the referee appointed in this case for further proceedings in accordance with Rule Regulating The Florida Bar 3-5.2.

Not final until time expires to file motion for rehearing, and if filed, determined.  <u>The filing of a motion for rehearing shall not alter the effective date of this suspension</u>.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

A True Copy
Test:

SC2025-1375 10/6/2025

John A. Tomasino
Clerk, Supreme Court
SC2025-1375 10/6/2025



**CASE NO.:  SC2025-1375**
Page Six


AS

Served:

JENNIFER DILLON
MICHAEL ALEXANDER HURCKES
PATRICIA ANN TORO SAVITZ