UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61553-CIV-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

      Plaintiff,

vs.

LIZ VELAZQUEZ MCKINNON, and
ALL VIP CARE INC.,

      Defendants.

_____/

## ORDER

      This matter is before this Court on Plaintiff's Motion to Address Defense Counsel's Status. ECF No. 249. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate ruling or report and recommendation. ECF Nos. 20; 204; 237; 244; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having considered the Motion, the entire record, and being otherwise fully advised in the premises, the undersigned DENIES AS MOOT the Motion.

      This Court entered a final judgment in Plaintiff Cruz Valdivieso Figuera's favor. ECF No. 231. Pursuant to that judgment, Defendants Liz Velazquez McKinnon and All VIP Care, Inc. must pay $25,045.19 to Plaintiff. *Id*. In various post-judgment motions, Plaintiff asserted that Defendants have not paid the amount due. *See* ECF Nos. 242; 243. Defendants have failed to respond to those post-judgment motions. The undersigned held two related hearings on November 13, 2025, and December 9, 2025.

ECF Nos. 246; 248.  Defendants did not appear at either hearing, despite this Court's order.  *See* ECF No. 245 ("Defendants shall respond to this Order and appear at a show cause hearing explaining their noncompliance.").  The last and most recent filing by Defendants in this case was a Motion to Withdraw as Attorney by Michael Alexander Hurckes, which was denied based on Mr. Hurckes's failure to comply with previous Court directives.  ECF Nos. 224; 228.

Based on Defendants' apparent absence in post-judgment proceedings, Plaintiff filed the instant Motion to Address Defense Counsel's Status.  ECF No. 249.  Plaintiff sought "an Order from this Court permitting her counsel to communicate directly with the Defendant, Liz Velazquez McKinnon, so he can respond to her email attempt to resolve a part of this post-judgment matter . . . while [Defendant's] counsel is suspended by The Florida Bar but counsel of record herein."  *Id.* at 1.  In support of that request, Plaintiff attached as an exhibit a Petition for Emergency Suspension filed by the Florida Bar against Mr. Hurckes.

However, since the time of filing, Plaintiff's Motion has been rendered moot.  On December 22, 2025, Mr. Hurckes was officially suspended from practicing law in this District pursuant to an Order of Suspension.  *See* Administrative Order 2025-105.  Accordingly, Defendant Liz Velazquez McKinnon is now a *pro se* litigant.  Plaintiff's counsel may directly communicate with her as to any outstanding post-judgment matters. *See Quarterman v. United States Dep't of Agric.*, No. 3:25-CV-161-TES, 2025 WL 3143793, at *2 (M.D. Ga. Nov. 10, 2025) ("When a party acts as its own lawyer, it has a duty to communicate with opposing parties just as a lawyer would do.").  If the Parties are able to resolve any outstanding disputes among themselves, the Parties shall

immediately notify the Court by filing a corresponding notice, specifying which outstanding Motions have been resolved.

Accordingly, it is hereby ORDERED and ADJUDGED that Plaintiff's Motion to Address Defense Counsel's Status is DENIED AS MOOT.

DONE and ORDERED in Chambers at Fort Lauderdale, Florida, this 29th day of December 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record