UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

    Plaintiff,

vs.

ALL VIP CARE INC.,

    Defendant,

and

PNC BANK, N.A.,

    Garnishee.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISSOLVE WRIT OF GARNISHMENT

Plaintiff, Cruz Valdivieso Figuera, through her undersigned counsel, responds to the Motion to Dissolve Writ of Garnishment [ECF No. 251], and requests the Court to deny it based on the following good cause:

**Factual Background Precludes Dissolving The Writ**

1. The Defendant, Ms. McKinnon, asks the Court to dissolve the writ of garnishment by claiming that the Final Judgment [ECF No. 231] was satisfied. [ECF No. 251].

2. The Defendants did not, however, satisfy the Final Judgment.

3. Undersigned counsel for the Plaintiff advised Ms. McKinnon in writing that to satisfy the Final Judgment, she was required to satisfy the principal amount of $25,045.19 along with the post-judgment interest that had accumulated on it, and to this end provided her the total amount necessary to satisfy the Final Judgment and for the payment of the Garnishee's statutory ($100) fee to the Garnishee bank from the garnished funds before the remainder is released.

4. Undersigned counsel for Plaintiff also offered Ms. McKinnon (for both Defendants) to satisfy the additional attorney's fees and costs that have been incurred since the Final Judgment (and related to enforcement/collection efforts on) by providing them with a demand amount.

5. Defendants did not satisfy the Final Judgment [ECF No. 231], as they paid only the principal amount of $25,045.19, as reflected in the Partial Satisfaction of Judgment [ECF No. 252], leaving outstanding thereon (a) the interest thereon and (b) costs of $100 for the statutory fee paid to the Garnishee.

6. The $25,000 check issued by the Defendant in January 2025 contained an endorsement that precluded the undersigned from accepting the check due to its potential preclusive effect on the recovery of fees for breach/enforcement, interest, etc.:

7. This matter has continued to be litigated since September 27, 2024 [DE 192] because after the Court accepted and approved the parties' Verified Agreement and Release [ECF No. 191-2, 192], the court found that Defendants materially breached the Verified Agreement and Release Agreement. [ECF Nos. 226, 230].

8. Thereafter, the Defendants ignored the Court's Orders and played musical chairs with their counsel of record, further delaying these proceedings and prolonging the litigation related to the Plaintiff's collection of the damages previously awarded for the breach of the Verified Agreement and Release. [ECF No. 231].

9. Currently owed to the Plaintiff is the **interest** on the principal judgment $25,045.19 [ECF No. 231], which is due from September 2, 2025 (date of the Final Judgment) through December 29, 2025 (the date of payment) [ECF No. 252], the attorney's fees and costs incurred since September 27, 2024 (the date entered the Order disbursing funds at ECF No. 192].

10. As related to the garnished funds, the Defendants still owe the post-judgment interest through December 29, 2025, and the statutory fee ($100) to the Garnishor, such that a final judgment for Plaintiff should be entered against the writ of garnishment in accordance.

### The Law Precludes Dissolving The Writ

Section 77.16, Florida Statutes, governs the dissolution of a writ of garnishment. Under Fla. Stat. §77.16, the Defendants had 20 days from receipt of the Notice of Garnishment to seek dissolution. Plaintiff served her Notice of Garnishment on the

Defendants on September 25, 2025 [ECF No. 239], such that the Defendants' Motion to Dissolve is untimely and must be denied as a result. In addition, the Defendants do not seek dissolution based on an untrue allegation contained in the Motion for Writ of Garnishment, since the Defendants do not claim to have made a payment towards the Final Judgment until December 29, 2025.

The Defendants did not previously make an unconditional payment in satisfaction, as the check tendered indicated on the memo line that it was "Final Payment / Legal Fee" and that based thereon, Defendants sought not only to preclude the Plaintiff from recovering the fees and costs incurred as related to the breach of the parties' Agreement through January 2025, but to preclude any additional fees and costs as they would be incurred. Moreover, when the Plaintiff attempted to tender the check for payment, their account lacked sufficient funds.

For the above reasons, the Defendants' Motion to Dissolve should be denied.

Respectfully submitted this 16th day of January 2026,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*