UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61553-CIV-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

 Plaintiff,

vs.

LIZ VELAZQUEZ MCKINNON, and
ALL VIP CARE INC.,

 Defendants.

_____/

## REPORT AND RECOMMENDATION

 This matter is before this Court on Plaintiff Cruz Valdivieso Figuera's Motion for Final Judgment Against Garnishee, ECF No. 243, and Defendant Liz Velazquez McKinnon's Motion to Dissolve Writ of Garnishment, ECF No. 251.  The Honorable William P. Dimitrouleas, United States District Judge, referred the Motions to the undersigned United States Magistrate Judge for appropriate ruling or report and recommendation.  ECF Nos. 244; 255; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1.  Having considered the Motions, the entire record, statements of the parties at a status conference on February 19, 2026, and being otherwise fully advised in the premises, the undersigned RECOMMENDS for the reasons set forth below that Plaintiff's Motion for Final Judgment Against Garnishee be DENIED AS MOOT and Defendant's Motion to Dissolve Writ of Garnishment be GRANTED.

 On September 9, 2025, this Court entered a final judgment against Defendants Liz Velazquez McKinnon and All VIP Care, Inc. (collectively, "Defendants") in favor of Plaintiff

Cruz Valdivieso Figuera ("Plaintiff").  ECF No. 231.  Pursuant to that judgment, the Court ordered Defendants to pay $25,045.19 to Plaintiff.  *Id*.

On September 11, 2025, Plaintiff initiated a garnishment proceeding against Garnishee PNC Bank, N.A. ("Garnishee") to collect the outstanding judgment amount.  ECF No. 232.  The Clerk of Court issued a corresponding writ of garnishment.  ECF No. 236.  Garnishee answered and placed a hold on $3,619.49 in Defendants' accounts.[1]  ECF No. 238.  Plaintiff then moved for entry of final judgment.  ECF No. 243.

While the Motion for Final Judgment Against Garnishee was pending, the undersigned held two hearings on post-judgment matters in this case.  ECF Nos. 246; 248.  Defendants failed to appear for either hearing, ostensibly because counsel for Defendants was undergoing disciplinary proceedings with the Florida Bar.  ECF No. 250.

Shortly after learning that her counsel was terminated from representation in this case, Defendant Liz Velazquez McKinnon paid $25,045.19 to Plaintiff's counsel.  ECF No. 251 at 2, 5.  Defendant also moved to dissolve the writ of garnishment.  *Id.* at 1.  In her motion, Defendant represented that delays in payment were due to Defendants' former counsel being suspended from practice.  *Id.*

Plaintiff "acknowledge[d] payment/receipt of the principal amount of $25,045.19."

---

[1] Plaintiff has paid Garnishee's $100.00 statutory garnishment fee.  ECF No. 257.  In its Answer, Garnishee stated that it offset a separate $100.00 contractual Legal Process Fee.  ECF No. 238 at 1–2.  Neither party has disputed Garnishee's entitlement to that $100.00 offset.  *See Baxter Healthcare Corp. v. Universal Medical Labs, Inc.*, 760 So. 2d 1126, 1127 (Fla. 5th DCA 2000); *Jackson v. Midnight Express Power Boats Inc.*, No. 20-22160-CIV-WILLIAMS/DAMIAN, 2023 WL 4969433, at *2 (S.D. Fla. Mar. 7, 2023) (allowing bank to collect fee of $125 before dissolving writ); *see CBRE, Inc. v. Cap. Com. Real Est. Grp., Inc.*, No. 19-61235-CIV-RUIZ/STRAUSS, 2020 WL 9458732, at *2 (S.D. Fla. Feb. 25, 2020) (finding garnishee is entitled to $100 legal processing fee in addition to $100 statutory fee), *report and recommendation adopted*, 2020 WL 9458646 (S.D. Fla. Mar. 10, 2020).

ECF No. 252.  Plaintiff then responded to Defendant's motion, asserting that the payment was insufficient to cover the full amount due because of accumulated post-judgment interest.  ECF No. 253 at 2.  In a subsequent filing, Plaintiff stated that the outstanding amount was exactly $330.23 of the principal judgment amount and $1.60 of post-judgment interest, for a total of $331.83.  ECF No. 258.

On February 19, 2026, the parties appeared before the undersigned for a status conference.[2]  ECF No. 262.  Plaintiff's counsel confirmed that the total amount sought in the garnishment proceeding was $331.83.  ECF No. 258.  The parties agreed that a final payment of that amount would resolve any outstanding dispute about the judgment and post-judgment interest.  Soon after, Defendant paid Plaintiff.  Plaintiff filed a Notice of Satisfaction stating that "the outstanding principal and post-judgment interest . . . have been satisfied."  ECF No. 264.

The judgment amount underlying these garnishment proceedings is therefore no longer outstanding.  These proceedings are moot.  *See Blitz Telecom Consulting, LLC v. Peerless Network, Inc.,* No: 6:14–cv–307, 2016 WL 7394561, at *1 (M.D. Fla. Apr. 29, 2016) (finding that writs of garnishment are moot and should be dissolved based on parties' stipulation that defendant paid plaintiff the total amount awarded under judgment).  The writ of garnishment should be dissolved.  *See Jackson v. Midnight Express Power Boats Inc.*, No. 20-22160-CIV-WILLIAMS/DAMIAN, 2023 WL 4969433, at *1 (S.D. Fla. Mar. 7, 2023) (recommending dissolution of writ of garnishment based on parties' agreement during hearing to resolve outstanding issues through payment), *report and*

---

[2]  At the status conference, the parties also discussed Plaintiff's pending Motion for Supplemental Attorney's Fees, ECF No. 233.  This report and recommendation does not address the issues raised in that motion.

*recommendation adopted*, 2023 WL 4970331 (S.D. Fla. May 8, 2023). Pursuant to a court order dissolving the writ, the funds in Defendants' accounts should be unfrozen.

## RECOMMENDATION

Based on the foregoing, it is hereby RECOMMENDED that Plaintiff's Motion for Final Judgment, ECF No. 243, be DENIED AS MOOT and that Defendant's Motion to Dissolve Writ of Garnishment, ECF No. 251, be GRANTED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED in Chambers at Fort Lauderdale, Florida, on the 24th day of February 2026.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record