UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:22-CV-61553-DIMITROULEAS/HUNT

CRUZ VALDIVIESO FIGUERA,

 Plaintiff,

vs.

ALL VIP CARE INC., and
LIZ VELAZQUEZ MCKINNON,

 Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL/SUPPLEMENTAL ATTORNEY'S FEES AND COSTS

 Defendants, All VIP Care, Inc. ("All VIP") and Liz Velazquez McKinnon ("Ms. McKinnon"), by and through undersigned counsel, hereby respond to Plaintiff's Motion for an Award of Additional/Supplemental Attorney's Fees and Costs [ECF No. 233], Plaintiff's Notice of Filing Additional Fees and Costs [ECF No. 261], and Plaintiff's supplemental filings [ECF Nos. 259, 260, 267] and state:

### INTRODUCTION

 No supplemental fees should be awarded. Plaintiff seeks a combined $37,666.00 in supplemental attorney's fees for post-settlement enforcement work, plus a 2.0 multiplier that would bring the total demand to $75,332.00. If awarded in full, the cumulative fee award in this case would exceed $218,000.00, representing a fee-to-recovery ratio in excess of 8 to 1 against a jury verdict and judgment of $1,768.00 and a supplemental judgment of $25,045.19, totaling $26,813.19.

The Court should deny the fee request in its entirety for two independent reasons.

First, the Court's own Report and Recommendation [ECF No. 265] confirms that the post-judgment delays that generated the billing entries at issue were caused by defense counsel's suspension from practice, not by Defendants' refusal to pay. Ms. McKinnon paid the judgment in full as soon as she learned her counsel had been terminated. The enforcement costs Plaintiff seeks to recover are the direct product of an extraordinary circumstance beyond Defendants' control.

Second, and independently, the record establishes that Plaintiff's counsel held an uncashed $25,000.00 check from Ms. McKinnon for months while simultaneously filing enforcement motions that generated the very fees he now seeks. The Eleventh Circuit has held that "there are some cases in which a reasonable fee is no fee." *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009). This is such a case.

In the alternative, if the Court concludes that some fee is appropriate notwithstanding these circumstances, the compensable time for ECF No. 233 is no more than 13.50 hours, and for ECF No. 261, no more than 5.00 hours. At the rate this Court has already approved ($450.00 per hour), the reasonable combined fee is $8,325.00. The multiplier should be denied. Specific objections to each time entry are set forth in Exhibit "A" (ECF No. 233 entries) and Exhibit "B" (ECF No. 261 entries) to this Response.

**MEMORANDUM OF LAW**

**I. No Supplemental Fees Should Be Awarded**

The starting point for determining a "reasonable fee" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). But the lodestar is a starting point, not a guaranteed result. "Courts are not authorized to be generous with the money of

others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In appropriate circumstances, the Eleventh Circuit has affirmed that "a reasonable fee is no fee." *Sahyers*, 560 F.3d at 1244.

Those circumstances are present here.

A. **The Court's Own Findings Confirm the Delay Was Not Defendants' Fault.**

This Court need not speculate about why the post-judgment enforcement proceedings were protracted. The Court has already explained it. In his Report and Recommendation on the garnishment motions [ECF No. 265], Magistrate Judge Hunt found that "Defendants failed to appear for either hearing, ostensibly because counsel for Defendants was undergoing disciplinary proceedings with the Florida Bar." ECF No. 265 at 2. He further found that "[s]hortly after learning that her counsel was terminated from representation in this case, Defendant Liz Velazquez McKinnon paid $25,045.19 to Plaintiff's counsel." *Id.* And he found that Ms. McKinnon "represented that delays in payment were due to Defendants' former counsel being suspended from practice." *Id.*

The docket confirms these findings. Defense counsel Michael Alexander Hurckes was suspended by The Florida Bar from October 6, 2026 and continues to remain suspended. During that suspension, Hurckes could not file papers, respond to motions, appear at hearings, or communicate with the Court on behalf of his clients. He could not and did not inform Ms. McKinnon that her case required attention.

The two show cause hearings at which Defendants failed to appear, on November 13 and December 9, 2025, both fell squarely within the suspension period. Plaintiff's motion to address defense counsel's status [ECF No. 249] was

denied as moot [ECF No. 250] because the situation resolved itself once Ms. McKinnon learned the truth.

Ms. McKinnon's conduct, once she understood her situation, was prompt and complete. She paid the full judgment amount by wire transfer on December 31, 2025. She filed a pro se motion to dissolve the garnishment. She appeared at the February 19, 2026 status conference. Plaintiff then responded to Defendant's motion, asserting that the payment was insufficient to cover the full amount due because of accumulated post-judgment interest. ECF No. 253 at 2. In a subsequent filing, Plaintiff stated that the outstanding amount was exactly $330.23 of the principal judgment amount and $1.60 of post-judgment interest, for a total of $331.83. ECF No. 258. Ms. McKinnon paid that remaining $331.83. The Notice of Satisfaction [ECF No. 264] confirms that everything has been paid.

The billing entries at issue in ECF No. 233 and ECF No. 261 are overwhelmingly concentrated in the period of Hurckes' suspension. The show cause motions, the garnishment proceedings, the enforcement filings, the hearings at which Defendants failed to appear, all of this activity traces directly to the fact that defense counsel was unable to function. Awarding supplemental fees for litigation costs that were generated by an attorney's suspension, a circumstance entirely beyond Ms. McKinnon's control, would be unjust.

## B. Plaintiff's Counsel Held Payment While Filing Enforcement Motions.

Independent of the Hurckes suspension, the record reveals conduct by Plaintiff's counsel that independently warrants denial of all supplemental fees.[1]

The payment timeline, drawn from documents filed on this docket, establishes the following. In September 2024, Ms. McKinnon paid $100,000.00 by cashier's check toward the fee award. ECF No. 251, page 8. In December 2024, she paid an

---

[1] According to the Florida Bar website, the Florida Supreme Court suspended Mr. Hurckes from practice effective on October 6, 2025.

additional $25,000.00 by check. Id. In January 2025, she tendered a third payment of $25,000.00 by Check No. 3397, marked "FINAL PAYMENT." ECF No. 251 page 1. These three payments totaled $150,000.00, which exceeded the $149,073.91 fee award.

Plaintiff's counsel did not cash the January 2025 check. ECF No. 242 contains an exhibit labeled "NSF Letter and Check," which may suggest the check was returned for insufficient funds. But even accepting that characterization, the record demonstrates that Ms. McKinnon was continuously attempting to pay the judgment.

A debtor who pays $100,000.00, then $25,000.00, then tenders another $25,000.00, and then ultimately wires the full remaining judgment amount, is not a recalcitrant debtor. She is a debtor whose counsel was suspended and who was doing her best to resolve the matter without legal representation.

While holding or aware of these payments, Plaintiff's counsel filed a string of enforcement motions: motions for final judgment, default, sanctions, show cause, writs of execution, and a writ of garnishment that froze Defendants' business accounts. Every one of these filings generated billing entries that now appear in the fee petition. Mr. Pollock billed 4.60 hours on November 11, 2024, to "begin to draft" a sanctions motion against defense counsel that was never filed. He billed 7.80 hours across three days in December 2024 for a single reply brief. He billed 3.40 hours for a proposed order.

The Eleventh Circuit has recognized that fee-shifting statutes are not a license for counsel to generate fees through unnecessary litigation. In *Sahyers*, the court affirmed a complete denial of fees to a prevailing FLSA plaintiff, holding that special circumstances warranted the denial. 560 F.3d at 1244. In *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003), Judge Moreno held that the FLSA's fee-shifting provision "cannot be a carte blanche license" for an attorney to "outrageously and in bad faith run up attorney fees without any threat of sanction,"

and denied all fees where counsel "churned the file" through a "calculated" strategy of delay for the purpose of accumulating fees. *Id.* at 1169. And in *Moss v. Pav'r Construction Inc.*, No. 3:17-cv-408, 2018 WL 11355922, at *16–17 (N.D. Fla. Nov. 2, 2018), the court denied all fees where counsel "was churning the file to prolong the litigation and run up his attorney fees," finding that it would be "unreasonable and indeed, unjust, to force Defendants to pay any of Plaintiff's attorney's fees." *Id.* at *7 (quoting *Goss*, 248 F. Supp. 2d at 1168–69).

This case is more egregious than any of those. Mr. Pollock did not merely refuse to settle or prolong litigation through aggressive tactics. He received $150,000.00 in payments over four months, encountered a problem with one $25,000.00 check, and rather than work toward resolution, filed motion after motion while his opposing counsel sat suspended and unable to respond. The fees he seeks are the fruit of his own conduct.

## C. The Cumulative Fee Award Would Be Grossly Disproportionate.

Context matters. This Court has already awarded Plaintiff's counsel $149,073.91 in attorney's fees. The jury returned a verdict of $1,768.00 in breach of contract damages and rejected Plaintiff's FLSA claims entirely. The total recovery, including the judgement on the counterclaims and the supplemental judgment was $26,813.19. The prior fee award already represents a ratio of approximately 6 to 1.

Adding $37,666.00 in supplemental fees would bring the cumulative award to approximately $186,740.00, a ratio exceeding 7 to 1. Adding the multiplier Plaintiff requests would push the total past $218,000.00, a ratio exceeding 8 to 1. While fee-to-recovery ratios are not dispositive, they are a relevant consideration. The Eleventh Circuit has emphasized that "the most critical factor" in determining the reasonableness of a fee award is "the degree of success obtained." *Hensley*, 461 U.S. at 436. Plaintiff's counsel has been generously compensated for his work on this case. The prior fee award should not serve as a springboard for perpetual fee claims.

## II. In the Alternative, the Requested Rate Is Not Supported

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id*. Such evidence must be "more than the affidavit of the attorney performing the work." *Id*.

Mr. Pollock's own rate trajectory tells the story. In the original fee motion [ECF No. 159], he requested $550.00. This Court awarded $450.00. He then submitted supplemental authority showing approval of $500.00 in *Maracallo v. Cusano Air Conditioning & Heating, Inc.*, No. 24-CV-20546 (S.D. Fla. May 31, 2024). Now he claims $650.00 in ECF No. 233, and then reverts to $550.00 in ECF No. 261 filed just five months later. The rate drop from $650.00 to $550.00 in his own subsequent invoice is a tacit admission that $650.00 is not the prevailing market rate. Moreover, absent form the record are any commercial litigation type docket entries. This matter was a hybrid FLSA breach of contract case for unpaid wages, not a commercial matter, as asserted by counsel.

Mr. Pollock's original fee motion acknowledged that his customary rate "actually paid by defense clients is $500.00 per hour." ECF No. 159 at 12. That is the rate the market has set when a paying client, rather than a court order, determines his compensation. Even accepting Plaintiff's CPI inflation argument, $450.00 in September 2023 adjusts to approximately $473.64 in August 2025, not $650.00.

Plaintiff's supplemental authority confirms the point. The *Saperstein* order [ECF No. 267-1] awarded Mr. Pollock $550.00 per hour—not $650.00. And that award came in an uncontested default judgment on $7,561.00 in FLSA damages, where no opposing party challenged the rate. Even Chief Judge Altonaga

acknowledged that $550.00 "is at the high end of the range for rates awarded in this District for FLSA attorneys." *Saperstein v. Mama Pizza & Bakery Corp.*, No. 25-24824, slip op. at 4 (S.D. Fla. Mar. 6, 2026). This Court already determined that $450.00 is the appropriate rate for Mr. Pollock in this case. Nothing in *Saperstein* disturbs that finding.

### III. The Time Entries Are Excessive, Duplicative, and Non-Compensable

If the Court reaches the hours question, the fee applicant bears the burden of documenting reasonable hours and exercising "billing judgment." *Hensley*, 461 U.S. at 434. "If applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428.

Mr. Pollock's billing records are riddled with block billing, excessive time for routine tasks, duplicative entries, and non-compensable work. Detailed objections to each time entry are set forth in the attached Exhibit "A" (ECF No. 233 entries) and Exhibit "B" (ECF No. 261 entries). The principal categories of objection are summarized here.

Mr. Pollock block-billed extensively, combining multiple discrete tasks into single entries. The October 31, 2024 entry combines research, motion drafting, proposed order drafting, and emailing chambers in a single 3.20-hour entry. The December 15, 2025 entry is the most egregious: six discrete tasks in a single 1.80-hour entry, including a call to The Florida Bar for ethics guidance, which is an attorney's own compliance overhead and not a litigation expense properly shifted to the adversary. Block billing prevents the Court from assessing the reasonableness of time spent on any individual task. *Barnes*, 168 F.3d at 428.

Mr. Pollock billed excessive time for routine tasks. He spent 4.60 hours beginning to draft a sanctions motion that was never filed. He spent 7.80 hours across three days on a single reply brief in a post-judgment enforcement matter. He spent 3.40 hours on a proposed order. He spent 2.20 hours on email correspondence

opposing a request for continuance. Each of these figures is excessive for the work described.

Mr. Pollock billed for non-compensable work, including settlement negotiations with defense counsel throughout November 2024 and with Ms. McKinnon in December 2025 and January 2026. Payment negotiations are the ordinary course of debt collection and do not constitute the type of enforcement litigation that generates compensable attorney's fees. He also billed for clerical work, such as preparing a one-line cover letter enclosing a $100 check to the garnishee's counsel, at $550.00 per hour.

Several of Mr. Pollock's entries read as narrative accounts drafted for litigation purposes rather than contemporaneous time records. The November 27, 2024 entry contains a detailed recounting of opposing counsel's statements, Mr. Pollock's responses, and even direct quotations. No attorney maintains this level of narrative detail in a contemporaneous billing entry. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Phiffer v. Greenstar Landscaping, Co.*, No. 21-22391-CIV, 2021 WL 6424630, at *3 (S.D. Fla. Dec. 15, 2021).

Applying reasonable reductions, the compensable time for ECF No. 233 is no more than 13.50 hours, and for ECF No. 261, no more than 5.00 hours, for a combined total of 18.50 hours.

### IV. The Multiplier Should Be Denied

Lodestar multipliers are reserved for "rare circumstances." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). A contingency fee arrangement, standing alone, does not justify enhancement. *Id*. at 554. The post-settlement enforcement work at issue here involved no exceptional results, no novel legal theories, and none of the factors that would make a multiplier appropriate. Mr. Pollock was enforcing

a settlement agreement that had already been approved by the Court. If the market compensates Mr. Pollock at $500.00 per hour for non-contingent work, as he has acknowledged, a 2.0 multiplier on a $650.00 rate would yield an effective rate of $1,300.00 per hour for post-judgment collection activity. No reasonable paying client would agree to such a rate for this work. Plaintiff's supplemental citation of *Perdue* for "exceptional delay in the payment of fees" [ECF No. 267] fares no better. The delay in this case was caused by defense counsel's suspension from practice, as the Court already found. ECF No. 265 at 2. That is not a basis for fee enhancement; it is the very reason no supplemental fees should be awarded at all.

## CONCLUSION

Defendants' primary position is that no supplemental fees should be awarded. The Magistrate Judge's own findings confirm that the post-judgment delays were caused by defense counsel's suspension, not by Defendants' refusal to pay. Ms. McKinnon paid the judgment in full as soon as she learned of the situation. Independent of the suspension, the record establishes that Plaintiff's counsel held or was aware of $150,000.00 in payments while filing enforcement motions and accumulating the very fees he now seeks. This is precisely the type of fee churning that the Eleventh Circuit recognized in *Sahyers*, 560 F.3d at 1244, as constituting "special circumstances" warranting complete denial of fees.

In the alternative, if the Court concludes that some fee is appropriate, Defendants ask that the Court award no more than $8,325.00, calculated as 13.50 reasonable hours for ECF No. 233 and 5.00 reasonable hours for ECF No. 261, at the $450.00 rate this Court has already approved, for a combined 18.50 hours at $450.00 per hour. The request for a rate increase to $650.00 and the request for a 2.0 lodestar multiplier should both be denied. Specific objections to each time entry are set forth in Exhibit "A" and Exhibit "B" to this Response.

Respectfully submitted this April 2, 2026,

By: /s/ Peter Michael Hoogerwoerd
Peter Michael Hoogerwoerd
Florida Bar No. 188239
pmh@rgph.law
**REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd
Coral Gables, Florida 33134
Telephone: (305) 416-5000

*Counsel for Defendants*